# KENNETH W. LEGACKI, P. C.

### ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

October 4, 2004

**<u>VIA FACSIMILE</u>**

Mr. Danny C. Withers
Senior Claims Specialist
Progressive Companies
4400 Business Park Blvd., Suite 22
Anchorage, AK   99503-7118

| RE: | Insured | : | Ron V. Weilbacher |
|---|---|---|---|
| | Claim No. | : | 017489548 |
| | Policy No. | : | AU 65824951-0 |
| | Loss Date | : | July 9, 2001 |
| | Claimant | : | Estate of Heidi Weilbacher |

Dear Danny:

This past Friday the Alaska Supreme Court, in <u>Allstate Ins. Co. v. Teel</u>, Opinion No. 5832 (Oct. 1, 2004), a copy of which is enclosed, stated that a parent is considered an insured person under the uninsured motorist policy when their child dies.

You previously declined to compensate the parents of Heidi Weilbacher for the death of their daughter, stating they were not an "insured person" under the policy. It appears that this latest supreme court case has a different interpretation of the policy than you do. Please let me know whether you agree with our position that the parents of Heidi Weilbacher are also claimants under the policy and entitled to compensation.

Please advise me as to your intentions.

Sincerely,

KENNETH W. LEGACKI, P.C.

Kenneth W. Legacki

**100048**

KWL/ksh
Enclosure
cc: Ronald Weilbacher

EXHIBIT __D__
Page __1__ of __11__

OCT 0 5 2004

PROGRESSIVE - ALASKA

October 29, 2004

**PROGRESSIVE**

4400 Business Park Boulevard
Suite 22
Anchorage, AK 99503-7118

Telephone: 800-274-4499
Facsimile: (907) 561-8594

http://www.progressive.com

Kenneth W. Legacki, P.C.
Attorney at Law
425 G St., suite 920
Anchorage, AK 99501

Claim: 017489548
Insured: Ron Weilbacher
Clmt: Estate of Heidi Weilbacher
DOL: 7/9/01

Dear Mr. Legacki:

Progressive has received your letter of October 4, 2004, regarding the above claim, and the recent S.C. Opinion in Allstate Ins. Co. v Teel. I am working with coverage counsel on your inquiry regarding individual claims by the parents of Heidi Weilbacher. I assume you are refering to negligent infliction of emotional distress claims. We agree that NIED claims are direct and not derivative, however, in our initial investigation I do not recall either of the parents meeting the criteria for a NIED claim. 1) located near the accident scene, 2) shock resulting from the sensory and contemporaneous observance of the accident, and 3) close relationship with the victim. The only criteria met by the parents would be close relationship, which is not enough to perfect a NIED claim. Please let me know if I am missing something here.

Sincerely,

Danny Withers
Sr. Claims Specialist
261-7028

**100047**

# KENNETH W. LEGACKI, P. C.

### ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

March 8, 2005

—

**VIA FACSIMILE**

Mr. Danny C. Withers
Senior Claims Specialist
Progressive Companies
4400 Business Park Blvd., Suite 22
Anchorage, AK   99503-7118

RE:  Insured    :    Ron V. Weilbacher
Claim No.    :    017489548
Policy No.    :    AU 65824951-0
Loss Date    :    July 9, 2001
Claimant    :    Estate of Heidi Weilbacher

Dear Danny:

On October 4, 2004, I sent you a letter advising you of the new Alaska Supreme Court decision in <u>Allstate Ins. Co. v. Teel</u>, Opinion No. 5832 (Oct. 1, 2004).  On October 29, 2004, you responded and advised me that you had received my letter and a copy of the <u>Allstate</u> case, which I had enclosed with my letter.  You further stated that you were working with coverage counsel regarding my inquiry concerning whether Heidi Weilbacher's parents have a viable claim according to the holding of the <u>Allstate v. Teel</u> decision.

It has been some time since I heard from you and I would appreciate a response from you <u>**within ten days**</u> as to whether you are going to honor Ron Weilbacher's claim for compensation due to the death of his daughter.

