Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Anchorage, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,<br><br>      Plaintiff,<br><br>  v.<br><br>PROGRESSIVE NORTHWESTERN<br>INSURANCE COMPANY,<br><br>      Defendant. | <br><br><br><br><br><br><br><br><br><br><br>3:05-cv-204-TMB |

OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE
OPPOSITION TO PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's motion for an extension of time should be denied because (1) it fails to meet the minimum requirements of Federal Rule of Civil Procedure 56(f), and (2) the requested discovery is immaterial to the purely legal issues before the court in Progressive's Motion for Summary Judgment.

Plaintiff moves for an extension of time to conduct additional discovery, chiefly the depositions of Danny Withers and Adam Lund, before responding to Progressive's Motion for Summary Judgment. The sole justification for plaintiff's motion is that "[a]n extension of time is necessary in order for Plaintiff

Weilbacher to depose the defendant's witnesses."  Motion at 2. Plaintiff asserts — without any support or authority whatsoever — that defendant's witnesses have "relevant and germane information regarding the policy at issue."  Id.  Plaintiff, however, wholly fails to articulate what the supposedly "relevant" or "germane" information is.  Plaintiff provides absolutely no indication of what specific information or facts he will obtain from the unspecified witnesses, much less what facts he would obtain that could possibly defeat Progressive's motion for summary judgment. Since Rule 56(f) requires just such specificity, plaintiff's motion must be denied.

> Federal Rule of Civil Procedure 56(f) provides,
>
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

> Rule 56(f) requires affidavits setting forth particular facts expected from the movant's discovery.  A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact."

Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989) (citing Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439,

Case No. 3:05-cv-204-JWS    Weilbacher v. Progressive Northwestern Ins. Co.
Opposition to Plaintiff's Motion for Extension of Time to File Opposition to Progressive's Motion for Summary Judgment
Page 2 of 8

1443 (9th Cir. 1986) and Fed. R. Civ. P. 56(e), (f)). "There can be no abuse of discretion [in denying a Rule 56(f) motion] where the movant has failed to show how additional discovery would have precluded summary judgment." Burton v. New United Motor Mfg., 127 Fed. Appx. 283, 285 (9th Cir. 2005) (citing Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir. 1996).

In Maljack, the court held that the district court properly denied a Rule 56(f) motion where the movant failed to articulate the specific facts additional discovery would reveal that would preclude summary judgment. The court held,

> Rule 56(f) requires the nonmoving party to show that additional discovery would uncover specific facts which would preclude summary judgment. MPI's counsel listed a number of facts that, even if established, would not have precluded summary judgment for GoodTimes. The district court also properly refused to allow MPI further discovery to search for evidence it thought "may exist."

Maljack, 81 F.3d at 888 (internal citations and footnotes omitted). Here, plaintiff failed to articulate any facts — much less specific facts - which would preclude summary judgment.

Plaintiff's motion is based solely on plaintiff's unsupported assertion that defendant's witnesses "have relevant and germane information regarding the policy at issue." Motion at 2. The only "reason" given in the affidavit supporting plaintiff's

Case No. 3:05-cv-204-JWS   Weilbacher v. Progressive Northwestern Ins. Co.
Opposition to Plaintiff's Motion for Extension of Time to File Opposition to Progressive's Motion for Summary Judgment
Page 3 of 8

motion is "to depose defendant's witnesses" "that were listed as having knowledge of the policy." Affidavit of Kenneth W. Legacki (DE#21) at ¶¶ 4-5. Plaintiff provided absolutely no facts, much less specific facts, that if established would preclude summary judgment in favor of Progressive. Plaintiff did not specify — even in general terms — what facts or "knowledge" of the policy he would obtain through depositions of unspecified Progressive witnesses. Plaintiff wholly failed to meet the minimum requirements of Rule 56(f) for an extension of time.

In fact, plaintiff did not even specifically identify the "defendant's witnesses" he believed had "relevant" and "germane" information. Plaintiff simply incorporated by reference his request to depose Danny Withers and Adam Lund. See Exhibit 1. Mr. Withers is the primary adjuster who handled the UIMBI claims under plaintiff's policy. See Exhibit B to Motion for Summary Judgment. Mr. Lund is Mr. Withers' supervisor. Id. Mr. Withers and Mr. Lund were disclosed by Progressive under Federal Rule of Civil Procedure 26(a)(1)(A) as persons likely to have discoverable information on the handling of the insurance claims submitted by plaintiff under the policy. Neither Mr. Withers nor Mr. Lund can provide relevant or germane factual information on the legal interpretation of the policy language — an issue of law solely within the province of the court.

