Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,             )<br>                                                         )<br>            Plaintiff,               )<br>                                                         )<br>    vs.                                              )<br>                                                         )<br>                                                         )<br>PROGRESSIVE NORTHWESTERN  )<br>INSURANCE COMPANY,           )<br>                                                         )<br>            Defendant.             ) <br>_____) | Case No. 3:05-cv-0204-TMB |

**REPLY TO OPPOSITION TO**
**MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION**
**TO PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT**

Defendant Progressive Northwestern Insurance Company opposes Plaintiff Weilbacher's Civil Rule 56(f) request to conduct discovery in this case because it is their opinion that no discovery is needed.  However, Plaintiff Weilbacher has requested

to conduct discovery and depose the adjusters who made the determination not to pay policy limits for the loss of consortium on the death of Plaintiff Weilbacher's daughter.

Attached hereto is a letter that was sent to the defendant's adjuster seeking a clarification as to why the policy was not being paid. (Ex. 2, June 8, 2005 Letter) As the letter states, there is a recent state supreme court decision which holds that within an underinsured motorist policy a parent has a direct action, and not a derivative action, to recover damages. The adjuster refused to respond and articulate its reasons for denying coverage for Ron Weilbacher personally.

Plaintiff disputes the defendant's assertion that no discovery is needed. The adjusters have information about how the policy is interpreted on behalf of the insurance company and why they interpret a policy one way when there may be a different interpretation of the terms of the policy. That information would be relevant.

The cases cited by the defendant are inapposite to the facts before this Court. Here, in this case before the Court, <u>no</u> discovery has been conducted, and the defendant is trying to preclude plaintiff from doing any discovery whatsoever.

The cases cited by the defendant all indicate that previous discovery was had, or else there was a stipulation not to do discovery, and that is why the appellate court found that the trial court did not abuse its discretion in not granting more discovery. Here, plaintiff has not been able to do any discovery, other than exchange initial disclosures. Plaintiff is trying to be diligent in doing discovery and is not asking

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE
OPPOSITION TO PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 5

to do discovery past the deadline under the pretrial order, which the cases cited by the defendant discuss.

In Mackey v. Pioneer Nat'l Bank, 867 F.2d 520 (9th Cir. 1989), the court had already granted one extension to conduct discovery. As the court stated: "A movant cannot complain if it fails diligently to pursue discovery before summary judgment." Id. at 524.

In Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439 (9th Cir. 1986), the court made note that the "district judge never formally denied discovery, because Brae never formally moved for discovery." Id. at 1443. The appellate court again stated that "the movant cannot complain if it fails to pursue discovery diligently before summary judgment", and it also made note of the fact that the parties had stipulated not to take any discovery before the disposition on the motion for summary judgment. Id. at 1443.

In Maljack Prod., Inc. v. Goodtimes Home Video Corp., 81 F.3d 881 (9th Cir. 1996), it was obvious that discovery was conducted and that the one party wanted to do additional discovery after depositions were already completed. This is evident by an issue in the case which was whether it was proper to strike deposition testimony that was submitted on behalf of one party. Unlike this case before this Court, the defendant wants to preclude the plaintiff from doing any discovery, including depositions of their witnesses.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE
    OPPOSITION TO PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 5

In <u>Burton v. New United Motor Mfg.</u>, 127 Fed. Appx. 283 (9th Cir. 2005), the sole issue to be decided by the court was whether to grant an extension of time to respond to the issue of when did the statute of limitations expire. In the pleadings, the plaintiff alleged that a discriminatory incident occurred on September 12, 2000, and that she filed her administrative complaint after one year expired, on September 24, 2001; the plaintiff then filed her civil complaint on January 23, 2002. The sole issue to be decided was whether the discrimination claim was barred because it was not filed <u>within</u> one year, which was the applicable statute of limitation.

Plaintiff Weilbacher wishes to depose the defendant's adjusters to determine why they denied coverage under the insurance contract, especially in light of the recent Alaska Supreme Court decision that permits a direct action for loss of consortium when a parent loses a child in a car accident.

The pretrial order permits the plaintiff to do discovery until July 28, 2006. Yet, the defendant is trying to preclude the plaintiff from doing so because defendant, in its opinion, does not think that discovery is necessary.

Plaintiff asserts that it would be an abuse of the Court's discretion not to allow him to pursue discovery in this matter, not only to do depositions, but if need be to send interrogatories, requests for production, and even determine if there are other witnesses that need to be deposed. Plaintiff has a right to develop his case before the motions for summary judgment are submitted.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE
    OPPOSITION TO PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 5

Therefore, Plaintiff Weilbacher respectfully requests that this Court grant his request and order that the parties follow the pretrial order that has been entered by the Court.

DATED this 16th day of February, 2006, at Anchorage, Alaska.

                    KENNETH W. LEGACKI, P.C.
                    Attorney for Plaintiff

                    By    s/Kenneth W. Legacki
                         Kenneth W. Legacki
                         Alaska Bar No. 8310132
                         425 G Street, Suite 920
                         Anchorage, AK 99501
                         Phone: (907) 258-2422
                         Fax: (907) 278-4848
                         E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 16th day of February, 2006, a copy of the foregoing document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

      s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 5