# EXHIBIT 2

# KENNETH W. LEGACKI, P. C.
### ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

June 8, 2005

**VIA FACSIMILE**

Mr. Danny C. Withers
Senior Claims Specialist
Progressive Companies
4400 Business Park Blvd., Suite 22
Anchorage, AK   99503-7118

RE:  Insured     :   Ron V. Weilbacher
     Claim No.   :   017489548
     Policy No.  :   AU 65824951-0
     Loss Date   :   July 9, 2001
     Claimant    :   Estate of Heidi Weilbacher

Dear Mr. Withers:

I have carefully reviewed your letter of April 19, 2005, the Progressive insurance policy, and our prior correspondence. I understand that Progressive agrees with me that Ron Weilbacher, the father of Heidi, is an insured under Policy No. AU-65824951-0. Progressive also agrees with me that the father has a direct action for negligent infliction of emotional distress which would be covered and paid if proven. Your company however believes that this NIED claim does not meet the criteria for such claims under Alaska law.

Progressive argues that all other claims of the father are derivative from the death of his daughter and thus subject to the policy limit amount for Heidi's death. You cite page 27 of the policy for this position.

I have written you as early as August 14, 2003 advising that Ron Weilbacher has a direct claim for the loss of his daughter under AS 09.15.010. The Alaska Supreme Court ruled that this statute gives a parent a separate and independent cause of action for damages suffered due to the death of his child. I referred you to the decision in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992). You have avoided the issue of whether Progressive understands that this statute and decision gives a parent a direct claim for the death of their child. I believe a direct claim is clearly established under

EXHIBIT 2
Page 1 of 2

Mr. Danny C. Withers
June 8, 2005
Page 2

AS 09.15.010 and that this action is different than derivative claims available under AS 09.55.580. Your letter of April 19, 2005 references the derivative claims set out in AS 09.55.580 as covered under a single limit for the death of Heidi.

Before filing an action to enforce my client's rights, I wish to be crystal clear:

(1) Alaska Statute 09.15.010 and related case law establish a direct and independent action for parents who suffer the death of a child;

(2) the recent Alaska Supreme Court decision in <u>Allstate Ins. Co. v. Teel</u>, 100 P.3d 2 (Alaska 2004), makes clear that there is coverage for both direct and derivative claims in this circumstance;

(3) the Limits of Liability provisions you quote in your letter of April 19, 2005 do not limit a direct claim by a parent under AS 09.15.010; and

(4) because Progressive concedes that Ron Weilbacher is covered under the policy, there should be no question that his direct and independent claims under AS 09.15.010 are in excess of the limits for such claims and should be promptly paid.

On behalf of my client, Ronald Weilbacher, I demand that Progressive immediately acknowledge the direct claim of a father for the death of his child and promptly tender the policy limit of $100,000.00, plus applicable interest and fees. Failure to make the payments required under the law and the facts of this case will be viewed as an act of bad faith. This is my last effort to resolve this matter short of additional litigation.

Sincerely,

KENNETH W. LEGACKI, P.C.

Kenneth W. Legacki

KWL/ksh

EXHIBIT 2
Page 2 of 2