IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,<br><br>                    Plaintiff,<br><br>     vs.<br><br>PROGRESSIVE NORTHWESTERN<br>INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 3:05-cv-0204-TMB<br><br>O R D E R |

Before the Court are two motions. First, Plaintiff moves to extend the time to oppose Defendant's motion for summary judgment. Docket No. 20. Defendant opposes this motion, and moves for oral argument. Docket Nos. 22 (Opp'n); 23 (Mot.). Plaintiff has replied to Defendant's opposition, and has not filed an opposition to the request for oral argument. Docket No. 24 (Reply).

**BACKGROUND**

Plaintiff's daughter, Heidi Weilbacher, was killed in an automobile accident on July 9, 2001. Plaintiff filed a claim for underinsured motor vehicle bodily injury liability coverage with Progressive, his insurance provider, on behalf of himself, his daughter's estate, and his daughter's mother, Cathie Mauro. After the policy limits were received from other relevant insurance policies, Progressive paid the policy limits for the underinsured motor vehicle bodily injury liability coverage for Plaintiff, his daughter, and Mauro. Thereafter Plaintiff filed a claim with Progressive for additional coverage for loss of society. Progressive denied the claim on the grounds that it fell within the definition of the coverage previously paid.

Plaintiff filed this action on August 11, 2005, claiming that Progressive breached the insurance contract and acted in bad faith by denying his claim for a separate policy limit recovery

for loss of society.  Progressive filed a motion for summary judgment on January 23, 2006, arguing that it is entitled to judgment as a matter of law based on the unambiguous language of the policy. Docket No. 17.  Plaintiff moves to extend the time to oppose the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f) until twenty days after the close of discovery. The discovery deadline is July 28, 2006.  Plaintiff argues that the extension is necessary so that Plaintiff can depose Progressive's witnesses who, he asserts, "have relevant and germane information regarding the policy at issue."  Docket No. 20 at 2.  Progressive counters that Plaintiff's motion does not meet the standards of specificity of Rule 56(f), and that the discovery sought is immaterial to the summary judgment motion because the motion involves only the legal interpretation of the policy language.  Docket No. 22.

## DISCUSSION

Although parties must be given ample time to conduct discovery, a court may enter summary judgment before discovery is completed.  Federal Rule of Civil Procedure 56(f) allows a party opposing summary judgment to seek a continuance postponing a decision on the summary judgment motion until adequate discovery has been completed.  A district court may deny a motion for continuance under Rule 56(f) "if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank,* 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted).

Here, Plaintiff argues that discovery is necessary because the "adjusters have information about how the policy is interpreted on behalf of the insurance company and why they interpret a policy one way when there may be a different interpretation of the terms of the policy."  Docket No. 24 at 2.  The issue presented to the Court by the motion for summary judgment involves interpretation of the contract language.  "The interpretation of contract language is a question of law."  *Dugan v. Atlanta Cas. Cos.*, 113 P.3d 652, 654 (Alaska 2005).  In Alaska, ambiguous policies are interpreted in favor of the insured.  *Id*. at 655.  "[A]mbiguity exists 'only when the contract, taken as a whole, is *reasonably* subject to differing interpretations.'"  *Id*. (quoting *U.S. Fire Ins. Co. v. Colver*, 600 P.2d 1, 3 (Alaska 1979)).  Reasonable expectations are evaluated by

ORDER

reference to "the language of the disputed provisions, other provisions, and relevant extrinsic evidence, with guidance from case law interpreting similar provisions." *Dugan*, 113 P.3d at 655.

Here, in analyzing the motion for summary judgment, the Court will look to the language of the disputed provision, the language of the contract as a whole, relevant extrinsic evidence, and analogous case law.  Information from the insurance adjusters about how they interpret the policy would be extrinsic evidence.  It is not clear from Plaintiff's motion and supporting affidavit why this information is necessary to allow Plaintiff to adequately respond to Defendant's motion for summary judgment.  Progressive's understanding of the policy language is readily discernible from its actions in denying Plaintiff's claim.  If, as is virtually certain, Plaintiff has a conflicting interpretation, the Court will be tasked with determining whether that interpretation is reasonable in light of the policy language and other relevant extrinsic evidence.  However, in an abundance of caution the Court will grant the motion for oral argument to allow the parties to flesh out the respective arguments.

**IT IS THEREFORE ORDERED**:

The request for oral argument at **Docket No. 23** is **GRANTED**.  Oral argument will be held on **Thursday, March 23, at 11:00 a.m.**

Dated at Anchorage, Alaska, this 14 day of March 2006.

          /s/ Timothy M. Burgess
         **TIMOTHY M. BURGESS**
         United States District Judge

ORDER