Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,       )<br>                             )<br>        Plaintiff,           )<br>                             )<br>    v.                       )<br>                             )<br>PROGRESSIVE NORTHWESTERN     )<br>INSURANCE COMPANY,           )<br>                             )<br>        Defendant.           )<br>_____) | 3:05-cv-204-TMB |

MEMORANDUM IN SUPPORT OF PROGRESSIVE'S MOTION
*IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING EXPERT WITNESSES

Defendant Progressive Northwestern Insurance Company ("Progressive") is entitled to an order precluding plaintiff Ronald Weilbacher from calling any expert witnesses in this matter based on plaintiff's choice not to disclose any expert witnesses on his final witness list and his choice not to produce any expert witness disclosures pursuant to the court's Scheduling and Planning Order.

A district court possesses inherent power over the administration of its business. It

>has inherent authority to regulate the
>conduct of attorneys who appear before it, to
>promulgate and enforce rules for the
>management of litigation, to punish contempt,
>and to remand cases involving pendent claims.

Spurlock v. FBI, 69 F.3d 1010, 1016 (9th Cir. 1995).  See Perry v. O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985) ("the inherent authority of a court to enforce its orders by whatever means, without abusing its discretion") (quoting Cook v. Ochsner Found. Hosp., 559 F.2d 270, 272 (5th Cir. 1977)).

In this court's Scheduling and Planning Order of October 31, 2005, the court clearly set forth the parties' deadlines for disclosure of expert witnesses and expert witness reports under Federal Rule of Civil Procedure 26(a)(2).  The Order mandated that,

>(4)  Expert witness disclosures in accordance with Rule 26(a)(2) must be made on or before **May 8, 2006**, for plaintiff and on or before **May 26, 2006**, for defendant.
>
>(5)  On or before **May 8, 2006**, each party shall serve and file a final, revised witness list which unless otherwise specifically stated must include expert as well as lay witnesses.  Only those witnesses so disclosed will be permitted to testify at trial.

Scheduling and Planning Order at 2.  There is no subsequent order or stipulation by the parties changing these dates.

On May 8, 2006, both parties filed their final witness lists.  Progressive's Final Witness List disclosed its expert

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff
   from Calling Expert Witnesses
Page 2 of 5

Robert Lohr.  <u>See</u> Progressive's Final Witness List at ¶4 (DE#29).  Plaintiff's Final Witness List, however, did not disclose any expert witnesses.  <u>See</u> Plaintiff's Final Witness List (DE#30).  No one on plaintiff's list is designated as an expert witness.  <u>Id</u>.

Plaintiff also chose not to disclose and produce any expert witness reports under Rule 26(a)(2) as required by the Scheduling and Planning Order.  Pursuant to this court's Order, plaintiff's expert witness reports, including all of the information required under Rule 26(a)(2), were required to be produced on May 8, 2006.  No such reports were produced.

Plaintiff should now be precluded from calling any expert witnesses in this matter.  Plaintiff chose not to disclose any experts on his Final Witness List (DE#30) and chose not to produce any expert reports as required by the court's Scheduling and Planning Order.  Plaintiff should not be permitted to flout this court's Order and proceed as if the court's Scheduling and Planning Order is meaningless.  Plaintiff has chosen to proceed without the assistance of experts and plaintiff must abide by and be bound by his choice.

If plaintiff is not bound by his own choice, Progressive is highly prejudiced.  If plaintiff is permitted to ignore this court's Scheduling and Planning Order and belatedly

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Memorandum in Support of Progressive's Motion to Preclude Plaintiff
   from Calling Expert Witnesses
Page 3 of 5

disclose expert witnesses and reports, Progressive is placed at a significant disadvantage by having complied with the court's order.  The Scheduling and Planning Order followed *seriatim* expert disclosures.  Plaintiff first discloses his experts and expert reports, identifying and clarifying the issues and analysis his experts will focus on at trial.  Then Progressive's experts provide their rebuttal reports, having the benefit of plaintiff's expert report to narrow and define the issues for trial.  Plaintiff's choice has deprived Progressive of the ability to rebut his experts.  Plaintiffs should not be allowed to take advantage of this prejudice by being permitted to belatedly make disclosures.

As this court's Scheduling and Planning Order stated, "Only those witnesses so disclosed [on the Final Witness List] will be permitted to testify at trial."  Plaintiff did not disclose any expert witnesses.  Plaintiff did not produce any expert witness reports under Federal Rule 26(a)(2) on or before his deadline.  As such, plaintiff is precluded from calling any expert witnesses in this matter.  Progressive requests that this court issue an order clarifying that plaintiff may not call any expert witnesses in this matter.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff
   from Calling Expert Witnesses
Page 4 of 5

DATED at Fairbanks, Alaska, this 19th day of May, 2006.

                GUESS & RUDD P.C.
                Attorneys for Progressive
                Northwestern Insurance Company

By: /s/Aisha Tinker Bray
        Guess & Rudd P.C.
        100 Cushman Street, Suite 500
        Fairbanks, Alaska  99701
        Phone: 907-452-8986
        Fax:   907-452-7015
        Email: atbray@guessrudd.com
        Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
19th day of May, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By: /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff
   from Calling Expert Witnesses
Page 5 of 5