Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,          )<br>                               )<br>        Plaintiff,            )<br>                               )<br>    v.                         )<br>                               )<br>PROGRESSIVE NORTHWESTERN       )<br>INSURANCE COMPANY,             )<br>                               )<br>        Defendant.             )<br>_____) | 3:05-cv-204-TMB |

PROGRESSIVE'S STATUS REPORT

Pursuant to the court's Order of May 9, 2005, the parties were directed to confer and prepare a joint status report. (DE#31) The parties conferred via facsimile on May 22, 2006. The parties, however, were unable to agree on the content of Section B.1. — Completed and Remaining Discovery. Therefore, Progressive joins in the Status Report filed by Mr. Weilbacher as to Sections A, C, and D, and submits its own report on Section B.

**B.  DISCOVERY**

**1.  Completed and Remaining Discovery:**

Initial Disclosures have been exchanged.
Plaintiff's expert witness disclosures pursuant to Rule 26(a)(2) were due on May 8th — no disclosures were made.
Defendant's expert witness disclosures pursuant to Rule 26(a)(2) are due May 26th.
Plaintiff's discovery responses to Progressive's First Set of Discovery Requests are due May 26th (under extension).

Contrary to plaintiff's position, no depositions have been set.  Progressive has not received any notices of depositions on July 12 and 13th.  Immediately following the hearing on March 30, 2006, Progressive's attorney wrote to Mr. Weilbacher's attorney, providing Progressive's availability for the depositions of Mr. Withers and Mr. Lund, the two deponents plaintiff had identified, in April and May.  Plaintiff, however, did not want to take the depositions until after Progressive responded to his first set of discovery requests that were not served until April 7th.  Progressive then timely responded to plaintiff's discovery requests on May 10th.  On May 10th, plaintiff inquired into the availability of Mr. Withers and Mr. Lund for the specific weeks of June 20-23 and July 11-19.  Progressive responded on May 11th that both Mr. Withers and Mr. Lund were available July 12th and 13th, specifically agreeing to fly Mr. Lund to Anchorage for the depositions to save the parties time and money.  There has been no definitive word from

plaintiff on these depositions. No notices of the deposition have been received. Before Progressive affirmatively represents to the court that there are depositions on July 12th and 13th, it needs an agreement, which it does not have.

It is unclear why plaintiff now blames Progressive for his choice not to call any expert witness in this case. Pursuant to this court's Scheduling and Planning Order, expert witnesses were required to be identified on the parties' Final Witness List filed May 8th, and plaintiff was required to produce his expert witness disclosures/reports on May 8th. Since plaintiff did not serve his discovery requests until April 7th such that Progressive's responses were not due until May 10th, Progressive's responses could not in any way have impacted plaintiff's choice not to call any expert witnesses. However, this entire issue is not properly before the court in a status report, but in Progressive's pending Motion *in Limine* to Preclude Plaintiff from Calling Expert Witnesses. (DE#32-33).

**2. Pending and Anticipated Motions:**

On May 19, 2006, Progressive filed its Motion *in Limine* to Preclude Plaintiff from Calling Expert Witnesses. (DE#32-33). Plaintiff's Opposition is due June 6th, and Progressive's Reply will be due June 16th.

Progressive intends to re-file its Motion for Summary Judgment immediately after the close of discovery on July 28th. Given that it will be nearly impossible for the court to rule on Progressive's motion for summary judgment prior to the deadline for dispositive motions and motions *in limine* of August 27th, Progressive anticipates that it may file a couple more motions *in limine*.

### 3. Previous Rulings on Substantive Issues:

None.  The court has made no rulings on substantive issues.  The court denied Progressive's Motion for Summary Judgment without prejudice to re-filing following the close of discovery.  The court permitted plaintiff to conduct unspecified discovery prior to the close of discovery, presumably in order to be prepared to respond to Progressive's re-filed motion.

DATED at Fairbanks, Alaska, this 23rd day of May, 2006.

                         GUESS & RUDD P.C.
                         Attorneys for Progressive
                         Northwestern Insurance Company

                 By:     /s/Aisha Tinker Bray
                         Guess & Rudd P.C.
                         100 Cushman Street, Suite 500
                         Fairbanks, Alaska   99701
                         Phone: 907-452-8986
                         Fax:   907-452-7015
                         Email: atbray@guessrudd.com
                         Alaska Bar No. 9505028

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the
23rd day of May, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:    /s/Aisha Tinker Bray