Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-0204-TMB |
| | ) |

**PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF FROM CALLING EXPERT WITNESSES**

Plaintiff Weilbacher has been unable to obtain discovery from the defendant because Progressive has been obstructing discovery, precluding the

plaintiff from gathering documents and information in order to have an expert review the documents and give an opinion.  It would be unethical, and an act of malpractice, for an attorney to list an expert witness to offer an opinion on documents and facts that the expert has not been able to review in order to render an opinion.

Progressive has continually obstructed the discovery process, including making specious objections to the production of legitimate business records, and has prevented plaintiff from obtaining legitimate discovery, challenging "the integrity and fairness of the judicial process."  See Kyte v. Progressive Northwestern Ins. Co., 2004 U.S. Dist. LEXIS 13655 (U.S.D.C. Case No. A03-40-CV (JWS)).  Progressive knows how to obstruct discovery, but also knows its ethical duties by its past experience before the Court in Kyte v. Progressive.  In Kyte, Progressive was able to preclude producing discovery by asserting that the opposing party did not "confer" to resolve their discovery differences.  Nevertheless, as Judge Sedwick stated in his decision:

> Discovery rules are liberally construed to effect the just, speedy, and inexpensive resolution of litigation.  Discovery's scope is broad.  The Federal Rules of Civil Procedure afford parties the right to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery. . . ."  The rules further specify that "the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
    PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 13

information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Professor Wright instructs that "the rules . . . permit the broadest scope of discovery and leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case." The Ninth Circuit has emphasized that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth."

Id. at 1-2 (footnotes omitted).

It is clear that Progressive knows of its ethical obligations as well as its legal duties to produce discovery, but also knows how to manipulate the rules of the game as is indicated in the Kyte decision.

In order to shed light and to show the obfuscation of Progressive, a chronology is in order. On January 6, 2006, plaintiff's counsel, Kenneth Legacki, wrote to defense counsel, Aisha Bray, to schedule the depositions of the witnesses listed by Progressive who were going to testify in this case. (Ex. 1)

On January 23, 2006, Ms. Bray of Guess & Rudd responded to Mr. Legacki's letter and stated that in her opinion depositions were not necessary and that she would not produce the witnesses. (Ex. 2)

On that same day, January 23, 2006, two and a half weeks after Mr. Legacki wrote to Progressive and asked to have the witnesses produced for depositions, Progressive filed a motion for summary judgment. [Docket Nos. 17

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 13

and 18]

On January 24, 2006, this case was re-assigned to the present judge, Judge Burgess. [Docket No. 19] On February 9, 2006, Plaintiff Weilbacher filed a Rule 56(f) motion to preclude a decision on summary judgment until such time as the discovery could be completed and plaintiff could respond to the summary judgment motion. [Docket No. 20]

On February 10, 2006, Guess & Rudd opposed the motion for an extension of time under Rule 56(f) and asked for oral argument on the Rule 56(f) motion. [Docket Nos. 22 and 23] Progressive would not agree to proceed with discovery.

The Court held a hearing on March 30, 2006, and ordered discovery to proceed. [Docket No. 28]

On March 30, the attorney for Guess & Rudd wrote to Mr. Legacki and set out the dates that counsel and one of the witnesses would be available for deposition. (Ex. 3) There were no readily available dates in April, and the available dates proposed allowed for only one week in May to do depositions, the one week in May that plaintiff's counsel was unavailable because he had depositions in other cases scheduled for May 8, 9, and 10 and he would be out of state between May 10 and May 15 for his son's college graduation in Arizona,

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
    PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 13

which defense counsel was advised of during a telephone conversation.

On March 31, 2006, again Ms. Bray wrote to Mr. Legacki that witness Adam Lund would be available to the last week of May and she was not sure if he would be available in June.   (Ex. 4)

Prior to April 7, 2006, Ms. Bray contacted Mr. Legacki and discussed the matter of bifurcating the trial and having the bad faith issue litigated after the initial issue of entitlement is decided.  However, Ms. Bray would not agree to allow discovery of documents to proceed if the issues were bifurcated. Discovery of the documents requested by plaintiff, as the defendant readily acknowledged in its objections to producing the discovery, are relevant to all the issues before the Court.

