GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
JOSEPH BRIAN GROSS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd** P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES
GREGORY G. SILVEY

January 23, 2006

**VIA FACSIMILE & U.S. MAIL**

Kenneth W. Legacki, Esq.     1-907-278-4848
425 G Street, Suite 920
Anchorage, Alaska 99501

    Re:    Weilbacher v. Progressive
            Claim No.: 017489548
            Our File No.: 5200.120

Dear Ken:

    I apologize for the delay in responding to your January 6, 2006 letter, regarding the depositions of Danny Withers and Adam Lund. As you noted, I do ask that I have the discovery I requested in my December 6, 2005 letter be provided prior to any depositions or further discovery in this matter. However, that being said, I do not believe depositions/discovery will further any issue in this case.

    As we've discussed, the issue in this case is whether under the terms of Mr. Weilbacher's Progressive policy he is entitled to another "each person" policy limit, or part thereof, of UIMBI coverage for his loss of consortium/loss of society claims under AS 09.15.010 based on the loss of his daughter. You believe he is and we disagree. It is, however, an issue of contract interpretation and, thus, a matter of law. There are no factual disputes about what occurred. You asked for the coverage and Progressive denied it.

    I understand that you pled a count for bad faith against Progressive based on the facts and circumstances surrounding its denial of coverage that involve issues of fact — the why's of Progressive's denial of coverage. However, a predicate to bad faith is that Progressive wrongly denied the coverage at issue. As such, if Progressive's interpretation of the policy language is correct, and there is no more coverage available, then there can be no bad faith as a matter of law. The corollary, of course, is that if Progressive's interpretation is incorrect and

EXHIBIT 2
Page 1 of 2

Kenneth W. Legacki, Esq.
January 23, 2006
Page 2

there is available coverage then, and only then, do the issues of fact become relevant.

Accordingly, I ask that we not engage in costly and time consuming depositions of any parties and witnesses at this time, and that we allow the court to determine the issue of law through summary judgment proceedings. We have filed a Motion for Summary Judgment to pursue this course of action. (Again, I apologize for the delay in filing this motion; I've been learning the new ECF system.)

Also, since at this time I do not expect the police report to be necessary to resolve this matter, please do not make a copy. If/when it becomes needed I will either ask for a copy or stop by your offices. Thank you.

If you still want to pursue the depositions of Mr. Withers and Mr. Lund, please let me know. I'm still awaiting the discovery previously requested.

Sincerely,
GUESS & RUDD P.C.

Aisha Tinker Bray

ATB/msv

cc: Jay Wesolowski

EXHIBIT 2
Page 2 of 2