Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PROGRESSIVE NORTHWESTERN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | 3:05-cv-204-TMB |

REPLY TO PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S MOTION
*IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING EXPERT WITNESSES

     Plaintiff's Opposition blatantly misrepresents the proceedings in this matter and intentionally confuses the issue before the court in this motion in an attempt to mislead the court and steer it away from the true issue: whether the pretrial deadlines apply equally to both parties.  They do.

     Progressive fully complied with the pretrial deadlines by disclosing its expert witness in its final witness list on May 8, 2006 and producing expert disclosures, including its

expert's report, on May 26, 2006. Plaintiff chose not to do so. Plaintiff chose not to identify any expert witnesses or make any expert witness disclosures by his May 8, 2006 deadlines. Since the Scheduling and Planning Order specifically provides that "[o]nly those witnesses so disclosed will be permitted to testify at trial," plaintiff is precluded from calling any expert witnesses at trial. Exhibit A at 2 ¶5.

As a preliminary matter, despite plaintiff's misleading ramblings, this motion is <u>not</u> a discovery dispute. This motion is to enforce the court's Scheduling and Planning Order. There is no obligation under Rule 37 for the parties to confer in an attempt to resolve anything and the <u>Kyte</u> opinion quoted by plaintiff is irrelevant. The issue in this motion is solely whether plaintiff must abide by the court's order and deadlines as Progressive did. He must. Since the parties must comply with the same rules and pretrial deadlines, plaintiff's choice not to disclose any expert witnesses by his May 8, 2006 deadline prevents plaintiff from calling any expert witness at trial.

<u>Chronology of Events</u>

Plaintiff filed this action on August 11, 2005. The parties held their mandatory Rule 26(f) meeting on October 18, 2005 and filed their Scheduling and Planning Conference Report on October 24, 2005. The court then set the pretrial deadlines

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 2 of 20

in its Scheduling and Planning Order of October 31, 2005. Exhibit A.

On December 6, 2005, Progressive wrote to plaintiff regarding missing information from plaintiff's mandatory Rule 26(a) Initial Disclosures exchanged on November 15, 2005. Exhibit B.  For various reasons, Progressive informally granted plaintiff additional time to respond to its December 6, 2005 letter.

On January 6, 2006, plaintiff inquired about the depositions of Mr. Withers and Mr. Lund, acknowledging that the depositions would <u>not</u> be held until after Progressive received the information requested in its December 6, 2005 letter which plaintiff had not yet provided.  Exhibit C.

On January 23, 2006, Progressive responded to plaintiff's January 6, letter, agreeing that no Progressive depositions would be scheduled until it received the information requested on December 6, 2005, which had still not been provided, and that it did not believe the depositions would actually be necessary given the legal nature of the issues presented in the case.  Exhibit D.  Progressive also filed its Motion for Summary Judgment the same day.  (DE#17-18). Progressive received plaintiff's Supplement Initial Disclosures,

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 3 of 20

responding, in part, to Progressive's December 6, 2005 letter, on January 24, 2006.

Plaintiff then waited until the last day before his Opposition to Progressive's Motion for Summary Judgment was due to file a Rule 56(f) motion for additional time to conduct discovery. (DE#20). Progressive objected. (DE#22). The court then set oral argument on the issue on March 23, 2006. (DE#25). Due to plaintiff's attorney's vacation plans, Progressive agreed to reset the hearing to a more convenient time for plaintiff's attorney. (DE#26). The hearing was then reset to March 30, 2006. (DE#27). At the hearing, plaintiff insisted that he needed to take the depositions of Danny Withers and Adam Lund before he could respond to Progressive's motion. Over Progressive's objections, the court granted plaintiff the entire discovery period to conduct discovery by denying Progressive's Motion for Summary Judgment without prejudice to re-filing after the close of discovery. (DE#28).

