GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
JOSEPH BRIAN GROSS
MOLLY C. BROWN

LAW OFFICES OF
# Guess & Rudd
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES
GREGORY G. SILVEY

March 31, 2006

*REVIEWED BY M.S.V.*
*CALENDARED 4/5/06*
*Response*

*VIA FACSIMILE & U.S. MAIL*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

   Re:  Weilbacher v. Progressive
        Our File No.: 5200.120

Dear Ken:

   In response to your facsimile of this morning on discovery, please reread my December 6, 2005 letter. I am still missing important information that was required to be provided in Mr. Weilbacher's Initial Disclosures.

   1.  Pursuant to Fed. R. Civ. P. 26(a)(1)(A), please identify the subject matter that each person listed on the witness list is supposed to testify to or know.

   2.  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), please provide the computation (specifically including the amount) of damages you claim in each category of damages. Also, please identify all documents and other materials relied upon in making these computations.

   I understand from your facsimile this morning and the Supplemental Initial Disclosures on January 20, 2006 that I now have the Liberty Mutual policy at issue and all non-privileged correspondence in any way related to or referring to Mr. Weilbacher's claims or damages in this matter as requested in my December 6, 2005 letter. If I have misunderstood, please let me know.

   Also, given the court's ruling yesterday that Progressive cannot re-file its motion until after the close of discovery, we are now forced to conduct discovery on Mr. Weilbacher's damages. I had originally hoped to avoid this issue at this time by dealing solely with the legal issue of coverage first. This necessitates taking Mr. Weilbacher's deposition. Please provide

EXHIBIT  F
Page  1  of  2

Kenneth W. Legacki, Esq.
March 31, 2006
Page 2 of 2

me with his availability. Perhaps we can coordinate his deposition with Mr. Withers' since they will both be in Anchorage. In the alternative, would you be interested in asking the court to stay all discovery on any matter other than the coverage issue until after the issue of coverage is decided, essentially bifurcating the breach of contract issue from all other issues?

    Thank you for your assistance on these matters. I look forward to hearing from you.

                          Sincerely,
                          GUESS & RUDD P.C.

                          Aisha Tinker Bray

ATB/msv

cc: Jay Wesolowski, Progressive (Claim No. 017489548)

EXHIBIT F
Page 2 of 2