GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
JOSEPH BRIAN GROSS
MOLLY C. BROWN

LAW OFFICES OF
**Guess&Rudd**
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES
GREGORY G. SILVEY

May 31, 2006

*VIA FACSIMILE 1-907-278-4848 & U.S. MAIL*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

   Re: Weilbacher v. Progressive
   Our File No.: 5200.120

Dear Ken:

  I received Mr. Weilbacher's purported discovery responses late yesterday. As a preliminary matter, interrogatories to a party must be answered by the party under oath. *See* Fed. R. Civ. P. 33(b). It is well known that an attorney cannot sign on behalf of the client as to interrogatories except as to objections thereto. Since Mr. Weilbacher did not object to all of the interrogatories, he <u>must</u> sign his discovery responses. Until we receive Mr. Weilbacher's signature as to the interrogatories, he has not responded to them. Please obtain Mr. Weilbacher's signature, under oath, and send it to me as soon as possible.

  Mr. Weilbacher's responses to Progressive's discovery requests were generally evasive and inadequate. Please provide full and complete responses to the following discovery requests:

  Interrogatories 1 and 2 requested the supporting facts for your novel and never before raised contentions at the March 30, 2006 hearing. It is inconceivable that Progressive's discovery responses to discovery requests that <u>had not even been served</u> at the time of the hearing could have any bearing on the factual basis for you assertions. There must have had some basis for the assertions to the court at the time the assertions were made. Rule 11 requires that representations to the court have some factual basis. Interrogatories 1 and 2 simply seek that factual basis. Please fully and completely respond to Interrogatories 1 and 2.

  Also, as you well know, Progressive has not delayed the depositions of Mr. Withers and Mr. Lund. Progressive provided you/Mr. Weilbacher with their availability for April and May immediately after the March 30, 2006 hearing. It was your/Mr. Weilbacher's decision to delay the depositions until you received the discovery responses from Progressive to discovery requests you had not served. Then you asked for their availability for only two weeks out of all of June and July. We provided their availability as requested. Notably, we have still not received deposition notices for either Mr. Lund or Mr. Withers. Until we receive notices or at

EXHIBIT __L__
Page __1__ of __3__

least a letter from you confirming dates, times, and places for each deponent, no depositions are set in this matter.

      Interrogatories 3, 4, and 5 simply request the factual support for allegations made in Mr. Weilbacher's complaint. It is again inconceivable that you/Mr. Weilbacher cannot provide the factual basis for the allegations, considering Rule 11 requires you to have such a basis <u>before</u> filing the complaint. When you filed the complaint you must have had some support or reasons for the allegations. What are those reasons? Progressive discovery responses are totally irrelevant to the factual basis of Mr. Weilbacher's allegations. Please fully and completely respond to Interrogatories 3-5.

      Contrary to Mr. Weilbacher's interpretation, Interrogatory No. 6 did not ask about other children Mr. Weilbacher may have lost. Mr. Weilbacher's "answer" is unwarranted. Interrogatory No. 6 requests only information regarding other lawsuits involving Mr. Weilbacher, which may lead to relevant, discoverable information. Also contrary to the response, this information is not easily accessible public information. Progressive has no way of finding all cases Mr. Weilbacher may have been involved with in other, unknown jurisdictions, nor are all lawsuits public records, i.e., estate matters are not public records. We have not asked Mr. Weilbacher to produce all the records from such cases; only to identify them. I have never had someone refuse to answer such a simple request. It makes me wonder what Mr. Weilbacher is trying to hide. Please fully and completely respond to Interrogatory No. 6.

      Interrogatory No. 7 requests the categories of damages and the amount of damages in each category that Mr. Weilbacher seeks. This information is also required to be disclosed in Rule 26(a) Initial Disclosures, yet Mr. Weilbacher continues to refuse to provide the information. Based on Mr. Weilbacher's response to Request for Admission No. 1 his only category of damages in this matter is loss of consortium/loss of society damages. However, Mr. Weilbacher has still not provided the amount of damages he seeks. If it is full policy limits, as he demanded before filing this action, please simply state such. It is simply not possible that the amount of damages Mr. Weilbacher seeks for loss of consortium/society is based on anything Progressive could say in discovery responses. Please fully and completely respond to Interrogatory No. 7.

      The response to Interrogatory No. 9 is incomplete. Requests for Admission Nos. 5-7 do not ask if you received the checks or for copies of the checks. You denied that your received one-third of the check proceeds. Pursuant to Interrogatory No. 9, please explain the factual basis for your denial. For example, if you did not receive one-third, what did you receive? Please fully and completely respond to Interrogatory No. 9.

      With regard to Interrogatory No. 11, Mr. Weilbacher failed to set forth how long he has known each of these individuals. Please provide this information.

      Additionally, Mr. Weilbacher did not object to any of the interrogatories, except Interrogatory No. 11. His time for any such objections has passed and he much now fully and completely respond to Interrogatories 1-9.

EXHIBIT L  
Page 2 of 3

Contrary to the unnecessary, unprofessional remarks in response to Request for Production No. 7, it is not Progressive that is putting a "market rate" on Heidi's death since it is not Progressive that is insisting it get paid as a result of Heidi's death. It is also not simply Progressive requesting this information; the Federal Rules of Civil Procedure require this production. *See* Fed. R. Civ. P. 26(a)(1)(C). If no documents were relied upon to demand the full policy limits of additional UIM coverage from Progressive, simply state so without extraneous comment. Otherwise, produce all documents supporting Mr. Weilbacher's claim that he is entitled to the amount of damages he seeks for his loss of consortium/society claim.

Please provide complete responses to the above discovery requests and Mr. Weilbacher's signature, under oath, as to the responses to the interrogatories within ten (10) days of this letter. If complete discovery responses and Mr. Weilbacher's signature are not received within ten (10) days of this letter, Progressive will file a motion to compel, seeking sanctions for Mr. Weilbacher's unnecessary and intentional obstruction of discovery.

Sincerely,

GUESS & RUDD P.C.

*Aisha J Bray*
Aisha Tinker Bray

ATB/nmm

cc: Jay Wesolowski (Claim No. 017489548) (via email)

EXHIBIT L
Page 3 of 3