GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
JOSEPH BRIAN GROSS
MOLLY C. BROWN

LAW OFFICES OF
Guess&Rudd
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES
GREGORY G. SILVEY

June 30, 2006

*VIA FACSIMILE 1-907-278-4848 & U.S. MAIL*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

Dear Ken:

   This letter is in response to your June 23, 2006 letter regarding Progressive's discovery responses to Weilbacher's First Set of Discovery Requests. For the following reasons, Progressive is not changing its objections to the discovery requests, but will take this opportunity to clarify your incorrect assumptions and misrepresentations regarding its discovery responses/objections.

   As a preliminary matter, your ad hominem attacks on us are completely unjustified, unnecessary, and abusive. It is of no service to the resolution of the issues or to the court for you to engage in personal attacks in an abuse of the discovery process. See, Hughes v. Bobich, 875 P.2d 749 (Alaska 1994), for a discussion of how a certain attorney has established an unfortunate reputation for abusive discovery tactics.

   Contrary to your unfounded assumptions, I have never "acknowledged" or otherwise conceded that any of the document production sought by Mr. Weilbacher is relevant to any issue before the court or that it is reasonably calculated to lead to the discovery of relevant evidence. Any such assumption on your part is incorrect. To eliminate any doubt in your mind about our position, please note and understand that it is our view that the document production Mr. Weilbacher seeks is irrelevant to the genuine issues before this court.

   The comments in response to Interrogatory No. 3 -- to the effect that the parties would presumably cite relevant legal authority (i.e., relevant legal interpretations of the same or similar policy language) -- has nothing whatsoever to do with whether Mr. Weilbacher's discovery requests sought relevant

EXHIBIT T
Page 1 of 5

information.[1]  It was simply a comment (which you have conveniently and deliberately taken out of context) that Progressive is <u>not</u> required to do the Westlaw or Lexis search for relevant case law and provide Mr. Weilbacher a list (i.e., do Mr. Weilbacher's legal research for him).  Nothing in the comment should have been construed by you as suggesting or implying that Mr. Weilbacher's discovery requests were reasonable or sought relevant information.

   Progressive acknowledges that, in response to Interrogatory No. 1, and without waiving its stated objections, it identified Ms. Rubesne as the person responsible for maintaining the database for Alaska identified in response to Request for Admission No. 1.  Progressive did so in an effort to clarify that this database and all witnesses related to it are privileged.  It is assembled and maintained <u>only</u> by attorneys for Progressive.  Those attorneys select the cases which they believe are significant enough for inclusion, so the very selection process represents their thoughts and impressions about what should go into the creation of this database.  Contrary to your suggestion, there are <u>no</u> individuals who "oversee data regarding trial court interpretations regarding the policy language that is germane to this case," and, thus, no one could be disclosed.  I did not "refuse to identify" any relevant information.  There is no reason to identify irrelevant information, or information so clearly protected by privilege as to be non-discoverable.

   You appear to be confused about what constitutes a public document.  Whether a trial court decision is disseminated to the world on the Internet or only to the parties to the case, it is still (in most circumstances) a public document.  Contrary to your suggestion, I have no personal knowledge as to how trial courts outside Alaska disseminate their decisions, but I do know that I am generally able to find what my client's require through various legitimate channels of legal research, without asking the opposing party to do my research for me.  Also, the mere fact that something (i.e., a computer-stored database) contains public documents does not mean that the compilation of such documents is discoverable.  For example, every Alaska Supreme Court decision is a matter of public record.  However, my review, synopsis, and notes on a collection of cases for a client are obviously not public information.

---

[1] Nothing in this letter is intended to supplant Progressive discovery responses/objections.  This letter is intended to clarify the over-reaching, misinterpretation of such responses.

EXHIBIT __T__
Page __2__ of __5__

Also, Progressive did not "confirm" that the information Mr. Weilbacher seeks is "easily accessible" to it. In response to Interrogatory No. 3, Progressive specifically stated that "Progressive does not have an electronic file with this type of information in it. It would require a manual search and review of every single claim file for every case ever filed." I suppose I should have added "in every single state in the union." There is nothing "easy" about such a review.

