GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
JOSEPH BRIAN GROSS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd**
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES
GREGORY G. SILVEY

July 5, 2006

*VIA FACSIMILE 1-907-278-4848 & U.S. MAIL*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

    Re: Weilbacher v. Progressive
    File No.: 5200.120

Dear Ken:

    Based on your recent correspondence, Progressive understands that you will likely file a motion to prevent Mr. Weilbacher's deposition in July. Before doing so, however, I ask that you review the history of correspondence regarding Mr. Weilbacher's deposition and the present deadlines in this matter. Progressive has been trying to set Mr. Weilbacher's deposition since March/April and has no choice but to take Mr. Weilbacher's in July.

    Progressive initially requested Mr. Weilbacher's availability for his deposition on March 31, 2006. The request was ignored. On June 1, 2006, Progressive then suggested setting Mr. Weilbacher's deposition on July 14th in conjunction with Mr. Withers' and Mr. Lund's depositions. Again, Progressive was ignored. Your personal circumstances then made June depositions and communication impossible. At the end of June when Progressive again inquired about Mr. Weilbacher's deposition in July, you for the first time stated that Mr. Weilbacher is simply too busy to bother with his deposition during June, July, or August.

    It appears that Mr. Weilbacher does not take this litigation seriously. He should. Mr. Weilbacher should take this litigation at least as seriously as he does his business. It is completely unreasonable that Mr. Weilbacher cannot find someone to cover for him for one day — or even part of one day — so that his deposition may be taken in a timely manner.

EXHIBIT __V__
Page __1__ of __2__

However, Progressive has no choice but to set Mr. Weilbacher's deposition in July. Pursuant to the court's October 31, 2005, Scheduling and Planning Order, discovery closes July 28, 2006. Progressive must take Mr. Weilbacher's deposition before the close of discovery. As such, enclosed is a Notice of Taking Deposition of Ronald V. Weilbacher.

Alternatively, to accommodate Mr. Weilbacher's alleged work schedule, Progressive will agree to take Mr. Weilbacher's deposition outside the close of discovery in mid-August if, and only if, you/Mr. Weilbacher stipulate and agree that the <u>only</u> discovery that will be conducted after the close of discovery on July 28, 2006 will be Mr. Weilbacher's deposition <u>and</u> you/Mr. Weilbacher will not seek an extension of the current close of discovery for any reason. If you/Mr. Weilbacher agree, please provide the dates in mid-August when Mr. Weilbacher is available and I will re-notice his deposition accordingly.

Please let me know Mr. Weilbacher's position as soon as possible.

Sincerely,
GUESS & RUDD P.C.

*Aisha T Bray*
Aisha Tinker Bray

ATB/nmm

cc: Jay Wesolowski, Esq. (Claim No. 017489548)

Enclosure: Notice of Taking Deposition of Ronald V. Weilbacher

EXHIBIT ___V___
Page __2__ of __2__