Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-0204-TMB |
| _____ | ) |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff Ronald Weilbacher, by and through counsel, pursuant to Local Rule 37.1 and Federal Rule of Civil Procedure 37, hereby moves this Court for an order compelling Defendant Progressive to produce business records that are in defendant's possession to which no legitimate objection has been raised to produce such

documents. A Good Faith Certificate Re: Plaintiff's Motion to Compel Discovery is being submitted herewith.

Plaintiff Ronald Weilbacher wrote to defense counsel setting forth the reasons for the production of the information and the cases that support the production of such records. (Ex. 9)

Defense counsel responded to the letter stating, in essence, that she was not going to do the legal research for plaintiff and that defendant would not produce the requested discovery. (Ex. 10) In response to plaintiff's letter, defendant never rebutted the arguments of plaintiff's counsel that the information is not protected and that it is discoverable and would lead to the discovery of relevant information.

The party resisting discovery has a "heavy burden" of showing why discovery should be denied. See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); Roehrs v. Minnesota Life Ins. Co., 228 F.R.D. 642 (D. Ariz. 2005); Cable & Computer Tech. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).

Attached hereto are Progressive's objections and Weilbacher's discovery requests to Progressive asking for access to the database that Progressive keeps regarding cases interpreting the policy language that is at issue in this case before the Court. (Ex. 8) In looking at Progressive's objections to the discovery requests, defendant raises internally inconsistent arguments against production of the information.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 7

In its objections, Progressive raises not only the attorney-client and work product privileges, but also asserts that it does not have to produce the information because they are public records. Progressive also argues that the information sought is not relevant to the issues before the Court, but then also states that it intends to rely on the information in support of its arguments before the Court.

In response to these arguments initially raised, plaintiff pointed out that under the Ninth Circuit case law, the database kept by Progressive is not considered attorney work product nor attorney-client privileged material and the information is discoverable as a business record. See McGarry v. Holland America Line-Westours, Inc., 2003 U.S. Dist. LEXIS 25668.

Judge Sedwick stated in Kyte v. Progressive Northwestern Ins. Co., 2004 U.S. Dist. LEXIS 13655:

> Discovery rules are liberally construed to effect the just, speedy, and inexpensive resolution of litigation. Discovery's scope is broad. The Federal Rules of Civil Procedure afford parties the right to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery. . . ." The rules further specify that "the information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Professor Wright instructs that "the rules . . . permit the broadest scope of discovery and leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case." The Ninth Circuit has emphasized that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth."

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 7

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

Id. at 1-2 (footnotes omitted).

Progressive readily acknowledges that the information sought by Mr. Weilbacher is relevant information, as it stated in its objections to Interrogatory Nos. 3 and 4, which sought other cases that interpreted the policy language in dispute in this litigation. Progressive disingenuously states that the information sought, which is available to Progressive in an existing database, would not be relevant to this case. Progressive's attorney stated in the objections to the discovery requests:

> Interrogatory Nos. 3 and 4 are essentially asking Progressive to do plaintiff's legal research for him. Interrogatory Nos. 3 and 4 seek publicly available information regarding the legal/judicial interpretation of the quoted policy provision. While Progressive anticipates that both it and plaintiff will cite such legal interpretations, if any are found, as persuasive authority in support of their interpretation of the quoted policy provision under Alaska law, the Civil Rules do not require Progressive to do plaintiff's legal research for him.

(Ex. 8 at 5-6)

By that statement, Progressive acknowledges that the information that plaintiff seeks is relevant, and that it also intends to rely on that information that is stored in its database. There is no dispute that Progressive's database is not protected under any privilege since it is a business record and the information is compiled in the normal course of business. See McGarry v. Holland America Line-Westours, Inc., 2003 U.S. Dist. LEXIS 25668. In its response to the first request for admission, Progressive admitted that it has people on staff that collect and compile information for

PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 7

its "policy contracts database." (See Ex. 8 at 3)

Since Progressive has a database with interpretations of the language that is at issue in this case, such database is discoverable and may lead to relevant information. Therefore, Progressive should be compelled to produce the information sought by the plaintiff.

Progressive also objected to producing the drafting history of the contract that is at issue in this case on the basis that it is not relevant, nor would it lead to relevant information. (Ex. 8 at 6-8) Obviously, the intent of the contract language is relevant and the drafting language and the issue as to whether Progressive did in fact consider the Alaska statute, AS 09.15.010, is discoverable information. If the language as drafted did not incorporate the statute, then the contract has to be reformed to fulfill the statutory requirements of AS 09.15.010. See State Farm Mut. Auto. Ins. Co. v. Harrington, 918 P.2d 1022 (Alaska 1996).

If, however, it is shown by the drafting language that it was aware of the Alaska statute, AS 09.15.010, and still did not revise the language of the policy accordingly, then it would be intentional misrepresentation to the insured, and therefore, be possibly in bad faith.

Again, the standard is whether the information sought may lead to relevant information, not whether Progressive thinks it should or should not have to

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 7

produce the information.

Progressive has also refused to produce documents in response to Request for Production Nos. 2 and 3 (Ex. 8 at 8-11), which seek adjusters' information that is not protected by attorney-client privilege that related to or concerned the case of Wold v. Progressive Preferred Ins. Co., 52 P.3d 155 (Alaska 2002). As Request for Production Nos. 2 and 3 indicate, according to the Alaska Supreme Court in State Farm Mut. Auto. Ins. Co. v. Dowdy, 111 P.3d 337, 340 (Alaska 2005), the issue that is before this Court was also addressed in the Wold decision. The nonprivileged information that is contained in the files of the adjusters in the Wold case would show the state of mind and the analyses that Progressive took in that particular case that are relevant to its position in this case. According to the Dowdy decision, Progressive took the position that the parent in Wold should have filed a separate claim, as Ronald Weilbacher did in this case, and that since the parent did not file for a separate claim, they were precluded from seeking the underinsured coverage because they had not exhausted the policy limits.

The information sought may be relevant or could lead to relevant information, which, under the Kyte decision, Judge Sedwick said is discoverable information.

Therefore, it is respectfully requested that this Court grant the plaintiff's

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 7

motion to compel and order Progressive to turn over the documents requested in the plaintiff's discovery requests.

DATED this 14th day of July, 2006, at Anchorage, Alaska.

        KENNETH W. LEGACKI, P.C.
        Attorney for Plaintiff

By    s/Kenneth W. Legacki
        Kenneth W. Legacki
        Alaska Bar No. 8310132
        425 G Street, Suite 920
        Anchorage, AK  99501
        Phone: (907) 258-2422
        Fax: (907) 278-4848
        E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 14th day of July, 2006, a copy of the foregoing document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

      s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 7 of 7