Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RONALD V. WEILBACHER,           )
                                )
        Plaintiff,              )
                                )
    v.                          )
                                )
PROGRESSIVE NORTHWESTERN        )
INSURANCE COMPANY,              )
                                )
        Defendant.              )
_____) Case No. A05-204 CIV (JWS)

PROGRESSIVE'S RESPONSES TO
PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Defendant Progressive Northwestern Insurance Company ("Progressive"), by and through its attorneys, Guess & Rudd P.C., hereby responds to Plaintiff's First Set of Discovery Requests to Defendant dated April 7, 2006, as follows:

REQUEST FOR ADMISSION NO. 1: Admit or deny that Progressive Northwestern Insurance Company, including but not limited to its parent company, affiliations and underwriters, collects and maintains information regarding the judicial interpretation and application of words, provisions, and clauses

LAW OFFICES OF
Guess & Rudd P.C.
100 CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX (907) 452-7015

EXHIBIT 8
Page 1 of 11

contained in policies of insurance sold by Progressive Northwestern Insurance Company.

ANSWER: Objection. Request for Admission No. 1 does not seek and is not reasonably calculated to lead to the discovery of relevant, discoverable information under Civil Rule 26(b) and is overbroad and vague as to the type of policy (i.e. automobile, homeowners, boat, ATV, etc.), the policy provision at issue and as to time. The issue before the court in this matter is whether Mr. Weilbacher's Progressive Northwestern Insurance Company automobile insurance policy, as interpreted under Alaska law, provides a separate, additional "each person" policy limit of UIM coverage for his loss of consortium/society claim. Whether every single Progressive company (including those that do not write coverage in Alaska) collects or maintains information regarding the interpretation of every single word, policy provision, and clause in every single policy sold in every state and territory from the formation of the companies to the present is <u>not</u> relevant to any issue in this case and grossly overbroad, greatly exceeding the policy provisions actually at issue in this case and the relevant time period at issue.

Without waiving its objections, Progressive acknowledges that it maintains a policy contracts database in which it collects and maintains information regarding judicial

LAW OFFICES OF
uess & Rudd
P.C.
0 CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-8986

USDC Case No. A05-204 CIV (JWS)   <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 2 of 12

EXHIBIT 8
Page 2 of 11

decisions interpreting all Progressive policies and words, provisions, and terms of such policies. The information in the policy contracts database is collected and maintained by Progressive's attorneys. Thus, it is privileged information protected by both the attorney work-product and attorney-client privileges.

INTERROGATORY NO. 1: If your answer to Request for Admission No. 1 is a full or qualified admission, please identify by name, office, physical address, mailing address, and telephone number any person or persons or company office or department which has responsibility for the collection and maintenance of information regarding the judicial interpretation and application of the words, provisions, and clauses contained in policies of insurance sold by Progressive Northwestern Insurance Company.

RESPONSE: No response is required. See Progressive's answer to Request for Admission No. 1, incorporated herein by reference. Without waiving its objections, Progressive Corporate Attorney Kelly Rubesne is the person who oversees the policy contracts database as to Alaska.

>   Kelly Rubesne, Esq.
>   Progressive Corporate Law Department
>   6300 Wilson Mills Road, N-72
>   Mayfield Village, Ohio 44143
>   Phone: (440) 395-3760

LAW OFFICES OF
uess & Rudd P.C.
0 CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-8986

USDC Case No. A05-204 CIV (JWS)   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 3 of 12

EXHIBIT 8
Page 3 of 11

INTERROGATORY NO. 2: If your answer to Request for Admission No. 1 is a denial or a qualified denial, please state all facts materially supporting the denial or qualified denial and identify the person or persons by name, office, physical address, mailing address and telephone number which possess the knowledge supporting the denial or qualified denial.

RESPONSE: No response is required. See Progressive's answer to Request for Admission No. 1, incorporated herein by reference.

INTERROGATORY NO. 3: Please identify (by party, counsel, jurisdiction, court, date, and case number) all litigation in which Progressive Northwestern Insurance Company, including but not limited to its parent company, affiliations and underwriters, were a party in which an issue was raised and/or determined concerning the meaning, interpretation and application of the following language:

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

RESPONSE: Objection. Interrogatory No. 3 does not seek and is not reasonably calculated to lead to the discovery of relevant, discoverable information and is unduly burdensome and

USDC Case No. A05-204 CIV (JWS)   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 4 of 12

EXHIBIT 8
Page 4 of 11

overbroad as to the type of policy and relevant time period. The issue before the court in this matter is whether Mr. Weilbacher's Progressive Northwestern Insurance Company automobile insurance policy, as interpreted under Alaska law, provides a separate, additional "each person" policy limit of UIM coverage for his loss of consortium/society claim. Interrogatory No. 3 is not seeking any factual information that is relevant or that may reasonably lead to relevant evidence on the issue before the court. It is also overbroad as to the type of policy this provision may be found in and the relevant time period. Interrogatory No. 3 is also grossly overbroad and unduly burdensome in asking for the identification of every single case in the United States in which the quoted policy provision has been raised. Progressive does not have an electronic file with this type of information in it. It would require a manual search and review of every single claim file for every case ever filed. Additionally, any information Progressive would find in such files concerning the above provision would be compiled and maintained by Progressive's attorneys and, thus, protected under the attorney work-product and attorney-client privileges.

Interrogatory Nos. 3 and 4 are essentially asking Progressive to do plaintiff's legal research for him. Interrogatory Nos. 3 and 4 seek publicly available information regarding the legal/judicial interpretation of the quoted policy

LAW OFFICES OF
Guess & Rudd P.C.
10 CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986

USDC Case No. A05-204 CIV (JWS)   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 5 of 12

EXHIBIT 8
Page 5 of 11

provision. While Progressive anticipates that both it and plaintiff will cite such legal interpretations, if any are found, as persuasive authority in support of their interpretation of the quoted policy provision under Alaska law, the Civil Rules do not require Progressive to do plaintiff's legal research for him.

INTERROGATORY NO. 4: Please identify any judicial decision in a case involving Progressive Northwestern Insurance Company, including but not limited to its parent company, affiliations and underwriters, which interpreted any of the language in the following clause:

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

RESPONSE: Objection. See Progressive's response to Interrogatory No. 3, incorporated herein by reference.

REQUEST FOR PRODUCTION NO. 1: Please produce for inspection and copying all files, documents, pleadings, court orders or decisions, briefs or other materials (however created or maintained including electronic media) which related to or concern the original drafting history, meaning or application of the following language:

USDC Case No. A05-204 CIV (JWS)   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 6 of 12

EXHIBIT 8
Page 6 of 11