> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

RESPONSE: Objection. See Progressive's response to Interrogatory No. 3, incorporated herein by reference. Additionally, Progressive submits that the original drafting history of this policy provision is not relevant to how the policy provision is interpreted under Alaska law, and that the drafting history is protected by the attorney work product and attorney-client privileges. To the extent plaintiff seeks pleadings, court orders or decisions, and briefs, plaintiff seeks public records that are as easily obtained by plaintiff as Progressive.

Request for Production No. 1 also impermissibly requests confidential information protected by the attorney work-product and attorney-client privileges to the extent it seeks information and materials created or generated by Progressive's attorneys with regard to the quoted policy language.

Progressive notes that to the extent Request for Production No. 1 encompasses Progressive's communications with

LAW OFFICES OF
Guess & Rudd P.C.
CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX (907) 452-7015

USDC Case No. A05-204 CIV (JWS) Weilbacher v. Progressive
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 7 of 12

EXHIBIT 8
Page 7 of 11

the Division of Insurance, the Division of Insurance's file is public record and may be obtained directly from the Division.

REQUEST FOR PRODUCTION NO. 2: Please produce for inspection and copying all documents, files, letters, internal memoranda, pleadings, court orders or decisions or other materials (however created or maintained, including electronic media) which relate to or concern the position taken by Progressive insurance companies before the trial court or on appeal in Wold v. Progressive Preferred Ins. Co., 52 P.3d 155 (Alaska 2002), on the issue of whether a loss of consortium claim triggered a separate per person policy limit as discussed in State Farm Mut. Auto. Ins. Co. v. Dowdy, 111 P.3d 337, 340 (Alaska 2005):

> The issue of separate policy limits for loss of consortium also arose in Wold v. Progressive Preferred Insurance Co. in connection with the question whether liability coverage had been exhausted. Heidi Wold, a passenger in Kirby Smith's car, lost her life in an accident that occurred when Smith swerved to avoid an oncoming vehicle in his lane of traffic. The Wold parents wanted to recover underinsured motorist benefits from their insurer, Progressive. **Progressive denied such coverage on the basis that the liability coverage under Smith's policy with Allstate had not yet been exhausted because the Wolds' claim for loss of consortium had triggered separate "per person" policy limits under the Allstate policy.**

Id. at 340 (footnotes omitted) (emphasis added).

RESPONSE: Objection. Progressive Preferred Insurance Company's interpretation of unidentified, unspecified policy language in an unrelated case is not relevant to Northwestern

LAW OFFICES OF
uess & Rudd P.C.
D CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX: (907) 452-7015

USDC Case No. A05-204 CIV (JWS)   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 8 of 12

EXHIBIT 8
Page 8 of 11

Insurance Company's interpretation of the policy provision at issue in this case.

To the extent plaintiff seeks pleadings, court orders, and decision with regard to Wold v. Progressive Preferred Ins. Co., 52 P.3d 155 (Alaska 2002), these materials are public record and available to the plaintiff as easily as to Progressive through the Superior Court's records.

Additionally, Progressive also notes that the portion of the Dowdy decision quoted above incorrectly cites the Wold decision, mischaracterizing Progressive Preferred Insurance Company's position in Wold. In Wold, the Alaska Supreme Court clearly stated Progressive Preferred Insurance Company's position, as well as Allstate's position, that a loss of consortium claim is a derivative claim and not entitled to a separate each person policy limit.

> Because we have not previously decided whether a *Gillispie* loss-of-society claim can trigger a separate "per person" policy limit, we requested the parties to file supplemental briefing on this issue. In its supplemental briefing, Progressive argues that the Wolds' claims for the loss of their daughter's society were subject to the same "per person" limit in the Allstate liability policy as Heidi's estate's wrongful death claim. Progressive bolsters its argument by discussing case law from other jurisdictions, which generally seems to hold that all consequential damages flowing from bodily injury to a single person fall within a one per-person limit.
>
> We find it unnecessary to resolve the issue definitively here. In the present case, it appears that Rodney Layton, the Allstate claims adjuster who settled the Wolds' claims, took the same position as

USDC Case No. A05-204 CIV (JWS)  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 9 of 12

EXHIBIT 8
Page 9 of 11

> Progressive, viewing a claim for loss of consortium or society--as opposed to a claim for NIED--as a derivative claim that would not trigger a separate "per person" Allstate policy limit.

Wold v. Progressive Preferred Ins. Co., 52 P.3d 155, 165-166 (Alaska 2002) (emphasis added).

Request for Production No. 2 also impermissibly requests confidential information protected by the attorney-client privilege to the extent it seeks information and materials created or generated by Progressive's attorneys with regard to the Wold matter.

REQUEST FOR PRODUCTION NO. 3: Please produce for inspection and copying all adjusters' files, underwriters' files and coverage files (however created or maintained) for any claim made by or on behalf of the Wold family in the case later filed and appealed in Wold v. Progressive Preferred Insurance Co., 52 P.3d 155 (Alaska 2002).

RESPONSE: Objection. As discussed in response to Request for Production No. 2, the Wold case is not relevant to this matter nor likely to lead to the discovery of admissible, relevant evidence, especially since Progressive asserted the exact same position in that case that it does in this case. See Wold, 52 P.3d at 165-166 (loss of society claim is subject to the same "per person" limit as estate's wrongful death claim).

LAW OFFICES OF
uess & Rudd
P.C.
0 CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX (907) 452-7015

USDC Case No. A05-204 CIV (JWS)   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 10 of 12

EXHIBIT 8
Page 10 of 11

See Progressive's response to Request for Production No. 2, incorporated herein by reference. Additionally, the adjusters' files, underwriters' files and coverage files underlying Wold contain confidential and private information regarding third-parties not relevant to or involved in this matter, which cannot be produced absent waiver by the third-parties or court order. To the extent any of this information was made part of the public record in the litigation, it is available through the Superior Court files to plaintiff as easily as to Progressive.

Request for Production No. 3 also impermissibly requests confidential information protected by the attorney work-product and attorney-client privileges to the extent it seeks information and materials created or generated by Progressive's attorneys with regard to the Wold matter.

AS TO OBJECTIONS:

DATED at Fairbanks, Alaska, this 10th day of May, 2006.

GUESS & RUDD P.C.
Attorneys for Progressive
Northwestern Insurance Company

By: *Aisha J Bray*
Aisha Tinker Bray
Alaska Bar No. 9505028

USDC Case No. A05-204 CIV (JWS)   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's First Set of Discovery Requests
Page 11 of 12

EXHIBIT 8
Page 11 of 11