Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,  )<br>  )<br>    Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>PROGRESSIVE NORTHWESTERN  )<br>INSURANCE COMPANY,  )<br>  )<br>    Defendant.  )<br>_____ ) | 3:05-cv-204-TMB |

MEMORANDUM IN SUPPORT OF
PROGRESSIVE'S MOTION TO AMEND ANSWER

Defendant Progressive Northwestern Insurance Company ("Progressive") moves to amend its Answer to add the affirmative defense that it reasonably relied on the advice of counsel for its position that plaintiff's claim is derivative of any claims for the wrongful death of Heidi Weilbacher and subject to the same single underinsured motorist bodily injury liability ("UIMBI") limit.

At the recent deposition of Progressive's adjuster Danny Withers on July 12, 2006, plaintiff wanted to question Mr. Withers about the basis for Progressive's position in mid-

2005 that plaintiff's claim is derivative to and subject to the same single UIMBI limit as the wrongful death claim.  Part of the reasoning was based on conversations and advice Mr. Withers had and received from Progressive's attorney Daniel Quinn.  See Exhibit A.  To allow plaintiff's counsel to fully explore this line of questioning, Progressive waived the attorney-client privilege with Mr. Quinn at the deposition.  In keeping with its waiver, Progressive immediately produced at the deposition unredacted copies of the two pages of PACMAN Face Sheet Notes that refer to conversations with Mr. Quinn, and allowed Mr. Withers to answer questions regarding his conversations with Mr. Quinn.  See id.

Immediately thereafter on July 13, 2006, Progressive served its Fourth Supplemental Disclosures, specifically identifying Mr. Quinn as an individual likely to have discoverable information and re-producing the unredacted Face Sheet Notes.  Exhibit B.

Progressive now seeks to amend its answer to clearly assert the affirmative defense of advice of counsel in keeping with its waiver of the attorney-client privilege with Mr. Quinn and the disclosures made on July 12, 2006.  The only substantive change to Progressive's answer is the addition of paragraph 12 of its affirmative defenses as follows:[1]

---

[1] Nonsubstantive changes were made to conform with electronic case filing requirements.

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 2 of 4

>     12.  Progressive reasonably relied on the advice of counsel for its position that plaintiff's claim is derivative of any claims for the bodily injury/wrongful death of Heidi Weilbacher and subject to a single underinsured motorist bodily injury liability limit.

Exhibit C, Amended Answer lodged herewith.

Federal Rule of Civil Procedure 15(a) specifically provides for the amendment of pleadings by leave of the court "and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

> In exercising its discretion, the court shall grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a).  "[L]eave to amend should be granted unless amendment would cause undue prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).  In making its determination, "a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs*, 833 F.2d at 186 (quoting *Webb*, 655 F.2d at 979).  **In adhering to Rule 15's policy favoring amendments, the court should apply that policy with "extreme liberality."**  *Id*.

IMAX Corp. v. In-Three, Inc., 2005 U.S. Dist. LEXIS 2419, *4-5 (July 21, 2005) (emphasis added).

Here, the amendment sought simply conforms Progressive's affirmative defenses to the evidence presented and discovered by the parties during discovery.  It does not prejudice any party, is not sought in bad faith, is not futile,

---

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 3 of 4

and does not create any delay in the proceedings. Plaintiff was afforded the opportunity to question Mr. Withers regarding his conversations with Mr. Quinn, and he did so. All relevant documents were immediately produced at the deposition to allow for such questioning, and Mr. Quinn was further identified in disclosures. See Exhibit B.

For the foregoing reasons, Progressive requests an order permitting it to amend its answer to add the affirmative defense of advice of counsel.

DATED at Fairbanks, Alaska, this 17th day of July, 2006.

>                       GUESS & RUDD P.C.
>                       Attorneys for Progressive
>                       Northwestern Insurance Company
>
>                   By:      /s/Aisha Tinker Bray
>                       Guess & Rudd P.C.
>                       100 Cushman Street, Suite 500
>                       Fairbanks, Alaska  99701
>                       Phone: 907-452-8986
>                       Fax:   907-452-7015
>                       Email: atbray@guessrudd.com
>                       Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
17th day of July, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:    /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 4 of 4