Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,    )<br>)<br>       Plaintiff,    )<br>)<br>  v.                     )<br>)<br>PROGRESSIVE NORTHWESTERN    )<br>INSURANCE COMPANY,         )<br>)<br>       Defendant.    )<br>_____) | 3:05-cv-204-TMB |

PROGRESSIVE'S AMENDED ANSWER

Progressive Northwestern Insurance Company (hereinafter referred to as "Progressive"), by and through its attorneys, Guess & Rudd P.C., hereby answers plaintiff's Complaint paragraph by paragraph as follows:

I.   On information and belief and in response to the statement in paragraph I, Progressive admits that plaintiff's claims in this action are based on its denial of his claim for underinsured motorist coverage under his Progressive automobile insurance policy.

II.  Progressive denies the allegations contained in the first sentence of paragraph II based on its removal of this action.  In response to the allegations contained in the second sentence of paragraph II, Progressive admits that it maintains a claims office in Anchorage, Alaska.

III. Progressive admits the allegations contained in paragraph III.

IV.  Progressive admits the allegations contained in paragraph IV.

V.  In response to the allegations in paragraph V, Progressive admits that plaintiff has underinsured motorist coverage under the policy at issue.

VI.  In response to the allegations contained in paragraph VI, Progressive admits that Heidi Weilbacher died on July 9, 2001 while a passenger in an underinsured vehicle.

VII. Progressive admits the allegations contained in paragraph VII.

VIII.   Progressive denies the allegations contained in paragraph VIII.

      IX.  Progressive denies the allegations contained in paragraph IX.

### Affirmative Defenses

1. One or more of plaintiff's claims or allegations fails to state a cause of action upon which relief may be granted.

2. Progressive acted in accordance with its contractual and legal obligations and had a reasonable basis or bases for all of its actions related to this matter.

3. Plaintiff's claims for loss of consortium, loss of companionship, and loss of society are derivative of any claims for the wrongful death of Heidi Weilbacher and subject to a single underinsured motorist bodily injury liability limit.

4. Plaintiff is not legally entitled to recover for negligent infliction of emotional distress from the operator of the underinsured vehicle.

5. Plaintiffs may not recover damages from Progressive greater than the amounts set forth in the version of AS 09.17.010 which is applicable to plaintiff's cause of action.

6. To the extent that plaintiff has received any compensation for the same damages asserted in the complaint from collateral sources that do not have a right of subrogation by law or contract, Progressive is entitled to introduce evidence of said collateral benefits pursuant to the provisions of AS 09.17.070.

7. In the event that the court decides that plaintiff's claim for punitive or exemplary damages may proceed to trial, said claim should be subjected to the procedures set forth in AS 09.17.020, including the procedure which requires a separate proceeding before the same factfinder to determine the amount of punitive damages in the event that the factfinder determines that punitive damages shall be allowed.

8. Actions seeking the imposition of punitive damages are essentially criminal in nature and entitle Progressive to the rights given to a defendant in a criminal proceeding under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Art. 1, §§ 1, 7, 9, and 12 of the Alaska Constitution. Procedures in a civil action such as the present action which deny such rights to a defendant, include, among other things, (1) permitting proof of the factual predicate for imposition of punitive damages by less than proof beyond a reasonable doubt, and (2) permitting a jury verdict by less than a unanimous vote.

9.   The imposition of punitive damages constitutes a denial of due process and equal protection of the laws in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, §§ 1 and 7 of the Alaska Constitution.

10.  The imposition of punitive damages violates rights guaranteed under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article 1, §§ 1, 7, and 12 of the Alaska Constitution by, among other things, not limiting the discretion of the trier of fact as to the amount of punitive damages which may be awarded.

11.  The imposition of punitive damages is impermissibly vague, imprecise, and inconsistent and therefore in violation of Progressive's rights guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, §§ 1 and 7 of the Alaska Constitution.

12.  Progressive reasonably relied on the advice of counsel for its position that plaintiff's claim is derivative of any claims for the bodily injury/wrongful death of Heidi Weilbacher and subject to a single underinsured motorist bodily injury liability limit.

13. Progressive reserves the right to assert additional affirmative defenses following a reasonable period of discovery.

WHEREFORE having answered plaintiff's Complaint and asserted affirmative defenses, Progressive prays for the following judgment and relief:

A. That plaintiff's claims be dismissed with prejudice in their entirety and that plaintiff recover nothing from Progressive;

B. That, in the event that plaintiff recovers a judgment from Progressive plaintiff's recovery be strictly limited to those damages which were properly mitigated by plaintiff and which were caused by Progressive's percentage of fault, following allocation of fault among the parties, and proper reduction for the percentage of fault attributed or allocated to plaintiff's in accordance with AS 09.17.080;

C. That Progressive be awarded its costs and attorneys' fees incurred in the defense of this action; and

D. That Progressive be awarded such other and further relief as the court deems just and equitable.

DATED at Fairbanks, Alaska, this 17th day of July, 2006.

                    GUESS & RUDD P.C.
                    Attorneys for Progressive
                    Northwestern Insurance Company

By: /s/Aisha Tinker Bray
     Guess & Rudd P.C.
     100 Cushman Street, Suite 500
     Fairbanks, Alaska  99701
     Phone: 907-452-8986
     Fax:   907-452-7015
     Email: atbray@guessrudd.com
     Alaska Bar No. 9505028

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the
17th day of July, 2006, a copy
of the foregoing document was served
<u>electronically</u> on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By: /s/Aisha Tinker Bray