Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-0204-TMB |

**PLAINTIFF'S CONDITIONAL NONOPPOSITION
TO PROGRESSIVE'S MOTION TO AMEND ANSWER**

Plaintiff Ronald Weilbacher conditionally nonopposes Progressive's

Motion to Amend Answer [Docket No. 49] on the condition that he be allowed

to conduct discovery to counter this entirely new dimension that has been brought into this case, because without such discovery Weilbacher would be severely prejudiced. (See Ex. B, Memorandum in Support of Progressive's Motion to Amend Answer [Docket No. 50])  In previous discovery responses, already submitted to the Court, Defendant Progressive has stated that any information relating to the <u>Wold v. Progressive</u> case was not relevant, nor would it lead to relevant information.  Progressive now admits that not only are the <u>Wold v. Progressive</u> documents relevant to this case, but the attorney in <u>Wold</u> is now being added as a witness.  It appears that Progressive misled the Plaintiff and this Court when it stated that the documents in the <u>Wold v. Progressive Ins. Co.</u> case were not relevant.  Weilbacher is severely prejudiced by this new development in the litigation disclosed two weeks before the close of discovery.

    A.    **PROGRESSIVE'S CITATION TO RULE 15 IS IN ERROR:  NINTH CIRCUIT CASE LAW STATES THAT RULE 16(b) GOVERNS THE MOTION, NOT RULE 15.**

Ninth Circuit case law dictates that the motion to amend is governed by Rule 16(b), not Rule 15.  The case cited by Progressive in support of its position, <u>IMAX Corp. v. In-Three, Inc.</u>, 2005 U.S. Dist. LEXIS 2419 (July 21, 2005), is inapposite to the matter before this Court, and Weilbacher questions why

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S CONDITIONAL NONOPPOSITION TO PROGRESSIVE'S
    MOTION TO AMEND ANSWER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 6

it was even cited. In IMAX, there was an *un*opposed motion to amend shortly after the complaint was filed. The information obtained as a basis to amend was discovered while *expedited* discovery was ongoing, and apparently before a pretrial order had been issued.

Progressive cites and bases its motion on the wrong standard, i.e., the liberal amendment policy set forth in Rule 15(a). Rule 15(a) does not apply once there is a pretrial order in place. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) (affirming district court denial of motion for leave to amend). Once a deadline for filing amended pleadings is ordered by the Court, a party's "ability to amend [its] complaint [is] governed by Rule 16(b), not Rule 15(a)." Id. at 608. Under Rule 16(b), the deadline "shall not be modified except upon a showing of good cause and by leave of the district judge[.]" Fed. R. Civ. P. 16(b).

> A court's evaluation of good cause is *not* coextensive with an inquiry into the propriety of the amendment under . . . Fed. R. Civ. P. 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking amendment.

Johnson, 975 F.2d at 609 (citation omitted) (emphasis added). The Ninth Circuit has emphasized that "Federal Rule of Civil Procedure 16 is to be taken seriously

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S CONDITIONAL NONOPPOSITION TO PROGRESSIVE'S
    MOTION TO AMEND ANSWER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 6

and . . . attempts to amend complaints, which would require an amendment of the scheduling order, *must* be based upon good cause." Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (emphasis added) (affirming district court denial of motion for leave to amend).

As stated above, Weilbacher has no objection to Progressive amending its answer as long as he is permitted to do discovery on the significant change in trial strategy by Progressive. To bring in a whole new dimension to its defense two weeks before discovery closes, and to not allow Weilbacher to do discovery on that affirmative defense, would be severely prejudicial to the plaintiff. Discovery, pursuant to the Scheduling and Planning Order, is to be completed by July 28, 2006.

**B. PROGRESSIVE'S CHANGE IN STRATEGY VALIDATES WEILBACHER'S OPPOSITION TO PROGRESSIVE'S MOTION *IN LIMINE* AND WEILBACHER'S MOTION TO COMPEL.**

As it turns out, Progressive's responses to interrogatories and production requests submitted by the plaintiff have in fact now been found to be severely deficient. When Progressive previously responded to discovery requests regarding the Wold v. Progressive case, Progressive said that such information was not relevant to the case presently before this Court. However, Progressive

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S CONDITIONAL NONOPPOSITION TO PROGRESSIVE'S
    MOTION TO AMEND ANSWER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 6

is now using as evidence in this case not only briefs from the Wold v. Progressive case, but has listed the attorney who represented Progressive in the Wold case as a witness.

Defendant Progressive previously moved to preclude Weilbacher from naming an expert in this case relying on the Scheduling and Planning Order issued by this Court. Plaintiff Weilbacher opposed the motion stating that Progressive has not been forthcoming with discovery, and actually has hindered and obstructed discovery. This latest filing by Progressive to this Court asking to amend its answer and waiving the attorney-client privilege and submitting briefs from the Wold v. Progressive case is a validation that the plaintiff's opposition to Progressive's motion to preclude plaintiff from calling an expert witness is well warranted.

The easiest way to remedy this procedural quagmire is to vacate the October 31, 2005 Scheduling and Planning Order [Docket No. 11], institute a new pretrial order and order Progressive to comply with the reasonable discovery requests of the plaintiff.

Assuming that the Scheduling and Planning Order will be vacated and discovery can proceed on the new affirmative defense unimpeded, Plaintiff Weilbacher has no objection to Progressive amending its answer.

PLAINTIFF'S CONDITIONAL NONOPPOSITION TO PROGRESSIVE'S
    MOTION TO AMEND ANSWER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 6

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

DATED this 19th day of July, 2006, at Anchorage, Alaska.

                                                KENNETH W. LEGACKI, P.C.
                                                Attorney for Plaintiff

                                    By   s/Kenneth W. Legacki
                                                Kenneth W. Legacki
                                                Alaska Bar No. 8310132
                                                425 G Street, Suite 920
                                                Anchorage, AK 99501
                                                Phone: (907) 258-2422
                                                Fax: (907) 278-4848
                                                E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 19th day of
July, 2006, a copy of the foregoing
document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

      s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S CONDITIONAL NONOPPOSITION TO PROGRESSIVE'S
    MOTION TO AMEND ANSWER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 6