IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RONALD V. WEILBACHER,          )
                               )
        Plaintiff,           )
                               )
    v.                         )
                               )
PROGRESSIVE NORTHWESTERN       )
INSURANCE COMPANY,             )
                               )
        Defendant.           )
_____) Case No. 3:05-cv-204 (TMB)

**RECEIVED** JUL 17 2006 Kenneth W. Legacki, P.C.

PROGRESSIVE'S FOURTH SUPPLEMENTAL DISCLOSURES

Defendant Progressive Northwestern Insurance Company ("Progressive"), by and through its attorneys, Guess & Rudd P.C., supplements its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(e) as follows:

(A) <u>Individuals Likely To Have Discoverable Information</u>:

    1.  Daniel T. Quinn, Esq.
        Richmond & Quinn
        360 K Street, Suite 200
        Anchorage, Alaska 99501
        Phone: (907) 276-5727

Mr. Quinn is expected to testify regarding his conversation with Danny Withers regarding plaintiff's claim.

LAW OFFICES OF
Guess & Rudd P.C.
100 CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX: (907) 452-7015

EXHIBIT 10
Page 1 of 5

(B) <u>Documents And Tangible Items Relevant To Disputed Facts</u>:

1. Copies of Bates Nos. 100,333A and 100,334A are attached hereto. These are unredacted copies of 100,333 and 100,334 and were originally produced to plaintiff's counsel by hand delivery on July 12, 2006 at the deposition of Danny Withers.

2. Copies of (a) the Supplemental Brief of Appellee Progressive Preferred Insurance Company dated May 17, 2001; (b) the Reply to Appellee's Supplemental Brief dated May 28, 2001; and (c) the Reply of Progressive Preferred Insurance Company to Appellant's Supplemental Brief dated May 29, 2001 in <u>Wold et al. v. Progressive Preferred Ins. Co.</u>, Supreme Court No. S-09775, were produced to plaintiff's counsel by hand delivery on July 12, 2006 following the deposition of Danny Withers.

3. A copy of the Claim Payment Inquiry, Bates No. 100,447, is attached hereto.

LAW OFFICES OF
Guess & Rudd P.C.
100 CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX: (907) 452-7015

USDC Case No. 3:05-cv-204 (TMB)  <u>Weilbacher v. Progressive</u>
Progressive's Fourth Supplemental Disclosures
Page 2 of 3

EXHIBIT 10
Page 2 of 5

DATED at Fairbanks, Alaska, this 13th day of July, 2006.

                        GUESS & RUDD P.C.
                        Attorneys for Progressive
                        Northwestern Insurance Company

By: *[signature]*
     Aisha Tinker Bray
     Alaska Bar No. 9505028

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2006, I _mailed_ a true and correct copy of the foregoing document to the following counsel of record:

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

Guess & Rudd P.C.

By: *[signature]*
    Naomi M. Marley

LAW OFFICES OF
Guess & Rudd P.C.
00 CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX: (907) 452-7015

USDC Case No. 3:05-cv-204 (TMB)   Weilbacher v. Progressive
Progressive's Fourth Supplemental Disclosures
Page 3 of 3

EXHIBIT 10
Page 3 of 5

```
(A) PRODUC~1.ZWS - PASSPORT                                      August 22, 2005, 14:02:48

 CMSD4712   /CMSM4712            P A C M A N              AUG 22 05 - 17:02
 OPID: AXA0070             FACE SHEET NOTE INQUIRY        TERMID: VT650506
 INSD: WEILBACHER, RON V                                  POL: 65824951-0
 DOL : JUL 09 01   OH-LEGAL -LIT-   CLM: 017489548 OPEN   REP: J WESOLOWSKI
                                 FACE SHEET NOTE CODE*

F-DG MAR 31 05 - 03:32 PM ET DCW0003 /DCW0003
ERROR/ FEATURE SHOULD NOT BE OPEN FOR HEIDI/ W.D. CLAIM / HAS BEEN
RESOLVED. FATHER IS NOW PRESENTING NIED CLAIM, WHICH IS SUBJ. TO SEPERATE
BI LIMIT/ UM, SINCE ALL LIAB COV. HAS BEEN EXHAUSTED.
F-CV APR 14 05 - 01:30 PM ET DCW0003 /DCW0003
4/13, CALLED ATTY AND ADVISED HIM THAT PROG. AGREES THAT NI DOES HAVE
UIM COVERAGE, BUT ANY CLAIMS FOR NIED/ DO NOT MEET THE ELEMENTS AS SET OUT
IN AK CASE LAW. HE SAYS HIS CLIENT HAS CLAIM FOR LOSS OF SOCIETY, AND LOSS
OF CONSORTIUM. I TOLD HIM THESE ARE DERIVATIVE OF THE W.D. LIMIT, AND
THERE CAN BE NO DIRECT CLAIM. HE THINKS TEEL V. PROGRESSIVE/ GIVES AUTHORITY
FOR DIRECT CLAIM FOR LOSS OF CONSORTIUM.
- I DISCUSSED ISSUE W/ DAN QUINN, AND HE FEELS ATTY LAGACKI IS NOT INTERPRETIN
G CASE CORRECTLY, AND IT WOULD ONLY REFER TO DIRECT CLAIMS FOR NIED.
F-LI MAY 16 05 - 08:18 PM ET DCW0003 /DCW0003

ADD- REP:           DUE DATE: AUG 22 05   MSG:
DC912770 MORE DATA                                                           *
COMMAND: ACTIVT
```

100333 A

EXHIBIT 10
Page 4 of 5

```
CMSD4712   /CMSM4712              P A C M A N              AUG 22 05 - 17:02
OPID: AXA0070                 FACE SHEET NOTE INQUIRY       TERMID: VT650506
INSD: WEILBACHER, RON V                                     POL: 65824951-0
DOL : JUL 09 01   OH-LEGAL -LIT-    CLM: 017489548  OPEN    REP: J WESOLOWSKI
                                  FACE SHEET NOTE CODE*
```

F-LI MAY 16 05 - 08:18 PM ET DCW0003 /DCW0003
DENIED LIABILITY FOR NIED CLAIMS/ PER CURRENT CASE LAW IN AK.
F-CV JUN 26 05 - 03:52 PM ET DCW0003 /DCW0003
LETTER FROM ATTY/ HE CONTINUES TO ALLEGE DIRECT CLAIM UNDER AS09.15.010
WHICH GIVES PARENT A SEPERATE AND INDEPEN. CAUSE OF ACTION FOR DAMAGES
DUE TO DEATH OF A CHILD. HE ALSO CITES GILLESPIE V. BETA CONST. OUR ARGUMENT
IS THAT ALTHOUGH THIS DOES GIVE CLAIM TO PARENT, IT IS DERIVATIVE OF THE
W.D. CLAIM PER CONTRACT. AS09.15.010 SIMPLY ALLOWS PARENT TO PURSUE CLAIM.
- ALLSTATE V. TEEL, DOES NOT CHANGE THIS. I DISCUSSED W/ QUINN, AND AGREES
W/ OUR ASSESSEMENT. I WILL REVIEW W/ JAY/ AS ATTY IS THREATENING BAD FAITH
ACTION.
F-CT JUN 30 05 - 03:35 PM ET DCW0003 /DCW0003
LMC FOR JAY/
F-CV JUL 26 05 - 04:43 PM ET DCW0003 /DCW0003

ADD- REP:              DUE DATE: AUG 22 05    MSG:
DC912770 MORE DATA                                                          *
COMMAND: ACTIVT

100334 A

EXHIBIT 10
Page 5 of 5