Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>PROGRESSIVE NORTHWESTERN )<br>INSURANCE COMPANY, )<br>)<br>      Defendant. )<br>_____ ) | 3:05-cv-204-TMB |

REPLY TO PLAINTIFF'S CONDITIONAL
<u>NON-OPPOSITION TO PROGRESSIVE'S MOTION TO AMEND ANSWER</u>

      Plaintiff's purported "conditional, non-opposition" to Progressive's motion to amend its answer is disingenuous and repeatedly and intentionally misrepresents the facts and circumstances of this case. There is <u>no</u> "new dimension" in this case and plaintiff has not - and will not - suffer any prejudice if Progressive is permitted to amend its answer to conform to the evidence plaintiff elicited from Mr. Withers at his deposition.

      Absolutely <u>nothing</u> in Progressive's Motion to Amend Answer or Amended Answer has anything to do with the <u>Wold</u> case. Contrary to plaintiff's blatant misrepresentations to the court,

Progressive does <u>not</u> admit that anything having to do with the <u>Wold</u> case is relevant or admissible in this matter.  Progressive is simply asking to amend its answer to conform with the evidence elicited by plaintiff at Mr. Withers' deposition.  Progressive is asking to amend its answer <u>only</u> to conform to Mr. Withers' testimony regarding his reliance on advice of counsel from Mr. Quinn with regard to the non-payment of plaintiff's claim for a second, per person UIMBI policy limit <u>in this case</u>.  <u>See</u> Motion to Amend Answer (DE#49-50).

      Progressive waived the attorney-client privilege with Mr. Quinn <u>in this case</u> in order to allow plaintiff the freedom to ask Mr. Withers about his conversations with Mr. Quinn regarding plaintiff's claim and Mr. Withers' reliance, if any, on Mr. Quinn's advice to him regarding plaintiff's claim.  Plaintiff immediately availed himself of this opportunity.  Now, plaintiff deliberately misrepresents the facts and circumstances of Progressive's actions and wrongfully assails Progressive for taking actions that only benefited him.

      Contrary to plaintiff's repeated misrepresentations, Progressive[1] is <u>not</u> waiving any attorney-client privilege it may have with Mr. Quinn for any other reason (or any other case) other than the advice Mr. Quinn provided Mr. Withers <u>regarding</u>

---

[1] Although "Progressive" is used loosely in these pleadings in this case, it must be remembered that this case involves Progressive Northwestern Insurance Company and the <u>Wold</u> case involved Progressive Preferred Insurance Company.

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 2 of 11

<u>plaintiff's claim in this case</u>.  The fact that Mr. Quinn represented Progressive Preferred Insurance Company in the <u>Wold</u> litigation is immaterial.  Plaintiff was well aware of Progressive's position - stated on the record - at the time of Mr. Withers' deposition.[2]  In fact, plaintiff immediately took advantage of Progressive's waiver of the attorney-client privilege between Mr. Wither and Mr. Quinn <u>in this case</u> to ask Mr. Withers specific questions about his conversations with Mr. Quinn regarding plaintiff's claim.

    Also, when Progressive served its Fourth Supplemental Disclosures, identifying Mr. Quinn as a person likely to have discoverable information, it specifically stated, "Mr. Quinn is expected to testify regarding his <u>conversation with Danny Withers regarding plaintiff's claim</u>."  Exhibit B at 1 (emphasis added).[3]  Progressive said nothing about the <u>Wold</u> case.

    With regard to plaintiff's allegation that Progressive is "using as evidence briefs from the <u>Wold</u>" case, plaintiff is again blatantly misrepresenting the facts.  At the close of Mr. Withers' deposition, Progressive provided plaintiff with its extra copies of the supplemental briefing by the parties in the Alaska Supreme Court in <u>Wold</u> on the issue of whether parents'

---

It is questionable whether Progressive Northwestern could waive a privilege held by Progressive Preferred.  <u>See</u> Alaska R. Evid. 503.
[2]  Progressive has not yet received a copy of Mr. Withers' deposition, but will provide the relevant portions of Mr. Withers' deposition to the court as soon as possible.

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 3 of 11

loss of society claims were subject to the same "per person" limit of coverage.  See Exhibit B.  These are obviously legal briefs and arguments, not evidence.  Progressive provided the legal briefing as a professional courtesy to plaintiff.  These briefs are public record and could have been obtained by plaintiff at any time from the Alaska Supreme Court.[4]  Additionally, it is well established that assertions in pleadings and memoranda are not admissible evidence.  Brock v. Rogers & Babler, Inc., 536 P.2d 778, 783 (Alaska 1975) ("Assertions of fact in pleadings and memoranda are not admissib[le] evidence.").  Evidently, no good deed goes unpunished.  It is unfathomable how plaintiff can turn a professional courtesy into a "bad act" and negatively blame Progressive for having the courtesy to give him an extra copy of legal briefing on a similar issue in an unrelated case.

