Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PROGRESSIVE NORTHWESTERN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____) | 3:05-cv-204-TMB |

PROGRESSIVE'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff's motion to compel should be denied because the information and documents that plaintiff seeks are not relevant to any material fact nor reasonably calculated to lead to the discovery of relevant evidence.

Pursuant to the Federal Rules of Civil Procedure, a party is entitled to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any Party, . . . ." Fed. R. Civ. P. 26(b)(1). Generally, the purpose of discovery is to remove surprise from trial preparation so the parties obtain evidence necessary to evaluate and resolve their dispute. "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated

> to lead to discovery of admissible evidence; but
> the discoverable information need not be
> admissible at the trial." The party resisting
> production bears the burden of persuasion. The
> party seeking to invoke the protection of the
> attorney-client privilege carries the burden of
> proving to a reasonable certainty that the
> elements of the privilege exist. Because the
> privilege "impedes full and free discovery of the
> truth," the privilege is strictly construed.

Roehrs v. Minn. Life Ins. Co., 228 F.R.D. 642, 645 (Dist. Ariz. 2005) (internal case citations omitted). However, the court should not simply grant unfettered discovery as plaintiff requests. Discovery that is not relevant to plaintiff's claim or only minimally relevant is simply not discoverable. See e.g. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (minimally relevant evidence not discoverable); Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (affirming denial of motion to compel discovery based on findings that the requests were unnecessarily burdensome and overly broad based upon plaintiff's failure to make a "specific showing that the burdens of production would be minimal and that the requested documents would lead to relevant evidence").

It is evident from plaintiff's motion that plaintiff did not read or understand Progressive's response to his June 23, 2006 letter. Contrary to plaintiff's repeated, unfounded misrepresentations, Progressive has never "acknowledged" or otherwise conceded or agreed that any of the documents or information sought by plaintiff's First Set of Discovery Requests

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 2 of 23

is relevant to any issue before the court or that it is
reasonably calculated to lead to the discovery of relevant
evidence.  Plaintiff is well aware that his assumptions to this
end are incorrect.  <u>See</u> Exhibit 10 at 1.  In fact, Progressive
specifically stated to plaintiff, "To eliminate any doubt in your
mind about our position, please note and understand that it is
our view that the document production Mr. Weilbacher seeks is
irrelevant to the genuine issues before this court."  <u>Id</u>.

There are no material issues of disputed facts in this
case.[1]  Plaintiff's daughter died in a car accident involving an
underinsured tortfeasor/driver.  At the time of his daughter's
death, plaintiff had an automobile policy with Progressive with
UIMBI coverage.  Plaintiff sought and received full UIMBI policy
limits based on the death of his daughter.  Plaintiff then sought
an additional UIMBI policy limit for his own loss of
consortium/loss of society claim under AS 09.15.010.  Progressive
denied plaintiff's request for the additional, per person UIMBI
policy limit based on the clear, unambiguous policy language that
his claim is derivative of and included in the previously paid
claims.

---

[1]  The only factual issue in this matter involves the degree of
plaintiff's damages, i.e., the monetary value of his loss of
consortium/society claim.  Those facts are significant only in
the unlikely event the court determines that plaintiff is
entitled to yet another per person UIMBI policy limit and only as
to Progressive's discovery requests to plaintiff, not to
plaintiff's discovery requests to Progressive.

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 3 of 23

Plaintiff has <u>admitted</u> that his <u>only</u> claim in this matter is for loss of consortium/loss of society under AS 09.15.010.

> **<u>REQUEST FOR ADMISSION NO. 1</u>**: Please admit that in this action you are seeking damages only under AS 09.15.010 for loss of consortium/loss of society based on Heidi's death.

> **<u>ANSWER TO REQUEST FOR ADMISSION NO. 1</u>**: Admit.

Exhibit A. Whether plaintiff is entitled to another UIMBI policy limit for his loss of consortium/loss of society claim under AS 09.15.010 is entirely controlled by the policy language at issue and Alaska law. As this court recognized in its March 14, 2006 Order, "The interpretation of contract language is a question of law." Order at 2 (quotation omitted) (DE#25). Questions of statutory interpretation are also questions of law. See <u>Chalovich v. State, Dept. of Natural Resources</u>, 104 P.3d 125, 128 (Alaska 2004) ("questions of law, including the interpretation of statutes").

