Page 1
2003 U.S. Dist. LEXIS 25668, *; 2004 AMC 721

LEXSEE 2004 AMC 721

ANTHONY MCGARRY, Plaintiff, v. HOLLAND AMERICA LINE-WESTOURS, INC., a Washington corporation, WIND SURF LIMITED, a Bahamian corporation, and HAL CRUISES LIMITED, a Bahamian corporation, Defendants.

Case No. CV03-0269FDB

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

2003 U.S. Dist. LEXIS 25668; 2004 AMC 721

December 15, 2003, Decided

**DISPOSITION:** [*1] Plaintiff's motion to compel discovery granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff passenger alleged that he injured his shoulder when he slipped and fell next to a swimming pool on board defendant corporations' cruise vessel. The passenger alleged that he slipped because the deck surface was hazardous, that the corporations knew the surface was hazardous, and despite the knowledge, the corporations failed to provide a safe alternative or take steps to ameliorate the hazard. The passenger moved to compel discovery.

**OVERVIEW:** The passenger sought information relating to (1) deck surfacing materials around swimming pools on all of the corporations' vessels; (2) the history of slip and fall accidents aboard all of the vessels; and (3) the corporations' safety practices, procedures, or manual. The court found that information relating to the history of the deck surfacing in use on the corporations' ships and slip and fall accidents occurring on the deck surfacing was relevant to the passenger's claim that the corporations had notice of the relative safety of the deck surface on the vessel as compared to the deck surface in use on its other vessels and that, despite this notice, failed to exercise reasonable care to protect the passenger from injury. The corporations' safety manuals were also relevant to the passenger's claim that the corporations failed to exercise reasonable care. Although they claimed that some of the information sought by the passenger was proprietary and confidential, the corporations had not sought a protective order and provided no bases upon which the court could have determined good cause for a protective order existed.

**OUTCOME:** The motion to compel discovery was granted in part and denied in part. The information was limited to a five year period, and did not include reports relating to accidents other than slips and falls. The corporations were given a reasonable period of time to compile and deliver the information. To the extent that the accident reports contained medical information of passengers other than the passenger, the information could have been redacted.

2003 U.S. Dist. LEXIS 25668, *; 2004 AMC 721

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Methods > General Overview*
*Civil Procedure > Discovery > Privileged Matters > General Overview*
*Civil Procedure > Discovery > Relevance*
[HN1] A plaintiff is entitled to discovery of any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26.

*Evidence > Relevance > Relevant Evidence*
[HN2] Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

*Admiralty Law > Personal Injuries > Maritime Tort Actions > General Overview*
*Civil Procedure > Discovery > Relevance*
*Evidence > Relevance > Relevant Evidence*
[HN3] To prove liability, a plaintiff must show that (1) his injuries were caused by an unreasonably dangerous condition of the vessel, (b) the vessel owner or operator had prior actual or constructive notice of that danger, and (c) the vessel owner or operator failed to exercise reasonable care in response to that notice. Thus, all discovery requests which are directed to proving or disproving any of these elements are relevant to the determination of the action.

*Civil Procedure > Discovery > Relevance*
*Civil Procedure > Discovery > Undue Burdens*
*Torts > Premises Liability & Property > General Premises Liability > Activities & Conditions > Slip & Fall Injuries > General Overview*
[HN4] While the court recognizes a plaintiff's right to information relevant to his case, the court must also take into account the burden such requests have on defendants. Fed. R. Civ. P. 26(b)(2).

**COUNSEL:** For Anthony McGarry, Plaintiff: Adele R. Jacobs, LEAD ATTORNEY, ABBOTT LANT FLEESON & NICHOLS, BELLINGHAM, WA.

For Anthony McGarry, Plaintiff: C Steven Fury, LEAD ATTORNEY, FURY & BAILEY, SEATTLE, WA.

For Anthony McGarry, Plaintiff: Jonathan A Rapport, LEAD ATTORNEY, NEW YORK, NY.

For Holland America Line Westours Inc, Wind Surf Limited, HAL Cruises Limited, Defendants: Patrick Gaynor Middleton, Wayne Mitchell, LEAD ATTORNEYS, FORSBERG & UMLAUF, SEATTLE, WA.

**JUDGES:** FRANKLIN D. BURGESS, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** FRANKLIN D. BURGESS

**OPINION:**

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This matter is before the Court on Plaintiff Anthony McGarry's motion to compel discovery from Defendants Holland America Line-Westours, Inc., Wind Surf Limited and Hal Cruises Limited. Defendants oppose Plaintiff's motion on

Case 3:05-cv-00204-TMB   Document 56-3   Filed 07/26/2006   Page 3 of 5

Page 3
2003 U.S. Dist. LEXIS 25668, *; 2004 AMC 721

the grounds that the information sought is irrelevant, confidential, proprietary and extremely burdensome to compile. The Court, having considered Plaintiff's motion, reply and supporting declarations (Dkt. # s 17, 18, 23 and 24), and Defendants' response [*2] and supporting declarations (Dkt. # s 20, 21 and 22), finds that Plaintiff's motion shall, for the reasons set forth below, be granted in part and denied in part.

I.

