

RECEIVED
JUN 2 0 2005

August 24, 1999

Law Department
6300 Wilson Mills Road
Mayfield Village, OH 44143
Telephone: 440 461-5000
Facsimile: 440 446-7858
progressive.com

**GUESS & RUDD**

Mr. John R. Ference
Mr. Dale Whitney
Insurance Analyst(s)
Rate and Form Filings
Alaska Division of Insurance
333 Willoughby Avenue
Juneau, Alaska 99801

APPROVED
AK DIV. OF INSURANCE
SEP 0 8 1999
EFFECTIVE: 11/12/99
DALE WHITNEY

Certified a true and correct copy of the document filed at the State of Alaska, Division of Insurance
SIGNATURE: Catherine Watson
DATE: 20 June 2005

RE: PROGRESSIVE CASUALTY INSURANCE COMPANY (NAIC #155/24260)
PROGRESSIVE NORTHWESTERN INSURANCE COMPANY (NAIC#155/42919)
PROGRESSIVE SPECIALTY INSURANCE COMPANY (NAIC #155/32786)
HALCYON INSURANCE COMPANY (NAIC # 155/16322)
PROGRESSIVE NORTHERN INSURANCE COMPANY (NAIC #155/38628)

Forms only filing - Private Passenger Auto
Alaska Division of Insurance File Number: 25405

Alaska Motor Vehicle Policy - Form No. 9607 AK (08/99)
Coordinated Coverage Endorsement - Form 1995 (6/97)
Declarations Page - Form 1113 (6-97)
Named Driver Exclusion Election - Form 9330 (08/97) AK

RECEIVED
AUG 2 6 1999
SOA DCED
Division of Insurance
JUNEAU OFFICE

Dear Mr. Ference and Mr. Whitney:

This letter is in response to yours dated July 23, 1999. We appreciate the extra time and consultation involved in the Department's review of **Alaska Motor Vehicle Policy - Form No. 9607 AK (08/99)**. The issues raised in your July 23, 1999 letter are addressed below in the same order as set forth in your letter. A revised policy is enclosed for your review and approval.

1. While the limited, express holding of <u>Hillman v. Nationwide Mutual Fire Ins. Co.</u>, 758 P.2d 1248 (Alaska, 1988), does not require an insurer to remove definitional exclusions from the policy and instead insert general exclusions, we have revised our policy with respect to Part III to do so. In the enclosed, revised **Alaska Motor Vehicle Policy - Form No. 9607 AK (08/99)**, you will find that the list of definitional exclusions to the defined term "**uninsured/underinsured motor vehicle**" under the Additional Definitions section of Part III is deleted. Those exclusions are now located under Part III's Exclusions section.

Please note that we have not received any consumer complaints that our policy was confusing as it was originally drafted with the definitional exclusions. Additionally, several competitor policies (State Farm, Geico, and Safeco) also make extensive use of definitional exclusions in

EXHIBIT C
Page 1 of 4

m:\jpn\alaska\pcc99ak\doiltr5b.sam

200.000

Mr. John R. Ference
Mr. Dale Whitney
August 24, 1999
Page 2

their policies. Use of definitional exclusions is a customary practice throughout the insurance industry in almost all states.

2. The list of definitional exclusions previously located under the defined term "**uninsured/underinsured motor vehicle**" under the Additional Definitions section of Part III has been moved and incorporated into Part III's Exclusions section. The first two provisions of the Exclusion section are revised as follows (blue italics is new text and red strikethrough is deleted text):

> Coverage under this Part III is not provided for **bodily injury** sustained by any person ~~while occupying~~:
> 1. *while occupying* a **covered vehicle** without the express or implied permission of **you** or a **relative**;
> 2. *while occupying* a **non-owned vehicle** without the express or implied permission of the **owner**;
> 3. *while occupying* a vehicle **owned** by **you** or a **relative**, to which no liability bond or policy applies at the time of the **accident**; ~~or~~
> 4. *while occupying* a vehicle **owned** by **you** or a **relative**, other than a **covered vehicle**, to which liability coverage applies, but the applicable liability limit is less than the damages the injured person is legally entitled to recover; ~~-~~
> 5. *in an accident caused by any motorized vehicle or equipment owned by you or a relative that is described in subsections a, b, or c of the definition of "uninsured/underinsured motor vehicle";*
> 6. *who is an insured person, arising out of an accident caused by any motorized vehicle or equipment owned by you or a relative that is described in subsection d of the definition of "uninsured/underinsured motor vehicle", unless the vehicle is a covered vehicle which the insured person was occupying at the time of the accident;*
> 7. *in an accident caused by any motorized vehicle or equipment owned or operated by a self-insurer under any applicable vehicle law, except:*
>    *a. a self-insurer that is or becomes insolvent; or*
>    *b. an underinsured motor vehicle as described in subsection d of the definition of "uninsured/underinsured motor vehicle";*
> 8. *in an accident caused by any motorized vehicle or equipment operated on stationery rails or tracks; or*
> 9. *in an accident caused by any motorized vehicle or equipment designed mainly for use off public roads, while not on public roads.*
>
> Coverage under this Part III is not provided for **property damage**:
> 1. to a **covered vehicle** resulting from any prearranged or organized racing, speed or demolition contest, stunting activity or in practice or preparation for any such contest or activity; ~~or~~
> 2. to a **trailer owned** by **you** that is not shown on the **Declarations Page**. However, this exclusion does not apply to a **trailer** that **you** acquire during the policy period

