Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,               )<br>                                     )<br>         Plaintiff,                 )<br>                                     )<br>     v.                              )<br>                                     )<br>PROGRESSIVE NORTHWESTERN             )<br>INSURANCE COMPANY,                   )<br>                                     )<br>         Defendant.                  )<br>_____) | 3:05-cv-204-TMB |

RESPONSE TO PLAINTIFF'S
SUPPLEMENT TO PLAINTIFF'S OPPOSITION TO MOTION
*IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING EXPERT WITNESSES

Plaintiff's purported "supplement" to his opposition to Progressive's motion to preclude him from calling expert witnesses is in clear violation of Local District Court Rule 7.1(h), and entirely without merit and disingenuous.

As a preliminary matter, plaintiff has not complied with the clear, unambiguous local rules for the filing of supplemental materials. Local Rule 7.1(h) specifically provides,

> **(h) Supplemental Materials.**
>
> (1) *Briefs and Pleadings*. Supplemental briefs may not be filed without leave of court. If a party proposes to file a pleading or brief not authorized by these rules, the party must serve and file a motion requesting permission to do so and attach the original and a copy of the pleading or brief to the motion.

D. AK. L. R. 7.1(h). Plaintiff made no such motion. As such, plaintiff's Supplement should be stricken and not considered by the court in any manner.

On the "merits," plaintiff's supplement is entirely without merit and disingenuous. In his Supplement, plaintiff persists in his illusion that anything in the Wold matter is relevant to this dispute and that Progressive has waived its attorney-client privilege in the Wold matter. Plaintiff is still mistaken.

Progressive's Fourth Supplemental Disclosures disclose Daniel Quinn as a person who may have relevant discoverable information regarding plaintiff's claim in this case. "Mr. Quinn is expected to testify regarding his conversation with Danny Withers regarding plaintiff's claim." Exhibit 10 at 1 (emphasis added). Progressive said nothing about the Wold case, because there is nothing about the Wold case to say.

Progressive waived the attorney-client privilege with Mr. Quinn in this case in order to allow plaintiff the freedom to

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Response to Plaintiff's Supplement to Plaintiff's Opposition to Motion *in Limine* to Preclude Plaintiff from Calling Expert Witnesses
Page 2 of 6

ask Mr. Withers about his conversations with Mr. Quinn regarding plaintiff's claim and Mr. Withers' reliance, if any, on Mr. Quinn's advice to him regarding <u>plaintiff's claim</u>.  Plaintiff immediately availed himself of this opportunity.  Now, plaintiff misrepresents the facts and circumstances of Progressive's actions and wrongfully assails Progressive for taking actions that benefited him.

Contrary to plaintiff's repeated misrepresentations, Progressive[1] is <u>not</u> waiving any attorney-client privilege it may have with Mr. Quinn for any other reason (or any other case) other than the advice Mr. Quinn provided Mr. Withers <u>regarding plaintiff's claim in this case</u>.  The fact that Mr. Quinn represented Progressive Preferred Insurance Company in the <u>Wold</u> litigation is immaterial.  Plaintiff was well aware of Progressive's position – stated on the record – at the time of Mr. Withers' deposition.[2]

Progressive has not and will not acknowledge that any of the discovery plaintiff seeks in his First Set of Discovery Requests is relevant in this case.  <u>See</u> Progressive's Opposition

---

[1] Although "Progressive" is used loosely in these pleadings in this case, it must be remembered that this case involves Progressive Northwestern Insurance Company and the <u>Wold</u> case involved Progressive Preferred Insurance Company.  It is questionable whether Progressive Northwestern could waive a privilege held by Progressive Preferred. <u>See</u> Alaska R. Evid. 503.

[2] Progressive has not yet received a copy of Mr. Withers' deposition, but will provide the relevant portions of Mr. Withers' deposition to the court as soon as possible.

