## PART III - UNINSURED/UNDERINSURED MOTORIST COVERAGE

**INSURING AGREEMENT -
UNINSURED/UNDERINSURED MOTORIST
BODILY INJURY COVERAGE**

Subject to the Limits of Liability, if **you** pay a premium for Uninsured/Underinsured Motorist Coverage for **bodily injury**, **we** will pay for damages, other than punitive or exemplary damages, which an **insured person** is legally entitled to recover from the **owner** or operator of an **uninsured/underinsured motor vehicle** because of **bodily injury**:

1. sustained by an **insured person**;
2. caused by **accident**; and
3. arising out of the ownership, maintenance, or use of an **uninsured/underinsured motor vehicle**.

**INSURING AGREEMENT -
UNINSURED/UNDERINSURED MOTORIST
PROPERTY DAMAGE COVERAGE**

Subject to the Limit of Liability, if **you** pay a premium for Uninsured/Underinsured Motorist Coverage for **property damage**, **we** will pay for damages, other than punitive or exemplary damages, which an **insured person** becomes legally entitled to recover from the **owner** or operator of an **uninsured/underinsured motor vehicle** due to **property damage**:

1. caused by **accident**; and
2. arising out of the ownership, maintenance or use of an **uninsured/underinsured motor vehicle**.

**We** will pay under this Part III only after the limits of liability under all applicable liability bonds and policies have been exhausted by payment of judgments or settlements.

20

EXHIBIT _A_
Page _34_ of _68_

100,375

**ADDITIONAL DEFINITIONS**

When used in this Part III:

1. "**Insured person**" and "**insured persons**" mean:
   a.  **you** or a **relative**;
   b.  any person **occupying** a **covered vehicle**; and
   c.  any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a or b above.

2. "**Non-owned vehicle**" means any **vehicle**, and any **rental vehicle**, that is not **owned** by **you**, a **relative**, or the named insured's nonresident spouse.

3. "**Property damage**" means physical damage to or destruction of a **covered vehicle**.

4. "**Trailer**" means a utility vehicle designed to be towed on public roads by a **vehicle**.  It includes a farm wagon or farm implement while being towed by a **vehicle**.  It does not include a mobile home, a trailer that has built-in sleeping facilities, or a trailer used as an office, store, display, or passenger conveyance.

5. "**Uninsured/underinsured motor vehicle**" means a land motor vehicle or trailer of any type:
   a.  to which no liability bond or policy applies at the time of the **accident**;
   b.  to which a liability bond or policy applies at the time of the **accident**, but the bonding or insuring company:
       i.   denies coverage; or
       ii.  is or becomes insolvent;
   c.  that is a hit-and-run vehicle whose operator and **owner** cannot be identified and which comes into direct physical contact with:
       i.   **you** or a **relative**;
       ii.  a vehicle that **you** or a **relative** are **occupying**; or
       iii. a **covered vehicle**;

21

EXHIBIT *A*
Page **55** of **68**

100,376

provided that the **insured person**, or someone on his or her behalf, reports the **accident** to the police or civil authority within twenty-four (24) hours; or

d. to which a liability bond or policy applies at the time of the **accident**, but the amount payable under the policy or bond is less than the damages the **insured person** is legally entitled to recover for **bodily injury** or **property damage** from the owner or operator of the underinsured motor vehicle.

**ADDITIONAL PAYMENTS**

In addition to **our** Limit of Liability, **we** will pay for an **insured person,** only to the extent required by Alaska law:

1. prejudgment interest on benefits paid under this Part III for damages an **insured person** is legally entitled to recover from the owner or operator of an **uninsured/underinsured motor vehicle. We** only will pay prejudgment interest on that portion of **our** Limits of Liability under this Part III that are within or equal to the minimum limits required to be offered by Alaska law, as amended (currently $50,000 each person for **bodily injury**/$100,000 each **accident** for **bodily injury**/$25,000 each **accident** for **property damage**); and

2. **limited attorney fees** based on benefits paid under this Part III if such fees would be assessed against the **owner** or operator of an **uninsured/underinsured motor vehicle** for damages covered by this Part III. "**Limited attorney fees**" means that portion of the attorney fees taxed as costs under Alaska Rule of Civil Procedure 82 which does not exceed the amount allowed for a contested case in the schedule of attorney fees contained in Alaska Rule of Civil Procedure 82 computed using the Limit of Liability shown on the **Declarations Page** for this Part III. This is the most **we** will pay regardless of the number of:

22

EXHIBIT A
Page 36 of 68

100,377

a. claims made;
b. **covered vehicles**;
c. **insured persons**;
d. lawsuits brought;
e. vehicles involved in an **accident**; or
f. premiums paid.

**THIS POLICY LIMITS COVERAGE FOR ATTORNEY FEES UNDER ALASKA RULE OF CIVIL PROCEDURE 82.**

**We will not pay that portion of any award of attorney fees that is in excess of fees calculated by applying the schedule for contested cases in Alaska Rule of Civil Procedure 82(b)(1) to the Limit of Liability as shown on the Declarations Page of this policy for Part III.**

*This limitation means the potential costs that may be awarded against the liable tort-feasor as attorney fees may not be fully covered.*

For example, the attorney fees provided by the schedule for contested cases in Alaska Rule of Civil Procedure 82(b)(1) are:

20% of the first $25,000 of a judgment or claim settlement;
10% of the amounts over $25,000 of a judgment or claim settlement.

Therefore, if a court awards a judgment against the **owner** or operator of an **uninsured/underinsured motor vehicle** in the amount of $125,000, in addition to that amount, the **owner** or operator of an **uninsured/underinsured motor vehicle** would be liable under Alaska Rule of Civil Procedure 82(b)(1) for attorney fees of $15,000, calculated as follows:

| | |
|---|---|
| 20% of $25,000 | $5,000 |
| 10% of $100,000 | $10,000 |
| Total award $125,000 | Total attorney fees $15,000 |

23

EXHIBIT A
Page 37 of 68

100,378

If the Limit of Liability for Part III as shown on the **Declarations Page** of this policy is $100,000, and an **insured person** is legally entitled to recover $125,000 in damages from the **owner** or operator of an **uninsured/under-insured motor vehicle**, the most **we** will pay as benefits under this Part III is $100,000 of the $125,000 in damages and $12,500 for Alaska Rule of Civil Procedure 82(b)(1) attorney fees, calculated as follows:

| | |
|---|---|
| 20% of $25,000 | $5,000 |
| 10% of $75,000 | $7,500 |
| Total Limit of Liability $100,000 | Total Attorney Fees Covered $12,500 |

There would be no recovery of the remaining $25,000 in damages plus the remaining $2,500 for attorney fees under Alaska Rule of Civil Procedure 82 not covered by this policy.

