POLICY NUMBER:

PERSONAL AUTO
PP 03 11 06 94

## UNDERINSURED MOTORISTS COVERAGE

### SCHEDULE

| Limit of Liability | Premium | | |
|---|---|---|---|
| | Auto 1 | Auto 2 | Auto 3 |
| $_____ each accident | $_____ | $_____ | $_____ |

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

**INSURING AGREEMENT**

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured"; and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

We will pay under this coverage only if 1. or 2. below applies:

1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or
2. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:
   a. Have been given prompt written notice of such tentative settlement; and
   b. Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

B. "Insured" as used in this endorsement means:

1. You or any "family member".
2. Any other person "occupying" "your covered auto".
3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

However, "underinsured motor vehicle" does not include any vehicle or equipment:

1. To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.
2. Owned by or furnished or available for the regular use of you or any "family member".
3. Owned by any governmental unit or agency.
4. Operated on rails or crawler treads.
5. Designed mainly for use off public roads while not upon public roads.
6. While located for use as a residence or premises.
7. Owned or operated by a person qualifying as a self-insurer under any applicable motor vehicle law.
8. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
   a. Denies coverage; or
   b. Is or becomes insolvent.

**EXCLUSIONS**

A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

1. By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
2. By any "family member" while "occupying", or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

EXHIBIT __H__
Page __1__ of __3__      100154

B. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any "insured":

1. While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This exclusion **(B.1.)** does not apply to a share-the-expense car pool.
2. Using a vehicle without a reasonable belief that that "insured" is entitled to do so.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or
2. Disability benefits law.

D. We do not provide Underinsured Motorists Coverage for punitive or exemplary damages.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Schedule for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

However, the limit of liability shall be reduced by all sums paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** of this policy.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A**, Part **B** or Part **C** of this policy.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law;

1. Workers' compensation law; or
2. Disability benefits law.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.
3. If the coverage under this policy is provided:
   a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
   b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If we and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or
2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "underinsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and
2. Bear the expenses of the third arbitrator equally.

EXHIBIT __H__
Page __2__ of __3__

100155
MAY 30 2002
PROGRESSIVE - ALASKA

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and
2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

**ADDITIONAL DUTIES**

A person seeking coverage under this endorsement must also promptly:

1. Send us copies of the legal papers if a suit is brought; and
2. Notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us 30 days to advance payment to that "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

**GENERAL PROVISIONS**

The following is added to the Our Right To Recover Payment provision in Part **F**:

**OUR RIGHT TO RECOVER PAYMENT**

Our rights do not apply under Paragraph **A.** with respect to Underinsured Motorists Coverage if we:

1. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle", and
2. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

1. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and
2. We also have a right to recover the advanced payment.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

100156

MAY 30 2002

EXHIBIT ___H___   PROGRESSIVE - ALASKA
Page ___3___ of ___3___

PP 03 11 06 94    Copyright, Insurance Services Office, Inc., 1993    Page 3 of 3