Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-0204-TMB |
| _____ | ) |

**REPLY TO PROGRESSIVE'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

 A. **INTRODUCTION.**

  Progressive has supplemented its disclosures approximately ten days before the close of discovery, adding a witness, Daniel Quinn, the attorney for

Progressive in the Wold v. Progressive case, and also producing documents from the Wold v. Progressive case. (See Ex. 1) Danny Withers, the Progressive adjuster assigned to Ronald Weilbacher's claim, testified in his deposition that he conferred with Dan Quinn, a Progressive attorney, before he declined payment to Mr. Weilbacher, and then also, before his deposition, he reviewed appellate documents from the Wold v. Progressive case. (Ex. 2, Withers Depo. at 28-31, 55-56, 58-60) Yet, Progressive is still arguing the requested documents from the underlying Wold v. Progressive case are not relevant and should not be produced to the plaintiff.

> Pursuant to the Federal Rules of Civil Procedure, a party is entitled to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any Party, . . . ." Fed. R. Civ. P. 26(b)(1). Generally, the purpose of discovery is to remove surprise from trial preparation so the parties obtain evidence necessary to evaluate and resolve their dispute. . . . "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at trial." . . . The party resisting production bears the burden of persuasion. . . . ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying[,] explaining and supporting its objections.") The party seeking to invoke the protection of the attorney-client privilege carries the burden of proving to a reasonable certainty that the elements of the privilege exist. Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 1992); United States v. Abrahams, 905 F.2d 1276, 1283 (9th Cir. 1990). Because the privilege "impedes full and free discovery of the truth," the privilege is strictly construed. . . .

Roehrs v. Minnesota Life Ins. Co., 228 F.R.D. 642, 645 (D. Ariz. 2005) (citations

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 20

omitted).

In its initial discovery response, Progressive objected to producing any of the information requested by plaintiff with boilerplate objections of attorney-client privilege, attorney work product, and information sought is not relevant. Although the burden is on Progressive to show why the material is protected by the attorney-client privilege, or the attorney work product doctrine, it failed to set forth any evidence addressing all the elements necessary to show that the information sought is privileged.

As several treatises have indicated, when a party raises the existence of the attorney-client privilege, in order to prevent disclosure of the communication, the privilege must be (1) raised explicitly, (2) claimed specifically for a particular communication, (3) raised in a timely fashion, and (4) predicated upon a demonstration that each basic element giving rise to the privilege is present. See Edna S. Epstein, The Attorney-Client Privilege & the Work-Product Doctrine, ABA Section of Litigation 23 (3d ed. 1997).

As set forth in another treatise:

> The attorney-client privilege is a rule of evidence that protects the confidentiality of communications between an attorney and client. The mere fact that an individual communicates with an attorney, however, does not make his communications privileged. Before a communication from a client to an attorney may qualify for the attorney-client privilege, each of the eight elements suggested by Professor Wigmore must be satisfied:

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 20

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communication relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

See Paul R. Rice, Attorney-Client Privilege in the United States § 2.1 at 6-8 (2d ed. 1999) (footnotes omitted).

> Although the elements of the privilege are generally the same for both in-house and outside counsel, the proponent's burden for establishing those elements is often more difficult in the in-house context. Because in-house counsel is often extensively involved in the business matters of the company (not infrequently holding executive positions), one will apply different assumptions to the nature of his work than one would with retained counsel from outside of the company. Courts have not been willing to presume that the services provided were of a legal, as opposed to a business, nature. Consequently, the proponent's evidentiary burden to come forward with specific evidence regarding the nature of the service is greater. . . .

Id. at § 3.14 at 55-56 (footnotes omitted).

In its objections, Progressive made a blanket statement that the materials sought were protected by the attorney-client privilege. Some of the material that it asserts is protected by the attorney-client privilege is database information that is compiled in the normal course of business by attorneys hired by Progressive in order to track court decisions regarding the policy language that is at issue in this litigation.

In Downie v. Superior Court, 888 P.2d 1306 (Alaska App. 1995), the court there said:

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 20

> [T]he privilege does not cover an attorney's act of conveying to the client a third-party's communication. "[W]hen the attorney is merely acting as a conduit of information, i.e., as a messenger, the privilege is inapplicable." Stephen A. Salzberg, Michael M. Martin, & Daniel J. Capra, Federal Rules of Evidence Manual (6th ed. 1994), Vol. 2, p. 595.

