IN THE SUPREME COURT OF THE STATE OF ALASKA

CYNTHIA WOLD &                     )
ESTATE OF HEIDI WOLD,              )
                                   )
        Appellants,                )
                                   )
    v.                             )
                                   )
PROGRESSIVE PREFERRED              )
INSURANCE COMPANY,                 )
                                   )        Supreme Court No: S-09775
                                   )
        Appellee.                  )        Superior Court Case No.
_____    )            3AN-99-10357 Civil

**SUPPLEMENTAL BRIEF OF APPELLEE**
**PROGRESSIVE PREFERRED INSURANCE COMPANY**

By order dated May 1, 2001, this Court requested that the parties supply

supplemental briefing on the following question:

> Whether a parent's claim for loss of care, comfort, companionship
> and solace resulting from the death of a child is subject to the same "each
> person" limit in the Allstate liability policy as an action brought by the
> personal representative for the death of the child.

Progressive believes that the language of the Allstate policy, and overwhelming case law

from other jurisdictions, mandate an answer of "yes."

In interpreting an insurance contract, this Court looks to (1) the language of the

disputed policy provision; (2) language of other provisions of the insurance policy; (3)

relevant intrinsic evidence; and (4) case law interpreting similar provisions. Maynard v.

State Farm Mutual Ins. Co., 902 P.2d 1328, 1330 (Alaska 1995) (quoting Stordahl v.

**COPY SENT TO CLIENT**

DATE _5-17-01_ BY _L_

EXHIBIT 3
Page 1 of 3

C.    THE GILLESPIE CASE, WHICH RECOGNIZED PARENTAL LOSS OF CONSORTIUM, DOES NOT ALTER THIS COVERAGE ANALYSIS.

In Gillespie v. Beta Construction Co., 842 P.2d 1272 (Alaska 1992) this court recognized a parent's claim for loss of consortium for the death of a child. Such a recovery was not authorized by the wrongful death statute, AS 19.55.580(a), since this statute authorized recovery of pecuniary loss only when a decedent leaves no dependents. This court relied on a different statute, AS 09.15.010, which provides that "a parent may maintain an action as plaintiff for the injury or death of a child below the age of majority."

Gillespie leaves unresolved an interesting legal question, but one which is ultimately not relevant to the inquiry presented in this case. Specifically, Gillespie does not answer the question of whether a parent's statutory loss of consortium claim for the death of a child is to be considered "derivative" or "independent". This court has determined that a spousal loss of consortium claim is derivative, and accordingly a spouse claiming loss of consortium must join the claim with that of the injured spouse. Schreiner v. Fruit, 519 P.2d 462, 464 (Alaska 1974). Similarly, a child's loss of consortium claim for death or injury to a parent must be joined with any action by the parents "whenever feasible." Hibpshman v. Prudhoe Bay Supply, Inc., 734 P.2d 991, 997 (Alaska 1987). Conceivably, if a parental loss of consortium claim were deemed more "independent" than spousal or child loss of consortium claims, perhaps this joinder

9

EXHIBIT 3
Page 2 of 3

Dated this _17th_ day of May, 2001, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Progressive
Preferred Insurance Company

By: _____
Daniel T. Quinn
AK Bar: 8211141

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct
copy of the foregoing was mailed this _17th_ day
of May, 2001, to:

Laurel J. Peterson, Esq.
805 W. 3rd Avenue, Suite 200
Anchorage, Alaska 99501

_____
RICHMOND & QUINN

1038.177\Pld\Appeal Brief Supplement

12

EXHIBIT 3
Page 3 of 3