Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PROGRESSIVE NORTHWESTERN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | 3:05-cv-204-TMB |

MEMORANDUM IN SUPPORT OF PROGRESSIVE'S
MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING
DR. ANN STOCKMAN AND ANY OTHER MEDICAL CARE PROVIDERS

      Defendant Progressive Northwestern Insurance Company ("Progressive") is entitled to an order precluding plaintiff Ronald Weilbacher from calling as witnesses in this matter Dr. Ann Stockman and any other treating medical care providers based on plaintiff's failure to disclose Dr. Stockman or anyone else as a treating medical care provider, his concealment/failure to identify, disclose, or produce relevant medical records, and his refusal to provide a medical records release for Dr. Stockman's records upon request.

> A district court possesses inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it, to promulgate and enforce rules for the management of litigation, to punish contempt, and to remand cases involving pendent claims.

Spurlock v. FBI, 69 F.3d 1010, 1016 (9th Cir. 1995). See Perry v. O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985) ("the inherent authority of a court to enforce its orders by whatever means, without abusing its discretion") (quoting Cook v. Ochsner Found. Hosp., 559 F.2d 270, 272 (5th Cir. 1977)).

In Plaintiff's Initial Discovery Disclosures, Mr. Weilbacher identified "Ann Stockman, Ph.D." as an individual having information pertaining to his claim. He did not identify her as a practicing physician in any clinic, nor did he identify her as a treating physician. Mr. Weilbacher claimed generally that all persons listed would testify as to his "emotional distress." Exhibit A.

In an attempt to clarify plaintiff's relationship with his non-expert witnesses and to get a better understanding of their proposed testimony, Progressive propounded Interrogatory No. 11. Interrogatory No. 11 asked for the name, address, and phone number of each non-expert witness, his relationship to each non-expert witness, the length of time he has known each

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 2 of 10

non-expert witness, and a summary of the facts upon which the non-expert witness relies.  Exhibit B.

      Mr. Weilbacher initially responded to Interrogatory No. 11, stating,

> The following witnesses will testify concerning the depth of the sorrow, anguish and hurt that Mr. Weilbacher suffered because of the loss of his daughter.  As the initial disclosures indicate, listed were any persons with knowledge of plaintiff's claims.  Plaintiff Weilbacher also listed numerous friends and business associates who can testify about how the death of his daughter affected him.

Id.  Dr. Stockman was included in the list of non-expert witnesses and identified only as a "Therapist."  Id. at 4.  Mr. Weilbacher did not reveal that Dr. Stockman would testify based on her treatment of him or her medical records.  Id.

      In Plaintiff's Supplemental Responses to Progressive's First Set of Discovery Requests, plaintiff additionally responded,

> The listed individual will testify concerning the depth of the sorrow, anguish and hurt that Mr. Weilbacher suffered because of the loss of his daughter and how he is a changed man since his daughter died. He has known each of these individuals for well over 15 years.

Exhibit C.  Again, there is no mention that Dr. Stockman is actively treating Mr. Weilbacher for issues related to the death

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 3 of 10

of his daughter. There is no mention that she is not a friend or business associate as earlier described, or that his treatment by Dr. Stockman occurred only after the accident.

In contrast, at his deposition Mr. Weilbacher <u>admitted</u> that Dr. Stockman was not a friend or business associate, but his physician, currently treating him for issues associated with the loss of his daughter at the recommendation of his attorney Kenneth Legacki or Mr. Legacki's staff.

> Q. Then the next one is Ann, A-n-n, Stockman, S-t-o-c-k-m-a-n, Dr. Ann Stockman. Who is she?
>
> A. A doctor I go see.
>
> Q. Is she a psychologist or psychiatrist, do you know?
>
> A. Yes.
>
> Q. Do you know which?
>
> A. I don't know which. All of the above, I guess.
>
> Q. When was the last time you saw her for any reason?
>
> A. A few weeks ago.
>
> Q. Do you see her on a regular basis or irregular?
>
> A. Whenever.
>                         * * *
>
> Q. Who recommended that you see her, if anyone?
>
> A. A friend of mine.

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Memorandum in Support of Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 4 of 10

Q. Who was the friend who gave you some names?

A. Karen.

Q. Do you know Karen's last name?

A. No.

Q. Is there any reason why Karen isn't listed as one of your witnesses?

A. I didn't know -- no, there is no reason.

Q. Is she someone who knows you pretty well?

A. Not that well. Karen is -- I asked Karen. That's Ken Legacki's secretary.

Q. Was it Mr. Legacki's office that suggested you see Dr. Stockman?

A. No.

Q. It was Karen at Mr. Legacki's office?

A. They gave me a list of names of people who could help me.

Q. Did you ask for the names or did they just give them to you on your own?

A. I didn't know where to go.

Q. That wasn't my question. Did you ask for a name or did they just make some suggestions?

A. I don't know how it came about. I think Ken told me when I talked to him one time maybe I should see somebody if I was having that kind of trouble.

