Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PROGRESSIVE NORTHWESTERN ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | 3:05-cv-204-TMB |

MEMORANDUM IN SUPPORT OF PROGRESSIVE'S
**ALTERNATE** MOTION FOR PARTIAL SUMMARY JUDGMENT RE BAD FAITH

      In the alternative and in addition to the reasons set forth in Progressive's Renewed Motion for Summary Judgment (DE#61-62), Progressive Northwestern Insurance Company ("Progressive") is entitled to partial summary judgment on plaintiff Ronald V. Weilbacher's claim for insurance bad faith against it as a matter of law because he did not suffer any compensable damages as a result of the alleged bad faith conduct. Additionally, Mr. Weilbacher cannot recover punitive damages in this action as a matter of law because his bad faith claim fails as a matter of law, and because Progressive's conduct does not rise to the level of

outrageous and malicious conduct necessary to support punitive damages.

As a preliminary matter, Progressive acknowledges and agrees that this motion becomes moot when the court grants Progressive's Renewed Motion for Summary Judgment (DE#61-62). This motion for partial summary judgment provides an additional and alternative basis for the court's grant of partial summary judgment in favor of Progressive and against Mr. Weilbacher on Mr. Weilbacher's claim for insurance bad faith and prayer for punitive damages recently learned and confirmed at Mr. Weilbacher's deposition. This motion is filed at this time (rather than waiting for the court's ruling on the pending Renewed Motion for Summary Judgment) in order to comply with the Scheduling and Planning Order's dispositive motions deadline of August 28, 2006.

## Standard of Review

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> [S]ummary judgment shall be granted when, viewing the facts in the light most favorable to the nonmoving party, (1) there

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 2 of 17

>is no genuine issue of material fact, and (2) the moving party is entitled to summary judgment as a matter of law. Once the moving party has satisfied his burden, he is entitled to summary judgment if the nonmoving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotation omitted). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy*, 68 F.3d at 1221. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy*, 68 F.3d at 1221.

<u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 919 (9th Cir. 2001).

Here, there are no genuine issues of material fact. It is undisputed that Progressive denied Mr. Weilbacher a second, additional "each person" policy limit of UIMBI coverage for his loss of consortium/society claim. Based solely on this denial, Mr. Weilbacher claims Progressive both breached the insurance contract and committed insurance bad faith. Mr. Weilbacher, however, does not seek any compensatory damages -- and did not suffer any compensatory damages -- as a result of Progressive's denial of his

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 3 of 17

claim for a second UIMBI policy limit.  As such, Mr. Weilbacher cannot maintain a bad faith claim as a matter of law.  Since Mr. Weilbacher's only basis for the remedy of punitive damages is his bad faith claim, his prayer for punitive damages falls with his bad faith claim.  Additionally, Progressive's conduct does not rise to the level of outrageous and malicious conduct necessary to support a punitive damages award as a matter of law.

## Background

On July 9, 2001, plaintiff's daughter, Heidi Weilbacher, died in a tragic automobile accident on the Glenn Highway near Anchorage.  Heidi was a passenger in an automobile negligently driven by Robert M. Esper.  Although Mr. Esper was insured with Allstate Insurance Company, his coverage was insufficient to fully compensate all the victims of the accident.  Complaint at ¶VI.

At the time of the accident, Mr. Weilbacher had an automobile policy with Progressive, Policy No. 65824951-0.  See DE#62 Exhibit A.  On January 21, 2004, Mr. Weilbacher notified Progressive that he had finally exhausted all other policy limits and formally requested UIMBI limits from Progressive.  On February 24, 2004, Progressive paid the full policy limits for UIMBI for the claim of the Estate of Heidi Weilbacher and the

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 4 of 17

related, derivative claims of Mr. Weilbacher and Cathie Mauro. See DE#62.

Thereafter, in October 2004, Mr. Weilbacher demanded that Progressive pay him an additional, separate "each person" policy limit under his policy's UIMBI coverage as an "insured person" under his policy. Progressive denied his claim on the grounds that his claim under AS 09.15.010 for loss of consortium/loss of society was within the same "each person" policy limit as the UIMBI claims it had already paid in February 2004. See DE#62 at Exhibit D at 9.

