REVIEWED BY R.V.M.
CALENDARED  N/A

Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail: legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>PROGRESSIVE NORTHWESTERN )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No. 3:05-cv-0204-TMB |

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS

Plaintiff Ronald V. Weilbacher, by and through counsel, hereby submits his supplemental responses to Progressive's First Set of Discovery Requests to Plaintiff, dated April 6, 2006.

eth W. Legacki, P.C.
J Street, Suite 920
orage, AK 99501
hone: (907) 258-2422
mile: (907) 278-4848

EXHIBIT  B
Page  1  of  13

## INTERROGATORIES

**INTERROGATORY NO. 1**: Please set forth in full detail all facts supporting your allegations and the basis for your allegations, raised at the hearing on March 30, 2006, that the UIMBI policy language is in violation of Alaska law, including the specific policy language at issue by quotation, the specific violation, and the name, address, and telephone number of every witness you claim has knowledge of facts supporting your claim and the identity and location of every document which you believe contains information supporting your claim. Please note that this interrogatory does <u>not</u> seek attorney work product. Rather, consistent with the Alaska Supreme Court's decision in <u>McKibben v. Mohawk Oil Co., Ltd.</u>, 667 P.2d 1223 (Alaska 1983), this interrogatory requires that plaintiff provide factual information supporting his specific allegations.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1**: Plaintiff Weilbacher asserts he is entitled to a separate per person limit under the underinsured policy because he was not compensated fully for the death of his daughter by the tortfeasor. The language in the paragraph entitled "INSURING AGREEMENT- UNINSURED/ UNDERINSURED MOTORIST BODILY INJURY COVERAGE" of Progressive's policy states that it "will pay for damages, other than punitive or exemplary damages, which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured/underinsured motor vehicle** because of bodily

K    W. Legacki, P.C.
42. _ Street Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET
    OF DISCOVERY REQUESTS
Weilbacher v. Progressive    Case No. 3:05 cv 0204-TMB
Page 2 of 14

EXHIBIT ___B___
Page __2__ of _13_

injury...." See AS 09.15.010; Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

Underinsured motorist coverage is to compensate an insured for damages that are not covered by the tortfeasor, and Progressive is trying to limit the amount of money Mr. Weilbacher can receive directly for his loss, which is a violation of law.

Danny Withers' deposition testimony supports Plaintiff Weilbacher's position that the claim under AS 09.15.010 is really no different than an NIED claim in that both are independent or direct causes of action by the parent. (Withers Depo. at 41)

**Witnesses:** Ronald Weilbacher, c/o Kenneth W. Legacki, Esq., 425 G Street, Suite 920, Anchorage, Alaska 99501; telephone: (907) 258-2422; Danny Withers, c/o Guess & Rudd, 510 L Street, Suite 700, Anchorage, Alaska; telephone: (907) 793-2200. **Documents:** The documents are in the possession, custody or control of Defendant.

**INTERROGATORY NO. 2**: Please set forth in full detail all facts supporting your allegations and the basis for your allegations, raised at the hearing on March 30, 2006, that Progressive's position in this matter with regard to the interpretation of the insurance policy is opposite of Progressive's interpretation in an earlier Alaska case, including specifically the citations to the earlier Alaska case referred to, the positions allegedly taken by Progressive in each, the specific policy

K W. Legacki, P.C.
4.. Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive    Case No. 3:05-cv-0204-TMB
Page 3 of 14

EXHIBIT 6
Page 3 of 13

language at issue in each case, and the name, address, and telephone number of every witness you claim has knowledge of facts supporting your claim and the identity and location of every document which you believe contains information supporting your claim. Please note that this interrogatory does <u>not</u> seek attorney work product. Rather, consistent with the Alaska Supreme Court's decision in <u>McKibben v. Mohawk Oil Co., Ltd.</u>, 667 P.2d 1223 (Alaska 1983), this interrogatory requires that plaintiff provide factual information supporting his specific allegations.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:** Plaintiff Weilbacher asserts that, according to State Farm Mut. Auto. Ins. Co. v. Dowdy, 111 P.3d 337 (Alaska 2005), Progressive took the position in <u>Wold v. Progressive Preferred Ins. Co.</u>, 52 P.3d 155 (Alaska 2002), that the parents did not receive separate "per person" policy limits under the Allstate policy, and therefore, the parents did not exhaust the underlying policies. See <u>Dowdy</u>, 111 P.3d at 340. Weilbacher asserts that, according to <u>Dowdy</u>, Progressive first took the position in <u>Wold</u> that the parents had to exhaust the underlying per person policy limits and Progressive then changed its position in the appellate court.

