Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PROGRESSIVE NORTHWESTERN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | 3:05-cv-204-TMB |

MEMORANDUM IN SUPPORT OF
PROGRESSIVE'S **ALTERNATE** MOTION FOR SUMMARY JUDGMENT

In the alternative and in addition to the reasons set forth in Progressive's Renewed Motion for Summary Judgment (DE#61-62), Progressive Northwestern Insurance Company ("Progressive") is entitled to summary judgment on all of plaintiff Ronald V. Weilbacher's claims against it as a matter of law because Mr. Weilbacher's misrepresentations, omissions, and incorrect statements on his application render the policy void *ab initio*.

As a preliminary matter, Progressive acknowledges and agrees that this motion becomes moot when the court grants Progressive's Renewed Motion for Summary Judgment (DE#61-62). This

motion for summary judgment provides an additional and alternative basis for the court's grant of summary judgment in favor of Progressive and against Mr. Weilbacher on all of Mr. Weilbacher's claims recently learned at Mr. Weilbacher's deposition.  This motion is filed at this time (rather than waiting for the court's ruling on the pending Renewed Motion for Summary Judgment) in order to comply with the Scheduling and Planning Order's dispositive motions deadline of August 28, 2006.

### Standard of Review

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> [S]ummary judgment shall be granted when, viewing the facts in the light most favorable to the nonmoving party, (1) there is no genuine issue of material fact, and (2) the moving party is entitled to summary judgment as a matter of law.  Once the moving party has satisfied his burden, he is entitled to summary judgment if the nonmoving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotation omitted). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 2 of 13

> *Triton Energy*, 68 F.3d at 1221. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy*, 68 F.3d at 1221.

<u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 919 (9th Cir. 2001).

Here, there are no genuine issues of material fact. Mr. Weilbacher made misrepresentations, omissions, and incorrect statements of fact on his insurance application. He fully admitted these incorrect statements at his deposition. As such, AS 21.42.110 prevents any recovery under the policy as the policy is rendered void *ab initio* as a matter of law.

## Discussion

On December 21, 2000 Mr. Weilbacher completed an application for insurance from Progressive through Denali Alaskan Insurance/Alaska Business Insurance. Exhibit A. On his application he identified and listed himself as the only member of his household over age 14. <u>Id</u>. at 1 & 3. In fact, at the time Mr. Weilbacher signed the application, Heidi Weilbacher was

Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 3 of 13

a resident of his household and over 14 years of age. <u>See</u> Exhibit B.

> **Representations in applications.** All statements and descriptions in an application for an insurance policy or annuity contract, or in negotiations for the policy or contract, by or in behalf of the insured or annuitant, shall be considered to be representations and not warranties. Misrepresentations, omissions, concealments of facts, and incorrect statements may not prevent a recovery under the policy or contract unless either
>
> (1)  fraudulent;
>
> (2)  material either to the acceptance of the risk, or the hazard assumed by the insurer; or
>
> (3)  the insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount, or at the same premium or rate, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

AS 21.42.110.

In <u>Bennett v. Hedglin</u>, 995 P.2d 668 (Alaska 2000), the court specifically addressed the issue of whether an insured's misrepresentations in his application would render his policy void *ab initio* under AS 21.42.110. It does. On his insurance application for his Anchor Point cabin, Bennett misrepresented that he was a full-time resident of his cabin and did not own,

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 4 of 13

occupy, or rent any other dwelling.[1] Id. at 671. At his deposition, however, Bennett admitted that at the time of his application he owned two homes in Anchorage, living in one and renting out the other. Id. Bennett tried to explain his response by stating that he intended to reside full-time at the cabin. Id. at 671-72. Based on the inconsistency between Bennett's responses on his application and his deposition testimony, the court concluded, "as a matter of law, that Bennett falsely stated the location of his full-time residence, thereby providing 'misrepresentations, omissions, concealments of facts, and incorrect statements' in his insurance application." Id. at 672 (quoting AS 21.42.110).

The court then concluded that, as a matter of law, Bennett's misrepresentations were material to the insurer's acceptance of the risk of insuring the cabin. Id. The court stated,

> When an applicant misrepresents a fact material to the acceptance of the risk, AS 21.42.110 permits the insurer to deny coverage under the policy. Other courts have construed analogous statutes as preserving the insurer's common law remedy of rescission--a remedy which renders the policy void *ab initio*.

