language at issue in each case, and the name, address, and telephone number of every witness you claim has knowledge of facts supporting your claim and the identity and location of every document which you believe contains information supporting your claim. Please note that this interrogatory does not seek attorney work product. Rather, consistent with the Alaska Supreme Court's decision in McKibben v. Mohawk Oil Co., Ltd., 667 P.2d 1223 (Alaska 1983), this interrogatory requires that plaintiff provide factual information supporting his specific allegations.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:** Plaintiff Weilbacher asserts that, according to State Farm Mut. Auto. Ins. Co. v. Dowdy, 111 P.3d 337 (Alaska 2005), Progressive took the position in Wold v. Progressive Preferred Ins. Co., 52 P.3d 155 (Alaska 2002), that the parents did not receive separate "per person" policy limits under the Allstate policy, and therefore, the parents did not exhaust the underlying policies. See Dowdy, 111 P.3d at 340. Weilbacher asserts that, according to Dowdy, Progressive first took the position in Wold that the parents had to exhaust the underlying per person policy limits and Progressive then changed its position in the appellate court.

**Documents:** The documents are in the possession, custody or control of Defendant.

**INTERROGATORY NO. 3:** Please set forth in full detail all facts supporting your allegations in paragraph IX of your Complaint that Progressive

n W. Legacki, P.C.
4. Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 276-4846

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 14

EXHIBIT A
Page 1 of 3

breached its contract with you, including the name, address, and telephone number of every witness you claim has knowledge of facts supporting your claims and the identity and location of every document which you believe contains information supporting these claims. Please note that this interrogatory does not seek attorney work product. Rather, consistent with the Alaska Supreme Court's decision in McKibben v. Mohawk Oil Co., Ltd., 667 P.2d 1223 (Alaska 1983), this interrogatory requires that plaintiff provide factual information supporting his specific allegations.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3**: Mr. Weilbacher believes that the policy language indicates that he will be compensated for any damages that the tortfeasor's insurance policy is not fully able to cover. Mr. Weilbacher had a contract with Progressive to pay money for his underinsured loss under AS 09.15.010. Mr. Weilbacher has his own separate individual claim because of the death of his daughter. Again, according to Mr. Weilbacher, the underinsured policy states it will cover the difference between what the insurance of the tortfeasor pays and the actual damage that Mr. Weilbacher suffered. Progressive has not paid that money. Mr. Weilbacher has not received compensation for his own individual claim under AS 09.15.010 from Progressive. Therefore, Progressive breached the contract. See also Answer to Interrogatory No. 1.

Witnesses: Ronald Weilbacher, c/o Kenneth W. Legacki, Esq., 425 G Street, Suite 920, Anchorage, Alaska 99501; telephone: (907) 258-2422. **Documents**:

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 14

EXHIBIT A
Page 2 of 3

## VERIFICATION

STATE OF ALASKA            )
                           ) ss
THIRD JUDICIAL DISTRICT    )

      I, RONALD WEILBACHER, being first duly sworn, depose and state as follows:

      I am the person above-named; I have read the foregoing interrogatory answers and understand the contents thereof; I have executed the same freely and voluntarily for the purposes set forth therein; and I believe the statements to be true and correct to the best of my knowledge and belief.

      DATED this _21_ day of _____, 2006

_____
RONALD WEILBACHER

      SUBSCRIBED and SWORN TO before me, a notary public, this _____ day of _____, 2006.

_____
Notary Public in and for Alaska
My Commission Expires: 7/18/09

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO PROGRESSIVE'S FIRST SET OF DISCOVERY REQUESTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 13 of 14

EXHIBIT __A__
Page __3__ of __3__