Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) 3:05-cv-204-TMB |

PROGRESSIVE'S OPPOSITION TO PLAINTIFF'S CIVIL RULE 56(f)
OPPOSITION TO PROGRESSIVE'S RENEWED MOTION FOR SUMMARY JUDGMENT[1]

Mr. Weilbacher's request for additional time under Rule 56(f) is without merit, repeats, yet again, his misrepresentations regarding the course of events and Progressive's actions in this matter, and again fails to even remotely comply with the burdens of proof under Rule 56(f). Mr. Weilbacher has again failed to articulate the specific facts that he hopes to elicit from further discovery, that these (undisclosed) facts exist, and that these facts are "essential" to resist Progressive's Renewed Motion for Summary Judgment.

---

[1] Progressive assumes the court will graciously construe Mr. Weilbacher's "Rule 56(f) Opposition" as a motion and accordingly responds in opposition.

I.  Mr. Weilbacher again intentionally misconstrues and misrepresents the course of events in this case and Progressive's actions.

On January 23, 2006, Progressive filed its original Motion for Summary Judgment.  DE#17-18.  At the last minute, Mr. Weilbacher filed a motion for Extension of time under Rule 56(f), seeking until 20 days after the close of discovery to oppose Progressive's motion.  DE#20.  Mr. Weilbacher claimed that he needed the extra time to depose Progressive's witnesses Danny Withers and Adam Lund.  Id.  He provided no other basis for his request.  Id.  All he needed was the depositions.  Id.

At the March 30, 2006 hearing, the court granted Mr. Weilbacher's motion, and denied Progressive's Motion for Summary Judgment without prejudice to refiling after the close of discovery on July 28, 2006.[2]  DE#28.  Thereafter, Mr. Weilbacher deposed Danny Withers and Adam Lund on July 12 and July 13, respectively. Mr. Weilbacher also deposed Progressive's expert witness Robert Lohr on July 26, 2006.  Thus, Mr. Weilbacher obtained exactly what he asked for.  Mr. Weilbacher deposed the only two witnesses he identified as necessary to oppose Progressive's motion.  He also had an additional 20 days following the close of discovery to

---

[2]  Contrary to Mr. Weilbacher's suggestions in his Rule 56(f) Opposition, he does not need to oppose or respond to Progressive's original motion for summary judgment, DE#17-18, as it was denied without prejudice to refiling. See DE#28.

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 2 of 15

oppose Progressive's Renewed Motion for Summary Judgment since the Renewed Motion was not filed until August 10, 2006.

Mr. Weilbacher now claims that he needs Progressive's responses to his discovery request before he can respond to Progressive's motion for summary judgment. Mr. Weilbacher's claim is wholly without merit.

First, as Mr. Weilbacher readily acknowledges, Progressive's Renewed Motion for Summary Judgment is very similar to Progressive's earlier Motion for Summary Judgment. However, in his plea for additional time to respond to the original motion, Mr. Weilbacher did <u>not</u> state that he needed any physical discovery from Progressive; he needed only to take the depositions of Mr. Withers and Mr. Lund.[3] <u>See</u> DE#20 & #24. Now, it seems that this alleged additional "discovery" is critical to his opposition (in some unspecified manner) to the <u>same</u> motion. Rhetorically speaking, why did he not know this before? Mr. Weilbacher's claims are disingenuous at best.

Mr. Weilbacher's new assertion also (again) conveniently overlooks that he had actual knowledge of the main issues in

---

[3] Notably, Mr. Weilbacher now <u>admits</u> that one of the witnesses (Mr. Lund) "knew little about the case," clearly demonstrating the unfounded nature of Mr. Weilbacher's pleas that additional discovery was needed prior to being able to respond to Progressive's motion for summary judgment. <u>See</u> Rule 56(f) Opposition at 2. In fact, contrary to Mr. Weilbacher's representations, Mr. Lund's deposition was not necessary at all.

Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 3 of 15

Progressive's motion for summary judgment in January 2006.  If he truly wanted Progressive's discovery responses before opposing its motion for summary judgment, Mr. Weilbacher should have served his discovery requests sooner.  It was his choice to wait until April 7, 2006 to serve his discovery requests.  In fact, if Mr. Weilbacher had served his discovery requests sooner all the "controversies" perceived by him regarding Progressive's responses could have been resolved prior to any court deadlines.  It was simply his choice not to do so.  Mr. Weilbacher has had ample time to conduct discovery.  He should not be rewarded for his dilatoriness.

