Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail: legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-0204-TMB |
| _____ | ) |

**PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S
MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF
FROM CALLING DR. ANN STOCKMAN
AND ANY OTHER MEDICAL CARE PROVIDER**

## I. PROGRESSIVE WAS AWARE THAT PLAINTIFF'S THERAPIST, ANN STOCKMAN, WOULD TESTIFY REGARDING PLAINTIFF'S EMOTIONAL DISTRESS.

Progressive admits that Dr. Stockman was listed in plaintiff's interrogatory answers as Mr. Weilbacher's therapist, and in his initial disclosures as a witness who would be testifying regarding the emotional distress that Mr. Weilbacher suffered because of the death of his daughter. Progressive however never asked for a medical release from Mr. Weilbacher, nor did it ask for any medical records from Dr. Stockman, until after discovery had closed.

Dr. Stockman is a treating therapist for Mr. Weilbacher. She is not an expert; she has been treating Mr. Weilbacher for the mental anguish he suffered and she is going to testify regarding the emotional distress and angst that Mr. Weilbacher suffered because of the death of his daughter.

Dr. Stockman was not listed as a friend, but as a therapist, of Mr. Weilbacher; yet, Progressive complains it did not know that she is going to testify regarding her therapy treatments with Mr. Weilbacher. Progressive notes in its brief that "Plaintiff Weilbacher also listed numerous friends and business associates who can testify about how the death of his daughter affected him." (Docket No. 67, Memorandum in Support at 3)

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING DR. ANN STOCKMAN AND ANY OTHER MEDICAL CARE PROVIDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 6

The only mistake that Mr. Weilbacher made was in his supplemental discovery responses, submitted <u>after</u> discovery closed, when he did not add in his response that he has "known each of these individuals, <u>except for Dr. Stockman</u>, for well over 15 years."

Progressive is blaming Mr. Weilbacher and his attorney for its decision not to conduct discovery as to any of plaintiff's witnesses. Dr. Stockman is clearly listed as a therapist, and the defendant readily acknowledges, and does not dispute, that Dr. Stockman is listed as a therapist for Mr. Weilbacher. Progressive bases its argument on a document filed <u>after</u> discovery closed, which would not have allowed it to depose Dr. Stockman anyway.

There is no basis to preclude Dr. Stockman from testifying. It was disclosed that she is Mr. Weilbacher's therapist and that she would testify regarding the emotional distress that Mr. Weilbacher suffered because of the death of his daughter.

As the dictionary tells us, a therapist is "one who specializes in the provision of a particular therapy" and therapy is defined as the "treatment of disease or of any physical or mental disorder by medical or physical means."

There was never a request for medical records, nor was there a

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S MOTION *IN LIMINE* TO
 PRECLUDE PLAINTIFF FROM CALLING DR. ANN STOCKMAN AND
 ANY OTHER MEDICAL CARE PROVIDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 6

request to depose Dr. Stockman, prior to the close of discovery. Mr. Weilbacher responded to the interrogatory honestly and fully, stating <u>all</u> the witnesses listed, including his therapist Dr. Stockman, were going to testify about the emotional distress he suffered. A chronology of the dates Progressive was notified that Dr. Stockman was going to be a witness as Weilbacher's therapist before discovery closed is set forth below.

| EX. NO. | DATE | DESCRIPTION |
| --- | --- | --- |
|  |  |  |
| Defense Ex. A | Dec. 2, 2005 | Plaintiff's Initial Discovery Disclosures and Plaintiff's Preliminary Witness List (Ann Stockman, Ph.D. listed) |
| Docket No. 30 | May 8, 2006 | Plaintiff's Final Witness List |
| Defense Ex. B | May 26, 2006 | Plaintiff's Responses to Progressive's First Set of Discovery Requests |
| Ex. 1 | July 12, 2006 | Letter to Defense Counsel Re: Plaintiff's Discovery Responses |
| Ex. 2 | July 19, 2006 | Letter to Defense Counsel Re: Plaintiff's Discovery Responses |
| None | July 28, 2006 | Discovery Closed |
| Defense Ex. C | August 16, 2006 | Plaintiff's <u>Supplemental</u> Responses to Progressive's First Set of Discovery Requests |
|  |  |  |

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING DR. ANN STOCKMAN AND ANY OTHER MEDICAL CARE PROVIDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 6

On this record, Progressive's motion to preclude Dr. Ann Stockman from testifying should be denied. Dr. Stockman was listed as Ron Weilbacher's therapist and it was disclosed she would be testifying about his emotional distress.

**II.   IF DISCOVERY REMAINS OPEN, PLAINTIFF DOES NOT OBJECT TO PRODUCING THE THERAPIST'S RECORDS AND ALLOWING THE DEPOSITION OF DR. STOCKMAN.**

This Court is aware that Mr. Weilbacher has sought discovery on matters related to his claims against Progressive, that Progressive has refused to provide significant discovery, and that Mr. Weilbacher's Motion to Compel Discovery is pending. When Progressive first requested additional discovery regarding Dr. Stockman during the deposition of Ronald Weilbacher taken on August 21, 2006, discovery was closed. Given the refusal of Progressive to make discovery, Mr. Weilbacher's counsel did not readily agree to Progressive's request to initiate additional discovery of Dr. Stockman.

However, should Progressive be compelled to provide additional information in discovery, as Mr. Weilbacher has requested, there will be time to allow the additional discovery sought by Progressive of Dr. Stockman. Plaintiff

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING DR. ANN STOCKMAN AND ANY OTHER MEDICAL CARE PROVIDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 6

would not object to specific and limited discovery regarding the services provided by Dr. Stockman in that event.

DATED this 15th day of September, 2006, at Anchorage, Alaska.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff

By   s/Kenneth W. Legacki
     Kenneth W. Legacki
     Alaska Bar No. 8310132
     425 G Street, Suite 920
     Anchorage, AK  99501
     Phone: (907) 258-2422
     Fax: (907) 278-4848
     E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 15th day of September, 2006, a copy of the foregoing document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

        s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S MOTION *IN LIMINE* TO
  PRECLUDE PLAINTIFF FROM CALLING DR. ANN STOCKMAN AND
  ANY OTHER MEDICAL CARE PROVIDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 6