# KENNETH W. LEGACKI, P. C.
## ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

July 12, 2006

**VIA FACSIMILE**

Ms. Aisha Tinker Bray
Attorney at Law
Guess & Rudd, P.C.
100 Cushman Street, Suite 500
Fairbanks, AK  99701-4659

RE:  Weilbacher vs. Progressive
     Claim No.      : 017489548
     Your File No.  : 5200.120

Dear Aisha:

In response to your May 31, 2006 letter, plaintiff's response to Interrogatory No. 1 is self-evident; Mr. Weilbacher asserts he is entitled to a separate per person limit under the underinsured policy because he was not compensated fully for the death of his daughter by the tortfeasor.  The language of the insurance policy states that it will pay any damages that are not covered by the tortfeasor's insurance policy.  Even Danny Withers testified today that Mr. Weilbacher's expectations were reasonable.

Danny Withers also stated, if my recollection serves me correctly, that the claim under AS 09.15.010 is really no different than an NIED claim in that both are independent or direct causes of action by the parent.

Regarding the answer to Interrogatory No. 2, plaintiff incorporates the above, and further adds that, according to Dowdy, Progressive took the position in Wold that the parent did not trigger separate "per person" policy limits under the Allstate policy.  See Dowdy, 111 P.3d at 340.  It appears to me, in reading the Dowdy decision, that Progressive first took the position that the parent had to exhaust the personal policy limits and Progressive then changed its position in the appellate court.

As to response to Interrogatory No. 3, Mr. Weilbacher had an insurance policy to pay for damages that are not covered by the insurance of the tortfeasor.  The documents are in the possession of Progressive, and of course, the plaintiff has been denied access to the records and other documents containing the information supporting these claims.

EXHIBIT 1
Page 1 of 3

Ms. Aisha Tinker Bray
July 12, 2006
Page 2

Nevertheless, as Mr. Withers testified in his deposition, Mr. Weilbacher's expectation that he had a claim as a separate person is a reasonable expectation.

The response to Interrogatory No. 4 is self-evident in that Mr. Weilbacher understood his underinsured contract with Progressive to compensate him for any damages that the tortfeasor was unable to pay for the death of his daughter. Plaintiff believes that the law is clear enough for Progressive to understand that a claim under AS 09.15.010 is a direct action claim which triggers the separate per person limits under the underinsured motorist policy. Indeed, the issue was raised and briefed in the Wold case, and as Mr. Withers stated, there is no difference between an NIED claim and an AS 09.15.010 claim.

With respect to Interrogatory No. 5, Mr. Withers testified there is no difference between an NIED claim and an AS 09.15.010 claim, except Progressive believes the statutory claim is derivative. Mr. Withers, however, admitted that Mr. Weilbacher has an independent or direct claim for the death of his daughter.

As to the response to Interrogatory No. 6 regarding any other lawsuits, I took it that when you objected to production of any public records, that I could avail myself of the same objection as well. As you know, any lawsuit that is filed is a public record and according to your objections to plaintiff's discovery requests, public records do not have to be produced. I am confused by your double standard.

It appears you agree with me that a record may be "a public record," although it may not be readily accessible. Mr. Weilbacher has been involved in lawsuits other than those pertaining to the death of his daughter. Mr. Weilbacher was a party in the following lawsuits: William H. Davis v. Ron Weilbacher, Case No. 3KN-95-795 Civil (an employment case relating to an employee claiming overtime), Weilbacher v. Old Country Log Homes, Case No. 3KN-00-299 Civil (a contract action), Weilbacher v. Brush, Case No. 3KN-02-285 SC (a car accident case in which one of his cars, being driven by an employee, was hit by Greg Brush), Weilbacher v. State of Alaska, Case No. 3KN-03-210 Civil (an administrative appeal and suit), and Ronald Weilbacher v. Toyama, Case No. 3AN-01-6148 Civil (a debt collection case).

As to Interrogatory No. 7, as any parent knows, including Mr. Withers, there is no amount of money that can compensate a parent for the loss of a child that they deeply love. Beside the fact that this question is obnoxious, the statutory cap for the death of a child is $400,000. Even if Mr. Weilbacher asked for the moon, according to Alaska

EXHIBIT 1
Page 2 of 3

Ms. Aisha Tinker Bray
July 12, 2006
Page 3

statute, the maximum amount he can receive is $400,000.

As to Interrogatory No. 9 and Request for Admission Nos. 5 through 7, the figures you cited were incorrect and did not correspond with the copies of the checks provided to you. The checks are self-explanatory.

Last but not least, regarding Interrogatory No. 11, the listed individuals are all friends of Mr. Weilbacher who will testify to his anguish and how Mr. Weilbacher is a changed man since the death of his daughter. He has known each of these individuals for well over 15 years. I assume the exact number of years over 15 is superfluous, but if you really want to know the exact number, I will ask Mr. Weilbacher to pinpoint the exact year to the best of his recollection.

I will forward Mr. Weilbacher's signed and notarized verification page to you as soon as it is received.

Sincerely,

KENNETH W. LEGACKI, P.C.

Kenneth W. Legacki

KWL/ksh
cc: Gary Zipkin, Esq.

EXHIBIT 1
Page 3 of 3