Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| PROGRESSIVE NORTHWESTERN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | Case No. 3:05-cv-0204-TMB |
| _____ ) | |

**PLAINTIFF'S OPPOSITION TO
PROGRESSIVE'S ALTERNATE
<u>MOTION FOR SUMMARY JUDGMENT</u>**

I.      INTRODUCTION.

Progressive's Alternate Motion for Summary Judgment for the

alleged misrepresentation of Ronald Weilbacher on the insurance policy is an example of the gamesmanship of Defendant Progressive Northwestern Insurance Company in this case. The attorneys filing this motion have violated Rule of Professional Conduct 3.3 by withholding material facts from the Court.

The premise of Progressive's motion is that Mr. Weilbacher misrepresented the residency of his daughter Heidi in an insurance application taken December 21, 2000. The facts, well known to Progressive, were that Heidi resided with her mother in Anchorage where she attended school and visited with her father in Kenai for periods of time in the summer.

Progressive is alleging that Mr. Weilbacher misrepresented facts on his insurance policy and is now attempting to void the insurance agreement. Progressive has however failed to disclose to this Court that Progressive conducted an investigation, Progressive knew the mother had primary physical custody, and Progressive still found that Mr. Weilbacher had coverage under the policy and that it had a duty to pay Mr. Weilbacher for the death of his daughter.

On February 20, 2002, Mr. Weilbacher was interviewed by the adjuster for Progressive, Danny Withers, and he told them that he had joint legal custody of his daughter, that his daughter lived with her mother during the school year, attended Dimond High School, and that she lived with him during the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 18

summer. (Ex. 1)

On October 25, 2002, in a litigation memorandum compiled by Danny Withers, the adjuster in this case, sent to the law firm of Guess & Rudd, Mr. Withers stated that Mr. Weilbacher had coverage and that Progressive was responsible for paying Mr. Weilbacher. (Ex. 20)

In Progressive's answer to the complaint filed in this action on September 23, 2005, nowhere does Progressive list the affirmative defense of fraud and misrepresentation or avoidance of the policy, although all facts were disclosed to Progressive prior to Progressive answering the complaint. It is obvious that Progressive was playing games with Mr. Weilbacher because of his ninth grade education, and a misunderstanding occurred in Mr. Weilbacher's recent deposition.

This Court, because of Progressive's gross misrepresentations to the Court, should impose a very severe sanction against Progressive for its actions.

**A. RONALD WEILBACHER'S APPLICATION FOR INSURANCE COMPORTED TO THE FACTS OF HEIDI'S RESIDENCY.**

In his deposition, Mr. Weilbacher admitted that he has only a ninth grade education. He also admitted that he has trouble reading. He stated in his deposition that he contacted the insurance broker, spoke to her over the telephone,

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 18

and advised her of the living arrangements of his daughter. The living arrangements, as investigated to by Progressive, show that the parents had joint custody, with primary physical custody with the mother; Heidi lived with her mother during the school year, and with her father outside the school year.

The testimony of Mr. Weilbacher was that the insurance broker knew he had a daughter (Defense Ex. B, Weilbacher Depo. at 32-35), that "Julie" from Denali Alaskan put together the insurance, and Ronald Weilbacher trusted her (id. at 39-42).

Nowhere does Progressive proffer any statement from the insurance broker that Mr. Weilbacher misrepresented to the broker the status of his daughter.

### B. PROGRESSIVE'S INITIAL DISCLOSURES SHOW THAT IT HAD KNOWLEDGE OF THE STATUS OF HEIDI WEILBACHER'S RESIDENCY AND DETERMINED THERE WAS COVERAGE.