For your information, Liberty Mutual has agreed with my analysis of the <u>Allstate</u> case and are allowing the mother to recover under the underinsured motorist provision of the policy.

Sincerely,

KENNETH W. LEGACKI, P.C.

Kenneth W. Legacki

EXHIBIT __P__
Page __3__ of __11__

**100044**

MAR 1 0 2005
PROGRESSIVE - ALASKA

**PROGRESSIVE**

March 14, 2005

4400 Business Park Blvd., Suite 22
Anchorage, AK 99503-7118

Telephone: 800 274-4499
Facsimile: 907 561-8594

progressive.com

Kenneth W. Legacki
Attorney at Law
425 G Street, Suite 920
Anchorage, AK 99501

| | | |
|---|---|---|
| Insured | : | Weilbacher, Ron |
| Claim Number | : | 017489548 |
| Date of Loss | : | July 9, 2001 |
| Policy Number | : | 65824951-0 |
| Your Client | : | Weilbacher, Ron |

Dear Mr. Legacki:

We are in receipt of your correspondence of March 8, 2005 regarding the above-noted claim. As you are aware, we sent you a letter on October 29, 2004 to advise you that Progressive did agree that NIED claims are direct and not derivative. However, it is our opinion that the parents of Heidi Weilbacher do not have negligent inflection of emotional distress claims based on current Alaska law.

It was my understanding when we obtained Mr. Weilbacher's statement that he was in Keni at the time this loss occurred and was not anywhere near the accident.

It is further our understanding that Heidi's mother lived in the lower 48, so there is no evidence that either of the parents came to the accident scene, nor do they meet any of the elements to support an emotional distress claim.

If you have any evidence to support the NIED claims, please present them to Progressive.

Sincerely,


Danny C. Withers
Senior Claims Specialist
On Behalf of Progressive Specialty Insurance Company
(907) 261-7028
e-mail: danny_withers@progressive.com

DW/jlb

EXHIBIT  D
Page  4  of  11

**100043**

# KENNETH W. LEGACKI, P. C.
## ATTORNEY AT LAW

425 "G" STREET, SUITE 920                                          TELEPHONE: (907) 258-2422
ANCHORAGE, ALASKA 99501                                          FACSIMILE: (907) 278-4848
                                                                  E-MAIL: legacki@gci.net

March 29, 2005

**<u>VIA FACSIMILE</u>**

Mr. Danny C. Withers
Senior Claims Specialist
Progressive Companies
4400 Business Park Blvd., Suite 22
Anchorage, AK   99503-7118

| RE: | Insured | : | Ron V. Weilbacher |
|---|---|---|---|
| | Claim No. | : | 017489548 |
| | Policy No. | : | AU 65824951-0 |
| | Loss Date | : | July 9, 2001 |
| | Claimant | : | Estate of Heidi Weilbacher |

Dear Mr. Withers:

Apparently you like to fence with me.  I sent you a letter on October 4, 2004, advising you of a new case that indicates Ron Weilbacher would be covered under the underinsured policy because, under the latest court decision in <u>Allstate Ins. Co. v. Teel</u>, Opinion No. 5832 (Oct. 1, 2004), underinsured coverage has to pay for a direct claim by the parent.

You stated in your letter that you were going to contact your own counsel to get an opinion on whether my analysis is correct that Ron Weilbacher has a direct claim under the underinsured policy with Progressive.  You have not told me what your independent counsel has opined regarding my analysis that Mr. Weilbacher can claim directly under the underinsured policy.

Your last letter, dated March 14, 2005, somehow or another blames me for your failure to come to the conclusion as to whether Mr. Weilbacher has a direct claim.

**100041**

EXHIBIT  D
Page  5  of  11

MAR 3 0 2005

PROGRESSIVE - ALASKA

Mr. Danny C. Withers
March 29, 2005
Page 2


Progressive has to either paint or get off the ladder; Progressive is either going to deny coverage or grant coverage. Please advise me within ten days from today whether you are going to grant or deny this claim so that I can take the appropriate against Progressive.