Case No. 3:05-cv-204-JWS   Weilbacher v. Progressive Northwestern Ins. Co.
Opposition to Plaintiff's Motion for Extension of Time to File Opposition to Progressive's Motion for Summary Judgment
Page 4 of 8

Additionally, there is no factual discovery which the parties could do at this time which would assist the court in determining the issues of pure law presented to it in Progressive's Motion for Summary Judgment. The issue before the court in Progressive's Motion for Summary Judgment is whether under the clear, unambiguous language of plaintiff's policy Progressive properly denied plaintiff's insurance claim for an additional policy limit of underinsured motor vehicle bodily injury liability coverage based on the death of his daughter in an automobile accident. The interpretation of the policy or contract language such as this is a pure question of law. "The interpretation of contract language is a question of law." Dugan v. Atlanta Cas. Cos., 113 P.3d 652, 654 (Alaska 2005). See also Monzingo v. Alaska Air Group, Inc., 112 P.3d 655, 659 (Alaska 2005) ("[I]nterpretation of contract language is a question of law.").

There are simply no issues of fact, much less genuine issues of material fact. It is undisputed that at the time of his daughter's death in the automobile accident, plaintiff had a Progressive automobile insurance policy with UIMBI coverage. See Exhibit A to Motion for Summary Judgment. It is undisputed that plaintiff, his ex-wife, and his daughter's estate jointly received full policy limits from Progressive for UIMBI under plaintiff's policy. See Exhibit C to Motion for Summary Judgment at 29-30. It is also undisputed that Progressive denied plaintiff an additional, separate "each person" UIMBI

Case No. 3:05-cv-204-JWS   Weilbacher v. Progressive Northwestern Ins. Co.
Opposition to Plaintiff's Motion for Extension of Time to File Opposition to Progressive's Motion for Summary Judgment
Page 5 of 8

policy limit under his UIMBI coverage based on the previously paid UIMBI coverage.  See Exhibit D to Motion for Summary Judgment at 9.

The issue before the court is the legal interpretation of the UIMBI policy language.  Does the policy provide an additional, separate "each person" UIMBI policy limit for plaintiff's damages under AS 09.15.010 for loss of consortium/loss of society, or are such damages included in the "each person" UIMBI policy limit previously paid by Progressive?

Issues of fact in this matter come into play if, and only if, the court determines that based on the policy language plaintiff is entitled to an additional, separate "each person" policy limit of UIMBI coverage.  If, and only if, the court determines as a matter of law — a matter of contract interpretation — that plaintiff is entitled to another "each person" policy limit then genuine issues of material fact such as, *inter alia*, the amount of plaintiff's damages and whether Progressive's denial of coverage was reasonable come into play.  Until this court determines the threshold legal question of whether the clear, unambiguous policy language provides another "each person" policy limit of UIMBI coverage for plaintiff's damages, these issues of fact are not relevant or germane.

Case No. 3:05-cv-204-JWS   Weilbacher v. Progressive Northwestern Ins. Co.
Opposition to Plaintiff's Motion for Extension of Time to File Opposition to Progressive's Motion for Summary Judgment
Page 6 of 8

Progressive opposes plaintiff's attempt to force it to incur significant expenses for unnecessary depositions of its adjusters. Plaintiff did not — and cannot — specify particular facts that any Progressive witness could testify to that would preclude summary judgment in favor of Progressive. The issue before the court is a purely legal issue of contract interpretation. There are no genuine issues of material fact.

Plaintiff's request for additional time is also grossly overstated. Although, as noted above, plaintiff did not specifically identify which of Progressive's witnesses plaintiff needs to depose in order to oppose Progressive's motion, plaintiff has only requested to depose two witnesses. It does not require from now until mid-August 2006 (20 days following the close of discovery on July 28, 2006) to conduct two depositions and draft an opposition plaintiff has already had sufficient time to complete.

For the foregoing reasons, Progressive requests that this court deny plaintiff's Rule 56(f) motion for an extension of time to conduct unspecified and unnecessary depositions before opposing Progressive's Motion for Summary Judgment.

Case No. 3:05-cv-204-JWS   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Opposition to Plaintiff's Motion for Extension of Time to File Opposition to Progressive's Motion for Summary Judgment
Page 7 of 8

DATED at Fairbanks, Alaska, this 10th day of February, 2006.

                              GUESS & RUDD P.C.
                              Attorneys for Progressive
                              Northwestern Insurance Company

                        By:     s/Aisha Tinker Bray
                              Guess & Rudd P.C.
                              100 Cushman Street, Suite 500
                              Fairbanks, Alaska  99701
                              Phone: 907-452-8986
                              Fax:   907-452-7015
                              Email: atbray@guessrudd.com
                              Alaska Bar No. 9505028

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the
10th day of February, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:    s/Aisha Tinker Bray

Case No. 3:05-cv-204-JWS   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Opposition to Plaintiff's Motion for Extension of Time to File Opposition to
Progressive's Motion for Summary Judgment
Page 8 of 8