On April 7, 2006, the plaintiff submitted discovery requests to defendant seeking business records of Progressive, business records that are compiled by Progressive, including databases regarding court decisions interpreting the policy language at issue in this case, as well as the history of the drafting language of the clause that is at issue in this case, all of which are discoverable.  See McGarry v. Holland America Line-Westours, Inc., 2003 U.S. Dist. LEXIS 25668.

On May 10, plaintiff's counsel wrote to Ms. Bray asking to schedule

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
   PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 13

the depositions of the defendant's witnesses between June 20 and June 23 or between July 11 and July 19. (Ex. 5) Plaintiff Weilbacher wanted to do depositions after the discovery was produced by Progressive.

On May 10, 2006, Progressive responded to the plaintiff's discovery requests, by refusing to produce any discovery because the material was not relevant nor would it lead to relevant information, even though Progressive readily acknowledged that the records sought are business records, records that are kept in the normal course of business by Progressive, and that it intends to use these documents in this litigation in support of its positions. (Ex. 8) Progressive acknowledged in its discovery responses that the documents sought are relevant to the issues before the Court, and that they would lead to relevant information. (<u>Id.</u>) Progressive also stated it refused to produce the business records that are kept in the normal course of business for Progressive on the basis of attorney work product or attorney-client privilege. Progressive made internally inconsistent arguments by arguing that it intends to rely upon the information that plaintiff sought in its arguments to this Court, but that the information sought was not relevant and would not lead to relevant information. Progressive also asserted that the discovery requested was attorney work product and protected by attorney-client privilege even though the documents are business records kept in the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
 PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 13

normal course of business for Progressive. Progressive knew that according to the Kyte decision, that it could make these objections, and force Weilbacher to "meet and confer" to resolve the discovery dispute before Weilbacher could move to compel the requested discovery, thereby delaying and obfuscating the discovery process.

Progressive responded on May 11, 2006, stating that the witnesses the plaintiff wanted to depose were available the week of July 11 to 17. (Ex. 6) Plaintiff Weilbacher then notified defense counsel that July 12 and 13 would be the best dates. (Ex. 7) Progressive would only make the witnesses available <u>after</u> the deadline for expert witness reports.

On May 19, 2006, five months after plaintiff initially sought to have discovery produced in this case, either by deposing witnesses or the production of requested documents, Progressive then filed the motion to preclude the plaintiff from having an expert witness. [Docket Nos. 32 and 33]

Attached hereto is the June 23, 2006 letter (Ex. 9) from Weilbacher's attorney to Progressive's attorney, as a party must do according to <u>Kyte</u>, advising Progressive that its hinderance in discovery and its objections to the discovery responses are in bad faith, disingenuous and plaintiff believes committing a fraud upon the Court. Weilbacher's attorney was delayed in

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
   PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 7 of 13

responding to Progressive's objections to the requested discovery because of the stroke and subsequent death of his mother.

## **ARGUMENT**

Progressive has repeatedly obstructed and hindered plaintiff from doing discovery in this matter. Progressive is well aware of how to manipulate the discovery process, as is evident by the Kyte v. Progressive decision. Plaintiff has not been dilatory; from the onset, plaintiff has been asking for the appropriate documents to have an expert review and also to do depositions for witnesses in this matter. (See Ex. 1, Jan. 6, 2006 letter) After this Court ordered that discovery was to go forward, other than the one week in May, which defense counsel knew plaintiff's counsel would be unavailable, the dates Progressive's witnesses and attorneys were available in April and May were very limited. (See Exs. 1, 3, and 4)

It would be unethical for an expert to give an opinion until discovery is completed and records produced. Progressive continually delayed the discovery sought by the plaintiff and precluded plaintiff's expert from giving an opinion in this case. Plaintiff's expert witness disclosures were due on May 8, 2006, and defendant's were due May 26, 2006.

As Judge Sedwick stated in the Kyte decision, "wide access to

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
  PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 8 of 13

relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth."