Immediately after the hearing on March 30, 2006, Progressive notified plaintiff of Mr. Withers' availability for his deposition in April and May. Exhibit E. On March 31, 2006, Progressive again requested the rest of the information originally requested on December 6, 2006 and promised to Progressive in plaintiff's January 6, 2006 letter, and requested

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 4 of 20

plaintiff's availability for his deposition.[1]  Exhibit F. Progressive also separately provided plaintiff with Mr. Lund's availability in April and May for his deposition.  Exhibit G.

On April 6, 2006, Progressive served its First Set of Discovery Requests to Plaintiff, making plaintiff's responses due May 9, 2006.

Plaintiff then did nothing until April 7, 2006, when he served Plaintiff's First Set of Discovery Requests to Defendant. Exhibit H.  In his April 7, 2006 letter, plaintiff indicated that now he did not want to take the depositions of Progressive's employees Mr. Withers and Mr. Lund until <u>after</u> Progressive responded to his discovery requests.  <u>Id</u>.  Since plaintiff's discovery requests were served by mail on April 7, 2006, Progressive's responses were not due until May 10, 2006. <u>See</u> Fed. R. Civ. P. 6(e), 33(b)(3), 34(b), & 36(a).  Plaintiff again failed to respond to the inquiries regarding when he was available for his deposition.  Exhibit H.

On May 8, 2006, the parties filed their final witness list.  (DE#29 & #30).  As required, Progressive identified its expert witness.  (DE#29).  On the other hand, plaintiff chose

---

[1]  Progressive also inquired about the possibility of bifurcating certain aspects of this matter.  <u>See</u> Exhibit F.  It became evident in a subsequent

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 5 of 20

not to disclose any expert witnesses. (DE#30).[2] Plaintiff also chose not to make any expert disclosures pursuant to Rule 26(a)(2).

On May 9, 2006, Progressive granted plaintiff an extension on his discovery responses to May 26, 2006, due to personal matters of plaintiff's attorney. Exhibit I. Notably, it is unknown why the responses were not already complete as plaintiff's attorney had previously notified Progressive of his plans to be out of town on vacation May 10-15, 2006 and would have presumably planned accordingly. See Exhibit H.

The very next day, on May 10, 2006, plaintiff then contacted Progressive about specific dates in June and July when Mr. Withers and Mr. Lund would be available. Exhibit J. Progressive also timely responded to plaintiff's discovery requests on May 10, 2006. On May 11, 2006, Progressive notified plaintiff that they were available the week of July 11-17. Exhibit K. Progressive proposed the depositions be taken either July 12th or 13th in Anchorage, and offered to fly Mr. Lund to

---

telephone conversation that bifurcation by stipulation of the parties was not possible and the issue was dropped.
[2] Contrary to plaintiff's assertion, this case was not reassigned to Judge Burgess on May 9, 2006. This case was assigned to Judge Burgess on January 23, 2006, and counsel appeared before Judge Burgess on March 30, 2006 for the hearing on plaintiff's Rule 56(f) motion. (DE#19 & 28).

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 6 of 20

Anchorage for the depositions on those dates.  Id.  Plaintiff did not respond.[3]

On May 19, 2006, Progressive filed this Motion *In Limine* to Preclude Plaintiff from Calling Expert Witnesses. (DE#32-33).  At no time prior to Progressive's motion did plaintiff request an extension of time within which to identify experts or make expert disclosures.

On May 30, 2006, Progressive received plaintiff's purported discovery responses.  On May 31, 2006, Progressive wrote to plaintiff requesting complete, signed discovery responses.  Exhibit L.  To-date, Progressive has not received a response.

On June 1, 2006, having had no response from plaintiff as to when he was available for his deposition despite repeated requests, Progressive informed plaintiff that it would like to take his deposition on July 14, 2006 in conjunction with his depositions of Mr. Withers and Mr. Lund.  Exhibit M. Progressive again specifically inquired into plaintiff's availability for June through mid-July.  Id. On June 2, 2006, plaintiff's attorney responded that he would ask his client

---

[3]  Instead, plaintiff inserted in his May 22, 2006 Status Report that the depositions were definitely scheduled for July 12th and 13th.  (DE#34 & 35). Plaintiff finally noticed out the depositions on June 27, 2006.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 7 of 20

about his deposition,[4] and asked to move the other depositions to June.  Exhibit N.