Again, contrary to your unfounded assumptions, I did not acknowledge that the issue in this case has been "contested numerous times." The discovery requested is burdensome for the reasons set forth in the discovery response; more specifically, to find every single case, in every single state, involving the language at issue, or language substantially similar to it, would require a manual (by hand) search of every single Progressive case file. This is obviously unduly burdensome. It is also highly unlikely to assist the court with respect to the legal issue before it: the proper interpretation of such language under Alaska law.

Our discovery responses acknowledged that Progressive maintains a database of cases it learns of that pertain to its policy language -- in general. The responses did not acknowledge that Progressive would in any way rely on that database of information in this case. In fact, Progressive will not do so in this litigation. I will be doing my own, independent research for relevant, admissible case law, and that is what I will cite and that is what I have previously cited to the court in support of Progressive's position. Clearly, I cannot produce what I do not — and will not — have in this litigation.

With regard to the drafting history of the policy at issue, you fail to acknowledge that you have it. The entire Alaska Division of Insurance file for Policy Form 9607 AK(08/99) was produced to you back on May 22, 2006 in Progressive's Third Supplemental Disclosures. See Bates Nos. 200,000-200,373. Of course, it was also readily obtainable by you at any time prior to, or during, this action from the Division of Insurance itself.

You again blatantly misstate and misrepresent what I and the Alaska Supreme Court have said about Dowdy and Wold. The relevant quotations and citations were provided in the discovery responses, and they as well as the opinions speak loudly for themselves. As the Alaska Supreme Court noted in its opinion in Wold, **Progressive "view[ed] a claim for loss of consortium or**

EXHIBIT T
Page 3 of 5

**society . . . as a derivative claim that would not trigger a separate 'per person' [] policy limit."** <u>Wold v. Progressive Preferred Ins. Co.</u>, 52 P.3d 155, 165-66 (Alaska 2002). Nothing could be clearer. A loss of consortium/society claim is a derivative claim <u>not</u> entitled to separate per person policy limit. Progressive and its attorneys have never stated otherwise.

I agree that correspondence between the adjuster and their attorney is not generally part of the public record. However, the commentary to Alaska Evidence Rule 503(a)(4) makes it clear that correspondence between an insurance adjuster and the defense or coverage attorney in connection with ongoing litigation is protected by the attorney-client privilege. It is simply not discoverable. <u>See also</u>, Evidence Rule 503(b).

Also, the claim files may not be privileged information in the litigation regarding that claim. This, however, does not mean that everyone is entitled to see every claim file ever created on a whim or for no pertinent or relevant reason. There is no "issue" regarding "misinterpretation" of Progressive's position in <u>Wold</u> or <u>Dowdy</u> and I have never asserted such. You are again misrepresenting what has transpired. I stated that "the portion of the <u>Dowdy</u> decision quoted above incorrectly cites the <u>Wold</u> decision, . . .." In other words, it is a citation or quotation error, not a substantive error. There is no "misinterpretation." In <u>Wold</u>, the Alaska Supreme Court correctly stated Progressive's position -- a loss of consortium/society claim is a derivative claim <u>not</u> entitled to separate per person policy limit.

Your citation to Judge Sedwick's comments is apt. However, all relevant facts are known to the parties and have been known to the parties during the entire case. The essential fact is that, pursuant to the policy language, Progressive denied Mr. Weilbacher's request for an additional "each person" policy limits under his UIM coverage for his loss of society/consortium claim on the basis and for the reason that his loss of consortium/society claim was a derivative claim within the policy limit already paid to Mr. Weilbacher, Ms. Mauro, and Heidi's Estate. The decision in this case will therefore be based on the court's interpretation under pertinent Alaska law of the clear, unambiguous policy language relied on by Progressive. In other words, we all know what happened in this

EXHIBIT __T__
Page __4__ of __5__

case; we know the facts and the truth. We simply need the court to decide the legal significance of those facts.

                                    Sincerely,

                                    GUESS & RUDD P.C.

                                    Aisha Tinker Bray

ATB/nmm

cc: Jay Wesolowski, Esq.

EXHIBIT T
Page 5 of 5