      Plaintiff also improperly tries to tie Progressive's motion to amend to all of his other meritless allegations and assertions.  Progressive's motion to amend has nothing to do with Progressive's discovery responses and nothing to do with Progressive's motion to preclude plaintiff from calling expert witness.  Plaintiff is precluded from calling any expert witnesses in this matter due to plaintiff's choice/failure to timely meet the court's deadlines for such witnesses.  Notably,

---

[3]  Attached hereto as Exhibit D are the redacted Face Sheet Notes, Bates Nos. 100333 and 100334, so that the court may compare the redacted and unredacted versions.

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 4 of 11

to-date, plaintiff has not even bothered to file anything asking the court to extend his deadlines for expert witnesses on good cause, because plaintiff does not have good cause for his dilatoriness.  Plaintiff's discovery requests are equally without merit and will be addressed fully in the proper forum of plaintiff's Motion to Compel.  Plaintiff appears to be under the misunderstanding that if he provides the court with his misrepresentations and false statements frequently enough the court will ignore his antics and agree with him.  Progressive trust that the court can see through plaintiff's gamesmanship.

Procedurally, plaintiff touts the Ninth Circuit opinion in Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992), for the proposition that Progressive's motion is improperly brought under Rule 15(a) rather than Rule 16(b).  Unfortunately, the procedure is not as clear as plaintiff might desire.  Many cases prior to Johnson have analyzed whether a party may amend its pleadings after the scheduling order is issues during the discovery phase of the litigation under Rule 15(a).  It is well established law that one circuit court panel cannot overrule another.  See Ross Island Sand & Gravel v. Matson, 226 F.3d 1015, 1018 (9th Cir. 2000) ("A three judge panel of this court cannot overrule a prior decision of this court.").  Since Johnson is not an *en banc* decision, it may in some respects be in conflict with earlier precedent.  However, procedurally, it

---

[4]  For all Progressive knows, plaintiff already had this briefing since it concerned a similar issue and plaintiff is so concerned in this matter with

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 5 of 11

is immaterial whether Progressive's motion is considered under Federal Rule of Civil Procedure 15(a) or 16(b). Both permit the court to allow amendments to the pleadings as requested by Progressive.

In <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183 (9th Cir. 1987), the court reversed the district court's denial of plaintiff's motion to amend its complaint for the fourth time - during discovery - to add yet another defendant under Rule 15(a). The court stated,

> In exercising its discretion "a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities." <u>Webb</u>, 655 F.2d at 979.[5]
>
> This court has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'" <u>Gabrielson v. Montgomery Ward & Co.</u>, 785 F.2d 762, 765 (9th Cir. 1986) (quoting <u>Howey v. United States</u>, 481 F.2d 1187, 1190) (9th Cir. 1973) (citations omitted)). Thus rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" <u>Webb</u>, 655 F.2d at 979 (citing <u>Rosenberg Brothers & Co.</u>, 283 F.2d 406 (9th cir. 1960) (per curiam)).
>
> * * *
>
> Four factors are commonly used to determine the propriety of a motion for leave to amend.

---

the <u>Wold</u> case.
[5] In <u>United States v. Webb</u>, 655 F.2d 977 (9th Cir. 1981), the court considered the denial of Webb's motion to amend his complaint twelve months after the original pleadings and after the United States had moved for summary judgment under Rule 15(a). <u>Id</u>. The court also noted that in <u>Howey v. United States</u>, 481 F.2d 1187 (9th Cir. 1973), "Thus in <u>Howey</u>, the court held that the district court had abused its discretion in denying leave to amend even five years after the original pleadings, where neither bad faith nor prejudice was apparent." <u>Id</u>. at 980.

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 6 of 11

> These are: bad faith, undue delay, prejudice to
> the opposing party, and futility of amendment.
> <u>Loehr</u>, 743 F.2d at 1319; <u>Howey</u>, 481 F.2d at 1190.
> These factors, however, are not of equal weight
> in that delay, by itself, is insufficient to
> justify denial of leave to amend.  <u>Webb</u>, 655 F.2d
> at 980; <u>Hurn v. Retirement Fund Trust of
> Plumbing</u>, 648 F.2d 1252, 1254 (9th Cir. 1981).

<u>Id</u>. at 186.  Progressive satisfies all the requirements to amend its answer/affirmative defenses under Rule 15(a) to conform to the evidence.  See Motion to Amend Answer (DE#49-50).