Plaintiff spends much of his motion on the issue of discoverability of Progressive's "database." As a preliminary matter, it is important to clarify what the "database" plaintiff imprecisely refers to is and what it contains. Contrary to plaintiff's misrepresentation, Progressive does not keep a database "regarding cases interpreting the policy language that is at issue in this case." <u>See</u> Motion at 2. Progressive

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 4 of 23

maintains a policy contracts database that contains all Progressive policies, annotations to those policies, and other legal research.  The annotations and legal research are created and maintained <u>solely</u> by Progressive's attorneys.  In the annotations, Progressive's attorneys footnote specific judicial decisions that interpret the policies or words, provisions, or terms of the policies.  In other words, Progressive's attorneys annotate its policies with those judicial decisions they deem noteworthy, and the annotations could be to a specific word or phrase in a policy or could be to the entire policy itself.

Plaintiff's motion implies that he is seeking to compel the disclosure of Progressive's policy contracts database.  However, plaintiff <u>never</u> asked Progressive to produce its policy contracts database.  Plaintiff asked if Progressive maintained information regarding judicial interpretations of words, provisions, and clauses in its policies.  Exhibit 8 at 1, Request for Admission No. 1.  Progressive objected to the request and, without waiving its objections, also acknowledged that it maintained the policy contracts database with such annotations. <u>Id</u>. at 2.

Plaintiff then asked Progressive to identify the person(s) responsible for maintaining the database identified in response to Request for Admission No.1.  Exhibit 8 at 3.  Again without waiving its objection and in an attempt to clarify that

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 5 of 23

the information in the policy contracts database was privileged,
Progressive identified the Progressive corporate attorney who
oversees the Alaska portion of the policy contracts database,
Ms. Kelly Rubesene.  Id.  Without waiving its objections,
Progressive has responded to the two discovery requests
concerning the policy contracts database.  Progressive has
identified the policy contracts database and the person who
oversees the Alaska portion of the database.

     At no time did plaintiff actually ask Progressive to
produce the policy contracts database for any state.  See Exhibit
8.  Plaintiff propounded three Requests for Production.  Request
for Production No. 1 asked for documentation regarding the
original drafting history of the UIMBI policy provision at issue.
Id. at 6-7.  Requests for Production No. 2 and 3 asked for
information and documents and judicial decisions regarding the
Wold claim.  Id. at 8-10.  Plaintiff cannot seek to compel a
discovery request plaintiff did not make.  It is axiomatic that
plaintiff must timely propound a discovery request and provide
Progressive the required opportunity to respond to such request
before seeking to compel a response.  Plaintiff has not actually
done so with regard to the policy contracts database.[2]

---

[2]  Progressive also notes that it is too late for plaintiff to
propound such a discovery request since discovery closes on
Friday, July 28, 2006.

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 6 of 23

Additionally, contrary to plaintiff's misrepresentations, McGarry v. Holland America Line-Westours, Inc., 2003 U.S. Dist. LEXIS 25668 (Exhibit B), does not stand for the proposition that plaintiff is entitled to every database ever created by a defendant. The McGarry court granted plaintiff reasonable discovery of non-privileged information only on the issues relevant to plaintiff's claim and restricted it to a reasonable time period. In McGarry, plaintiff slipped and fell near the swimming pool while a passenger on one of defendant's cruise ships. Id. at *3. Plaintiff alleged that the deck surface was hazardous, that defendants knew the deck surface was hazardous, and that despite this knowledge, defendants failed to provide a safe alternative or take steps to ameliorate the hazard. Id. Plaintiff then sought discovery related to the deck surfacing materials on all of defendant's ships and the history of all slip and fall accidents occurring on defendant's ships.[3] Id. Although not specifically discussed by the court, it appears that some of the information requested by plaintiff was contained in a computer database maintained by defendant. Id. at *5 n.1. The defendants objected to the production of the information, but it is not clear that defendant did so on the basis of privilege. It appears that defendant's objections were based on the fact that the information was not relevant, was too voluminous and

---

[3] Although not relevant here, plaintiff in McGarry also requested copies of defendant's safety practices or procedures manuals. Id. at *3.