[HN1] Plaintiff is entitled to discovery of "any matter, not privileged, that is relevant to the claim or defense of any party ...". Fed.R.Civ.P. 26. [HN2] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401. [HN3] To prove liability, Plaintiff must show that (1) his injuries were caused by an unreasonably dangerous condition of the vessel, (b) the vessel owner or operator had prior actual or constructive notice of that danger, and (c) the vessel owner or operator failed to exercise reasonable care in response to that notice. Meyer v. Carnival Cruise Lines, Inc., 1994 U.S. Dist. LEXIS 21431, 1995 A.M.C. 1652 (N.D. Cal. 1994). Thus, all discovery requests which are directed to proving or disproving any of these elements are relevant to the determination of this action. [*3]

Plaintiff alleges that he injured his shoulder when he slipped and fell next to a swimming pool on board Defendants' cruise vessel, the VEENDAM. Plaintiff alleges that he slipped because the deck surface was hazardous, that Defendants knew the deck surface was hazardous, and despite knowledge of the hazard, Defendants failed to provide a safe alternative or take steps to ameliorate the hazard. Plaintiff seeks information relating to (1) deck surfacing materials around swimming pools on all of Defendants' vessels; (2) the history of slip and fall accidents aboard all of Defendants' vessels; and (3) Defendants' safety practices, procedures or manual. Defendants object to the production of information relating to vessels other than the vessel upon which Plaintiff was injured, arguing that the information is not relevant and is too voluminous and burdensome to compile. Defendant objects to production of passengers' shipboard medical records and accident reports on the basis of confidentiality and work product. Defendant also objects to production of its Safety Management Systems manuals, claiming they are proprietary, but agrees to produce "relevant" portions of the manuals if production [*4] is subject to a protective order.

II.

The Court finds that the information requested by Plaintiff is relevant to his claims in this case. Information relating to the history of the deck surfacing in use on Defendants' ships and slip and fall accidents occurring on the deck surfacing is relevant to Plaintiff's claim that Defendants had notice of the relative safety of the deck surface on the VEENDAM as compared to the deck surface in use on its other vessels and that, despite this notice, failed to exercise reasonable care to protect Plaintiff from injury. Defendants' safety manuals are also relevant to Plaintiff's claim that Defendants failed to exercise reasonable care.

[HN4] While the Court recognizes Plaintiff's right to information relevant to his case, the Court must also take into account the burden such requests have on Defendants. See Fed.R.Civ.P. 26(b)(2). Plaintiff's discovery requests, as written, require Defendants to examine records relating to twelve vessels over the past ten years relating to materials other than the decking at issue, reports relating to passenger slips and falls for years prior to 1996 that are not included in [*5] Defendants' database, and to produce re-

Case 3:05-cv-00204-TMB   Document 56-3   Filed 07/26/2006   Page 4 of 5

Page 4
2003 U.S. Dist. LEXIS 25668, *; 2004 AMC 721

cords relating all swimming pool injuries other than slips and falls. n1 Therefore, the Court finds that Plaintiff is entitled to the information as set forth in detail below, but the information shall be limited to a period of five (5) years, shall not include reports relating to accidents other than slips and falls, and Defendants shall be given a reasonable period of time within which to compile and deliver the information.

------------- Footnotes ---------------

n1 Plaintiff is willing to limit his discovery requests to information contained in Defendants' computer database. Plaintiff is also willing to limit his requests relating to the Lido deck coverings to the date when the original Bolideck 2001 was replaced with Bolideck Select or Bolideck 1500 on the vessels where the replacement has occurred.

------------- End Footnotes- --------------

Although they claim that some of the information sought by Plaintiff is proprietary and confidential, Defendants have not sought a protective order and provide no bases upon which this Court may determine good [*6] cause for a protective order exists. Absent a sufficient showing by Defendants that the information rises to the level of a trade secret or other confidential information and that disclosure without protection would cause an identifiable significant harm, Defendants must produce the information requested. In addition, it appears that the Safety Management Systems Manuals were previously produced in their entirety without a protective order. Defendants' claim that they cannot disclose confidential medical information contained in passengers' shipboard medical records is also not well taken as Plaintiff has not requested the production of medical records. To the extent that the Passenger/Crew or Passenger Accident Reports contain medical information of passengers other than Plaintiff, Defendants may redact the medical information before production in the same manner Defendants previously produced similar reports in this case. n2

------------- Footnotes ---------------

n2 The Court is not persuaded by Defendants' argument that the reports are work product when it appears the reports were routinely prepared in the normal course of Defendants' business. Defendants also acknowledge that they are required to document injuries and accidents aboard their ships by maritime safety procedures and codes.

------------- End Footnotes- -------------- [*7]

ACCORDINGLY,

IT IS ORDERED that, within twenty (20) days of the date of this Order, Defendants shall deliver to counsel for Plaintiff, the following information and documents:

> (1) The date when the original Bolideck 2001 was replaced with Bolideck Select (or Bolideck 1500) on each of Defendants' vessels where the replacement occurred;
>
> (2) Defendants' Safety Management Systems Manuals; and

Case 3:05-cv-00204-TMB    Document 56-3    Filed 07/26/2006    Page 5 of 5

Page 5
2003 U.S. Dist. LEXIS 25668, *; 2004 AMC 721

(3) Passenger/Crew Accident Reports and Passenger/Accident Reports for all slips and falls on the Lido decks of all of Defendants' vessels from January 1, 1998 to the present.

DATED this 15th day of December, 2003.

s/

FRANKLIN D. BURGESS

UNITED STATES DISTRICT JUDGE