EXHIBIT C
Page 2 of 4

m:\jpn\alaska\pcc99ak\doiltr5b.sam

200,001

Mr. John R. Ference
Mr. Dale Whitney
August 24, 1999
Page 3

> shown on the **Declarations Page** if you ask **us** to insure it within thirty (30) days after **you** become the **owner** and **you** pay the appropriate premium;
> 3. *to a covered vehicle resulting from an accident caused by any motorized vehicle or equipment owned by you or a relative that is described in subsections a, b, or c of the definition of "uninsured/underinsured motor vehicle";*
> 4. *to a covered vehicle resulting from an accident caused by any motorized vehicle or equipment owned by you or a relative that is described in subsection d of the definition of "uninsured/underinsured motor vehicle", unless the vehicle is a covered vehicle which the insured person was occupying at the time of the accident;*
> 5. *to a covered vehicle resulting from an accident caused by any motorized vehicle or equipment owned or operated by a self-insurer under any applicable vehicle law, except:*
>    a. *a self-insurer that is or becomes insolvent; or*
>    b. *an underinsured motor vehicle as described in subsection d of the definition of "uninsured/underinsured motor vehicle";*
> 6. *to a covered vehicle resulting from an accident caused by any motorized vehicle or equipment operated on stationery rails or tracks; or*
> 7. *to a covered vehicle resulting from an accident caused by any motorized vehicle or equipment designed mainly for use off public roads, while not on public roads.*

These revisions should meet with your approval. Please note that several competitor policies (State Farm, Geico, and Safeco) continue to use the definitional exclusions which we have deleted (i.e. government owned vehicle, vehicle operated on rails or crawler treads, and vehicle while used as a residence or premises). As it is the Department's position that the deleted exclusions do not comply with Alaska law, we would hope that the Department requires all other insurers with similar forms to see that those forms are revised to provide the coverage being required under Alaska law (for example, via a Departmental Bulletin). Forms issued by all insurers doing business in Alaska, not just those issued by Progressive, ought to be in full compliance with Alaska law as interpreted by the Alaska Department, and we should not be placed at a significant competitive disadvantage of this type by limited enforcement of the Department's requirements.

As we have made all the policy changes you required, we request that you please approve all of the above-captioned forms, as revised through this letter and the preceding correspondence pertaining to this filing. The proposed effective date is November 12, 1999 for all companies. Once we have approval and programming is completed, we will send you a letter to confirm the actual effective date (the date these forms will be used with new business) if the effective date is changed.

Please note that by separate letter dated June 14, 1999 (Alaska DOI Filing # 36342), I had also amended Progressive's other approved forms filings, at your direction, to add Halcyon and Progressive Northern (our two new companies) to those filings. Since no forms issues have been raised, we also request approval of that DOI Filing # 36342 which is still pending approval.

EXHIBIT C
Page 3 of 4

200 002

Mr. John R. Ference
Mr. Dale Whitney
August 24, 1999
Page 4

Enclosed are three copies of this letter. We request that you note your approval on one copy and return it to us. If possible, I would appreciate it if you could fax the approval to my attention at **(440) 446-7858** in addition to mailing it. If you have any additional comments or questions with respect to this filing, or need further information, please do not hesitate to call me at **1-800-321-9843 ext. 66215** or e-mail me at kshaw1@progressive.com so that any issues can be resolved quickly. As always, thank you for your time and continuing attention to this filing.

Sincerely,
PROGRESSIVE

*(signature: Karen Shaw)*

Karen Shaw
Policy Compliance Attorney
Direct: (440) 446-6215
FAX: (440) 446-7858
E-mail Address: kshaw1@progressive.com

EXHIBIT C
Page 4 of 4

\\jpn\alaska\pcc99ak\doiltr5b.sam

200.003