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Response to Plaintiff's Supplement to Plaintiff's Opposition to Motion *in Limine* to Preclude Plaintiff from Calling Expert Witnesses
Page 3 of 6

to Motion to Compel (DE#56).  Plaintiff's repeated assertions to the contrary are blatant misrepresentations of Progressive's position, which has been repeatedly communicated to plaintiff.  <u>Id</u>.

With regard to plaintiff's misrepresentations that Progressive "has now submitted documents regarding" <u>Wold</u>, plaintiff is again misrepresenting the facts.  At the close of Mr. Withers' deposition, Progressive provided plaintiff with its extra copies of the supplemental briefing by the parties in the Alaska Supreme Court in <u>Wold</u> on the issue of whether parents' loss of society claims were subject to the same "per person" limit of coverage.  <u>See</u> Progressive's Reply to Plaintiff's Conditional Non-Opposition to Progressive's Motion to Amend Answer (DE#55).  These are obviously legal briefs and arguments, not evidence.  Progressive provided the legal briefing as a <u>professional</u> <u>courtesy</u> to plaintiff.  It is unfathomable how plaintiff can turn a professional courtesy into a "bad act" and blame Progressive for having the courtesy to give him an extra copy of <u>legal briefing</u> on a similar issue in an unrelated case.

With regard to plaintiff's misrepresentation that Progressive produced "notes of conversations" with Mr. Quinn, plaintiff again misrepresents the facts.  Progressive waived its attorney-client privilege with Mr. Quinn regarding his conversations with Mr. Withers on plaintiff's claims in this

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Response to Plaintiff's Supplement to Plaintiff's Opposition to Motion *in Limine* to Preclude Plaintiff from Calling Expert Witnesses
Page 4 of 6

case.  As such, Progressive produced un-redacted copies of Progressive's Face Sheet Notes of Mr. Withers' comments on those conversations, which had been previously redacted pursuant to the privilege.  Redacted and un-redacted copies of those Face Sheet Notes are attached hereto as Exhibits A and B, respectively, so that the court may compare exactly how little was redacted and disclosed.

Also, the Face Sheet Notes are Mr. Withers' comments and were disclosed at Mr. Withers' deposition so that plaintiff would have the opportunity to depose him about the conversations and notes.  Plaintiff, in fact, availed himself of that opportunity.

No additional discovery needs to be conducted.  As stated many times, the <u>Wold</u> case is wholly separate and distinct and not relevant to any material issue in this case.  Plaintiff could have noticed the deposition of Mr. Quinn with regard to <u>this case</u> at any time after Progressive waived the attorney-client privilege.  Plaintiff simply has not bothered to do so.

Progressive has not withheld any discoverable information in this case.  Progressive has produced more information than was required.  However, at every turn, plaintiff persists in misrepresenting the facts and events and maligning Progressive for its courtesies and disclosures.  It is plaintiff

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Response to Plaintiff's Supplement to Plaintiff's Opposition to Motion *in Limine* to Preclude Plaintiff from Calling Expert Witnesses
Page 5 of 6

who is again indulging in abusive and unproductive discovery tactics.

For the foregoing reasons, plaintiff's Supplement should be struck as in violation of the Local Rules for filing supplemental materials, and disregarded by the court as inflammatory, intentional misrepresentations of the facts and circumstances in this case as part of plaintiff's continuing pattern and practice of abusive discovery.

DATED at Fairbanks, Alaska, this 26th day of July, 2006.

                        GUESS & RUDD P.C.
                        Attorneys for Progressive
                        Northwestern Insurance Company

               By:     /s/Aisha Tinker Bray
                        Guess & Rudd P.C.
                        100 Cushman Street, Suite 500
                        Fairbanks, Alaska  99701
                        Phone: 907-452-8986
                        Fax:   907-452-7015
                        Email: atbray@guessrudd.com
                        Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
26th day of July, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:   /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Response to Plaintiff's Supplement to Plaintiff's Opposition to Motion *in Limine* to Preclude Plaintiff from Calling Expert Witnesses
Page 6 of 6