If a court requires **us** under Alaska Rule of Civil Procedure 82 to provide coverage to an **insured person** for any part of attorney fees incurred as a result of damages caused by an **uninsured/underinsured motor vehicle**, **we** will not pay more than the **limited attorney fees** defined and described above. **We** will not be required to make any payment of **limited attorney fees** under Alaska Rule of Civil Procedure 82 which would duplicate attorney fees any other insurer or entity has paid or is required to pay to the **insured person**.

If there is other attorney fees coverage, **we** will pay only **our** share. **Our** share is the proportion that the amount payable for **limited attorney fees** under this policy bears to the total amount payable for attorney fees under similar coverage. Any coverage **we** provide for **limited attorney fees** shall be excess to any other applicable coverage where permitted by law.

24

EXHIBIT **A**

Page **38** of **68**

100,379

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**

Coverage under this Part III is not provided for **bodily injury** sustained by any person:

1. while **occupying** a **covered vehicle** without the express or implied permission of **you** or a **relative**;

2. while **occupying** a **non-owned vehicle** without the express or implied permission of the **owner**;

3. while **occupying** a vehicle **owned** by **you** or a **relative**, to which no liability bond or policy applies at the time of the **accident**;

4. while **occupying** a vehicle **owned** by **you** or a **relative**, other than a **covered vehicle**, to which liability coverage applies, but the applicable liability limit is less than the damages the injured person is legally entitled to recover;

5. in an **accident** caused by any motorized vehicle or equipment **owned** by **you** or a **relative** that is described in subsections a, b, or c of the definition of "**uninsured/underinsured motor vehicle**";

6. who is an **insured person**, arising out of an **accident** caused by any motorized vehicle or equipment **owned** by **you** or a **relative** that is described in subsection d of the definition of "**uninsured/underinsured motor vehicle**", unless the vehicle is a **covered vehicle** which the **insured person** was **occupying** at the time of the **accident**;

7. in an **accident** caused by any motorized vehicle or equipment **owned** or operated by a self-insurer under any applicable vehicle law, except:

   a. a self-insurer that is or becomes insolvent; or

   b. an underinsured motor vehicle as described in subsection d of the definition of "**uninsured/underinsured motor vehicle**";

25

EXHIBIT *A*
Page 39 of 68
100,380

8. in an **accident** caused by any motorized vehicle or equipment operated on stationary rails or tracks; or

9. in an **accident** caused by any motorized vehicle or equipment designed mainly for use off public roads, while not on public roads.

Coverage under this Part III is not provided for **property damage**:

1. to a **covered vehicle** resulting from any pre-arranged or organized racing, speed or demolition contest, stunting activity or in practice or preparation for any such contest or activity;

2. to a **trailer owned** by **you** that is not shown on the **Declarations Page**. However, this exclusion does not apply to a **trailer** that **you** acquire during the policy period shown on the **Declarations Page** if **you** ask **us** to insure it within thirty (30) days after **you** become the **owner** and **you** pay the appropriate premium;

3. to a **covered vehicle** resulting from an **accident** caused by any motorized vehicle or equipment **owned** by **you** or a **relative** that is described in subsections a, b, or c of the definition of "**uninsured/underinsured motor vehicle**";

4. to a **covered vehicle** resulting from an **accident** caused by any motorized vehicle or equipment **owned** by **you** or a **relative** that is described in subsection d of the definition of "**uninsured/underinsured motor vehicle**", unless the vehicle is a **covered vehicle** which the **insured person** was **occupying** at the time of the **accident**;

5. to a **covered vehicle** resulting from an **accident** caused by any motorized vehicle or equipment **owned** or operated by a self-insurer under any applicable vehicle law, except:

   a. a self-insurer that is or becomes insolvent; or

   b. an underinsured motor vehicle as described in subsection d of the definition of "**uninsured/underinsured motor vehicle**";

26

EXHIBIT A
Page 40 of 68

100,381

6. to a **covered vehicle** resulting from an **accident** caused by any motorized vehicle or equipment operated on stationary rails or tracks; or

7. to a **covered vehicle** resulting from an **accident** caused by any motorized vehicle or equipment designed mainly for use off public roads, while not on public roads.

Coverage under this Part III for **property damage** does not include loss of use of a **vehicle**.

Coverage under this Part III will not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar laws:

1. workers' compensation law; or
2. disability benefits law.

If a court with proper jurisdiction finds an exclusion under this Part III unenforceable or inapplicable because of the financial responsibility requirements under the laws of the State of Alaska, the exclusion:

1. will not apply to the extent that the damages are within the minimum limits of coverage required by Alaska law, as amended (currently $50,000 each person for **bodily injury**/$100,000 each **accident** for **bodily injury**/$25,000 each **accident** for **property damage**;

2. will apply to all damages resulting from an **accident** that exceed the minimum limits required by Alaska law.

**LIMITS OF LIABILITY**

The Limit of Liability shown on the **Declarations Page** for the coverages under this Part III is the most **we** will pay regardless of the number of:

1. claims made;
2. **covered vehicles**;
3. **insured persons**;
4. lawsuits brought;

27

EXHIBIT **A**
Page **41** of **68**

100,382

5.  vehicles involved in an **accident**; or
6.  premiums paid.

If the **Declarations Page** shows that "combined single limits" or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one (1) **accident**. **We** will apply the "each person" Limit of Liability as required by the law of the state listed on **your** application as **your** residence. However, this provision does not change our total "each accident" Limit of Liability.

If **your Declarations Page** shows a split limit:
1.  the amount shown for "each person" is the most **we** will pay for all damages due to a **bodily injury** to one (1) person;
2.  subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two (2) or more persons in any one (1) **accident**; and
3.  the amount shown for "property damage" is the most **we** will pay for the total of all **property damage** caused by any one (1) **accident**.