Downie, 888 P.2d at 1308.

In Langdon v. Champion, 752 P.2d 999 (Alaska 1988), the court stated:

> [M]aterials contained in an insurer's files shall be presumed to have been compiled in the ordinary course of business, and, thus, outside the scope of the work product doctrine, absent a showing that the materials were prepared at the request or under the supervision of the insured's attorney.

Id. at 1001. As was stated in Langdon, in order for material protected under the work product doctrine, the material must be (1) a document or other tangible thing, (2) prepared in anticipation of litigation for trial, and (3) prepared by or for the opposing party's attorney or representative. See Id. at 1006.

As the Langdon court further stated:

> [W]e hold that materials contained in an insurer's files shall be conclusively presumed to have been compiled in the ordinary course of business, absent a showing that they were prepared at the request or under the supervision of the insured's attorney. Prior to such attorney involvement, materials held by insurers are subject to discovery without regard to any work product restrictions.

Langdon, 752 P.2d at 1007.

Progressive's blanket, boilerplate objections and arguments, without specifically detailing how the information requested by plaintiff is protected by the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 20

attorney-client privilege or the work product doctrine, mandates that the material requested by the plaintiff be produced to him.

> **B. THE ARGUMENT THAT THE MATERIAL IS PROTECTED BY THE ATTORNEY WORK PRODUCT DOCTRINE IS SPECIOUS AT BEST BECAUSE PROGRESSIVE ADMITS THAT THE INFORMATION SOUGHT BY PLAINTIFF IS INTERNALLY GATHERED FOR DISSEMINATION TO PROGRESSIVE AS A WHOLE, AND NOT FOR THIS PARTICULAR LITIGATION.**

Progressive's argument that the materials sought by plaintiff are protected by the attorney work product doctrine is simply disingenuous. As was stated in <u>Langdon v. Champion</u>, in order for material to be considered work product, material must be (1) a document or other tangible thing, (2) prepared in <u>anticipation</u> of litigation or for trial, and (3) prepared by or for the opposing party's attorney or representative. The court further went on to state:

> [M]aterials contained in an insurer's files shall be conclusively presumed to have been compiled in the ordinary course of business, absent a showing that they were prepared at the request or under the supervision of the insured's attorney. Prior to such attorney involvement, materials held by insurers are subject to discovery without regard to any work product restrictions.

<u>Langdon</u>, 752 P.2d at 1007.

Here, Progressive has readily acknowledged that the materials sought by Weilbacher were not prepared in anticipation of this litigation. The material sought is a compilation of court decisions interpreting the clause(s) in Progressive's policies and

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 20

Progressive has not shown that this material was prepared in anticipation of the Weilbacher litigation.  Progressive argues that the material compiled by Progressive's in-house attorneys is generated for Progressive attorneys to analyze "specific judicial decisions that interpret the policies or words, provisions, or terms of the policies."  See Progressive's Opposition at 5.  The requested information is not the thought processes of the Progressive attorneys in this case.

In McCaugherty v. Siffermann, 132 F.R.D. 234 (N.D. Cal. 1990), the court struck down a work product protection argument because the party did not present any competent evidentiary support for their vague and unsupported contention that the work product doctrine applies to the documents in question.  As the court stated:

> It is axiomatic that work product protection in federal court may extend only to documents prepared "in anticipation of litigation or for trial." Federal Rule of Civil Procedure 26(b)(3).  Defendants have submitted no competent evidence that would tend to support an inference that any of the documents they have withheld was prepared in anticipation of litigation or for trial.  They have had more than ample opportunity to offer evidence on this issue.  Yet they failed to do so in their original objections, in connection with their privilege log, in their initial opposition to this motion, or in the supplemental opposition papers the court permitted them to file.  None of the declarations by lawyers or clients that defendants have submitted contains even an intimation that any of the withheld documents were prepared in anticipation of litigation.

Id. at 245-246.  See also Cravalho v. Merced City School Dist., 2006 U.S. Dist. LEXIS 47116 (E.D. Cal. July 3, 2006).