Q. I'm sorry.

A. I didn't want to ask Cathie.

Q. So the suggestion to see Dr. Stockman came from Mr. Legacki?

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 5 of 10

>A.   No, it came from me.  I didn't know where to go.
>
>Q.   I thought you said Mr. Legacki told you that if you were having that kind of trouble maybe you should go see someone?
>
>A.   I did.
>
>Q.   Doesn't that sound like it came from Mr. Legacki?
>
>A.   Pardon me?
>
>Q.   Doesn't it sound like the suggestion then came from Mr. Legacki?
>
>A.   It was my idea, but I don't know anybody.

Exhibit D at 95:24-96:11 & 97:19-99:8.  Mr. Weilbacher also admitted that contrary to his signed discovery responses he has not known Dr. Stockman "well over 15 years," but has only known her since sometime after the accident.  Id. at 97:14-18 & 120:10-16.[1]

When Progressive learned that Dr. Stockman was a treating physician and not simply a friend or business associate as previously represented, Progressive immediately asked for a medical records release.  Id. at 100:8-11.  While Mr. Weilbacher

---

[1] It is also noteworthy that while Mr. Weilbacher's attorney was telling Progressive that Mr. Weilbacher absolutely could not make a deposition date in July under any circumstances due to his workload, Mr. Weilbacher was able to visit Dr. Stockman in Anchorage, acknowledging that Soldotna was not that far away and it did not take him away from business for too long.  See Exhibit D at 96:7-97:8 and Exhibit E.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 6 of 10

himself was uncertain how to respond, Mr. Weilbacher's attorney clearly refused Progressive's request.

> MR. ZIPKIN: Well, I'll ask you, Mr. Legacki. Will you sign a release so we can get those records?
>
> MR. LEGACKI: Discovery is over.
>
>                 \* \* \*
>
> MR. ZIPKIN: . . .. Will you have your client sign a release for information from Dr. Stockman?
>
> MR. LEGACKI: No.

Exhibit D at 100:13-16 & 102:4-7. Mr. Legacki is correct, discovery has closed in this matter. However, plaintiff cannot be permitted to intentionally conceal a treating physician and relevant medical records by describing her as a "friend" or "business associate" that Mr. Weilbacher has known for well over 15 years, and benefit from that concealment.

     At all times in this litigation, Mr. Weilbacher's attorney was well aware of Mr. Weilbacher's true relationship with Dr. Stockman, having recommended Dr. Stockman to Mr. Weilbacher following the accident. However, at no time was Dr. Stockman identified for what she truly was -- a treating physician. Mr. Weilbacher, through his attorney, intentionally and deliberately concealed Dr. Stockman's true relationship with Mr. Weilbacher throughout the entire discovery process. Additionally, in direct violation of Federal Rule of Civil

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 7 of 10

Procedure 26(a)(1)(B), no medical records were ever identified, disclosed, or produced.  See Exhibit A at 6 ¶D.  Then when Progressive learns of Dr. Stockman's true relationship and attempts to obtain the relevant medical records voluntarily, Progressive's request is denied.

Mr. Weilbacher intentionally concealed Dr. Stockman's identity as a treating physician with potentially relevant, discoverable information.  He also did not disclose or identify any other treating physicians.  In fact, Mr. Weilbacher testified at his deposition that he did not want anyone to know he had seen Dr. Stockman.  "I asked Dr. Stockman never to tell anybody I was there."  Exhibit D at 100:3-4.  In this case, Mr. Weilbacher should get his wish.  Mr. Weilbacher should be precluded from calling as witnesses Dr. Stockman or any other medical care provider in this matter for any reason.

DATED at Fairbanks, Alaska, this 28th day of August, 2006.

        GUESS & RUDD P.C.
        Attorneys for Progressive
        Northwestern Insurance Company

By:    /s/Aisha Tinker Bray
        Guess & Rudd P.C.
        100 Cushman Street, Suite 500
        Fairbanks, Alaska  99701
        Phone: 907-452-8986
        Fax:   907-452-7015
        Email: atbray@guessrudd.com
        Alaska Bar No. 9505028

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 8 of 10

CERTIFICATE OF SERVICE
I hereby certify that on the 28th day of August, 2006, a copy of the foregoing document was served <u>electronically</u> on:

Kenneth W. Legacki, Esq.

A Chambers Copy was also <u>mailed</u> to the court pursuant to D.AK.LR 10.1(b).

Guess & Rudd P.C.

By:     /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB    <u>Weilbacher v. Progressive</u>
Memorandum in Support of Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 9 of 10

Table of Exhibits

| Exhibit | Description |
|---------|-------------|
| A | Plaintiff's Initial Discovery Disclosures |
| B | Pages 8-13 of Plaintiff's Responses to Progressive's First Set of Discovery Requests plus signature page |
| C | Pages 11-13 of Plaintiff's Supplemental Responses to Progressive's First Set of Discovery Requests |
| D | Pages 95-102 of the Transcript of the August 21, 2006 Deposition of Ronald V. Weilbacher |
| E | Correspondence regarding Mr. Weilbacher's deposition |

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 10 of 10