On August 11, 2005, Mr. Weilbacher filed this action against Progressive, claiming breach of contract and bad faith both based solely on Progressive's denying his insurance claim for an additional, separate UIMBI coverage policy limit for his loss of society/loss of consortium claim. Complaint at 2-3.

## Discussion

"The tort of bad faith in the insurance context can be traced to the covenant of good faith and fair dealing, a contractual duty implied in all insurance policies." State Farm Fire & Cas. Co. v. Nicholson, 777 P.2d 1152, 1154 (Alaska 1989) (citing W. SHERNOFF, S. GAGE & H. LEVINE, *Insurance Bad Faith Litigation* , §2.01 (1987)). "[I]n the first-party context, an

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 5 of 17

insured's cause of action against an insurer for breach of the duty of good faith and fair dealing sounds in tort." Id. at 1156. Since insurance bad faith constitutes a tort, the remedy of punitive damages is also possible. Id. at 1157.

It is axiomatic, however, that the plaintiff, as the injured party, actually suffer some form of injury or damages as a result of the defendant's alleged conduct in order for a claim to be actionable. As the court in Austin v. Fulton Ins. Co., 444 P.2d 536, 539 (Alaska 1968), stated, "[T]here must be an injury or harm to [plaintiff] as a consequence of [defendant's] negligence to serve as a basis for recovery of damages before the tort became actionable."[1]

"[R]ecovery of compensatory damages in tort [i]s permitted for the breach of the duty of good faith and fair dealing. Damages in tort provide necessary compensation for insureds and incentive for insurers to settle valid claims." State Farm Mut. Auto. Ins. Co. v. Shrader, 882 P.2d 813, 833

---

[1] See e.g. Jones v. State, Dept. of Corrections, 125 P.3d 343, 346 (Alaska 2005) (IIED claim requires plaintiff suffer emotional distress damages); Sisters of Providence In Washington v. A.A. Pain Clinic, Inc., 81 P.3d 989, 997 (Alaska 2003) (one element of tort of intentional interference with prospective economic advantage is damage to plaintiff); Parks Hiway Enterprises, LLC v. CEM Leasing, Inc., 995 P.2d 657, 667 (Alaska 2000) ("The tort of negligence consists of four separate and distinct elements: (1) duty, (2) breach of duty, (3) causation, and (4) harm."); Breck v. Moore, 910 P.2d 599, 604 (Alaska 1996) (like other torts, tort of professional negligence requires actual loss or damage).

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 6 of 17

(Wyo. 1994) (internal quotations omitted).  See Nicholson, 777 P.2d at 1158 (compensatory damages awarded on plaintiffs' first-party bad faith claim).  In Talmadge v. State Farm Mut. Auto. Ins. Co., 1997 U.S. App. LEXIS 3114 (10th Cir. 1997), the court held that the plaintiff could not maintain an action for insurance bad faith when the plaintiff did not claim any damages for which she could recover.  The court concluded, "Inasmuch as the record reveals no substantial damages, either physical or economic, in addition to emotional distress, Talmadge's claim fails."  Id. at *10.

Here, not only did Progressive do nothing wrong as a matter of law, but Mr. Weilbacher did not suffer any harm as a result of Progressive's actions.  He did not suffer any additional emotional distress.  He did not suffer any physical injury.  He did not suffer any economic loss.  Progressive's declining to pay him an additional "each person" policy limit of UIMBI coverage simply did not cause Mr. Weilbacher any damage.

In Plaintiff's Initial Discovery Disclosures, Mr. Weilbacher identified his categories of damages as,

> damages for loss of consortium, emotional distress, and general compensation because of the loss of his daughter, and he also requests punitive damages for the failure to pay under the insurance policy.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 7 of 17

Exhibit A.  In other words, breach of contract damages in the form of what he would be entitled to under his misguided understanding/reading of the policy and punitive damages.  Mr. Weilbacher is <u>not</u> seeking any compensatory damages under his bad faith claim.  He does not identify a category or item of damages that is based on Progressive's denial of his claim.