**Documents:** The documents are in the possession, custody or control of Defendant.

**INTERROGATORY NO. 3:** Please set forth in full detail all facts supporting your allegations in paragraph IX of your Complaint that Progressive

h W. Legacki, P.C.
4.   Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 276-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET
   OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 14

EXHIBIT ___B___
Page ___4___ of ___13___

breached its contract with you, including the name, address, and telephone number of every witness you claim has knowledge of facts supporting your claims and the identity and location of every document which you believe contains information supporting these claims. Please note that this interrogatory does **not** seek attorney work product. Rather, consistent with the Alaska Supreme Court's decision in <u>McKibben v. Mohawk Oil Co., Ltd.</u>, 667 P.2d 1223 (Alaska 1983), this interrogatory requires that plaintiff provide factual information supporting his specific allegations.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3**: Mr. Weilbacher believes that the policy language indicates that he will be compensated for any damages that the tortfeasor's insurance policy is not fully able to cover. Mr. Weilbacher had a contract with Progressive to pay money for his underinsured loss under AS 09.15.010. Mr. Weilbacher has his own separate individual claim because of the death of his daughter. Again, according to Mr. Weilbacher, the underinsured policy states it will cover the difference between what the insurance of the tortfeasor pays and the actual damage that Mr. Weilbacher suffered. Progressive has not paid that money. Mr. Weilbacher has not received compensation for his own individual claim under AS 09.15.010 from Progressive. Therefore, Progressive breached the contract. <u>See</u> <u>also</u> Answer to Interrogatory No. 1.

Witnesses: Ronald Weilbacher, c/o Kenneth W. Legacki, Esq., 425 G Street, Suite 920, Anchorage, Alaska 99501; telephone: (907) 258-2422. **Documents:**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 14

EXHIBIT B
Page 5 of 13

The documents are in the possession, custody or control of Defendant.

**INTERROGATORY NO. 4**: Please set forth in full detail all facts supporting your allegations in paragraph IX of your Complaint that Progressive acted in bad faith, including the name, address, and telephone number of every witness you claim has knowledge of facts supporting your claims and the identity and location of every document which you believe contains information supporting these claims. Please note that this interrogatory does <u>not</u> seek attorney work product. Rather, consistent with the Alaska Supreme Court's decision in <u>McKibben v. Mohawk Oil Co., Ltd.</u>, 667 P.2d 1223 (Alaska 1983), this interrogatory requires that plaintiff provide factual information supporting his specific allegations.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4**: Mr. Weilbacher believes that as he reads the insurance policy, Progressive has an obligation to pay him a separate per person limit under AS 09.15.010 and it has not done so. Under the Fair Claims Settlement Act, Progressive had an obligation to pay him his separate, individual, per person limit, and Progressive is trying to avoid payment by claiming that Mr. Weilbacher's AS 09.15.010 claim is a derivative claim, rather than a direct claim. Progressive has an obligation to pay Mr. Weilbacher for the death of his daughter for his separate individual claim. <u>See also</u> Answers to Interrogatory Nos. 1 and 3.

Witnesses: Ronald Weilbacher, c/o Kenneth W. Legacki, Esq., 425 G

neth W. Legacki, P.C.
G Street, Suite 920
horage, AK 99501
phone: (907) 258-2422
imile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 14

EXHIBIT B
Page 6 of 13

Street, Suite 920, Anchorage, Alaska 99501; telephone: (907) 258-2422. **Documents:** The documents are in the possession, custody or control of Defendant.