---

[1] Mr. Bennett also misrepresented that he did not conduct any business at his cabin and no insured or uninsured losses had occurred at the cabin within five years. Id. at 671. However, the court did not address these misrepresentations, focusing instead solely on the misrepresentation of his residence and ownership of other properties. Id.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 5 of 13

Id. at 672.  Since Bennett had made material misrepresentations on his application regarding the location of his full-time residence the court held that any insurance coverage was void *ab initio*.  "[T]he insurer may rescind the binder or policy—rendering the contract void *ab initio*—when the applicant makes a misrepresentation material to the risk."  Id. at 674.  The court also recognized that "often the insurer will not discover the false or misleading character of the applicant's statements until after the loss has occurred."  Id. at 673.  See also id. at 672 n.11 (citing other cases).

Here, Mr. Weilbacher made "[m]isrepresentations, omissions, concealment of facts, and incorrect statements" on his application that prevent recovery under the insurance policy.  AS 21.42.110.  It is undisputable that Mr. Weilbacher's responses on his application with regard to persons in his household over age 14 were false, incorrect, and misleading statements.  These misrepresentations, omissions, and incorrect statements prevent Mr. Weilbacher's recovery under the policy because they directly and adversely affected the premium Progressive charged for the policy.

> Generally, the question of whether an applicant's statements were false or misleading is a jury question.  But when the facts are not in dispute--such as when an applicant admits that a statement is false or when there is no conflicting evidence-- courts can decide this question as a matter of law.

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 6 of 13

<u>Bennett</u>, 995 P.2d at 671. The facts in this case are not disputable, and Mr. Weilbacher has admitted under oath that his responses were false. Mr. Weilbacher's deposition testimony reveals that he provided false and misleading responses to two of the application's underwriting questions. In responses to these questions, Mr. Weilbacher failed to list and identify his daughter Heidi Weilbacher as a member of his household over age 14.

Under Driver Information the application states, "Complete for Applicant, Spouse, and all persons age 14 and over residing with Applicant (licensed or not). Also list any operators." Exhibit A at 1. Mr. Weilbacher only listed himself. <u>Id</u>. Mr. Weilbacher omitted his daughter Heidi Weilbacher, who was over age 14 and resided with him at the time of the application. <u>Id</u>. At his deposition, Mr. Weilbacher testified,

> Q. . . .. Was Heidi Weilbacher residing with you when you purchased the Progressive Northwestern policy?
>
> A. Yes.
>
> Q. Was she age 14 or over?
>
>                * * *
>
> A. 13 or 14, somewhere in there. She was born in '86.
>
> Q. What date, if I can say, what date?
>
> A. The end of July.

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 7 of 13

> Q. In '86. So as of July 2000, she would have then turned 14?
>
> A. Yes, she would have.
>
> Q. So would you agree with me that by December of 2000, she was 14?
>
>                  * * *
>
> A. Yes.
>
> Q. Shouldn't she have been listed, identified by you as a resident of your household who was 14 or over?
>
> A. I guess if I would have read this better at the time, I would have had her listed. All I did is sign my name where she had the circles.
>
>                  * * *
>
> Q. As of that date, Heidi Weilbacher was residing with you. She was over 14 and you agree, don't you, she should have been identified if you were asked the question --
>    If you were asked the question, "Who resides with you who is 14 or older," you should have identified her, correct?
>
> A. Yeah.

Exhibit B at 20:5-21:6 & 22:23-23:5. Thus, it is incontrovertible that Mr. Weilbacher's response to the Driver Information section of the application was an incorrect and misleading by the omission of Heidi Weilbacher.

Mr. Weilbacher also testified that he falsely initialed and filled out Question 1 of the Applicant Questionnaire. The Applicant Questionnaire stated,

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 8 of 13

**APPLICANT QUESTIONNAIRE**
**PLEASE HAVE THE APPLICANT COMPLETE THIS SECTION**
**AND INITIAL EACH RESPONSE**

> 1. Have all the residents of your household been disclosed on this application? Including all residents age 14 and over; exempt drivers; children away from home or in college and who drive your vehicle on a regular or frequent basis?
> (If no, please explain)   ___ Yes ___ No ___Initial

Exhibit A at 3. In response to Question 1, Mr. Weilbacher checked "yes" and initialed his response that all residents of his household over age 14 had been disclosed. Exhibit B at 32:22-33:6. In fact, as Mr. Weilbacher admitted at his deposition, this statement was incorrect. He admitted that Heidi should have been disclosed since she was 14 years old and living with him at the time of the application. Mr. Weilbacher testified,

> Q. As of that date, Heidi Weilbacher was residing with you. She was over 14 and you agree, don't you, she should have been identified if you were asked the question --
>    If you were asked the question, "Who resides with you who is 14 or older," you should have identified her, correct?
>
> A. Yeah.