Second, the alleged discovery that Mr. Weilbacher now seeks — allegedly responses to his discovery requests -- is not relevant to any issues in Progressive's Renewed Motion for Summary Judgment.  <u>See</u> Progressive's Opposition to Plaintiff's Motion to Compel Discovery (DE#56), incorporated herein be reference. Progressive intentionally filed its Renewed Motion for Summary Judgment while the discovery motion was pending so that the court could compare the issues in Progressive's motion to the alleged discovery sought.  In this manner, the court can readily and independently see how irrelevant and wasteful Mr. Weilbacher's discovery requests truly are.  Progressive also had to file its Renewed Motion for Summary Judgment motion and all other motions in this matter before the motions deadline of August 28, 2006.  <u>See</u> October 31, 2005 Scheduling and Planning Order.

Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 4 of 15

Again, contrary to Mr. Weilbacher's repeated misstatements Progressive has not waived all attorney-client and attorney work-product privileges in this case.  Progressive waived the attorney-client privilege only with Mr. Quinn in this case in order to allow questioning of Mr. Withers about his conversations with Mr. Quinn regarding Mr. Weilbacher's claim.  See Progressive's Reply to Plaintiff's Conditional Non-Opposition to Progressive's Motion to Amend Answer (DE#55).  This limited waiver of the attorney-client privilege with Mr. Quinn has nothing to do with Progressive's assertion of the attorney-client privilege in its discovery responses to protect other privileged documents and information from disclosure.

With regard to the timing of Progressive's waiver of the attorney-client privilege with Mr. Quinn, Mr. Weilbacher is well aware it was done at Mr. Withers' deposition very soon after Progressive learned Mr. Weilbacher wanted to inquire into Mr. Withers' conversations with Mr. Quinn.  Progressive almost immediately made the waiver, allowing Mr. Weilbacher to ask Mr. Withers the questions he wanted to and to depose Mr. Quinn if he chose.  However, Mr. Weilbacher did absolutely nothing following Mr. Withers' deposition.  He did not ask to depose Mr. Quinn.  He did not seek a limited extension of discovery to take Mr. Quinn's deposition given his allege shorten notice.  He did nothing.  Mr. Weilbacher had sufficient time to initiate discovery regarding Mr.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 5 of 15

Quinn.  He simply chose not to do so.  Notably, Mr. Weilbacher has not claimed that he needs any information from Mr. Quinn to oppose Progressive's motion, and he does not.  Mr. Weilbacher should not complain about a lack of discovery he did not bother to initiate and does not need.

Contrary to Mr. Weilbacher's repeated misrepresentations Progressive did not produce material, relevant documents in the last two weeks of discovery.  As stated above, Progressive produced unredacted copies of the two pages of Face Sheet Notes that have a reference to Mr. Quinn.  These are immaterial.  See DE#57 at Exhibits A & B.  Not only were the redactions inconsequential, but they were made at a time when Mr. Weilbacher could specifically ask the author of the notes questions about them, and he did.

The only other "documents" "produced" were the Alaska Supreme Court briefs from the Wold" case.  At the close of Mr. Withers' deposition, Progressive provided Mr. Legacki with its extra copy of the supplemental briefing by the parties in Wold to the Alaska Supreme Court on the issue of whether parents' loss of society claims were subject to the same "per person" limit of coverage.  These are obviously legal briefs and arguments provided as a professional courtesy, not evidence.  See e.g. D. Ak. LR 7.1(c)(3); Brock v. Rogers & Babler, Inc., 536 P.2d 778, 783 (Alaska 1975) ("Assertions of fact in pleadings and memoranda are not admissib[le] evidence.").  These briefs are also public record

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 6 of 15

and could have been obtained by Mr. Weilbacher at any time from the Alaska Supreme Court.

## II.  Mr. Weilbacher again fails to meet the requirements of Rule 56(f).

> Federal Rule of Civil Procedure 56(f) provides,
>
> Should it appear from the affidavits of a party opposing the motion that the party <u>cannot for reasons stated present by affidavit facts essential to justify the party's opposition</u>, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f) (emphasis added).  Rule 56(f) requires a lot more than a cursory plea for additional time, and not every Rule 56(f) motion should be granted.

The requirements for additional time under Rule 56(f) are clearly established.

> [T]he [party opposing summary judgment] must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.

Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 7 of 15

California *ex rel*. Cal. Dep't of Toxic Substances Control v.
Campbell, 138 F.3d 772, 779 (9th Cir. 1998). See also Myron v.
Terhune, 2006 U.S. App. LEXIS 20404, *4-5 (9th Cir. August 7, 2006)
(citing Campbell, 138 F.3d at 779 and the three requirements for
parties opposing summary judgment); Nidds v. Schindler Elevator
Corp., 113 F.3d 912, 921 (9th Cir. 1996) "(The burden is on the
party seeking additional discovery to proffer sufficient facts to
show that the evidence sought exists, . . . and that it would
prevent summary judgment."). Mr. Weilbacher has not made — and
cannot make - these showings.