Attached hereto are the documents from Progressive's initial disclosures which show that Progressive had full knowledge of the residency of Heidi Weilbacher when Progressive determined there was coverage. Mr. Weilbacher had fully disclosed to Progressive the relationship that he had with his daughter, and the documents show that Mr. Weilbacher did not misrepresent the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 18

living arrangements to Progressive. For Progressive to allege otherwise is committing a fraud upon the Court. The following index of the exhibit documents attached hereto shows Progressive had knowledge of Heidi's residency status.

| EX. NO. | DOC. NOS. | DATE | DESCRIPTION |
|---|---|---|---|
| 1 | 100001 to 100016 | Feb. 20, 2002 | Statement by Mr. Weilbacher to Danny Withers explaining Heidi's residency -- that she lived with her mother and attended Dimond High School during the school year |
| 2 | 100032 | April 5, 2005 | Letter from Progressive stating that Mr. Weilbacher has coverage for the death of his daughter, Heidi Weilbacher |
| 3 | 100062 | Feb. 24, 2004 | Letter from Progressive tendering what it believes is the UM/UIM limits for the underinsured claims for Heidi Weilbacher |
| 4 | 100071 |  | Progressive internal document which shows Heidi's address was at her mother's residence at 2730 West 80th Avenue, Anchorage, and insured Ronald Weilbacher's address was Post Office Box 3824, Soldotna, Alaska |

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 18

| 5 | 100090 | August 26, 2003 | Letter from Progressive sending copy of Mr. Weilbacher's application for insurance to his attorney Kenneth Legacki and also noting that the mother of Heidi Weilbacher, Cathie Mauro, also had insurance coverage different and distinct from Mr. Weilbacher's insurance under Progressive |
| --- | --- | --- | --- |
| 6 | 100091 to 100096 | December 21, 2000 | Ronald Weilbacher's application for insurance which Progressive and its attorneys now claim was a fraudulent misrepresentation to them |
| 7 | 100102 to 100121 | August 2003 | Settlement Agreement & Release on underlying lawsuit, drafted by law firm of Guess & Rudd when it represented Allstate Ins. Co. in underlying insurance coverage issues relating to the accident -- Guess & Rudd are Progressive's attorneys in the present litigation before this Court on Mr. Weilbacher's underinsured coverage dispute |
| 8 | 100136 | 2001 | Copy of the insurance coverage of Cathie Mauro, Heidi Weilbacher's mother |

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 18

| 9 | 100255 | July 12, 2001 | Copy of the article from the **Anchorage Daily News** which shows Heidi Weilbacher attended Dimond High School in Anchorage, Alaska |
| 10 | 100256 | July 13, 2001 | Obituary of Heidi Weilbacher, showing Heidi attended school at Dimond High School in Anchorage and that her mother lives in Anchorage and her father, Ronald Weilbacher, lives in Soldotna, Alaska |
| 11 | 100264 | March 12, 2002 | Letter from Progressive to Kenneth Legacki in which Progressive recognized "at the time of the above accident, we are informed that Heidi Weilbacher was living in Soldotna with our insured; however, there is no court order as to custody. It is our understanding that there is an issue of dual residency. We are informed that Heidi lived with her mother during the school year." |

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
     FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 7 of 18

| 12 | 100291 | December 14, 2001 | Progressive internal document stating coverage analysis: "IF GP IS RESIDENT OF NI HOUSEHOLD AND QUALIFIES AS "RELATIVE", PER INSURANCE AGREEMENT. UM/UIM COVERAGE WILL APPLY, ON EXCESS BASIS. . ." |
| --- | --- | --- | --- |
| 13 | 100298 | February 4, 2002 | Progressive internal document which states: "MP COVERAGE APPEARS IN ORDER (RESIDENT RELATIVE IN NON-OWNED VEHICLE). . ." |
| 14 | 100299 | February 21, 2002 | Progressive internal document which states: "IGP IS RESIDENT RELATIVE OF NI WHO WAS OCCUPYING A NON-OWNED VEHICLE. . ." |
| 15 | 100300 | February 21, 2002 | Progressive internal document which approved of payment of funeral expenses for Heidi Weilbacher and to reimburse Peter and Cathie Mauro for $5,000 because the insurance agreement that Ronald Weilbacher had covered such expenses |