Sincerely,

KENNETH W. LEGACKI, P.C.

Kenneth W. Legacki

KWL/ksh


**100042**

MAR 3 0 2005

PROGRESSIVE - ALASKA

EXHIBIT D
Page 6 of 11

April 5, 2005

**PROGRESSIVE**

4400 Business Park Boulevard
Suite 22
Anchorage, AK 99503-7118

Telephone: 800-274-4499
Facsimile: (907) 561-8594

http://www.progressive.com

Kenneth W. Legacki, P.C.
425 G St., suite 920
Anchorage, AK 99501

Claim: 01-7489548
Policy: 65824951-0
Insured: Ron Weilbacher
DOL : 7/9/01

Dear Mr. Legacki:

I have received your letter of March 29, 2005, regarding the above claim. I thought my letter of October 29, 2004 was clear about coverage for Mr. Weilbacher, but apparently not. Mr. Weilbacher does have UM/UIM coverage under the above noted policy.

Sincerely

Danny C. Withers
Sr. Claims Specialist
261-7028

EXHIBIT D
Page 7 of 11

**100032**

# KENNETH W. LEGACKI, P. C.

### ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

April 11, 2005

**<u>VIA FACSIMILE</u>**

Mr. Danny C. Withers
Senior Claims Specialist
Progressive Companies
4400 Business Park Blvd., Suite 22
Anchorage, AK   99503-7118

|      |            |   |                           |
|------|------------|---|---------------------------|
| RE:  | Insured    | : | Ron V. Weilbacher         |
|      | Claim No.  | : | 017489548                 |
|      | Policy No. | : | AU 65824951-0             |
|      | Loss Date  | : | July 9, 2001              |
|      | Claimant   | : | Estate of Heidi Weilbacher |

Dear Mr. Withers:

    I am in receipt of your April 5, 2005 letter.  It is not clear whether Progressive is going to pay Mr. Weilbacher the policy limits under the policy.  Please confirm that not only is he covered by the policy, but you also will be paying policy limits to Mr. Weilbacher.

Sincerely,

KENNETH W. LEGACKI, P.C.

Kenneth W. Legacki

KWL/ksh

**100031**

APR 1 2 2005
PROGRESSIVE - ALASKA

EXHIBIT __D__
Page __8__ of __11__

**PROGRESSIVE**

April 19, 2005

4400 Business Park Blvd., Suite 22
Anchorage, AK 99503-7118

Telephone: 800 274-4499
Facsimile: 907 561-8594

progressive.com

Kenneth W. Legacki
Attorney at Law
425 G Street, Suite 920
Anchorage, AK 99501

| Your Client/Our Insured | : | Weilbacher, Ron V. |
|---|---|---|
| Claim Number | : | 017489548 |
| Date of Loss | : | July 9, 2001 |
| Policy Number | : | 65824951-0 |

Dear Mr. Legacki:

Progressive is in receipt of your letter of April 11, 2005 with reference to the above mentioned claim. It is Progressive's position that Mr. Weilbacher does have UM/UIM coverage under the above noted policy. However, it is my understanding that he is presenting an individual claim for loss of society/loss of consortium relating to Heidi Weilbacher's untimely death in the accident on the above captioned date.

It is Progressive's position that any claims for loss of society and loss of companionship/loss of consortium under the above noted policy is derivative of any claims for wrongful death, and are subject to a single bodily injury limit of liability.

I refer you to Page 27 of the policy under Limits of Liability, which reads in part:

> "The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death."

It is my understanding that you believe that **Allstate v. Teel** makes Mr. Weilbacher's claims for loss of consortium and society a direct claim, and not derivative. Progressive disagrees with your analysis of this case. Accordingly, it is our position that the only direct claim that Mr. Weilbacher may have would be for negligent infliction of emotional distress. It is our opinion that his claim for emotional distress does not meet the elements as set out in **Mattingly v. Sheldon Jackson College** or **Tommy's Elbow Room v. Kavorkian.** Accordingly, Progressive will deny liability for his emotional distress claim.