An example of Progressive's hinderance of the truth, and what plaintiff considers vexatious discovery abuse by Progressive, is the statement by Progressive's attorney in her response to plaintiff's request for discovery. After objecting on the basis the information sought was <u>not</u> <u>relevant</u> to the litigation, Ms. Bray states:

> While Progressive anticipates that both it and plaintiff will cite such legal interpretations, if any are found, as persuasive authority in support of their interpretation of the quoted policy provision under Alaska law, the Civil Rules do not require Progressive to do plaintiff's legal research for him.

Progressive objected to the production of business records that Progressive keeps in the normal course of business and of trial court decisions that are not normally produced on the Internet and are not readily available for research to plaintiff's counsel so that it could be given to an expert to review. Progressive acknowledges that there have been numerous interpretations of this policy language which would aid the Court and which would aid plaintiff's expert in making a determination as to whether plaintiff's claim is valid, but yet refused to produce them because Progressive takes the position that it does not want to do the "legal research for plaintiff's counsel."

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
    PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 9 of 13

The database is not legal research, but documents kept in the normal course of business that may show Progressive's interpretation of its policy is contrary to what it is arguing to this Court. If Progressive has numerous cases to cite in support of its position before the Court, obviously it would willingly produce them to plaintiff so that he can make a determination whether this case should go forward. However, Progressive has refused to produce discovery, including documents from its database which it readily acknowledges it keeps in the normal course of business regarding the issue that is before the Court--interpreting the policy language.

Another indicia of Progressive's bad faith and vexatious position in the discovery responses is that Progressive readily acknowledges that it keeps track of all these public records in the normal course of business, yet asserts the attorney work product or attorney-client privilege. Obviously retaining copies of public records is not attorney-client privilege, nor is it attorney work product. See McGarry v. Holland America Line-Westours, Inc., 2003 U.S. Dist. LEXIS 25668. The fact that Progressive keeps a database of court decisions clearly indicates that its objection to the production of these records as attorney-client privilege or attorney work product is specious and disingenuous at best.

For over six months now, Progressive has obstructed meaningful

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 10 of 13

discovery in this case by artfully manipulating the court rules.  As the <u>Kyte</u> decision indicates, Progressive knows of its obligation to produce all relevant discovery, even if it would not be admissible in court.  Progressive knows that the failure to produce relevant discovery denigrates "the integrity and fairness of the judicial process."  <u>See</u> <u>Kyte v. Progressive</u>, 2004 U.S. Dist. LEXIS 13655.

      Plaintiff Weilbacher has been precluded from obtaining information to give to an expert for review.  The appropriate remedy for this failure is to vacate the pretrial dates, order the discovery to be produced, and then reset the dates in a new Scheduling and Planning Order.  Progressive has made a mockery of the court rules; it should not be rewarded for its conduct by precluding the plaintiff from having an expert witness in the case and subverting the integrity of the judicial process.

      DATED this 26th day of June, 2006, at Anchorage, Alaska.

      KENNETH W. LEGACKI, P.C.
      Attorney for Plaintiff

      By    s/Kenneth W. Legacki
          Kenneth W. Legacki
          Alaska Bar No. 8310132
          425 G Street, Suite 920
          Anchorage, AK  99501
          Phone: (907) 258-2422
          Fax: (907) 278-4848
          E-mail: legacki@gci.net

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
    PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 11 of 13

I HEREBY CERTIFY that on the 26th day of
June, 2006, a copy of the foregoing
document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

       s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
    PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 12 of 13

## INDEX OF EXHIBITS

EXHIBIT 1 -   January 6, 2006 letter to Aisha Bray

EXHIBIT 2 -   January 23, 2006 letter to Kenneth Legacki

EXHIBIT 3 -   March 30, 2006 letter to Kenneth Legacki

EXHIBIT 4 -   March 31, 2006 letter to Kenneth Legacki

EXHIBIT 5 -   May 10, 2006 letter to Aisha Bray

EXHIBIT 6 -   May 11, 2006 letter to Kenneth Legacki

EXHIBIT 7 -   May 11, 2006 facsimile to Aisha Bray

EXHIBIT 8 -   Progressive's Responses to Plaintiff's First Set of Discovery Requests

EXHIBIT 9 -   June 23, 2006 letter to Aisha Bray

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
PLAINTIFF FROM CALLING EXPERT WITNESSES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 13 of 13