On June 5, 2006, plaintiff sought significant additional time to respond to this motion *in limine*.  (DE#36). Progressive objected only to the length of time requested, noting that plaintiff had already had significant time to respond.  (DE#37).  On June 8, 2006, plaintiff amended his request for additional time based on the death of plaintiff's attorney's mother.  (DE#38).  Progressive did not object to the additional extension of time, and the court granted the extension.  (DE#40).

On June 23, 2006, plaintiff "requested" that Progressive reconsider its discovery responses for many of the same reasons plaintiff now asserts in his opposition to this motion.  Exhibit O.

On June 27, 2006, plaintiff finally responded regarding his deposition, stating that he was unavailable for the entire month of July because "July is not a good month."  Exhibit P. Progressive again asked about plaintiff's availability for his deposition July 12-14, noting that "not a good month" is not

---

[4] Plaintiff's attorney's response strongly suggested that he had not bothered to inquire as to Mr. Weilbacher's availability for his deposition until this time despite Progressive's March 31, 2006 request.  Exhibit N.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 8 of 20

reasonable justification for a plaintiff to be unavailable. Exhibit Q.  On June 30, 2006, plaintiff again dismissed Progressive's request and Progressive responded again asking for actual justification for his blanket unavailability in something as important as his own litigation.  Exhibits R & S.  Progressive also provided plaintiff with a comprehensive response to his June 23, 2006 letter regarding Progressive's discovery responses.  Exhibit T.

On July 3, 2006, plaintiff again dismissed Progressive's request to take his deposition out of hand, insisting that he was completely unavailable at all times.[5]  Exhibit U.  Progressive responded on July 5, 2006, pointing out that it must take plaintiff's deposition in July in order to comply with the court's Order and noticing plaintiff's deposition for July 14, 2006.  Exhibit V.  Progressive also offered plaintiff an alternative that it would stipulate to taking his deposition outside the close of discovery if he would agree that his deposition would be the only discovery conducted after the close of discovery and there would be no extensions on the current discovery deadline.  Id.  Plaintiff has not yet responded.  Progressive hopes that plaintiff will realize the importance of moving his case forward and complying with the court deadlines.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff
from Calling Expert Witnesses
Page 9 of 20

Discussion

On October 31, 2005, this court set the pretrial deadlines both parties must follow, including *inter alia*, the identification of expert witnesses and expert witness disclosures pursuant to Rule 26(a)(2). Exhibit A at 2. The Scheduling and Planning Order <u>required</u> the disclosure of expert witnesses in each party's final, revised witness list on May 8, 2006. <u>Id</u>. It also <u>required</u> plaintiff's expert witness disclosures pursuant to Rule 26(a)(2) to be made on or before May 8, 2006. <u>Id</u>. The Order then provided, "Only those witnesses so disclosed will be permitted to testify at trial." <u>Id</u>. Plaintiff then chose not to present expert testimony on any issue in this matter by choosing not to identify any expert witnesses or make expert disclosures. As such, Progressive is entitled to an order clarifying that pursuant to this court's Scheduling and Planning Order plaintiff is precluded from calling any expert witnesses at trial.

Plaintiff's initial assertions in his Opposition -- without any legal support whatsoever -- that it would somehow be unethical or legal malpractice to identify his expert witness and make expert disclosures in this case as he is <u>required</u> to do by court order is totally without merit. Courts routinely

---

[5] Progressive did not receive plaintiff's July 3, 2006 letter until July 5, 2006 as the offices were closed July 3, 2006 for the Fourth of July holiday

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 10 of 20

require the parties to identify their expert witnesses, including the general subject matter of each expert, before or simultaneously with expert witness disclosures.

> Additionally, Federal Rule of Civil Procedure 26(a)(2) imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. **Normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b),** and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue.

Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendments, Paragraph (2) at para. 1 (emphasis added). It is within the court's discretion when expert witnesses must be identified and when expert disclosures must be made. In keeping with the Federal Rules of Civil Procedure, this court set these deadlines in its October 2005 Scheduling and Planning Order. Plaintiff simply chose not to present expert testimony, and must now abide by his choice.

In most cases experts will have to provide their expert opinion before discovery is complete in order to allow the opposing party the opportunity to depose the expert or obtain

---

weekend.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 11 of 20

their own expert within the discovery period.  There is no basis for plaintiff's baseless assertions that it would be unethical for an expert to opine on anything before the close of discovery.  Plaintiff's novel assertion ignores the practical reality of the judicial process.

Additionally, plaintiff had ample time to retain an expert and obtain, if necessary, all documents the expert required for the expert's opinion.  By the time plaintiff's expert witness needed to be disclosed, plaintiff had at least nine (9) months from the filing of the case to determine who his expert witness, if any, would be.

In actuality, plaintiff has had <u>years</u> to retain an expert witness.  Plaintiff made his first claim for underinsured motor vehicle bodily injury liability coverage ("UIMBI") on behalf of the Estate of Heidi Weilbacher, himself, and Heidi's mother Cathie Mauro on December 13, 2001.  <u>See</u> Exhibits C & D to Progressive's Motion for Summary Judgment.  It then took two years to sort out the liability policies involved and trigger the UIMBI coverage.  <u>Id</u>.  Progressive then paid the full policy limits for UIMBI coverage for the claim of the Estate of Heidi Weilbacher and the related, derivative claims of plaintiff and Cathie Mauro on February 24, 2004.  <u>Id</u>.  Presumably, plaintiff believed he was entitled to a second, each person policy limit of UIMBI back in 2001 when the claim was originally made and has

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 12 of 20

been fully aware of his claim since 2001.  However, at the very minimum, plaintiff's claim for a second, separate each person UIMBI policy limit was raised in October 2004 when plaintiff made his demand for such.  <u>Id</u>. at 100048.  Thus, plaintiff had years to retain an expert witness and put together his expert disclosures before his May 8, 2006 deadline.  He simply chose not to do so.

Contrary to plaintiff's baseless assertions, Progressive has <u>never</u> obstructed plaintiff's discovery in this matter.  First, Progressive's discovery responses are not at issue in this motion.  Plaintiff did not bother to serve his discovery requests on Progressive until April 7, 2006, making Progressive's responses due May 10, 2006 — <u>after</u> plaintiff's expert disclosures where due.  It was impossible for plaintiff to have relied on Progressive's discovery responses for his expert disclosures when those responses were not even due.  Also, nothing in the discovery requests or responses could in any way affect plaintiff's choice not to even name a retained expert witness by his May 8, 2006 deadline.  Absolutely nothing about Progressive's discovery responses could in any way affect plaintiff's expert disclosures.

Second, it was plaintiff's <u>choice</u> to delay the depositions of Mr. Withers and Mr. Lund until after he had received Progressive's discovery responses.  <u>See</u> Opposition at 6

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 13 of 20

("Plaintiff Weilbacher wanted to do depositions after the discovery was produced by Progressive."). <u>Immediately</u> after the court's decision regarding discovery on March 30, 2006, Progressive provided -- on its own initiative -- Mr. Withers' and Mr. Lund's availability in April and May for depositions. <u>See</u> Exhibits E & G. Progressive did not hinder or delay the taking of Mr. Withers' or Mr. Lund's depositions. <u>Id</u>. At all relevant times, Progressive was willing and able to defend those depositions in either April or May. <u>Id</u>. It was plaintiff who specifically chose to delay the depositions until <u>after</u> he received responses from discovery he did not bother to serve until April 7, 2006. <u>See</u> Exhibit H. Then, plaintiff requested Mr. Withers' and Mr. Lund's deposition on either of two weeks — one in June and one in July. <u>See</u> Exhibit J. Based on its own scheduling issues, Progressive promptly chose July. <u>See</u> Exhibit K. Progressive did not seek to change plaintiff's options; it timely chose one of the two options provided by plaintiff.