Under <u>Johnson</u> and Rule 16(b), Progressive must show "good cause" for amending its answer.  <u>Johnson</u>, 975 F.2d at 608. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  <u>Id</u>. at 609. Progressive waived the attorney-client privilege with Mr. Quinn on the morning of July 12, 2006 at the deposition of Mr. Withers to allow plaintiff more freedom in questioning Mr. Withers on his basis for his non-payment of plaintiff's claim.  Progressive then filed its Motion to Amend in the early afternoon of July 17, 2006 – only 2.5 working days later - to conform its answer with the evidence presented and elicited by plaintiff in the case.  It is unclear how much more diligent Progressive could have been.

Also, "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  <u>Id</u>.  Again, Progressive's reasoning is clear and straightforward – conform

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 7 of 11

its answer/affirmative defenses to the evidence elicited by plaintiff at Mr. Withers' deposition.

Additionally, although the procedural scenario in <u>Johnson</u> is somewhat analogous, the facts in <u>Johnson</u> are not. As the court in <u>Johnson</u> pointed out, "This case turns on a single, narrow question: when and under what circumstances may a party join an additional defendant once the district court has entered an order limiting the time for joinder." <u>Id</u>. at 607. In <u>Johnson</u>, the plaintiffs sought to add another defendant four months after the cutoff date in the scheduling order for such actions. <u>Id</u>. at 606-07. However, as the court pointed out, the plaintiffs had actual knowledge of and ample opportunity to add the requested defendant during the six month period it was allowed. <u>Id</u>. For whatever reasons, the plaintiffs did not do so.

Here, Progressive is simply asking to conform its affirmative defenses to the evidence presented at a deposition three working days before its motion. It is not adding parties. It is not adding claims or otherwise complicating the litigation. It is simply conforming its answer to the evidence already in the case – elicited by plaintiff.

The Scheduling and Planning Order specifically provides,

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 8 of 11

> Motions to add other parties and/or amend the pleadings subsequent to the date of this order must be served and filed within **sixty (60) days** from the date of this order. Thereafter, parties may be added and/or pleadings amended only upon leave of court and for good cause shown.

Scheduling and Planning Order at 2, Motions ¶1. Progressive specifically requests leave of the court to amend its answer to conform with the evidence presented.

There is again no reason to vacate the October 31, 2005 Scheduling and Planning Order. Plaintiff's repeated suggestions that the court vacate the October 31, 2005 Scheduling and Planning Order is nothing more than plaintiff trying to cover up his dilatoriness in discovery and intentionally trying to prevent Progressive from being able to re-file its motion for summary judgment. Plaintiff missed his expert witness deadlines due to his own dilatoriness. As discussed in the briefing, all of plaintiff's allegations against Progressives are without merit and occurred after the relevant deadlines. See DE#32-33 & 43. Progressive could not have - and did not - make plaintiff miss his own deadlines.

Also, as the court will recall, pursuant to its order at the March 30, 2006 hearing, Progressive cannot re-file its motion for summary judgment in this matter until after the close of discovery on July 28, 2006. See DE#28. Plaintiff's repeated attempts to vacate the pretrial deadlines are thinly veiled attempts to prevent Progressive from proceeding with its motion.

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 9 of 11

Plaintiff has been dilatory in this matter and has missed several deadlines.  See DE#32-33 & 43.  Plaintiff is simply trying to get an undeserved "second chance" to attempt to make up for his dilatoriness.  Plaintiff should not be rewarded in this manner or allowed to continually stall Progressive's motion by such unprofessional gamesmanship.

If the court determines that it should vacate the October 31, 2005 Scheduling and Planning Order in order to grant Progressive's motion to amend, Progressive withdraws its motion to amend.  Since Progressive's motion is simply to conform its answer to the evidence already presented, the evidence will remain even if Progressive withdraws or the court denies the motion.

Preferably, Progressive requests an order permitting it to amend its answer to add the affirmative defense of advice of counsel.

DATED at Fairbanks, Alaska, this 21st day of July, 2006.

        GUESS & RUDD P.C.
        Attorneys for Progressive
        Northwestern Insurance Company

      By:  /s/Aisha Tinker Bray
        Guess & Rudd P.C.
        100 Cushman Street, Suite 500
        Fairbanks, Alaska  99701
        Phone: 907-452-8986
        Fax:   907-452-7015
        Email: atbray@guessrudd.com
        Alaska Bar No. 9505028

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 10 of 11

CERTIFICATE OF SERVICE
I hereby certify that on the 21st day of July, 2006, a copy of the foregoing document was served electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:    /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Motion to Preclude Plaintiff from Calling Expert Witnesses
Page 11 of 11