Case No. 3:05-cv-204-JWS   Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 7 of 23

burdensome to compile, and medical records and accident reports
were confidential and work-product.[4]  Id. at *3.

On plaintiff's motion to compel discovery, the court
did not grant plaintiff unfettered discovery.  The court granted
discovery in part, and denied it in part based on the specific
facts that plaintiff had to establish to prove liability.  Id. at
*4.  The court specifically recognized the burden plaintiff's
overbroad discovery requests imposed on defendant.  Id.  The
court found that since plaintiff must prove that his injuries
were caused by an unreasonably dangerous condition known to the
defendants and that the defendants failed to exercise reasonable
care in response to that knowledge, information relating to the
history of the deck surfacing and slip and fall accidents
occurring on that deck surfacing were relevant to plaintiff's
claims.  Id.  The court then permitted discovery narrowly
tailored to plaintiff's claim: other slip and fall accidents and
information relating to the actual deck surfacing at issue within
the last five years.  Id. *4-5.

The court did not require the defendant to produce
information on any accidents or injuries other than slip and
falls on the deck surface in question, did not require the
production of materials related to anything other than the

_____

[4]  It is unclear whether this is an attorney work-product claim
and it is unlikely accident reports would be compiled by
attorneys rather than employees present at the time.

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 8 of 23

decking issue, and did <u>not</u> require the defendant to recover documents more than five (5) years old. <u>Id</u>. The court also did <u>not</u> require production of this information simply because the information may have been kept in a database. The court proceeded through a careful analysis of plaintiff's claim and what information was actually relevant to plaintiff's claim, narrowly tailoring its discovery order to information relevant to plaintiff's claim. Also, <u>none</u> of the information at issue in <u>McGarry</u> was protected by the attorney-client privilege.

This case is not a personal injury slip and fall on an allegedly hazardous decking case. There are no facts which plaintiff must prove in order to establish liability. It is undisputed that plaintiff has UIMBI coverage. The question is whether plaintiff is <u>legally</u> entitled to another, separate per person policy limit of UIBMI coverage based on his loss of consortium/society claim. Plaintiff's recovery in this case turns <u>solely</u> on the legal interpretation of the policy language and statute at issue as a matter of law. <u>See</u> March 14, 2006 Order at 2 (DE#25).

Also, as the court in <u>McGarry</u> pointed out, "Plaintiff is entitled to discovery of 'any matter, **not privileged**, that is relevant to the claim or defense of any party ...'" <u>Id</u>. at *2 (emphasis added). Notwithstanding there is no actual discovery request for the production of the policy contracts database,

Case No. 3:05-cv-204-JWS <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 9 of 23

plaintiff conveniently overlooks that the policy contracts database is clearly protected by the attorney-client privilege. The annotation information (the information asked after by plaintiff) is assembled and maintained solely by Progressive's attorneys for Progressive's attorneys.  Progressive's attorneys select the cases which they believe are significant enough for inclusion, so the very selection process represents their thoughts and impressions about what goes into the creation of the database.  Privileged information is simply not discoverable.

> [I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501.  In Alaska, the attorney-client privilege is governed by Alaska Rule of Evidence 503.

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, . . . .

Alaska R. Evid. 503(b).  Moudy v. Superior Court, 964 P.2d 469, 470 (Alaska App. 1998) ("The attorney-client privilege, codified in Alaska Evidence Rule 503, authorizes an attorney 'to refuse to disclose ... confidential communications made for the purpose of facilitating the rendition of professional legal services to the client.'").  "The requisite confidentiality of communication is

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 10 of 23

defined in terms of intent." Alaska R. Evid. Commentary at 503(b).