The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

**Our** Limit of Liability under this Part III for **property damage** to a **covered vehicle** arising out of one (1) **accident** is the lowest of:
1.  the actual cash value of the **covered vehicle** at the time of the **accident** reduced by the deductible shown on the **Declarations Page** and by its salvage value if **you** retain the salvage;

28

EXHIBIT *A*
Page 42 of 68

100,383

2. the amount necessary to replace the **covered vehicle**, reduced by the deductible shown on the **Declarations Page**;

3. the amount necessary to repair the **covered vehicle** to its pre-**loss** condition, reduced by the deductible shown on the **Declarations Page**; or

4. any Limit of Liability shown on the **Declarations Page** for "property damage" under this Part III reduced by the salvage value of the **covered vehicle** if **you** retain the salvage.

Payments for **property damage** under this Part III are subject to the following provisions:

1. no more than one (1) deductible shall be applied to any one (1) **accident**; and

2. an adjustment for depreciation and physical condition will be made in determining the Limit of Liability at the time of the **accident**.

The damages recoverable by an **insured person** under this Part III shall be reduced by all sums:

1. paid by or on behalf of any persons or organizations who may be legally responsible, including, but not limited to, all sums paid under Part I - Liability To Others for **bodily injury** and under Part IV - Damage To A Vehicle for **property damage**;

2. paid or payable under any valid and collectible automobile medical payments insurance, including, but not limited to, all sums paid or payable under Part II - Medical Payments Coverage; and

3. paid or payable because of **bodily injury** under any of the following or similar laws:

   a. workers' compensation law; or

   b. disability benefits law.

If **you** are insured by **us** or an affiliated company under any other policy providing uninsured/underinsured motorist coverage, **you** are entitled to uninsured/underinsured motorist coverage under only one (1) of those policies. The policy with the highest Limit of Liability will apply.

29

EXHIBIT A
Page 43 of 68

100,384

No one will be entitled to duplicate payments for the same elements of damages.

Any judgment or settlement for damages against an operator or **owner** of an **uninsured/underinsured motor vehicle** which arises out of a lawsuit brought without **our** written consent is not binding on **us**.

## OTHER INSURANCE

If an **insured person** is entitled to uninsured or underinsured motorist coverage under more than one (1) policy providing motor vehicle liability coverage, payments will be made in the following order of priority, subject to the limit of liability of each applicable policy or coverage:

1.  a policy or coverage covering a motor vehicle occupied by the injured person or a policy or coverage covering a pedestrian as a named insured;

2.  a policy or coverage covering a motor vehicle occupied by the injured person as an insured other than as a named insured;

3.  a policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as a named insured;

4.  a policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as an insured other than as a named insured;

5.  a policy or coverage covering, as excess, umbrella, or similar insurance, a motor vehicle occupied by the injured person or a policy or coverage covering, as excess, umbrella, or similar insurance, a pedestrian as a named insured;

6.  a policy or coverage covering, as excess, umbrella, or similar insurance, a motor vehicle occupied by the injured person or a policy or coverage covering, as excess, umbrella, or similar insurance, a pedestrian as an insured other than as a named insured;

30

EXHIBIT __A__
Page __44__ of __68__

100,385

7. a policy or coverage not covering a motor vehicle occupied by the injured person but covering, as excess, umbrella, or similar insurance, the injured person as a named insured;

8. a policy or coverage not covering a motor vehicle occupied by the injured person but covering, as excess, umbrella, or similar insurance, the injured person as an insured other than as a named insured.

**We** will not pay for any damages which would duplicate any payment made for damages under other insurance.

## APPRAISAL

Determination of the amount of **property damage** sustained will be made by agreement between **you** and **us**. If no agreement is reached, then the determination of the amount of the **property damage** may be determined by appraisal. If either party elects appraisal, then each party shall appoint a competent and impartial appraiser and notify the other of its choice within ten (10) days of the written demand for appraisal. The two appraisers will promptly choose a competent and impartial umpire. Not later than fifteen (15) days after the umpire is chosen, unless the time period is extended by the umpire, each appraiser will separately state in writing the amount of the **property damage**. If the appraisers submit a written report of agreement on the amount of the **property damage**, the agreed amount will be binding upon the parties. If the appraisers fail to agree, the disagreement will be submitted to the umpire. A decision with respect to the amount of the **property damage** agreed to by the umpire and any one (1) of the appraisers shall be binding upon the parties. Each party shall pay expenses and fees incurred for its own counsel and adjuster. All other fees and costs incurred because of the appraisal shall be paid as determined by the umpire. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

31

EXHIBIT A

Page 45 of 68

100,386

## ARBITRATION

Determination of whether an **insured person** is legally entitled to recover damages, and the amount of **bodily injury** damages, will be made by agreement between the **insured person** and **us**. If no agreement is reached, the decision may be made by arbitration if **we** and the **insured person** agree to arbitration prior to the expiration of the **bodily injury** statute of limitations in the state in which the **accident** occurred.

If both parties agree to arbitrate, each party shall select an arbitrator. The two arbitrators will select a third. If the two arbitrators cannot agree on a third arbitrator within thirty (30) days, then on joint application by **us** and the **insured person**, the third arbitrator will be appointed by a court having jurisdiction.

Each party shall pay the fees of its own counsel or adjuster. All other costs and fees incurred because of arbitration shall be paid as determined by the arbitrators.

Unless both parties agree otherwise, arbitration will take place in the judicial district where the **insured person** resides. Local rules of civil procedure and evidence will apply.

A decision agreed to by two of the arbitrators will be binding as to whether the **insured person** is legally entitled to recover damages from an uninsured or underinsured motorist, and the amount of damages. The arbitrators shall have no authority to award an amount in excess of the Limit of Liability. The decision of the arbitrators is binding only if the amount of the award does not exceed the minimum limit of liability specified by the financial responsibility laws of the state listed on **your** application as **your** residence (currently $50,000 each person for **bodily injury**/$100,000 each **accident** for **bodily injury**/$25,000 each **accident** for **property damage** in Alaska, as amended). If the award of the arbitrators is in an amount which exceeds this minimum limit, either party may demand the right to a trial. This demand

32

EXHIBIT A
Page 46 of 68

100,387

must be made in writing within sixty (60) days of the arbitrators' decision. If the demand is not made within sixty (60) days, the amount of damages agreed to by the arbitrators will be binding.