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 7 of 20

Nowhere in Progressive's opposition is there any indication that the documents that they wish to withhold under attorney work product were prepared in anticipation of this litigation. There are no declarations of lawyers or clients and there is not even a privilege log listing or showing what documents Progressive is seeking to withhold under the work product doctrine. See McCaugherty, 132 F.R.D. at 245.

A boilerplate statement that the attorney work product doctrine applies is not sufficient in order to grant protection. See Quantum Corp. v. Western Digital Corp., 1990 U.S. Dist. LEXIS 11382 (N.D. Cal. Jan. 26, 1990).

The work product rule is not a privilege, but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. See Roehrs v. Minnesota Life Ins. Co., 228 F.R.D. 642, 644 (D. Ariz. 2005). A party claiming work product immunity has the burden of proving the applicability of the doctrine. Id.

Progressive has not met its burden of showing that the documents sought by the plaintiff are covered under the attorney work product doctrine. Progressive readily admits that the documents are prepared in the normal course of business, are a compilation of data from judicial decisions around the country interpreting the policy's language at issue in this case, and not prepared in anticipation of this litigation. Progressive readily admits that it is research data, and not attorney thoughts and ideas

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 8 of 20

in anticipation of this litigation before this Court.

Therefore, the assertion that the information sought is protected by the attorney work product doctrine should be denied.

   C.   **THE ATTORNEY-CLIENT PRIVILEGE IS NOT APPLICABLE BECAUSE OF WAIVER IN THE NAMING OF DAN QUINN AS A WITNESS AND ALSO BECAUSE INFORMATION WHICH PLAINTIFF SEEKS WAS PREPARED FOR BUSINESS PURPOSES AND NOT TO SECURE LEGAL ADVICE.**

At Danny Withers' deposition, Progressive announced that it was waiving the attorney-client privilege as to advice Dan Quinn gave Danny Withers regarding the policy language at issue, and whether Weilbacher has an independent claim under AS 09.15.010.  (See Ex. 2)

In its opposition to the motion to compel, Progressive asserts the documents that plaintiff seeks is information that Progressive's in-house counsel, as employees, gather from trial court decisions relating to the policy language at issue in this case.  Progressive's attorneys maintain this "database that contains all Progressive policies, annotations to those policies and other legal research."  Progressive's in-house counsel "footnote" the judicial decisions they deem noteworthy and the "annotations could be to a specific word or phrase in a policy or could be to the entire policy itself." See Progressive's Opposition at 5.  It is clear from Progressive's own description of the "database" that the material the employees compile is for a business reason, and not

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 9 of 20

for legal advice.

> As one court stated:
>
> No privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice. <u>Fisher et al. v. United States et al.</u>, 425 U.S. 391, 403, 48 L. Ed. 2d 39, 96 S. Ct. 1569 (1975).

<u>McCaugherty v. Siffermann</u>, 132 F.R.D. 234, 238 (N.D. Cal. 1990).

In <u>United States of America v. Chevron Corp.</u>, 1996 U.S. Dist. LEXIS 8646 (N.D. Cal. May 30, 1996), the court stated:

> The attorney-client privilege does not attach, however, to documents which were prepared for simultaneous review by both legal and nonlegal personnel within the corporation. . . . This rule applies to the document as a whole because each communication within that document was provided to nonlegal personnel for their review. Thus, those communications cannot be said to have been made for the primary purpose of seeking legal advice.

<u>Id.</u> at 6 (citations omitted). <u>See</u> <u>also</u> <u>Handgards, Inc. v. Johnson & Johnson</u>, 69 F.R.D. 451 (N.D. Cal 1975).

In <u>In re Micropro Sec. Litig.</u>, 1988 U.S. Dist. LEXIS 19375 (N.D. Cal. Feb. 29, 1988), the court there stated:

> While it is true that the attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . business and personal advice are not covered by the privilege. . . .

<u>Id.</u> at 4 (citations omitted). The court further went on to state:

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 10 of 20

> [T]he principal purpose for making the communication is not to secure legal advice but to secure what is essentially a business service (that is, to compile business data for disclosure in order to comply with the requirements of the federal securities laws). In receiving this information, the attorneys herein were essentially serving as a conduit for factual data, and were not acting primarily as lawyers.