In Interrogatory No. 7, Progressive asked Mr. Weilbacher to specify all of his items and categories of damages and the amount of damages in/for each item or category.  Exhibit B at 9.  In his Supplemental Responses to Progressive's First Set of Discovery Requests, Mr. Weilbacher responded,

> Mr. Weilbacher is seeking compensation for the loss of his daughter.  The statutory cap for the death of a child under AS 09.15.010 is $400,000 or $8,000 times years of life expectancy, whichever is greater, and any other damages the Court deems are just.

Exhibit B at 10.[2]  It is clear then that in this case, Mr. Weilbacher is seeking <u>only</u> breach of contract compensatory damages, i.e., payment on his loss of society/consortium claim.  Mr. Weilbacher did <u>not</u> state he was seeking any compensatory damages on his bad faith claim, i.e., due to Progressive's denial of a second "each person" UIMBI policy limit.  Mr. Weilbacher did <u>not</u> state that he was even seeking any punitive

---

[2] Mr. Weilbacher did not respond to Interrogatory No. 7 in his initial responses to the discovery requests.  His only response is in his Supplemental Responses.

Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 8 of 17

damages. In other words, in this action, Mr. Weilbacher has identified his damages as compensatory damages only on his breach of contract claim, and nothing on his bad faith claim.

At his deposition, Mr. Weilbacher further clarified that he has no damages as a result of Progressive's denial of his second claim. Mr. Weilbacher testified,

> Q. Okay. In terms of your damages, do you claim that you have suffered any damages because of what Progressive has done? In other words, we know Mr. Esper in that accident caused you damage because of the loss of your daughter. Has anything that Progressive has done caused you damage?
>
> A. I can't answer that. I don't know.

Exhibit C at 91:23-92:5. Mr. Weilbacher also could not identify any manner in which Progressive had mistreated him with regard to the handling of his claim. Id. at 87:13-21.

Mr. Weilbacher simply does not have -- and is not claiming -- any compensatory damages as a result of Progressive's denial of his claim, which is the sole basis of his bad faith claim. As such, he cannot maintain a bad faith claim as a matter of law. See Talmadge, 1997 U.S. App. LEXIS 3114, *10.

Anticipating a possible argument by Mr. Weilbacher, Progressive notes that the Alaska Supreme Court has been quite clear that legal expenses are not compensatory damages even in

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 9 of 17

first-party insurance bad faith cases. In <u>Alaska Pacific Assur. Co. v. Collins</u>, 794 P.2d 936, 949 (Alaska 1990), the court specifically rejected appellant's argument that attorney's fees and costs could be recovered as compensatory damages on first-party bad faith claims. As a matter of law, trial courts are precluded from awarding fees other than those allowed by "rule or order." <u>Id</u>. <u>See also</u> <u>Sykes v. Melba Creek Mining, Inc.</u>, 952 P.2d 1164, 1172 (Alaska 1998) ("We have previously held that attorney's fees generally cannot be awarded as damages--that fee awards are instead controlled by Civil Rule 82.") (citing <u>Ehredt v. DeHavilland Aircraft Co. of Canada</u>, 705 P.2d 446, 452 n.8 (Alaska 1985) and <u>Curt's Trucking Company v. City of Anchorage</u>, 578 P.2d 975, 981 (Alaska 1978)). Without compensatory damages, Mr. Weilbacher's bad faith claim simply fails as matter of law.

Additionally, Mr. Weilbahcer's prayer for punitive damages cannot stand without his bad faith claim. Punitive damages are a remedy, not a cause of action. Since Mr. Weilbacher cannot maintain a claim for bad faith as a matter of law, Mr. Weilbacher's prayer for punitive damages must also fail as matter of law.