**INTERROGATORY NO. 5**: Please set forth in full detail all facts supporting your allegations in paragraph IX of your Complaint that Progressive acted contrary to its obligations to you, specifically including the precise obligation or obligations you believe Progressive acted contrary to, Progressive's alleged contrary action, and the name, address, and telephone number of every witness you claim has knowledge of facts supporting your claims and the identity and location of every document which you believe contains information supporting these claims. Please note that this interrogatory does not seek attorney work product. Rather, consistent with the Alaska Supreme Court's decision in McKibben v. Mohawk Oil Co., Ltd., 667 P.2d 1223 (Alaska 1983), this interrogatory requires that plaintiff provide factual information supporting his specific allegations.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5**: Mr. Weilbacher reads his insurance agreement as saying that Progressive has to compensate him for the loss of his daughter for his own claim under AS 09.15.010. Why Progressive has failed to pay Mr. Weilbacher is beyond his knowledge, and all the documents for the reason for not paying Mr. Weilbacher are in the possession of Progressive. See also Answers to Interrogatory Nos. 1 and 3, above.

**Witnesses:** Danny Withers. Mr. Withers testified there is no difference

Kenneth W. Legacki, P.C.
G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 7 of 14

EXHIBIT B
Page 7 of 13

between an NIED claim and an AS 09.15.010 claim, except Progressive believes the statutory claim is derivative. Mr. Withers, however, admitted that Mr. Weilbacher has an independent claim for the death of his daughter. **Documents:** The documents are in the possession, custody or control of Defendant.

**INTERROGATORY NO. 6**: Please identify every lawsuit, whether civil or criminal, in which you have been a party, either as a plaintiff or as a defendant, including the description of the nature of the action, the name of the case, the case number, the jurisdiction in which the action was filed, and the outcome or resolution (including any sentence imposed in any criminal action).

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 6**: Mr. Weilbacher was a party in the following lawsuits:

William H. Davis v. Ron Weilbacher, Case No. 3KN-95-795 Civil (an employment case relating to an employee claiming overtime); Weilbacher v. Old Country Log Homes, Case No. 3KN-00-299 Civil (a contract action); Weilbacher v. Brush, Case No. 3KN-02-285 SC (a car accident case in which one of his cars, being driven by an employee, was hit by Greg Brush); Weilbacher v. State of Alaska, Case Nos. 3KN-208 Civil and 3KN-03-210 Civil (an administrative appeal and suit); Ronald Weilbacher v. Toyama, Case No. 3AN-01-6148 Civil (a debt collection case); Leo v. Weilbacher, Case No. 3KN-00-269 SC; Larson v. Weilbacher, Case No. 3KN-98-446 Civil; Weilbacher v. Rogers/Wilderness Adventure, Case No. 3KN-92-1055 Civil

Kenneth W. Legacki, P.C.
5 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET
    OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 8 of 14

EXHIBIT B
Page 8 of 13

(dismissed for lack of prosecution); <u>Weilbacher v. Dave Keating/Poachers Cove</u>, Case No. 3KN-90-184 Civil (dismissed for lack of prosecution); <u>Ansel v. Weilbacher</u>, Case No. 3KN-86-1038 SC; and <u>Tuter/Nazerene Church v. Weilbacher</u>, Case No. 3KN-85-707 Civil. Mr. Weilbacher has also been a party to a divorce action and a dissolution without children action.

**INTERROGATORY NO. 7**: Please specify each and every item and category of damages you seek in this action and, for each item and category of damages you seek in this action, please state the precise manner in which the item/category and amount of damages was calculated, the total amount you seek for each item of damages, the name, address and telephone number for each witness you claim has knowledge of facts supporting your damage claims, and the identity and location of every document you claim contains information that supports any item/category of damages. In answering this interrogatory, please itemize all expenses, bills or receipts for damage, or other expenses, and indicate which bills were paid by you and which were paid by any other person, insurance company, or other entity, including that entity's name, address and telephone number, and please indicate whether any person, insurance company or other entity has or claims to have a lien against any recovery you may make in this case, including the identity of the lienholder. Please note that this interrogatory does <u>not</u> seek attorney work product. Rather, consistent with the Alaska Supreme Court's decision in <u>McKibben v. Mohawk Oil Co., Ltd.</u>, 667

nneth W. Legacki, P.C.
5 G Street, Suite 920
chorage, AK 99501
lephone: (907) 258-2422
csimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET
OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 9 of 14

EXHIBIT B
Page 9 of 13

P.2d 1223 (Alaska 1983), this interrogatory requires that plaintiff provide factual information supporting his specific allegations.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 7:** Mr. Weilbacher is seeking compensation for the loss of his daughter. The statutory cap for the death of a child under AS 09.15.010 is $400,000, or $8,000 times years of life expectancy, whichever is greater, and any other damages the Court deems are just. **Witnesses:** See Answers to Interrogatory No. 11.