Id. at 22:23-23:5. It is evident from Mr. Weilbacher's application and his deposition testimony that Mr. Weilbacher incorrectly represented the Driver Information and falsely answered Question 1 of the Applicant Questionnaire on his application.

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 9 of 13

Mr. Weilbacher's misrepresentations, omissions, and incorrect statements are material and prevent recovery under the policy because they directly affected the premium Progressive would have charged for the policy. See AS 21.42.110(3). Again, while materiality is generally a question of fact for the jury, the court may decide it as a matter of law when "the evidence is such that there can be no reasonable difference of opinion." Bennett, 995 P.2d at 672 (quoting Ruhlig v. American Community Mut. Ins. Co., 696 N.E.2d 877, 880 (Ind. App. 1998)). "The materiality inquiry addresses the question of whether truthful answers would have altered the insurer's decision to insure [] and set the premium." Id. at n.11 (citing Couch on Insurance 3d §81:78).

Here, Mr. Weilbacher's misrepresentations are material because truthful answers would have increased the premium charged for the policy. Exhibit C, Affidavit of Maureen Pfeifer.[2] At the time Mr. Weilbacher procured his policy, Progressive rated every household member over 14 years of age regardless of whether the person was licensed to drive or not for purposes of setting the policy premium. Id. Hence the reason for such questions on the application. As a result of Mr. Weilbacher's omissions and incorrect statements, Progressive

---

[2] Progressive submits a facsimile of the signed Affidavit of Maureen Pfeifer with this motion. A copy of the notarized Affidavit will be submitted as soon as possible. Per the court's instructions, the original Affidavit will be retained Progressive.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 10 of 13

issued him a policy at a premium rate lower than it would have done had it know the truth.  Id.  Under AS 21.42.110 a misrepresentation, omission, or incorrect statement prevents recovery under the policy if "the insurer in good faith would not have issued the policy . . . at the same premium or rate . . . if the true facts had been made known to the insurer as required . . . by the application for the policy."  Since Progressive would not have issued the policy at the same premium if it had known the true facts, Mr. Weilbacher is prevented from recovering under the policy.

Therefore, in the alternative and in addition to the reasons set forth in Progressive's Renewed Motion for Summary Judgment, Progressive is entitled to the common law remedy of rescission as codified under AS 21.42.110.  Under AS 21.42.110, Mr. Weilbacher's misrepresentations, omissions, and incorrect statements prevent his recovery for all claims by rendering his policy void *ab initio*.  Since Mr. Weilbacher's policy is void *ab initio*, Progressive is entitled to summary judgment on all of Mr. Weilbacher's claims against it as matter of law.  As a matter of law, Progressive cannot have breached in any manner a contract that does not exist.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 11 of 13

DATED at Fairbanks, Alaska, this 28th day of August, 2006.

>GUESS & RUDD P.C.
>Attorneys for Progressive
>Northwestern Insurance Company
>
>By: ____s/Aisha Tinker Bray____
>Guess & Rudd P.C.
>100 Cushman Street, Suite 500
>Fairbanks, Alaska  99701
>Phone: 907-452-8986
>Fax:   907-452-7015
>Email: atbray@guessrudd.com
>Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
28th day of August, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth W. Legacki, Esq.

A Chambers Copy was also mailed
to the court pursuant to D.AK.LR 10.1(b).

Guess & Rudd P.C.

By:____/s/Aisha Tinker Bray____

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 12 of 13

Table of Exhibits

| Exhibit | Description |
|---|---|
| A | Mr. Weilbacher's Insurance Application (Bates Nos. 100091-100096) |
| B | Transcript of the August 21, 2006 Deposition of Ronald V. Weilbacher |
| C | Affidavit of Maureen Pfeifer |

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Memorandum in Support of Progressive's **Alternate** Motion for Summary Judgment
Page 13 of 13