     First, the party opposing summary judgment must "set
forth in affidavit form the specific facts that they hope to elicit
from further discovery." Campbell, 138 F.3d at 779. "The party
opposing summary judgment bears the burden of showing what facts
she hopes to discover to raise a material issue of fact." Terrell
v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (internal quotation
omitted).

          "References in memoranda and declarations to
          a need for discovery do not qualify as
          motions under Rule 56(f)." Brae Transp.,
          Inc. v. Coopers & Lybrand, 790 F.2d 1439,
          1443 (9th Cir. 1986). Rather, Rule 56(f)
          requires litigants to submit affidavits
          setting forth the particular facts expected
          from further discovery. We have stated that
          "failure to comply with the requirements of
          Rule 56(f) is a proper ground for denying
          discovery and proceeding to summary
          judgment." Id.

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 8 of 15

Campbell, 138 F.3d at 779 (emphasis added).

In his Affidavit, Mr. Legacki affies that the documents requested in Mr. Weilbacher's discovery requests to Progressive are "necessary to respond to not only the first motion for summary judgment filed by Progressive, but also the second motion for summary judgment.  The requested documents are at the heart of the issue in this case."  DE#73 at ¶2.  Mr. Legacki further affies that the motion to compel has merit due to the introduction of "a new witness in this case, Daniel Quinn, as well as submitting part of the documents requested by the plaintiff."  Id. at ¶3.  Mr. Legacki's affidavit is grossly insufficient to meet the requirements of Rule 56(f).

Mr. Legacki's affidavit is simply a declaration of (alleged) need for discovery.  It does not set forth the particular facts allegedly needed to oppose Progressive's Renewed Motion for Summary Judgment.  It does not even identify any facts Mr. Weilbacher intends to obtain from the discovery.  Thus, under Campbell, Terrell, and Brae Transp., Mr. Legacki's affidavit is insufficient to support a request for additional discovery under Rule 56(f), and his request should be denied.

Additionally, none of the alleged discovery Mr. Weilbacher moves to compel is factually oriented, i.e., even if the

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 9 of 15

discovery is compelled, it will not result in the disclosure of
relevant facts. <u>See</u> DE#56. Mr. Weilbacher asked Progressive to
admit it maintained the policy contracts database and the person
who has responsibility for the database.[4] <u>See</u> DE#46, Exhibit 8 at
1-3. These requests were responded to and do not provide any <u>fact</u>
to oppose Progressive's motion. Mr. Weilbacher then asked
Progressive to identify other litigation and judicial decisions
involving the disputed policy provision. <u>Id</u>. at 3-6. As noted
above, case law, other briefing, and judicial decisions are not
evidence; they are not <u>facts</u>. They are authority to be presented
to the court in support of legal argument on the legal issue before
the court. Mr. Weilbacher then asks for the drafting history of
the relevant UIMBI provision. <u>Id</u>. at 6. It is simply not
relevant, and does not produce any <u>facts</u> upon which Mr. Weilbacher
could oppose Progressive's motion for summary judgment. Mr.
Weilbacher's last two requests seek information from the <u>Wold</u> case
and claim file. Mr. Weilbacher knows Progressive's position in the
<u>Wold</u> case; it is the same as in this case. He has the Alaska
Supreme Court opinion reciting Progressive's position <u>and</u> he asked
Mr. Withers about it at his deposition. There are no <u>facts</u> which
Mr. Weilbacher could obtain from the <u>Wold</u> case that would in any
way contribute to his opposition to Progressive's motion. There
simply are no disputed, material issues of fact. <u>See</u> Progressive's
Opposition to Plaintiff's Motion to Compel Discovery (DE#56). No

---

[4] Mr. Weilbacher did <u>not</u> ask Progressive to produced any information from the
database itself. <u>See</u> DE#56 at 5-6.

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 10 of 15

additional discovery will contribute to the resolution of this case.  See DE#61-62.

Not only does Mr. Weilbacher fail to articulate any facts at all in Mr. Legacki's supporting affidavit, but he also fails to identify what the "issue is in this case."  The issue in this case is whether Mr. Weilbacher is entitled to a second, "each person" policy limit of UIMBI coverage.  See DE#61-62.  It is a purely legal issue, involving the interpretation of the Progressive policy language at issue.

Second, the party opposing summary judgment must set forth "that the facts sought exist."  Campbell, 138 F.3d at 779. "[D]enial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation."  Id. at 780-781.  See Terrell, 935 F.2d at 1018 ("The party seeking additional discovery also bears the burden of showing that the evidence sought exists.  Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation.").