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 8 of 18

| 16 | 100303 | February 21, 2002 | Progressive internal document which states: "MET W/ NI AND HIS ATTY, TOOK R/S. HEIDI WEILBACHER DOB IS 7/31/86, NI IS HER NATURAL FATHER. HER MOTHER IS CATHY MAURO AND SHE RESIDES IN ANCHORAGE. HEIDI WAS IN THE 10TH GRADE AT DIMOND HIGH, ANCHORAGE, AND LIVED W/HER MOTHER CATHY MAURO, DURING THE SCHOOL MONTHS, AND LIVED WITH HER FATHER, RON WEILBACHER, IN SOLDOTNA, DURING THE SUMMER. NI OWNS THE RW FISHING RESORT IN SOLDOTNA, AK., AND HEIDI WORKED AND LIVED THERE DURING THE SUMMER. - THE RESORT WAS WILLED TO HEIDI, IN RON'S WILL." |

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 9 of 18

| 17 | 100304 | February 21, 2002 | Progressive internal document states: "AT THE TIME THIS ACCIDENT OCCURRED, HEIDI WAS LIVING IN SOLDOTNA WITH HER FATHER, AND HAD DRIVEN UP TO ANCHORAGE WITH HER MOTHER ON THAT DAY BEFORE. HEIDI LIVED WITH THE NI WHEN THIS ACCIDENT OCCURRED, SHE IS THE NI NATURAL DAUGHTER AND QUALIFIES AS A "RELATIVE". PER THE NI, CATHY MAURO, HAS A POLICY W/LIBERTY MUTUAL INS. I HAVE REQUESTED A COPY OF THE POLICY, BECAUSE THERE APPEARS TO BE DUAL RESIDENCY OF HEIDI, BETWEEN HER FATHER AND MOTHER. NI AND HEIDI'S MOTHER WERE DIVORCED 11 YRS AGO, WHICH WAS A DISSOLUTION" |

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 10 of 18

| 18 | 100306 | February 26, 2002 | Progressive internal document from J. Wesolowski stating: "ONE CAN HAVE DUAL RESIDENCY IN MOST VENUES. IS THIS AN ISSUE IN ALASKA? DANNY, NEXT STEP IN ADDRESSING EXPOSURE? DUAL COVERAGE WITH THE OTHER CARRIER." |
|---|---|---|---|
| 19 | 100313 | May 29, 2002 | Progressive internal document stating: "IGP WAS MINOR DAUGHTER OF NI. IGP HAD DUAL RESIDENCY W/ NI & IGP MOTHER. NO FORMAL COURT DECISION AS TO CUSTODY. AS IGP WAS RESIDENT RELATIVE OF NI OCCUPYING A NON-OWNED VEHICLE (OWNED BY ESPER). . ., IGP WOULD BE CONSIDERED AN INSURED PERSON" |
|  |  |  |  |

But more importantly is Document No. 100,445, entitled "2729 REPORT, CONFIDENTIAL: FOR USE BY COMPANY ATTORNEYS IN THE EVENT OF LITIGATION", authored by Danny Withers, and composed on October 25, 2002, which states that coverage was resolved and coverage was

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
     FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 11 of 18

provided. (Ex. 20)

## II. ARGUMENT.

### A. PROGRESSIVE IS MANIPULATING THE SELECTIVE TESTIMONY OF MR. WEILBACHER AND OMITTING FACTS TO THE POINT OF BEING DISHONEST WITH THE COURT.

Progressive and its attorneys are asserting Mr. Weilbacher misrepresented Heidi's residency status to Progressive because he failed to disclose in his application that his daughter was living with him. In its motion, Progressive failed to advise the Court that it had already resolved this issue in favor of Mr. Weilbacher. As Progressive readily acknowledges in its disclosure documents, it knew that Heidi was living with her mother in Anchorage, Alaska, during the school year, and was attending Dimond High School. When Mr. Weilbacher was being deposed, he was thinking that Mr. Zipkin was asking about the joint legal custody arrangement between he and Cathie Mauro, Heidi's mother. As Mr. Weilbacher testified in his deposition, he initialed where the insurance broker told him to initial after the application was faxed to him. (Defense Ex. B, Weilbacher Depo. at 21, 33) There is no statement from the insurance broker that Mr. Weilbacher lied to her.