Sincerely,

Danny C. Withers
Sr. Claims Specialist
On Behalf of Progressive Northwestern Insurance Company
907-261-7028
email: danny_withers@progressive.com

EXHIBIT D
Page 9 of 11

**100030**

# KENNETH W. LEGACKI, P. C.

### ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

June 8, 2005

### VIA FACSIMILE

Mr. Danny C. Withers
Senior Claims Specialist
Progressive Companies
4400 Business Park Blvd., Suite 22
Anchorage, AK   99503-7118

|       |            |   |                          |
|-------|------------|---|--------------------------|
| RE:   | Insured    | : | Ron V. Weilbacher        |
|       | Claim No.  | : | 017489548                |
|       | Policy No. | : | AU 65824951-0            |
|       | Loss Date  | : | July 9, 2001             |
|       | Claimant   | : | Estate of Heidi Weilbacher |

Dear Mr. Withers:

I have carefully reviewed your letter of April 19, 2005, the Progressive insurance policy, and our prior correspondence. I understand that Progressive agrees with me that Ron Weilbacher, the father of Heidi, is an insured under Policy No. AU-65824951-0. Progressive also agrees with me that the father has a direct action for negligent infliction of emotional distress which would be covered and paid if proven. Your company however believes that this NIED claim does not meet the criteria for such claims under Alaska law.

Progressive argues that all other claims of the father are derivative from the death of his daughter and thus subject to the policy limit amount for Heidi's death. You cite page 27 of the policy for this position.

I have written you as early as August 14, 2003 advising that Ron Weilbacher has a direct claim for the loss of his daughter under AS 09.15.010. The Alaska Supreme Court ruled that this statute gives a parent a separate and independent cause of action for damages suffered due to the death of his child. I referred you to the decision in <u>Gillispie v. Beta Constr. Co.</u>, 842 P.2d 1272 (Alaska 1992). You have avoided the issue of whether Progressive understands that this statute and decision gives a parent a direct claim for the death of their child. I believe a direct claim is clearly established under

EXHIBIT __D__
Page __10__ of __11__

**100028**

JUN 0 9 2005

PROGRESSIVE - ALASKA

Mr. Danny C. Withers
June 8, 2005
Page 2


AS 09.15.010 and that this action is different than derivative claims available under AS 09.55.580.   Your letter of April 19, 2005 references the derivative claims set out in AS 09.55.580 as covered under a single limit for the death of Heidi.

Before filing an action to enforce my client's rights, I wish to be crystal clear:

(1) Alaska Statute 09.15.010 and related case law establish a direct and independent action for parents who suffer the death of a child;

(2) the recent Alaska Supreme Court decision in Allstate Ins. Co. v. Teel, 100 P.3d 2 (Alaska 2004), makes clear that there is coverage for both direct and derivative claims in this circumstance;

(3) the Limits of Liability provisions you quote in your letter of April 19, 2005 do not limit a direct claim by a parent under AS 09.15.010; and

(4) because Progressive concedes that Ron Weilbacher is covered under the policy, there should be no question that his direct and independent claims under AS 09.15.010 are in excess of the limits for such claims and should be promptly paid.

On behalf of my client, Ronald Weilbacher, I demand that Progressive immediately acknowledge the direct claim of a father for the death of his child and promptly tender the policy limit of $100,000.00, plus applicable interest and fees.  Failure to make the payments required under the law and the facts of this case will be viewed as an act of bad faith.   This is my last effort to resolve this matter short of additional litigation.

Sincerely,

KENNETH W. LEGACKI, P.C.

Kenneth W. Legacki

**100029**

KWL/ksh

EXHIBIT D
Page 11 of 11

JUN 0 9 2005

PROGRESSIVE - ALASKA