Plaintiff's assertions also incorrectly assume or suggest that plaintiff could not have done anything differently. Plaintiff conveniently overlooks that there is absolutely no reason plaintiff could not have served his discovery requests on plaintiff anytime after October 18, 2005 when the parties held their Rule 26(f) conference. <u>See</u> Fed. R. Civ. P. 26(d) and Scheduling and Planning Conference Report filed October 24, 2005. If plaintiff truly wanted Progressive's discovery

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 14 of 20

responses before expert witness disclosures and before Mr. Withers' and Mr. Lund's depositions, plaintiff should have served plaintiff's discovery requests sooner. It was again plaintiff's choice to wait until April 7, 2006 to serve his discovery requests. In fact, if plaintiff had served his discovery requests sooner all the "controversies" perceived by plaintiff regarding Progressive's responses could have been resolved prior to any court deadlines. It was simply plaintiff's choice not to do so.

Also, contrary to plaintiff's assertions, Progressive did <u>not</u> delay in making Mr. Withers and Mr. Lund available until after plaintiff's deadline for expert disclosures. <u>See</u> Opposition at 7. The deadline for plaintiff's expert disclosures was May 8, 2006. Exhibit A at 2. Progressive provided Mr. Withers' and Mr. Lund's availability for depositions in April and May at the end of March immediately following the court's implicit ruling that they could be taken. <u>See</u> Exhibits E & G. Plaintiff did nothing to set those depositions as soon as possible to accommodate his May 8, 2006 deadlines. Instead plaintiff chose to wait until <u>after</u> Progressive responded to his discovery requests; plaintiff chose to wait for responses that were not due until May 10, 2006. <u>See</u> Exhibit H. In fact, plaintiff did not ask to take Mr. Withers' and Mr. Lund's deposition until May 10, 2006 -- two days <u>after</u> plaintiff's own deadline had passed. Exhibit J. Plaintiff's

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 15 of 20

May 10, 2006 letter also provided two options for the depositions; Progressive immediately selected one of those options. See Exhibits J & K. As noted above, plaintiff had ample time from October 18, 2005 to May 8, 2006 to conduct all discovery he believed necessary, including time to resolve any discovery disputes that may have arisen. He simply failed to do so. Plaintiff's dilatoriness should not be rewarded.

The court should also take into consideration that since Progressive has fully complied with the court's order regarding the disclosure of expert witnesses, Progressive is at a distinct disadvantage and significantly prejudiced *if* the court does not strictly interpret its orders. Progressive relied on the court's order in timely identifying its expert witness and producing its expert disclosures. It was plaintiff's burden to produce his expert disclosure in a timely manner. If plaintiff could not do so for any reason (as he now touts), it was plaintiff's burden to seek the appropriate accommodation. Plaintiff has aptly demonstrated his ability to seek extensions of time from both Progressive and the court. There was absolutely no reason plaintiff could not have done so with regard to expert disclosures so as to avoid prejudicing Progressive. Instead, plaintiff did nothing and allowed Progressive to rely on his choice not to call expert witnesses and the court's order. Progressive's reliance should not have been misplaced. The parties should be able to rely on the

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 16 of 20

court's deadlines and order as Progressive has done in this case.

Although irrelevant to the issue before the court in this motion -- plaintiff's choice not to make any expert disclosures in this matter — plaintiff continually tries to mislead the court with blatant misrepresentations of Progressive's discovery responses.  However, plaintiff has not yet filed a motion to compel the alleged discovery sought.  Plaintiff wrote Progressive on June 23, 2006 and Progressive responded on June 30, 2006.  Exhibits O & T.  All of these events occurred well <u>after</u> plaintiff's deadline for expert disclosures.  Nothing Progressive did or did not do could have affected plaintiff's expert disclosures in any manner.