The policy contracts database is the result of Progressive's attorneys' professional legal services provided to their client/employer Progressive to be used by other Progressive attorneys that is at all times intended to be confidential. Under Alaska Rule of Evidence 503, Progressive has the right to refuse to disclose this information.

Also, contrary to plaintiff's repeated misrepresentations and as Progressive has informed plaintiff, Progressive <u>has</u> <u>not</u> and <u>will</u> <u>not</u> rely on any information from the policy contracts database in this litigation. <u>See</u> Exhibit 10 at 3. Progressive's attorneys in this matter will – at all times - do their own, independent research for relevant case law. Progressive will <u>not</u> rely on anything in the policy contracts database.

Plaintiff also continues to intentionally confuse the issue of disclosure of the policy contracts database and the information contained therein, a privileged document containing privileged information, and the disclosure of public case law. Contrary to plaintiff's misunderstandings, there is no "duplicity." As discussed above, the policy contracts database is a privileged, non-public document that contains privileged

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 11 of 23

information.  There has been no actual discovery requests for its disclosure and its disclosure is protected by clearly established privilege.

On the other hand, case law from Alaska and other jurisdictions interpreting the UIMBI provision at issue, if any, is public record equally accessible to both parties.  Progressive is simply not required to do plaintiff's legal research for him.[5]

In response to Interrogatories Nos. 3 and 4, Progressive commented that it would not do plaintiff's legal research for him.  Plaintiff continues to take Progressive's comment out of context and distort its meaning.  See Opposition at 4.  Contrary to plaintiff's opinion, Progressive did not acknowledge by the comment that anything plaintiff seeks in discovery is relevant.  It is not.  Also contrary to plaintiff's assertions, Progressive did not suggest that the information sought was in a database or that Progressive would rely on such a database.  As discussed above, both statements are untrue.  The comment was included in Progressive's discovery response to illustrate that what plaintiff really sought was for Progressive to do his legal research for him, i.e., plaintiff wants

_____

[5]  In fact, when Progressive did provide plaintiff with copies of supplemental briefing in the Alaska Supreme Court as a professional courtesy, plaintiff accused Progressive of abusive discovery tactics.  See DE#51.  It is not Progressive, however, who is know for abusive discovery.  See Hughes v. Bobich, 875 P.2d 749, 751-52 (Alaska 1994).

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 12 of 23

Progressive to hand him a list of every case interpreting the policy provision at issue.  This is a classic legal research task.  Each party must perform its own legal research to discover if there are any cases (judicial decisions, orders, etc.) interpreting the UIMBI policy provision at issue that would assist the court in the legal interpretation of the provision before it.

Plaintiff's motion overstates his request in Request for Production No. 1.  See Motion at 5.  Although in his Motion plaintiff insists on the disclosure of the "drafting history" of the entire policy, Request for Production No. 1 is limited to the "drafting history" for the UIMBI provision at issue.  Exhibit 8 at 6.  It is also unclear what plaintiff seeks to compel Progressive to produce.  Progressive does not clearly understand what plaintiff is seeking and plaintiff has made no attempt to clarify his request.

First, plaintiff does not dispute that to the extent he seeks public records, such as pleadings, court orders or decisions, and briefs, the records are equally accessible to plaintiff as to Progressive.  Also, Progressive does not maintain a database of such information.  See Exhibit 8 at 3-6.

Second, plaintiff again overlooks the fact that Progressive's policies are drafted by their attorneys.  The

Case No. 3:05-cv-204-JWS   Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 13 of 23

policies are drafted by Progressive's attorneys in its law department providing professional legal services to it.  See e.g., Exhibit C, example pages from DOI file.  Thus, all notes, documents, files, and other materials created in the internal drafting of the policies and all provisions thereof are clearly protected from disclosure by the attorney-client privilege.  See Alaska R. Evid. 503.

The public record of the "drafting history" is contained in the Alaska Division of Insurance's file. Progressive produced the entire Division of Insurance file with regard to Policy Form No. 9607 AK (08/99).  See Exhibit D. Plaintiff has the entire 373 pages of the history of the entire policy for the two years it took to obtain DOI approval for the policy.  These records are public documents maintained by the DOI and obtained by Progressive through a simple request to the DOI. Plaintiff could have made the same request at any time.  With regard to the "drafting history," there is simply nothing discoverable to produce that has not already been produced.