## PART IV - DAMAGE TO A VEHICLE

**INSURING AGREEMENT - COLLISION COVERAGE**

If **you** pay a premium for Collision Coverage, **we** will pay for **loss** to a:
1. **covered vehicle** for which Collision Coverage has been purchased;
2. **non-owned vehicle;**
3. **rental vehicle;** or
4. **trailer;**

when it collides with another object or overturns, subject to the Limits of Liability.

**INSURING AGREEMENT - COMPREHENSIVE COVERAGE**

If **you** pay a premium for Comprehensive Coverage, **we** will pay for comprehensive **loss** to a:
1. **covered vehicle** for which Comprehensive Coverage has been purchased;
2. **non-owned vehicle;**
3. **rental vehicle;** or
4. **trailer;**

subject to the Limits of Liability.

A comprehensive **loss** is a **loss** to a **covered vehicle, non-owned vehicle, rental vehicle,** or **trailer,** caused by any event other than collision, including, but not limited to, any of the following:
1. contact with an animal (including a bird);
2. explosion or earthquake;
3. fire;
4. malicious mischief or vandalism;
5. missiles or falling objects;
6. riot or civil commotion;
7. theft or larceny; or
8. windstorm, hail, water, or flood.

33

EXHIBIT A
Page 47 of 68

100,388

If **you** pay a premium for Comprehensive Coverage under this policy, **we** will pay **you** up to the greater of:

1. $20 each day for thirty (30) days; or
2. any higher Limit of Liability purchased as Rental Reimbursement Coverage that is shown on the **Declarations Page**;

for any one (1) **loss**, for:

1. transportation expenses incurred by **you** if a **covered vehicle** to which Comprehensive Coverage applies is stolen; or
2. loss of use damages that **you** are legally liable to pay if a **non-owned vehicle**, or any **rental vehicle** with a gross vehicle weight of 10,000 pounds or less, is stolen.

Transportation expenses and loss of use damages coverage begins forty-eight (48) hours after **you** report the theft to **us**, and ends the earlier of when the **covered vehicle, non-owned vehicle**, or **rental vehicle** with a gross vehicle weight of 10,000 pounds or less has been:

1. recovered and returned to **you** or its **owner** without need for repair;
2. recovered and repaired;
3. replaced; or
4. if the **covered vehicle, non-owned vehicle**, or **rental vehicle** with a gross vehicle weight of 10,000 pounds or less is deemed by **us** to be a **total loss** or unrecoverable, forty-eight (48) hours after **we** make an offer to pay the applicable limit of liability under this Part IV.

**You** must provide **us** written proof of **your** transportation expenses and loss of use damages.

If **we** can pay the **loss** under either Comprehensive Coverage or Collision Coverage, **we** will pay under the coverage where **you** collect the most.

34

EXHIBIT A
Page 48 of 68

100,389

## INSURING AGREEMENT - CUSTOM PARTS OR EQUIPMENT COVERAGE

Subject to the Limits of Liability, if **you** pay a premium for Comprehensive Coverage or Collision Coverage, **we** will pay for theft of, or damage to, **custom parts or equipment** resulting from any **loss** for which Comprehensive Coverage or Collision Coverage is provided under the terms of this policy, other than for a **rental vehicle**. All payments for **loss** to **custom parts or equipment** shall be reduced by the applicable deductible; but only one (1) deductible may be applied to any one (1) **loss** in an **accident** which is covered by this Part IV.

Unless **you** pay a premium for Additional Custom Parts Or Equipment Coverage, and it is shown on the **Declarations Page**, the Limit of Liability for **loss** to **custom parts or equipment** is the lowest of:

1.  the actual cash value of such **custom parts or equipment**, reduced by the applicable deductible and by its salvage value if **you** or the **owner** retain the salvage;
2.  the amount necessary to repair or replace such **custom parts or equipment**, reduced by the applicable deductible; or
3.  $1,000.

If **you** purchase Additional Custom Parts Or Equipment Coverage:

1.  the $1,000 limit shall not apply; and
2.  the limit of liability set forth in the Additional Custom Parts Or Equipment Coverage shall apply.

Coverage for **custom parts or equipment** shall not cause **our** Limit of Liability for **loss** to a **vehicle** under this Part IV to be increased to an amount in excess of the actual cash value of the **vehicle**.

35

EXHIBIT **A**

Page **49** of **68**

100,390

**INSURING AGREEMENT - ADDITIONAL
CUSTOM PARTS OR EQUIPMENT COVERAGE**

If **you** pay a premium for Additional Custom Parts
Or Equipment Coverage, the Limit of Liability for
**loss** to **custom parts or equipment** is the lowest
of:

1.  the actual cash value of such **custom parts
    or equipment**, reduced by the applicable
    deductible and by its salvage value if **you** or
    the **owner** retain the salvage;
2.  the amount necessary to repair or replace
    such **custom parts or equipment**, reduced
    by the applicable deductible; or
3.  the declared value of such **custom parts or
    equipment**.

This coverage applies only to a **covered vehicle**
for which Additional Custom Parts Or Equipment
Coverage has been purchased.

Coverage for additional **custom parts or equip-
ment** shall not cause **our** Limit of Liability for **loss**
to a **vehicle** under this Part IV to be increased to
an amount in excess of the actual cash value of
the **vehicle**.

**ADDITIONAL DEFINITIONS**

When used in this Part IV:

1.  "**Custom parts or equipment**" means equip-
    ment, devices, accessories, enhancements,
    and changes, other than those which are
    original manufacturer installed, which:
    a.  are permanently installed or attached;
        and
    b.  alter the appearance or performance of a
        **vehicle**.
    This includes any electronic equipment,
    antennas, and other devices used exclusive-
    ly to send or receive audio, visual, or data sig-
    nals, or to play back recorded media, other
    than those which are original manufacturer
    installed, that are permanently installed in a
    **covered vehicle** or **non-owned vehicle**
    using bolts or brackets, including slide-out
    brackets.

36

EXHIBIT A
Page 50 of 68

100,391

2. **"Non-owned vehicle"** means any **vehicle**, other than a **rental vehicle**, that is not **owned** by **you**, a **relative**, a resident of **your** household, or the spouse of the named insured even if not residing in the same household as the named insured, while in the custody of, or being operated by, **you** or a **relative** with the express or implied permission of the **owner**. A **non-owned vehicle** will be provided the broadest coverage applicable to any **vehicle** shown on the **Declarations Page**.