Id. at 4-5.

In Handgards, Inc. v. Johnson & Johnson, 69 F.R.D. 451 (N.D. Cal. 1975), the court held patent documents prepared by counsel are not privileged.

The Zenith test has been more recently applied to deny the protection of the attorney-client privilege to documents prepared by patent counsel containing a mere list of patents for information sake, a listing of the prior art in the field, and an infringement study relating to the alleged patents of the plaintiff and defendant involved in a patent suit. American Cyanamid Company v. Hercules Powder Company, 211 F. Supp. 85, 89-90 (D. Del. 1962). Similarly, in Paper Converting Machine Co. v. FMC Corp., 215 F. Supp. 249, 251-252 (E.D. Wis. 1963), the court held that a letter from a corporate employee to the corporate patent counsel which did not ask the counsel to apply rules of law to facts known only to the client, but rather, was a request to make an initial office preparatory determination as to a patent's validity was not privileged; nor was correspondence between the corporation's patent counsel and others relating to a patentability and infringement search. See also, Underwater Storage, Inc. v. United States Rubber Co., 314 F. Supp. 546 (D.D.C. 1970).

Applying the above-mentioned principles, I have determined that the following documents on defendants' Schedule B submitted for in camera inspection pertain primarily to the undertaking of patent and infringement studies or contain discussions of technical and business considerations. As such they are not protected by the attorney-client privilege since they were not transmitted for the purpose of giving or receiving legal advice.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 11 of 20

Id. at 453-454.

Progressive's in-house counsel provides business advice rather than legal advice. They mine trial court decisions to look for how other courts have interpreted their policy provisions and then annotate information for future reference. If requested, they then may relate that information to other attorneys, like Dan Quinn, who may be involved in litigation. See Progressive's Opposition at 10. But the information itself was compiled as a business record, rather than giving legal advice.

   D.   USE OF DAN QUINN AS A WITNESS ACTS AS A WAIVER FOR ALL INFORMATION NOW CLAIMED AS ATTORNEY-CLIENT PRIVILEGE OR ATTORNEY WORK PRODUCT.

Assuming the Court agrees that the material is privileged, the privilege has been waived. Progressive admits that the information that plaintiff seeks is in a database maintained for Progressive's attorneys, like Dan Quinn, that are litigating issues similar to the issues in this case.

Progressive has now listed Dan Quinn, who represented Progressive in the Wold v. Progressive case, as a witness and also admits that Danny Withers, the adjuster in this case, contacted Dan Quinn for advice regarding the declination of monetary compensation to Ron Weilbacher.

In Wold v. Progressive, the same issue raised in this case was briefed before the Supreme Court of Alaska by Dan Quinn. (See Ex. 3) Now, Progressive has

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 12 of 20

indicated Quinn will be a witness in this case, and that he is going to testify about the advice that he gave Danny Withers in this, the Weilbacher, case.

Since Dan Quinn is now listed as a witness, no privilege can attach since defendant has waived the privilege. See Hikita v. Nichiro Gyogyo Kaisha, Ltd., 713 P.2d 1197, 1203 (Alaska 1986); Lewis v. State, 565 P.2d 846, 850 n.4 (Alaska 1977). As was stated in Handgards, Inc. v. Johnson & Johnson, 413 F. Supp. 926 (N.D. Cal. 1976), "[t]he deliberate injection of the advice of counsel into a case waives the attorney-client privilege as to communications and documents relating to that advice." Id. at 929.

In Weil v. Investment/Indicators, Research & Management, Inc., 647 F.2d 18 (9th Cir. 1981), the court stated:

> Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed. . . . Accordingly, it has been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject. . . .   Professor Wigmore explains:
>
>> [W]hen (the privilege holder's) conduct touches a certain point of disclosure, fairness requires that his privilege shall cease whether he intended that result or not. He cannot be allowed, after disclosing as much as he pleases, to withhold the remainder. He may elect to withhold or disclose, but after a certain point his election must remain final.

Id. at 15-16 (citations omitted) (footnote omitted).