Punitive damages are not an independent cause of action. Punitive damages are a remedy available in certain causes of action, i.e., torts and bad faith. As the Alaska Supreme Court stated,

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 10 of 17

> Punitive damages do not constitute a cause of action.  "Damages constitute the relief which the law affords for the invasion of [a] right ... the relief being limited by the measure of the damage which the law prescribed."  <u>Hartzell v. Myall</u>, [] 252 P.2d 676, 681 (1953).  <u>See</u> <u>also</u> <u>Oklahoma City v. Hopcus</u>, [] 50 P.2d 216, 218 (1935) ("injury" denotes the legal wrong to be redressed while "damages" is the scale or measure of recovery as amends for the wrong).
>
> "A cause of action must be distinguished ... from the remedy which is simply the means by which the obligation or corresponding duty is effectuated and also from the relief sought. "  <u>Venuto v. Owens-Corning Fiberglas Corp.</u>, [] 99 Cal.Rptr. 350, 355 (1971).   Accord <u>Merlino v. West Coast Macaroni Mfg. Co.</u>, [] 202 P.2d 748, 754 (1949); <u>United States v. Smelser</u>, 87 F.2d 799, 800 (5th Cir.1937); <u>Tonn v. Inner Shoe Tire Co.</u>, 260 S.W. 1078, 1080-81 (Tex.Civ.App.1924).  Punitive damages are a form of relief, not a cause of action.

<u>Doe v. Colligan</u>, 753 P.2d 144, 145 n.2 (Alaska 1988).  <u>See</u> <u>e.g.</u> <u>Talmadge</u>, 1997 U.S. App. LEXIS 3114, *15 ("[P]unitive damages are a remedy, not an independent cause of action.")


Also, "[p]unitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable."  <u>Reeves v. Alyeska Pipeline Service Co.</u>, 56 P.3d 660, 671 (Alaska 2002). Since insurance bad faith is the only claim in this case for which punitive damages are recoverable, plaintiff's prayer for punitive damages must also fail with his bad faith claim.


Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 11 of 17

Having no claim for actual damages, Mr. Weilbacher has no claim for punitive damages.

Additionally, there is absolutely nothing to support an award of punitive damages in this case, even if such remedy were actually available.  "To support punitive damages, the wrongdoer's conduct must be 'outrageous, such as acts done with malice or bad motives or reckless indifference to the interests of another.'"  Nicholson, 777 P.2d at 1158 (quoting Sturm, Ruger & Co., Inc., v. Day, 594 P.2d 38, 46 (Alaska 1979), overruled on other grounds, Dura Corp. v. Harned, 703 P.2d 396 (Alaska 1985)).  See also AS 09.17.020(b).

In Nicholson, State Farm first denied coverage for the Nicholsons' loss while agreeing to cover their neighbor for the same loss.  Id. at 1153-54.  A couple of months later State Farm reversed its position and agreed to extend coverage to the Nicholsons.  Id. at 1154.  State Farm then began investigating and adjusting the claim, during which time the Nicholsons experienced additional losses.  Id.  Over one and one-half years after the initial claim, State Farm made the Nicholsons the first offer on their claim.  Id.  After a thorough review of State Farm's conduct, the court held that "there was insufficient evidence as a matter of law to support a finding of outrageous conduct or a gross deviation from an acceptable standard of reasonable conduct in order to sustain an award of punitive damages."  Id. at 1158.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 12 of 17

Here, Mr. Weilbacher's bad faith claim is based <u>solely</u> on Progressive's denying him another, separate "each person" policy limit of UIMBI coverage. When asked to set forth in full detail all facts supporting his claim that Progressive acted in bad faith, Mr. Weilbacher responded,

> Mr. Weilbacher believes that as he reads the insurance policy, Progressive has an obligation to pay him a separate per person limit under AS 09.15.010 and it has not done so. Under the Unfair Claims Settlement Act, Progressive had an obligation to pay him his separate, individual, per person limit, and Progressive is trying to avoid payment by claiming that Mr. Weilbacher's AS 09.15.010 claim is a derivative claim, rather than a direct claim. Progressive has an obligation to pay Mr. Weilbacher for the death of his daughter for his separate individual claim.

Exhibit B at 6. In other words, Mr. Weilbacher's <u>sole</u> basis for bad faith is that Progressive did not pay him another "each person" policy limit of UIMBI coverage when requested. Simply declining to pay a claim when a claimant demands payment does not rise to the level of conduct necessary to support a punitive damages award as a matter of law.