**INTERROGATORY NO. 9:** If your response to any Request for Admission submitted by Progressive in this matter is anything other than an unqualified admission, please fully explain your response providing all facts, (including the name, address, and telephone number of all witnesses and the identity and location of all documents or other tangible things) that support your response to the Request for Admission. Please note your on-going obligation to supplement your responses pursuant to Rule 26(e).

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 9:** See Answer to Request for Admission No. 4. As to Request for Admission Nos. 5, 6 and 7, copies of the checks issued to Ronald Weilbacher have been produced. As Danny Withers' testified, the checks were issued to the Estate of Heidi Weilbacher and Cathie Mauro and Ronald Weilbacher as Personal Representatives of the Heidi's estate. See Document Nos. RW-10001 through RW-10011.

Kenneth W. Legacki, P.C.
25 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 279-4846

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET
     OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 10 of 14

EXHIBIT _B_
Page _10_ of _13_

If you look at the checks, Mr. Weilbacher received $26,506.92 from Allstate under the third-party claim (Document No. RW-10002), and then he received $33,333.33 from the underinsured motorist claim against Allstate. That is all the money that Mr. Weilbacher received for his private right of action. From looking at the checks, one can readily add up the figures to determine the amount of money Mr. Weilbacher received. Mr. Weilbacher had no control over how the checks were written. None of the checks state that they were to compensate Mr. Weilbacher for his direct claim.

**INTERROGATORY NO. 11**: For each non-expert witness you intend to call at trial, please state the following:

    A.    The name, current or last known address of the non-expert witness, and current or last known telephone number of the non-expert witness;

    B.    Your relationship, if any, to the witness;

    C.    The length of time you have known the witness and where you became acquainted; and

    D.    A summary of the facts upon which the witness relies for his or her testimony.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 11**: Objection; calls for attorney-client and work product privileged information.

The listed individuals will testify concerning the depth of the sorrow,

nneth W. Legacki, P.C.
G Street, Suite 920
chorage, AK 99501
ephone: (907) 258-2422
simile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 11 of 14

EXHIBIT B
Page 11 of 13

anguish and hurt that Mr. Weilbacher suffered because of the loss of his daughter and how he is a changed man since his daughter died. He has known each of these individuals for well over 15 years.

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 7**: Please produce all documents used or necessary to calculate the amount of damages you seek in each category of damages you see. See Rule 26 Initial Disclosures ¶ (C).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7**: See Answers to Interrogatory No. 7.

DATED this 16th day of August, 2006, at Anchorage, Alaska.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff

By _____
Kenneth W. Legacki
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK 99501
Phone: (907) 258-2422
Fax: (907) 278-4848
E-mail: legacki@gci.net

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 12 of 14

EXHIBIT B
Page 12 of 13

## VERIFICATION

STATE OF ALASKA            )
                           ) ss
THIRD JUDICIAL DISTRICT    )

      I, RONALD WEILBACHER, being first duly sworn, depose and state as follows:

      I am the person above-named; I have read the foregoing interrogatory answers and understand the contents thereof; I have executed the same freely and voluntarily for the purposes set forth therein; and I believe the statements to be true and correct to the best of my knowledge and belief.

      DATED this _21_ day of _aug_, 2006

_/s/ Ronald Weilbacher_
RONALD WEILBACHER

      SUBSCRIBED and SWORN TO before me, a notary public, this _21_ day of _aug_, 2006.

_____
Notary Public in and for Alaska
My Commission Expires: 7/18/09

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 13 of 14

EXHIBIT B
Page 13 of 13