Here, it is impossible to tell if the facts sought by Mr. Weilbacher to oppose Progressive's motion for summary judgment actually exist, because Mr. Legacki's affidavit and the Rule 56(f)

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 11 of 15

Opposition itself fail to articulate any <u>facts</u> believed necessary
to oppose purely legal arguments.  Mr. Legacki's affidavit and the
Rule 56(f) Opposition are clearly insufficient to meet this
requirement.

Third, the party opposing summary judgment must
demonstrate "that these sought-after facts are "essential" to
resist the summary judgment motion."  <u>Campbell</u>, 138 F.3d at 779.
"Under Rule 56(f), the party seeking the continuance must show that
it lacks the "facts essential" to resist the summary judgment
motion."  <u>McCormick v. Fund Am. Cos.</u>, 26 F.3d 869, 885 (9th Cir.
1994).

But what Mr. Weilbacher hopes to elicit during discovery
is not facts and not essential to any material issue in
Progressive's Renewed Motion for Summary Judgment.  Nothing in Mr.
Legacki's affidavit, or in the Rule 56(f) Opposition itself, sets
forth how or why the unidentified facts, or even the information
sought in discovery, is <u>essential</u> to resist Progressive's motion
for summary judgment.  Under Rule 56(f), it is <u>not</u> enough that the
discovery materials might be relevant or lead to relevant evidence.
Under Rule 56(f), the <u>facts</u> sought must be clearly identified and
"essential" to resist the summary judgment motion."  <u>Campbell</u>, 138
F.3d at 779.  <u>See</u> <u>McCormick</u>, 26 F.3d at 885 (concluding that
additional testimony "would have made no difference on summary

Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 12 of 15

judgment, because the allegedly omitted material would not have altered the total mix of information available" to the plaintiff).

Mr. Weilbacher clearly <u>did not meet any</u> of his burdens under Rule 56(f). He did not set forth in any form, much less in affidavit form, any specific facts that he hopes to elicit from the discovery he seeks to compel. He did not show that any facts he seeks exist. He did not show that any sought-after facts are "essential" to resist Progressive's summary judgment motion. As such, Mr. Weilbacher's request for additional time to oppose Progressive's Renewed Motion for Summary Judgment wholly fails to meet the requirements of Rule 56(f) for additional time and should be denied. <u>See</u> <u>Sanborn v. Placer County</u>, 80 Fed. Appx. 566, 567-68 (9th Cir. 2003) (Rule 56(f) motion properly denied when "[t]he motion did not point to any specific information that would be revealed by further discovery, nor did it explain how any such evidence would counter defendants' summary judgment motion.").

There is again no reason to vacate the October 31, 2005 Scheduling and Planning Order. Mr. Weilbacher's repeated suggestions that the court vacate the October 31, 2005 Scheduling and Planning Order is nothing more than an attempt to cover up his dilatoriness in discovery. Mr. Weilbacher asked for and was granted the <u>entire</u> discovery period in this case in order to oppose Progressive's motion for summary judgment. Mr.

Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 13 of 15

Weilbacher's failure to take advantage of the time he asked for and was granted is solely his choice.  Mr. Weilbacher should not be rewarded for his dilatoriness, nor allowed to continually stall Progressive's motion.  "'Moreover, the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Nidds, 113 F.3d at 921 (quoting Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995), cert. denied, 117 S.Ct. 56 (1996)).

For the foregoing reasons, the court should deny Mr. Weilbacher's repeated request for additional time.  As he acknowledged, Mr. Weilbacher has known the essential issues in Progressive's motion for summary judgment for eight months.  He conducted all the discovery he claimed he needed in order to respond to the motion — the depositions of Mr. Withers and Mr. Lund.  Mr. Weilbacher has had ample time to oppose Progressive's motion.  Therefore, Progressive asks the court to deny Mr. Weilbacher's request for still additional time, and either declare Progressive's motion unopposed and ripe for review or allow Mr. Weilbacher a short time within which to actually oppose the motion.[5]

---

[5]  Also, Mr. Weilbacher's delay tactic in waiting until the last minute to file his Rule 56(f) motion effectively guarantees him significant additional time to work on an opposition to Progressive's motion for summary judgment — a motion he has essentially known about since January 2006.

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 14 of 15

DATED at Fairbanks, Alaska, this 31st day of August, 2006.

GUESS & RUDD P.C.
Attorneys for Progressive
Northwestern Insurance Company

By: _____s/Aisha Tinker Bray_____
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska  99701
Phone: 907-452-8986
Fax:   907-452-7015
Email: atbray@guessrudd.com
Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
31st  day of August, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth W. Legacki, Esq.

Guess & Rudd P.C.

By: ____/s/Aisha Tinker Bray____

Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Civil Rule 56(f) Opposition to
Progressive's Renewed Motion for Summary Judgment
Page 15 of 15