As Mr. Weilbacher testified, he disclosed the information about his

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
   FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 12 of 18

daughter: "I have had the insurance people pretty well just do the paperwork for me. . . They knew my daughter." (Defense Ex. B, Weilbacher Depo. at 34-35)

Progressive's own documents show that at the time the application was made on December 21, 2000, Heidi Weilbacher was living in Anchorage, Alaska, with her mother.  As Mr. Weilbacher stated in the accompanying affidavit, he understood that Mr. Zipkin was asking about joint legal custody at the deposition, and not physical custody.  (Ex. 21, Weilbacher Affidavit)  It appears that Mr. Zipkin was toying with Mr. Weilbacher, especially when he never asked Mr. Weilbacher to explain his prior statement to Progressive on February 20, 2002, wherein Mr. Weilbacher said Heidi attended Dimond High School.  (Ex. 1)

As Mr. Weilbacher testified in his deposition, he has a ninth grade education and he never received a GED.  (Defense Ex. B, Weilbacher Depo. at 9)  Yet, Mr. Zipkin and Ms. Bray, having the above documents in their possession, are accusing Mr. Weilbacher of committing a fraud.  There was no fraud or misrepresentation, especially in light of the fact that Progressive, after doing a thorough investigation, concluded that there was coverage and that Mr. Weilbacher should be entitled to compensation for the death of his daughter.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 13 of 18

Progressive should be ashamed of its conduct toward Mr. Weilbacher.

**B.   ESTOPPEL.**

As the above documents indicate, Progressive was aware all along of Mr. Weilbacher's living arrangements with his daughter, not only through the interview with Mr. Weilbacher, but the internal analysis of the relationship to the insurance contract that he had with Progressive.  Progressive, through Mr. J. Wesolowski, and through its adjuster, Danny Withers, concluded that there was coverage.  For Progressive to now argue that Mr. Weilbacher committed a fraud, and that there is no coverage, is simply dishonest and another occurrence of bad faith by Progressive.  This is an attempt to harass and embarrass Mr. Weilbacher and should not be tolerated.

Progressive has intentionally misled the Court by not telling the Court of its investigation of this case, its full knowledge that Heidi was living with her mother in December of 2000, and its conclusion that there was coverage. This conduct mandates a sanction, a severe sanction.  Progressive had all this information before it decided to grant coverage to Mr. Weilbacher.  For Progressive to now take the position that there is no coverage, indicates that it waived any right it might have had to void any insurance agreement.  Progressive is estopped from now claiming noncoverage.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
        FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 14 of 18

Here, Progressive, with full knowledge that Heidi resided with her mother in Anchorage during the school year and lived with her father in Kenai at times in the summer, determined that there was coverage under Mr. Weilbacher's insurance contract. Claims were presented to Progressive and paid or denied with the understanding that there was coverage. No "reservation of rights" letter was ever supplied to the insured revealing that there was any issue as to coverage. Progressive, with full knowledge of all material facts, determined there was coverage and waived any opportunity to raise this issue at some later point.

Mr. Weilbacher relied on Progressive's acknowledgement of coverage. Progressive's acceptance of coverage meant that no discovery was ever taken on the specific knowledge of various agents or employees who knew Mr. Weilbacher and of his daughter Heidi. Instead, discovery focused on facts relevant to the proper construction of certain policy language as applied to the law in Alaska concerning the independent right of a parent to make a claim for the parent's losses and damages on the death of his child. To consider this post-midnight attempt to inject a policy defense would mean that discovery on this issue must be opened to fully explore the knowledge of Progressive when coverage decisions were made as well as the materiality of these facts under

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 15 of 18

AS 21.42.110.  This case is a far cry from <u>Bennett v. Hedglin</u>, 995 P.2d 668 (Alaska 2000), relied upon by Progressive.  There, the putative insured stated he lived in a cabin on the Kenai when in fact he resided in Anchorage.  The fact of occupancy was material to a decision to insure, or not insure, the cabin.