To the extent a response to plaintiff's fraudulent misrepresentations is necessary, Progressive incorporates its June 30, 2006 response to plaintiff.  Exhibit T.  Progressive has timely produced all relevant, discoverable information. Plaintiff has not been precluded from obtaining any relevant information for expert review.  Plaintiff has had ample time to conduct all discovery he believed was necessary before his expert disclosures deadline; he simply failed to do so, choosing instead to proceed in this litigation without an expert witness. Thus, contrary to plaintiff's summary requests, there is absolutely no reason to vacate and reset the current pretrial

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 17 of 20

deadlines or to order any discovery produced in favor of either party.[6]

By this court's decision at the March 30, 2006 hearing, Progressive is precluded from re-filing its motion for summary judgment until after the close of discovery. (DE#28). It is evident by plaintiff's delay tactics that plaintiff does not have any basis to oppose Progressive's motion and is "grasping at straws" to prolong discovery to keep Progressive from being able to file its motion. Over Progressive's objections, plaintiff asked for and was granted the entire discovery period in the case. Plaintiff was denied nothing. Plaintiff's failure to take advantage of the time he asked for and was granted is solely plaintiff's choice. Plaintiff should not be permitted to flout the court's authority and judicial process by such manipulations.

The court's orders must mean what they say or the entire judicial process becomes meaningless. Plaintiff should not be permitted to overtly flout the court's orders and authority by ignoring with impunity the court's pretrial deadlines and orders. As this court's Scheduling and Planning Order stated, "Only those witnesses so disclosed [on the Final

---

[6] Although Progressive anticipates that cross-motions to compel discovery will be filed, those issues are not yet before the court in any motion or ripe for review.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 18 of 20

Case 3:05-cv-00204-TMB   Document 43   Filed 07/06/2006   Page 19 of 20

Witness List] will be permitted to testify at trial."  Plaintiff did not disclose any expert witnesses and did not make any expert witness disclosure under Federal Rule 26(a)(2) on or before his deadlines.  As such, Progressive requests that this court issue an order clarifying that plaintiff may not call any expert witnesses in this matter.

DATED at Fairbanks, Alaska, this 6th day of July, 2006.

GUESS & RUDD P.C.
Attorneys for Progressive
Northwestern Insurance Company

By:     /s/Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska  99701
Phone: 907-452-8986
Fax:   907-452-7015
Email: atbray@guessrudd.com
Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
6th day of July, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

A Chambers Copy was also mailed
to the court pursuant to D.AK.LR 10.1(b).

Guess & Rudd P.C.

By:    /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 19 of 20

Table of Exhibits

| Exhibit | Description |
|---|---|
| A | October 31, 2005 Scheduling and Planning Order |
| B | December 6, 2005 Letter from Bray to Legacki |
| C | January 6, 2006 Letter from Legacki to Bray |
| D | January 23, 2006 Letter from Bray to Legacki |
| E | March 30, 2006 Letter from Bray to Legacki |
| F | March 31, 2006 Letter from Bray to Legacki |
| G | March 31, 2006 Letter from Bray to Legacki |
| H | April 7, 2006 Letter from Legacki to Bray |
| I | May 9, 2006 Letter from Legacki to Bray |
| J | May 10, 2006 Letter from Legacki to Bray |
| K | May 11, 2006 Letter from Bray to Legacki |
| L | May 31, 2006 Letter from Bray to Legacki |
| M | June 1, 1006 Letter from Bray to Legacki |
| N | June 2, 2006 Letter from Legacki to Bray |
| O | June 23, 2006 Letter from Legacki to Bray |
| P | June 27, 2006 Letter from Legacki to Bray |
| Q | June 29, 2006 Letter from Bray to Legacki |
| R | June 30, 2006 Letter from Legacki to Bray |
| S | June 30, 2006 Letter from Bray to Legacki |
| T | June 30, 2006 Letter from Bray to Legacki |
| U | July 3, 2006 Letter from Legacki to Bray |
| V | July 5, 2006 Letter from Bray to Legacki |

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 20 of 20