Third, plaintiff's vague arguments about whether Progressive considered AS 09.15.010 in the drafting of its policy provision or whether the policy must be reformed are at best legal questions and irrelevant to any issue before the court in this motion.  Whether the policy language controls as written or whether it needs to be reformed to meet plaintiff's

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 14 of 23

interpretation of AS 09.15.010 – and this policy does <u>not</u> – is at
the heart of plaintiff's assertions in this case.  Plaintiff
incorrectly assumes that AS 09.15.010 requires an insurer to pay
a parent's loss of society claim as direct claim under a policy,
entitling the parent to a separate each person policy limit of
coverage.  It does not.  Alaska Stat. 09.15.010 simply recognizes
that a parent has such a claim.  The policy contract language
controls payment of all claims.  All of this, however, is legal
argument, which should be before the court on motions for summary
judgment.

It is also obvious that Progressive recognized and took
into consideration the existence of loss of consortium and loss
of society claims in the drafting process from the final policy
language itself.  The policy specifically provides,

> The **bodily injury** Limit of Liability under
> this Part III for "each person" includes the
> total of all claims made for such **bodily
> injury** and all claims derived from such
> **bodily injury**, including, but not limited to,
> loss of society, loss of companionship, loss
> of services, loss of consortium, and wrongful
> death.

DE# 18, Exhibit A at 100,383.

Plaintiff throws out the catch phrase "bad faith" in an
unfounded effort to bolster his assertion that he is entitled to

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 15 of 23

the "drafting history." Plaintiff does not apparently understand the concept of insurance bad faith.

> "Bad faith," as that term is used in litigation between insurers and insureds, signifies a breach of the covenant of good faith and fair dealing that is implied by law in every contract. Breach of this implied covenant involves something beyond breach of the specific contractual duties. It implies *unfair dealing* rather than just mistaken judgment. It is an insurer's responsibility to act *fairly and in good faith* with respect to an insured's claim. This is not the "'requirement mandated by the terms of the policy itself--to defend, settle, or pay. It is the obligation . . . under which the insurer must act fairly and in good faith in discharging its contractual responsibilities.'" "Thus, allegations which assert such a claim must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence *but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.*

State Farm Fire & Casualty Co. v. Superior Court, 45 Cal. App. 4th 1093, 1104-1105 (Cal. Ct. App. 1996) (internal citations omitted).[6] Nothing in the "drafting history" of the policy at issue could have any bearing on whether Progressive acted fairly and in good faith with respect to plaintiff's claim. Nothing in

---

[6] Additionally, "as a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered." Medical Care Am., Inc. v. Nat'l Union Fire Ins. Co., 341 F.3d 415, 425-26 (5th Cir. 2003).

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 16 of 23

the drafting history could have any bearing on whether
Progressive committed "a conscious and deliberate act, which
unfairly frustrate[d] the agreed common purposes and disappoints
the reasonable expectations of [plaintiff] thereby depriving
[plaintiff] of the benefits of the agreement." Id.  It is the
agreement – current language in the policy – that is relevant.
Plaintiff should not be permitted to simply throw out popular
catch phrases in an effort to intimidate and confuse the insurer
and the court into allowing unfettered, meaningless discovery he
is otherwise not entitled to.

     With regard to Requests for Production Nos. 2 and 3 and
the Wold case, Progressive understands plaintiff's motion to only
seek to compel production of the non-privileged information in
the adjuster's file.  See Motion at 6.  Plaintiff asserts that he
is entitled to the non-privileged information in the adjuster's
file to show "the state of mind and analyses that Progressive
took in that particular case." Id.  This information is again
irrelevant to this case and has already been provided to
plaintiff in another form.

     Plaintiff again misstates the facts with regard to
Progressive's position in Wold.  Despite what plaintiff wants,
the Alaska Supreme Court in Wold clearly stated Progressive
Preferred Insurance Company's position, as well as Allstate's
position, that a Gillispie AS 09.15.010 loss of consortium claim

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 17 of 23

is a derivative claim and <u>not</u> entitled a separate each person policy limit.