3. **"Property damage"** means physical damage to, or destruction or loss of use of, tangible property.

4. **"Total loss"** means:

   a. the theft of the **covered vehicle**, if the **covered vehicle** is not recovered within thirty (30) days; or

   b. any other **loss** to the **covered vehicle** that is payable under this Part IV, if the cost to repair the damage to the **covered vehicle** exceeds the actual cash value of the **covered vehicle** at the time of the **loss**.

5. **"Trailer"** means a vehicle, including a farm wagon or farm implement, designed to be towed on public roads, that is:

   a. **owned** by **you**; or

   b. not **owned** by **you**, while being towed by a **covered vehicle**.

   **"Trailer"** does not include a mobile home, or a trailer used as an office, store, display, or passenger conveyance.

**<u>EXCLUSIONS</u> - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART IV.**

Coverage under this Part IV does not apply for **loss**:

1. to a **covered vehicle**, **non-owned vehicle**, or **trailer**, while being used to carry persons or property for compensation or a fee, includ-

37

EXHIBIT A
Page 51 of 68

100,392

ing, but not limited to, delivery of magazines, newspapers, food, or any other products. This exclusion does not apply to shared-expense car pools;

2. to a **non-owned vehicle** or **trailer**, other than one rented by **you** or a **relative**, if being maintained or used by a person while employed or engaged in any **business** not described in exclusion 3 below. This exclusion does not apply to the use by **you** or any **relative** of a **non-owned vehicle** that is a private passenger vehicle or **trailer**;

3. to a **non-owned vehicle**, **rental vehicle**, or **trailer** while being used or driven by a person while employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles;

4. to a **covered vehicle**, **non-owned vehicle**, or **rental vehicle** resulting from any pre-arranged or organized racing, speed or demolition contest, stunting activity, or in practice or preparation for any such contest or activity;

5. to a **covered vehicle**, **non-owned vehicle**, **rental vehicle**, or **trailer**, due to a nuclear reaction or radiation;

6. to a **covered vehicle**, **non-owned vehicle**, **rental vehicle**, or **trailer**, for which insurance is afforded under a nuclear energy liability insurance contract;

7. due to destruction or confiscation by governmental or civil authorities of a **covered vehicle**, **non-owned vehicle**, **rental vehicle**, or **trailer**, because **you** or any **relative** engaged in illegal activities;

8. to a **covered vehicle**, **non-owned vehicle**, **rental vehicle**, or **trailer**, caused by an intentional act of **you** or a **relative** or at the direction of **you** or a **relative**;

9. to a **covered vehicle**, **non-owned vehicle**, **rental vehicle**, or **trailer**, that is due and confined to:

   a. wear and tear;

   b. freezing;

38

EXHIBIT A
Page 52 of 68

100,393

   c.  mechanical or electrical breakdown or failure; or

   d.  road damage to tires.

This exclusion does not apply if the damage results from the theft of a **covered vehicle**, **non-owned vehicle**, **rental vehicle**, or **trailer**;

10. due to theft or conversion of a **covered vehicle**, **non-owned vehicle**, **rental vehicle**, or **trailer**:

   a.  by **you**, a **relative**, or any resident of **your** household;

   b.  prior to its delivery to **you** or a **relative**; or

   c.  while in the care, custody, or control of anyone engaged in the **business** of selling the **vehicle**, **rental vehicle**, or **trailer**;

11. to tapes, compact discs, cassettes, and other recording or recorded media;

12. to any case or other container designed for use in storing or carrying tapes, compact discs, cassettes, or other recording or recorded media;

13. to any device used for the detection or location of radar, laser, or other speed measuring equipment or its transmissions;

14. to **custom parts or equipment** in excess of the applicable Limit of Liability; or

15. to a **covered vehicle**, **non-owned vehicle**, **rental vehicle**, or **trailer**, for diminution of value.

## LIMITS OF LIABILITY

1. The Limit of Liability for **loss** to a **covered vehicle**, **non-owned vehicle**, **rental vehicle**, or **trailer** is the lowest of:

   a.  the actual cash value of the stolen or damaged property at the time of the **loss**, reduced by the applicable deductible shown on the **Declarations Page**, and by its salvage value if **you** or the **owner** retain the salvage;

   b.  the amount necessary to replace the stolen or damaged property, reduced by

39

EXHIBIT A
Page 53 of 68

100,394

the applicable deductible shown on the **Declarations Page**;

c.  the amount necessary to repair the damaged property to its pre-**loss** condition, reduced by the applicable deductible shown on the **Declarations Page**; or

d.  any applicable Limit of Liability or Stated Amount Vehicle Coverage elected by **you**, reduced by its salvage value if **you** or the **owner** retain the salvage.

However, if the **loss** is to a **trailer**, the applicable Limit of Liability shall not exceed $500.

2.  Payments for **loss** covered under Collision, Comprehensive, and Custom Parts Or Equipment coverages are subject to the following provisions:

a.  no more than one (1) deductible shall be applied to any one (1) covered **loss**;

b.  if coverage applies to a **non-owned vehicle** or **rental vehicle**, **we** will provide the broadest coverage applicable to any **vehicle** shown on the **Declarations Page**, however the highest deductible on any **covered vehicle** shall apply;

c.  if Stated Amount Vehicle Coverage is elected by **you**, that stated Limit of Liability will be the total Limit of Liability applicable for **loss** to a **covered vehicle**, including its **custom parts or equipment**;

d.  an adjustment for depreciation and physical condition will be made in determining the Limit of Liability at the time of **loss**;

e.  in determining the amount necessary to repair damaged property to its pre-**loss** condition, **our** estimate will be based on:

i.  the prevailing competitive labor rates charged in the area where the property is to be repaired, as reasonably determined by **us**; and

ii.  the cost of repair or replacement parts and equipment which may be new, refurbished, restored, or used, including, but not limited to:

40

100,395

(a) original manufacturer parts or equipment; and

(b) nonoriginal manufacturer parts or equipment;

f.  the actual cash value is determined by the market value, age and condition of the **vehicle** or **rental vehicle** at the time the **loss** occurs; and

g.  duplicate recovery for identical elements of damages is not permitted under this policy.