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 13 of 20

In <u>Reavis v. Metropolitan Property & Liab. Ins. Co.</u>, 117 F.R.D. 160 (S.D. Cal. 1987), the court held that once a witness is integrated into a case, full cross-examination should be allowed, and that includes all the documents that are the basis for the opinions expressed.

> . . . . Since the lawyers who managed and supervised the former litigation for the defendants are being called as witnesses to express their opinions as to the merits of the prior suits and the validity of the underlying patents, plaintiff has a particularized and compelling need for the production of the relevant work product of these attorneys. Without discovery of the work product, plaintiff will be unable to ascertain the basis and facts upon which the opinions of these witnesses are based. This will undoubtedly impair plaintiff's ability for effective cross-examination on a crucial issue.

[<u>Handgards, Inc. v. Johnson & Johnson</u>, 413 F. Supp. 926, 931 (N.D. Ca. 1976).]

So too in the present case, the adjusters and/or claims representatives for Metropolitan will probably testify at trial concerning the steps they took and the conclusions and opinions they had regarding Reavis' claim. In order to effectively cross-examine these witnesses Reavis will need to know upon what facts the conclusions were based. The documents reflected in the claims file will give Reavis this information. Under these circumstances documents reflecting the knowledge, opinions, and conclusions of Metropolitan are discoverable and directly relevant to plaintiff's cause of action. Moreover, in discussing whether Rule 26(b)(3) confers an absolute immunity from discovery on opinion work-product Professor Moore states:

> . . . . When the activities of counsel are inquired into because they are at issue in the action before the Court, there is cause for production of documents that deal with

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 14 of 20

such activity, though they are "work product".

Reavis, 117 F.R.D. at 164.

Danny Withers testified about the advice that he received from Dan Quinn, and Progressive has specifically waived the attorney-client privilege as to the advice Quinn gave Withers on the policy language at issue in this case. (See Ex. 2) Obviously, the defendant cannot selectively impute what it wants into this litigation and deny the plaintiff access to the rest of the information that can be information for cross-examination regarding the issues in dispute in this litigation.

Since all the elements necessary to maintain the attorney-client privilege no longer exist, either because of waiver or because the information sought was prepared as a business record, the objection of providing the information that plaintiff seeks under the attorney-client privilege should be denied.

E. **PROGRESSIVE IS MISLEADING THE COURT ON THE PLAINTIFF'S REQUEST FOR THE DRAFTING HISTORY OF THE CLAUSE AT ISSUE IN THIS CASE.**

Progressive argues that it has provided plaintiff's counsel with the policy history which it submitted to the Division of Insurance, State of Alaska, and has therefore complied with the discovery request. However, that is not what the plaintiff requested. The plaintiff asked for the drafting history of the clause within the policy that is at issue in this case. The plaintiff seeks the drafting history before the clause

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 15 of 20

was integrated into the policy. In the documents that were produced to the plaintiff, nowhere is there any dialogue with the Insurance Commissioner or anyone else regarding the history of the clause at issue, and a history of the definitions of "loss of society" and "derived from", or any other such language in the clause. The assertion the policy language is somehow protected by the attorney-client privilege is simply wrong as a matter of law. Progressive is the defendant in this case, and its drafting of the language and the intent of the clause in the policy are at issue in this case. As was stated in In re Micropro Sec. Litig., 1988 U.S. Dist. LEXIS 19375 (N.D. Cal. Feb. 29, 1988), "[w]hile it is true that the attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . business and personal advice are not covered by the privilege." Id. at 4 (citations omitted). Furthermore, documents that do not include legal advice, but are provided as a business service are not protected by the attorney-client privilege. See Quantum Corp. v. Western Digital Corp., 1990 U.S. Dist. LEXIS 11382 (N.D. Cal. Jan. 26, 1990).

As plaintiff argued, the drafting history of that particular clause in the policy is important to plaintiff's case in that it is not clear whether the language was drafted in response to a common law derivative claim under the wrongful death statute, or drafted in response to the separate and independent cause of action that is permitted under AS 09.15.010, which is not a derivative claim under the wrongful death statute.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 16 of 20

The drafting history of the policy language is at issue in this case because it is not clear whether the word "derived" in the clause at issue in this case means derived from a common law claim or a specific statutory claim as set forth in AS 09.15.010. It is not clear whether the clause in the policy is generic to all 50 states and did not take into consideration Alaska's direct and independent claim under AS 09.15.010. The information sought is extrinsic evidence that would assist the plaintiff in prosecuting this action.