Notably, it is not Progressive who has acted in bad faith in this matter. Progressive recently discovered that Mr. Weilbacher, through his attorney, intentionally misrepresented Liberty Mutual's position in an attempt to induce Progressive to pay his claim. On May 8, 2005, Mr. Weilbacher informed

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 13 of 17

Progressive that Liberty Mutual had agreed with his analysis and agreed to pay Ms. Mauro's claim for a second "each person" UIMBI policy limit. Exhibit D at 1. However, at the time he made the representation, Mr. Weilbacher <u>knew</u> -- and had known for over a year -- that this was false. On November 21, 2003, Mr. Weilbacher's attorney received the letter from Liberty Mutual specifically <u>denying</u> Ms. Mauro's claim for an additional "per person" policy limit of UIMBI coverage under her policy. Exhibit D at 2-3. Liberty Mutual <u>denied</u> Ms. Mauro's claim on the basis that,

> the policy specifically provides that the "each person" limit applies to the liability for all damages, <u>including damages for care, loss of services or death</u>, arising out of "bodily injury" sustained <u>by any one person in any one accident</u>. Pursuant to this language, the total[] available limits in this matter are $100,000 and includes Heidi Weilbacher's parents' loss of society claims. Because Liberty Mutual has already paid $100,000 in this matter, there is no coverage for the loss of society claim being advanced by Ms. Mauro.

<u>Id</u>. Liberty Mutual also <u>denied</u> Mr. Weilbacher's similar claim for UIMBI coverage for the same reason. <u>Id</u>. at 4-5. In other words, at the time Mr. Weilbacher informed Progressive that Liberty Mutual was paying an additional "each person" policy limit to Cathy Mauro under her policy, he had <u>actual</u> <u>knowledge</u> that Liberty Mutual had <u>denied</u> that claim over a year before for the same reason as Progressive. <u>See</u> <u>e.g.</u> Exhibit C at 104:9-17.

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 14 of 17

Conclusion

Mr. Weilbacher cannot state a claim for bad faith as a matter of law. Mr. Weilbacher did not claim because he did not suffer any compensable damages as a result of Progressive's declining to pay him an additional "each person" policy limit of UIMBI coverage on his loss of society/consortium claim when his claim had already been paid within the earlier UIMBI payment. Without any compensatory damages, Mr. Weilbacher's bad faith claim fails as a matter of law. Additionally, punitive damages are a remedy, not an independent cause of action, and even if such remedy was available, Progressive's conduct does not rise to the level of outrageous or malicious conduct necessary to support punitive damages as a matter of law. Therefore, in the alternative and in addition to the reasons set forth in Progressive's Renewed Motion for Summary Judgment, Progressive is entitled to partial summary judgment in its favor on Mr. Weilbacher's insurance bad faith claim, including his prayer for punitive damages relief.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 15 of 17

DATED at Fairbanks, Alaska, this 28th day of August, 2006.

                                              GUESS & RUDD P.C.
                                              Attorneys for Progressive
                                              Northwestern Insurance Company

                                  By:      s/Aisha Tinker Bray
                                              Guess & Rudd P.C.
                                              100 Cushman Street, Suite 500
                                              Fairbanks, Alaska  99701
                                              Phone: 907-452-8986
                                              Fax:   907-452-7015
                                              Email: atbray@guessrudd.com
                                              Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
28th  day of August, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth W. Legacki, Esq.

A Chambers Copy was also mailed
to the court pursuant to D.AK.LR 10.1(b).

Guess & Rudd P.C.

By:     /s/Aisha Tinker Bray

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 16 of 17

Table of Exhibits

| Exhibit | Description |
|---|---|
| A | Page 7 ¶G of Plaintiff's Initial Discovery Disclosures[3] |
| B | Plaintiff's Supplemental Responses to Progressive's First Set of Discovery Requests |
| C | Pages 85-92 and Pages 101-104 of the Transcript of the August 21, 2006 Deposition of Ronald V. Weilbacher |
| D | Correspondence (Bates Nos. RW-100288 & RW-100261-264) |

---

[3] Progressive is providing only the relevant page. A complete copy of Plaintiff's Initial Discovery Disclosures will be provided if the court prefers.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Partial Summary Judgment Re Bad Faith
Page 17 of 17