It is clear on the record presented in the attached exhibits however that Progressive in fact had full knowledge when it concluded that coverage existed.  Nothing has changed, save an eleventh-hour attempt to mislead Mr. Weilbacher in his deposition and this Court through this motion.

### III.  CONCLUSION.

Progressive has known throughout this matter that Heidi resided in Anchorage during the school year and lived with her father, Mr. Weilbacher, at times during the summer.  With this knowledge, Progressive's employees analyzed coverage and determined that coverage exists.

Progressive's counsel then obtained an incorrect answer to a leading question in Mr. Weilbacher's deposition--and based this motion on that testimony.  (Ex. 21, Weilbacher Affidavit)  As a factual matter, Heidi did not reside with Mr. Weilbacher on or about December 21, 2000, when the insurance application was initialed.  Mr. Weilbacher explains that he confused joint legal custody with residence in the affidavit filed herewith.  (Ex. 21)

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 16 of 18

Irrespective of Mr. Weilbacher's deposition testimony, the material facts here were known to Progressive early in this claim, and based on those facts, Progressive determined there was coverage. Unfortunately, Progressive has failed to alert the Court that it had full knowledge of the facts relevant to the residency issue when it determined there was coverage. Of course, sharing that information with the Court would reveal that Progressive's motion is baseless. It is, and Progressive's motion must be denied.

DATED this 15th day of September, 2006, at Anchorage, Alaska.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff

By    s/Kenneth W. Legacki
     Kenneth W. Legacki
     Alaska Bar No. 8310132
     425 G Street, Suite 920
     Anchorage, AK  99501
     Phone: (907) 258-2422
     Fax: (907) 278-4848
     E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 15th day of September, 2006, a copy of the foregoing document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

     s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 17 of 18

## INDEX OF EXHIBITS

Exhibit 1   -   Recorded Interview of Ron Weilbacher, dated February 20, 2002
Exhibit 2   -   April 5, 2005 letter from Progressive
Exhibit 3   -   February 24, 2004 letter from Progressive
Exhibit 4   -   Progressive's Claim Sheet
Exhibit 5   -   August 26, 2003 letter from Progressive
Exhibit 6   -   Ronald Weilbacher's Insurance Application, dated December 21, 2000
Exhibit 7   -   Settlement Agreement and Release in the Mauro/Weilbacher v. Estate of Robert Esper underlying lawsuit
Exhibit 8   -   Liberty Mutual's 2001-2002 Personal Auto Policy Declarations Sheet for Peter and Cathie Mauro
Exhibit 9   -   July 12, 2001 article from the **Anchorage Daily News**
Exhibit 10  -   July 13, 2001 Obituary notice for Heidi Weilbacher
Exhibit 11  -   March 12, 2002 letter from Progressive
Exhibit 12  -   December 14, 2001 Face Sheet Note (Bates #100291)
Exhibit 13  -   February 2002 Face Sheet Note (Bates #100298)
Exhibit 14  -   February 21, 2002 Face Sheet Note (Bates #100299)
Exhibit 15  -   February 21, 2002 Face Sheet Note (Bates #100300)
Exhibit 16  -   February 21, 2002 Face Sheet Note (Bates #100303)
Exhibit 17  -   February 21, 2002 Face Sheet Note (Bates #100304)
Exhibit 18  -   February 26, 2002 Face Sheet Note (Bates #100306)
Exhibit 19  -   May 29, 2002 Face Sheet Note (Bates #100313)
Exhibit 20  -   October 25, 2002 Confidential Report for Company Attorneys
Exhibit 21  -   Affidavit of Ronald Weilbacher

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 18 of 18