> Because we have not previously decided whether a *Gillispie* loss-of-society claim can trigger a separate "per person" policy limit, we requested the parties to file supplemental briefing on this issue. In its supplemental briefing, <u>Progressive argues that the Wolds' claims for the loss of their daughter's society were subject to the same "per person" limit in the Allstate liability policy as Heidi's estate's wrongful death claim</u>. Progressive bolsters its argument by discussing case law from other jurisdictions, which generally seems to hold that <u>all consequential damages flowing from bodily injury to a single person fall within a one-person limit</u>.
>
> We find it unnecessary to resolve the issue definitively here. In the present case, it appears that Rodney Layton, the Allstate claims adjuster who settled the Wolds' claims, <u>took the same position as Progressive, viewing a claim for loss of consortium or society--as opposed to a claim for NIED--as a derivative claim that would not trigger a separate "per person" Allstate policy limit</u>.

<u>Wold v. Progressive Preferred Ins. Co.</u>, 52 P.3d 155, 165-166 (Alaska 2002) (emphasis added). Nothing could be clearer. At all times in the <u>Wold</u> case and in this case, Progressive maintained that a loss of consortium/loss of society claim is derivative to and subject to the same each person UIMBI limit.

The fact that the Alaska Supreme Court inadvertently misstated the facts of the <u>Wold</u> decision in one place in the <u>Dowdy</u> opinion does not provide plaintiff a basis to go on an irrelevant fishing expedition. <u>See</u> Exhibit 8 at 8-9. First, as

Case No. 3:05-cv-204-JWS    <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 18 of 23

clearly set forth above, plaintiff's request is based on a misstatement of fact. <u>See</u> <u>Wold</u>, 52 P.3d at 165-166. A misstatement plaintiff refuses to acknowledge despite repeated clarifications by Progressive. Second, taking plaintiff's requests literally, there will be no records in the <u>Wold</u> file that satisfy his request. Request for Production No. 2 asks for <u>Wold</u> documents on the issue of loss of consortium claims as discussed in the quote from <u>Dowdy</u> and the quote provides the misstatement that loss of consortium triggered a "per person" UIMBI limit. Exhibit 8 at 8. Since no such action occurred, no such documents will exist.

Also, at his recent deposition, Danny Withers, the adjuster in this case and in <u>Wold</u>, testified that Progressive took the same position in <u>Wold</u> that it is taking in this case: a loss of consortium/loss of society claim <u>is derivative to</u> the wrongful death claim and is <u>not</u> entitled to a second, separate per person limit of coverage. Plaintiff had and availed himself of the opportunity to question the relevant adjuster regarding Progressive position and analysis in <u>Wold</u>.

In his proposed order, plaintiff suggests that the court vacate all the pretrial deadlines in this matter and set another planning conference. Plaintiff provides no argument or basis for his request in his motion, but simply slides it into his proposed order. Whether the pretrial deadlines should be re-

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 19 of 23

set is an issue wholly separate and distinct from the issues raised in plaintiff's motion to compel that should be brought in a separate motion.

Additionally, plaintiff specifically <u>agreed</u> that there would be <u>no</u> extensions of discovery in this matter in order to extend plaintiff's deposition outside the close of discovery to August 21, 2006.  On July 5, 2006, Progressive responded to plaintiff regarding the disagreement over the timing of plaintiff's deposition.  Exhibit E at 1-2.  Progressive explained that it must take plaintiff's deposition before the close of discovery or it would be violation of the court's order.  <u>Id</u>.  In a conciliatory effort based on plaintiff's representations of his workload in July, Progressive offered to re-schedule plaintiff's deposition for outside the close of discovery in mid-August, <u>if, and only if</u>, plaintiff agreed there would be no continuation of discovery and no other discovery held after the close of discovery on July 28, 2006.  <u>Id</u>.  Progressive asked plaintiff to provide potential dates for plaintiff's deposition, <u>only</u> <u>if</u> he chose to accept Progressive's alternative with the conditions.  <u>Id</u>.  On the afternoon of July 7, 2006, plaintiff responded that he would like his deposition set for August 21, 2006.  <u>Id</u>. at 3.  Progressive immediately wrote back to plaintiff that same afternoon agreeing to re-set plaintiff's deposition for August 21, 2006 based on plaintiff's agreement to the conditions proposed in Progressive's July 5, 2006 letter.  <u>Id</u>. at 4.