3.  If more than one (1) **vehicle** is shown on **your Declarations Page**, coverage will be provided as specified on the **Declarations Page** as to each **vehicle**.

4.  Any payment made to a person under this Part IV shall be reduced by any amount paid for **property damage** under Part III - Uninsured/Underinsured Motorist Coverage of this policy.

**INSURING AGREEMENT - RENTAL VEHICLE PHYSICAL DAMAGE COVERAGE**

If **you** have not paid a premium for coverage under this Part IV for **loss** to a **covered vehicle**, but **you** have paid a premium for Rental Vehicle Physical Damage Coverage, then subject to the Limits of Liability, **we** will provide Comprehensive Coverage and Collision Coverage under this Part IV for **loss** to a **rental vehicle** used by **you** in the United States or Canada.

If there is other applicable physical damage insurance or bond for an **accident** or **loss** arising out of the use of a **rental vehicle**, payments from all applicable policies or sources of coverage will be made in the following order of priority:

1.  from a policy or coverage purchased by the operator from the person or entity who has the **rental vehicle** available for rent; then

2.  from a policy or coverage covering the operator of a **rental vehicle** but not purchased from the person or entity who has the **rental vehicle** available for rent; then

41

EXHIBIT _A_

Page _55_ of _68_

100,396

3. from a policy or coverage of the person or entity who has the **rental vehicle** available for rent.

## INSURING AGREEMENT - EMERGENCY TOWING AND LABOR COVERAGE

If **you** pay a premium for Emergency Towing And Labor Coverage for a **covered vehicle**, **we** will pay for towing and labor costs incurred by **you** as a result of the disablement of the **covered vehicle** for which this coverage has been purchased or for disablement of a **non-owned vehicle**, or a **rental vehicle** with a gross vehicle weight of 10,000 pounds or less, subject to the Limit of Liability shown on the **Declarations Page**, provided that:

1. the labor is performed at the place of disablement; and
2. the disablement does not occur at **your** residence.

## INSURING AGREEMENT - RENTAL REIMBURSEMENT COVERAGE

Subject to the Limit of Liability, if **you** pay a premium for Rental Reimbursement Coverage, **we** will reimburse rental charges incurred when **you** rent a **vehicle** from a rental agency or vehicle repair shop due to a **loss** to a **covered vehicle** that is payable under Comprehensive Coverage or Collision Coverage under this Part IV. However, this coverage:

1. does not apply to theft of a **covered vehicle**; and
2. applies only to a **loss** to a **covered vehicle** for which this coverage has been purchased.

**Our** Limit of Liability is the amount and the number of days shown on the **Declarations Page**.

Rental charges will be reimbursed beginning:

1. when the **covered vehicle** cannot be driven due to a **loss**; or

42

EXHIBIT $A$

Page 56 of 68

100,397

2.  if the **covered vehicle** can be driven, when
**you** deliver the **covered vehicle** to a vehicle
repair shop for repairs due to the **loss**;

and ending the earlier of when the **covered vehi-
cle** has been:

1.  returned to **you**;
2.  repaired;
3.  replaced; or
4.  if the **covered vehicle** is deemed by **us** to be
a **total loss**, forty-eight (48) hours after **we**
make an offer to pay the applicable Limit of
Liability under this Part IV.

**You** must provide **us** written proof of **your** rental
charges.

Duplicate recovery for identical elements of dam-
ages is not permitted under this policy.

**LOAN/LEASE PAYOFF COVERAGE**

If **you** pay a premium for Loan/Lease Payoff
Coverage for a **covered vehicle**, and the **cov-
ered vehicle** for which this coverage has been
purchased sustains a **total loss**, **we** will pay, in
addition to any amounts otherwise payable under
this Part IV, the difference between:

1.  the actual cash value of the **covered vehicle**
at the time of the **total loss** reduced by the
applicable deductible and by its salvage
value if **you** or the **owner** retain the salvage;
and
2.  any greater amount the **owner** of the **cov-
ered vehicle** is legally obligated to pay under
a written loan or lease agreement to which
the **covered vehicle** is subject at the time of
the **total loss**, reduced by any:
    a.  unpaid finance charges or refunds due to
the **owner** for such charges;
    b.  excess mileage charges or charges for
wear and tear;
    c.  charges for extended warranties or
refunds due to the **owner** for extended
warranties;

43

EXHIBIT _A_
Page _57_ of _68_

100,398

   d.  charges for credit insurance or refunds due to the **owner** for credit insurance;

   e.  past due payments and charges for past due payments;

   f.  collection or repossession expenses; and

   g.  by its salvage value if **you** retain the salvage.

However, **our** payment under this Loan/Lease Payoff Coverage shall not exceed twenty-five percent (25%) of the actual cash value of the **covered vehicle** at the time of the **total loss**.

LOAN/LEASE PAYOFF COVERAGE APPLIES ONLY WHILE THE **COVERED VEHICLE** IS COVERED FOR BOTH COLLISION AND COMPREHENSIVE COVERAGE.

## PAYMENT OF LOSS

At **our** expense, **we** may return any stolen property to **you** or to the address shown on the **Declarations Page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value. **We** may settle any **loss** with **you** or the **owner** or lienholder of the property.

## NO BENEFIT TO BAILEE

Coverage under this Part IV will not directly or indirectly benefit any carrier or other bailee for hire.

## LOSS PAYEE AGREEMENT

Payment for **loss** to a **covered vehicle** will be made according to **your** interest and the interest of any Loss Payee or lienholder shown on the **Declarations Page** or designated by **you**. Payment may be made to both jointly, or separately, at **our** discretion.

44

EXHIBIT _A_

Page _58_ of _68_

100,399

Where **loss** is due to **your** or a **relative's** theft or conversion of a **covered vehicle**, the Loss Payee or lienholder's interest will not be protected.

**We** will be entitled to the Loss Payee or lienholder's rights of recovery, to the extent of **our** payment to the Loss Payee or lienholder.

**OTHER INSURANCE**

If there is other applicable insurance, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** Limit of Liability bears to the total of all applicable limits of liability. However, any insurance that **we** provide for a **vehicle** or **rental vehicle**, other than a **covered vehicle**, or for any **trailer**, will be excess over any other collectible source of recovery including, but not limited to:

1. any coverage provided by the **owner** of the **non-owned vehicle**, **rental vehicle** or **trailer**; and
2. any other applicable physical damage insurance.