    **F.    PROGRESSIVE'S ARGUMENT THAT WEILBACHER WAIVED ANY RIGHT TO CONDUCT FURTHER DISCOVERY IN THIS MATTER, ESPECIALLY AFTER PROGRESSIVE ADDED A WITNESS AND RAISED A NEW AFFIRMATIVE DEFENSE, IS SPECIOUS AT BEST: TRYING TO EXTORT A WAIVER OF RIGHTS IN ORDER TO GAIN A COMMON COURTESY REQUEST IS A VIOLATION OF RULE 3.4 OF THE RULES OF PROFESSIONAL CONDUCT.**

Progressive requested to depose Weilbacher on July 14, 2006. Progressive noticed Weilbacher's deposition for the busiest time of the year for him. Mr. Weilbacher owns a fishing resort, and is a fishing guide on the Kenai River. The month of July is his busiest time of the year and is also the anniversary month of the death of his daughter.

After the deposition date was sent to plaintiff, plaintiff requested that his deposition be taken in August, which is a slower time for Mr. Weilbacher. Plaintiff

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 17 of 20

requested the same courtesy be applied to him that was given to defendants' witnesses when they were not available at certain times either because of business or some other reason.  (See Ex. 4, June 30, 2006 Letter)

Progressive wrote back and stated that it would accommodate the request of plaintiff only if plaintiff agreed to waive his requests already made to the Court, or any future request, to conduct further discovery in this case. (Progressive's Opposition, Ex. E)

Progressive acknowledged that it would not be prejudiced in any way if it postponed the Weilbacher deposition until August.  Yet, Progressive attempted to extort a concession from Mr. Weilbacher in order to prevent him from prosecuting his case.

Rule 3.4 of the Rules of Professional Conduct require that a party be fair to the opposing party and also to opposing counsel.  The extortion attempt by Progressive is simply a violation of any notion of fairness to opposing party and opposing counsel.  The fact that opposing counsel would even suggest that a party give up their rights in order to accommodate a reasonable request is simply unconscionable conduct.

Plaintiff's counsel did not waive any right to request to conduct additional discovery after a new witness and a new affirmative defense were introduced into the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 18 of 20

case ten days before discovery closed. The argument by defense counsel that somehow or another defendant is permitted to extort a waiver in response to a common courtesy request is simply mindboggling and is indicative of the bad faith of Progressive in this litigation.

### G. CONCLUSION.

Progressive has not been forthcoming with its disclosures in this matter. Progressive has introduced a new affirmative defense and a new witness into the case on issues which plaintiff previously requested discovery, and Progressive still argues that the information sought by plaintiff is not relevant. Progressive's argument is simply illogical.

Progressive has an affirmative duty to set forth all the elements necessary to protect any communication in which it asserts is privileged and in which the attorney-client privilege attaches, and it has failed to do so. Progressive has also failed to assert all the elements necessary for protection of any attorney work product information by showing to the Court that the material sought to be immune from discovery was prepared in anticipation of the <u>Weilbacher</u> litigation, and is not a business record. Progressive has failed to do so.

Progressive, by listing Dan Quinn as a witness in this case, and now asserting advice of counsel as an affirmative defense in this case, has waived any

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 19 of 20

protection under the attorney-client privilege or work product doctrine for any information or documents that are generated by Progressive's in-house attorneys, or Progressive's outside retained attorneys, since the deliberate injection of advice of counsel waives any right to the attorney-client privilege.

Therefore, it is respectfully requested that the Court grant plaintiff's Motion to Compel Discovery, vacate the pretrial order and allow full discovery to go forward.

DATED this 11th day of August, 2006, at Anchorage, Alaska.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff

By   s/Kenneth W. Legacki
Kenneth W. Legacki
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Phone: (907) 258-2422
Fax: (907) 278-4848
E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 11th day of August, 2006, a copy of the foregoing document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

   s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 20 of 20