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 20 of 23

Progressive specifically asked plaintiff to inform it immediately if he did not in fact agree to those conditions.  Id.  There was no word from plaintiff.  Thus, on the afternoon of July 10, 2006, Progressive relied on plaintiff's July 7, 2006 letter and re-noticed plaintiff's deposition for August 21, 2006 as he requested.  Id. at 5.  Plaintiff then waited until the late afternoon of July 11, 2006 to attempt to rescind the agreement.  Id. at 6.

Plaintiff's July 11, 2006 letter is completely unprofessional and too late.  Plaintiff agreed to the terms in Progressive's July 5, 2006 letter when he sent Progressive the August 21, 2006 deposition date on July 7, 2006.  Progressive immediately notified plaintiff of its reliance on his letter and afforded plaintiff an opportunity to clarify his letter if needed; plaintiff was silent.  Plaintiff cannot now unilaterally rescind his agreement and prejudice Progressive.  Progressive is entitled to rely on plaintiff's July 7, 2006 letter.  By agreement of the parties, plaintiff's deposition is set-off to August 21, 2006 and there will be no extensions of the close of discovery deadline of July 28, 2006.

Plaintiff is intentionally trying to prevent Progressive from being able to re-file its motion for summary judgment.  As the court will recall, pursuant to its order at the March 30, 2006 hearing, Progressive cannot re-file its motion for

Case No. 3:05-cv-204-JWS   Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 21 of 23

summary judgment in this matter until after the close of discovery on July 28, 2006.  See DE#28.  Plaintiff's repeated attempts to vacate the pretrial deadlines are thinly veiled attempts to prevent Progressive from proceeding with its motion. Plaintiff has been dilatory in this matter and has missed several deadlines.  See e.g. Progressive's Motion *In Limine* to Preclude Plaintiff from Calling Expert Witnesses (DE#32-33).  As the court noted in Johnson v. Mammoth Recreations, Inc., 375 F.2d 604 (9th Cir. 1992),

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

Id. at 610 (internal citation omitted).  Plaintiff should not be rewarded or allowed to continually stall Progressive's motion by such unprofessional gamesmanship.


For the foregoing reasons, Progressive requests that this court deny plaintiff's motion to compel.  Plaintiff's actual requests do not seek relevant evidence narrowly tailored to plaintiff's claims and most of the information is protected from disclosure by the attorney-client privilege.  Progressive also requests that the court affirm its October 31, 2005 Scheduling and Planning Order and the deadlines therein.

Case No. 3:05-cv-204-JWS   Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 22 of 23

DATED at Fairbanks, Alaska, this 26th day of July, 2006.

GUESS & RUDD P.C.
Attorneys for Progressive
Northwestern Insurance Company

By: _____s/Aisha Tinker Bray_____
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska  99701
Phone: 907-452-8986
Fax:   907-452-7015
Email: atbray@guessrudd.com
Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
26th day of July, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

A Chambers Copy was also mailed
to the court pursuant to D.AK.LR 10.1(b).

Guess & Rudd P.C.

By:___s/Aisha Tinker Bray_

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 23 of 23

Table of Exhibits

| Exhibit | Description |
|---------|-------------|
| A | Plaintiff's response to Progressive's RFA No. 1 |
| B | <u>McGarry v. Holland America Line-Westours, Inc.</u>, 2003 U.S. Dist. LEXIS 25668 |
| C | Correspondence from Progressive to DOI (Bates Nos. 200,000-003) |
| D | Progressive's Third Supplement Disclosures (w/o documents) |
| E | Correspondence between Mr. Legacki & Ms. Bray regarding plaintiff's deposition |