**APPRAISAL**

If **we** cannot agree with **you** on the amount of a **loss**, then **we** or **you** may make a written demand for an appraisal of the **loss**. If so, each party shall appoint a competent and impartial appraiser and notify the other of its choice within ten (10) days of the written demand. The two appraisers will promptly choose a competent and impartial umpire. Not later than fifteen (15) days after the umpire is chosen, unless the time period is extended by the umpire, each appraiser will separately state in writing the amount of the **loss**. If they fail to agree, the disagreement will be submitted to the umpire. A decision with respect to the amount of the **property damage** agreed to by the umpire and any one (1) of the appraisers shall be binding upon the parties. Each party shall pay expenses and fees incurred for its own counsel and adjuster. All other fees and costs incurred

45

EXHIBIT *A*
Page *59* of *68*

100,400

because of the appraisal shall be paid as deter-mined by the umpire. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

## GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

This policy applies only to **accidents** and **losses** occurring during the policy period shown on the **Declarations Page** and which occur within any state, territory, or possession of the United States of America, or any province or territory of Canada, or while a **covered vehicle**, non-owned vehicle, **rental vehicle**, or trailer is being transported between their ports.

### POLICY CHANGES

This policy, **your** insurance application (which is made a part of this policy as if attached hereto), and endorsements issued by **us** to this policy contain all the agreements between **you** and **us**. Subject to the following, its terms may not be changed or waived except by an endorsement issued by **us**.

The premium for each **vehicle** is based on infor-mation **we** have received from **you** or other sources. **You** agree to cooperate with **us** in determining if this information is correct and com-plete, and **you** will notify **us** if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, **we** may adjust **your** premium during the policy period, or take other appropriate action. To prop-erly insure **your vehicle**, **you** must promptly noti-fy **us** when:
1. **you** change **your** address;
2. any resident operators are added or deleted; or
3. **you** acquire an additional or replacement **vehicle**.

46

EXHIBIT *A*
Page *6D* of *68*

100,401

Changes that may result in a premium adjustment are contained in **our** rates and rules. These include, but are not limited to:

1. changes in the number, type, or use classification of **covered vehicles**;
2. changes in operators using **covered vehicles** or changes in their marital status;
3. a **relative** obtaining a driver's license or operator's permit;
4. changes in the place of principal garaging of any **covered vehicle**;
5. changes in coverage, deductibles, or limits of liability; or
6. changes in rating territory or discount eligibility.

## TERMS OF POLICY CONFORMED TO STATUTES

If any provision of this policy fails to conform with the legal requirements of the state listed on **your** application as **your** residence, the provision shall be deemed amended to conform with such legal requirements. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on **your** application as **your** residence.

## TRANSFER

This policy may not be transferred to another person without **our** written consent. If a named insured dies, this policy will provide coverage until the end of the policy period for the legal representative of the named insured, while acting as such, and for persons covered under this policy on the date of the named insured's death.

## FRAUD OR MISREPRESENTATION

This policy was issued in reliance upon the information provided on **your** insurance application. **We** may deny coverage under this policy if **you** or an insured person have knowingly concealed or

47

EXHIBIT *A*
Page 6/ of 68

100,402

misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made. **We** may deny coverage under this policy for fraud or misrepresentation after the occurrence of an **accident** or **loss**. This means that **we** will not be liable for any claims or damages which would otherwise be covered. However, if **we** certify this policy as proof of financial responsibility, this shall not affect coverage under Part I - Liability To Others of this policy up to the minimum limits of liability required by the Alaska Motor Vehicle Safety Responsibility Act, as amended (currently $50,000 each person for **bodily injury**/$100,000 each **accident** for **bodily injury**/$25,000 each **accident** for **property damage**).

**We** may deny coverage for an **accident** or **loss** if **you** or an insured person have knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

## PAYMENT OF PREMIUM

A charge may be added to **your** account if:
1.  **you** tender a check, draft, remittance or other method of payment to **us** for any full or partial payment of **your** premium and the check, draft, remittance or other method of payment is returned to **us** or refused because of insufficient funds, a closed account, or a stop payment; or
2.  **your** premium payment is received after the due date but prior to cancellation.

## CANCELLATION

**You** may cancel this policy by calling or writing **us**, and stating the future date that **you** wish the cancellation to be effective.

**We** may cancel this policy by mailing a notice of cancellation to the named insured shown on the **Declarations Page** at the last known address appearing in **our** records.

48

EXHIBIT *A*
Page *62* of *68*

100,403

Notice of cancellation will be mailed at least thirty (30) days before the effective date of cancellation except as follows:

1. If this policy is canceled because an operator's license or the registration of a **covered vehicle** has been suspended or revoked, notice will be mailed at least ten (10) days before the effective date of cancellation.

2. If this policy is canceled for non-payment of premium, notice will be mailed at least twenty (20) days before the effective date of cancellation.

3. If this policy is issued for a period of seven (7) days or less, it will expire at the end of the policy period and no notice will be mailed.

**We** may cancel this policy for any reason within the first fifty-nine (59) days of the initial policy period.

Once this policy has been in effect for sixty (60) days, or if this is a renewal or continuation policy, **we** may cancel only for one (1) or more of the following reasons:

1. **you** do not pay the required premium for this policy when due;

2. loss of driving privileges through suspension or revocation of **your** operator's license or that of a principal operator during the policy period or, if this is a renewal policy, during the policy period or the one hundred eighty (180) days immediately preceding the effective date of the renewal, unless the license was revoked under AS §28.15.183 or AS §28.15.185, as amended, for possession or consumption of alcohol in a situation where the person was not driving and was in violation of AS §04.16.050, as amended, or a municipal ordinance with substantially similar elements; or

3. the registration of any **covered vehicle** has been suspended or revoked during the policy period or, if this is a renewal policy, during the

49

EXHIBIT *A*
Page *63* of *68*

100,404

policy period or the one hundred eighty (180) days immediately preceding the effective date of the renewal, unless the registration was revoked under AS §28.15.183 or AS §28.15.185, as amended, for possession or consumption of alcohol in a situation where the person was not driving and was in violation of AS §04.16.050, as amended, or a municipal ordinance with substantially similar elements.

Upon cancellation, **you** may be entitled to a premium refund. If this policy is canceled, any refund due will be computed on a daily pro-rata basis. If this policy is canceled, coverage will not be provided after the effective date shown in the notice of cancellation.

**NONRENEWAL**

If **we** decide not to renew or continue this policy, other than for non-payment of premium, **we** will mail notice of nonrenewal to the named insured shown on the **Declarations Page** at the last known address appearing in **our** records. Notice will be mailed at least twenty (20) days before the end of the policy period. **We** will have the right not to renew or continue this policy only at each anniversary of its original effective date. However, notice of nonrenewal will not be provided with respect to a policy issued for seven (7) days or less.

**PROOF OF NOTICE**

Proof of mailing of any notice will be sufficient proof of notice.

**AUTOMATIC TERMINATION**

Coverage for a **covered vehicle** shall automatically terminate:
1. when a person other than **you** or a **relative** becomes the **owner** of the **vehicle**; or

50

EXHIBIT _A_
Page _64_ of _68_

100,405

2.  on the effective date of any other motor vehi-
    cle insurance policy providing similar cover-
    age on the same risk or **vehicle**, or a replace-
    ment of it, if this policy has been issued for a
    policy period in excess of seven (7) days.

**COVERAGE CHANGES**

If **we** make a change which broadens a coverage
**you** have under this edition of **your** policy, with-
out additional charge, **you** will receive the broad-
ened coverage. The broadened coverage applies
on the date the coverage change is implemented
in **your** state. This provision does not apply to a
general program revision or **our** issuance of a
subsequent edition of **your** policy. Otherwise,
this policy can be changed only by endorsement
issued by **us**.

**LEGAL ACTION AGAINST US**

**We** may not be sued unless there is full compli-
ance with all the terms of this policy. **We** may not
be sued for payment under Part I - Liability To
Others until the obligation of an **insured person**
to pay is finally determined either by final judg-
ment against that person or by written agreement
of the **insured person**, the claimant, and **us**. No
one will have any right to make **us** a party to a
lawsuit to determine the liability of an **insured
person**.

**OUR RIGHTS TO RECOVER PAYMENT**

In the event of any payment under this policy, **we**
are entitled to all the rights of recovery that the
insured person to whom payment was made has
against another. That insured person must sign
and deliver to **us** any legal papers relating to that
recovery, do whatever else is necessary to help
**us** exercise those rights, and do nothing after an
**accident** or **loss** to prejudice **our** rights.

51

EXHIBIT *A*
Page *65* of *68*

*100,406*

However, **we** may not assert rights of recovery against any person who was using a **covered vehicle** with **your** express or implied permission for any payment made under Part IV - Damage To A Vehicle.

When an insured person has been paid by **us** under this policy and also recovers from another person, entity, or organization, the amount recovered from any sums received by the insured person in excess of the damages sustained in the **accident** will be held by the insured person in trust for **us** and reimbursed to **us** to the extent of **our** payment.

If recovery is made by an insured person under this policy from a responsible party or that party's insurer without **our** written consent, the insured person's right to payment under any affected coverage will no longer exist.

**BANKRUPTCY**

The bankruptcy or insolvency of an insured person will not relieve **us** of any obligations under this policy.

### NAMED DRIVER EXCLUSION

If **you** have asked **us** to exclude any person from coverage under this Policy, then **we** will not provide coverage for any claim arising from an **accident** or **loss** involving a **vehicle** or **rental vehicle** being operated by the excluded person. THIS INCLUDES ANY CLAIM FOR DAMAGES MADE AGAINST **YOU**, A **RELATIVE**, OR ANY OTHER PERSON OR ORGANIZATION THAT IS VICARIOUSLY LIABLE FOR AN **ACCIDENT** ARISING OUT OF THE OPERATION OF A **VEHICLE** BY THE EXCLUDED DRIVER.

EXHIBIT *A*
Page *66* of *68*

100,407

## NAMED OPERATOR - NON-OWNED
## VEHICLE COVERAGE

If **you** elect Named Operator - Non-owned Vehicle Coverage, **you** agree with **us** that this policy is amended as follows:

1. **GENERAL DEFINITIONS**

   a. The general policy definition of "**you**" and "**your**" is deleted and replaced by the following:

   "**You**" and "**your**" mean the person shown as the named insured on the **Declarations Page**.

   b. The general policy definition of "**covered vehicle**" is deleted and no coverage is provided with respect to a **covered vehicle** under this policy.

2. **PART I - LIABILITY TO OTHERS**

   ADDITIONAL DEFINITION: When used in Part I, the definition of "**insured person**" and "**insured persons**" is deleted and replaced by the following:

   "**Insured person**" and "**insured persons**" mean:

   a. **you**, when operating or using a **vehicle** or **rental vehicle**, other than a **vehicle** owned by **you** or a **relative**, with the express or implied permission of the **owner**; and

   b. any person or organization with respect only to vicarious liability for an **accident** arising out of the use of a **non-owned vehicle** or **rental vehicle** by **you** with the express or implied permission of the **owner**.

53

EXHIBIT _A_
Page _67_ of _68_

100,408

3.  **PART II - MEDICAL PAYMENTS, PERSON-AL INJURY PROTECTION, or NO-FAULT MEDICAL COVERAGE**

    ADDITIONAL DEFINITIONS:  When used in Part II, the definition of "**insured person**" and "**insured persons**" is deleted and replaced by the following:

    "**Insured person**" and "**insured persons**" mean **you**:
    a.  while **occupying** any **vehicle** or **rental vehicle**, other than a **vehicle owned** by **you**; or
    b.  when struck by a motor vehicle or trailer while not **occupying** a motor vehicle.

4.  **PART III - UNINSURED/UNDERINSURED MOTORIST COVERAGE**

    ADDITIONAL DEFINITIONS:  When used in Part III, the Additional Definition of "**insured person**" and "**insured persons**" is deleted and replaced by the following:

    "**Insured person**" and "**insured persons**" mean:
    a.  **you**; and
    b.  any person who is entitled to recover damages covered by Part III because of **bodily injury** to **you**.

54

EXHIBIT *A*
Page *68* of *68*

100,409