discharge one another from any and all claims, including but not limited to claims for damages arising out of any and all personal injuries, wrongful death, past or future pain and suffering, past or future emotional or mental suffering, stress or trauma, past or future medical expenses, funeral expenses, past or future loss of wages, past or future loss of earning capacity, loss of use, loss of inheritance, loss of consortium, all claims for consequential damages or economic loss, and all claims for punitive damages, interest, attorney's fees, and other costs or expenses of any kind whatsoever. In addition, the claimants and the respondents release and discharge each other from any claim for apportionment damages which may or could be awarded in connection with any action or lawsuit which any of the parties to this agreement may file or assert against any individual, company, or legal entity not a party to this agreement.

The claimants and the respondents hereby covenant and agree that they will not, either individually or in concert with others, or by virtue of other judicial proceedings of any kind whatsoever, make or cause to be made, acquiesce in, or assist in, the bringing of any further claims or actions of any kind against any of the claimants or respondents for damages or loss arising out of the matters hereinabove described.

OFFICES OF
ess & Rudd P.C.
10 L STREET
VENTH FLOOR
AGE, ALASKA 99501
NE (907) 793-2200
LE (907) 793-2299

AUG 14 2003
...JUNE – ALASKA

100107

EXHIBIT 7
Page 6 of 20

Settlement Agreement and Release   Page 6 of 17

In view of the Alaska Supreme Court case of <u>Witt v. Watkins</u>, 579 P.2d 1065 (Alaska 1978), with which the parties are familiar, it is specifically set forth that it is the intention of the claimants and respondents, and it is the purpose of this Settlement Agreement and Release, to discharge absolutely the liability of the claimants and respondents and the claimants and respondents hereby acknowledge and assume all risk, chance or hazard that the damages suffered may be different, or may become progressive, greater or more extensive than is now known, anticipated or expected. Furthermore, the claimants and respondents specifically release any right they may now or hereafter have to reform, rescind, modify or set aside this Settlement Agreement and Release through mutual or unilateral mistake or otherwise. The risk of such uncertainty and mistake is expressly assumed by the claimants and respondents in consideration of the present payment herein mentioned and in consideration of this being a full and final settlement as between the parties to this agreement.

The claimants and respondents agree that all claims asserted by the claimants and by the respondents, or which could have been asserted by the claimants or the respondents, in the Wollam lawsuit, the Lewis lawsuit, the Fielding lawsuit, the Weilbacher lawsuit, or the consolidated lawsuit, shall be

LAW OFFICES OF
ess & Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
PHONE (907) 793-2200
FILE (907) 793-2299

AUG 1 4 2003

100108

EXHIBIT 7
Page 7 of 20

Settlement Agreement and Release   Page 7 of 17

dismissed in their entirety, with prejudice, with each side bearing its own costs and attorney's fees. The claimants and respondents further agree that they shall, through counsel, execute the appropriate Stipulation for Dismissal with Prejudice.

The claimants hereby agree that, in consideration of the payments referenced herein, the claimants will satisfy any subrogated liens or claims out of the settlement proceeds. The Fielding claimants hereby confirm that the lien that was held by Alaska Regional Hospital has been fully satisfied and released and that there is a single remaining subrogation claim which will be satisfied by the Fielding claimants out of their portion of the settlement proceeds. The Wollam claimants, the Lewis claimants, and the Weilbacher claimants hereby confirm that they are aware of no liens or subrogated claims with respect to their claims and further covenant and agree that if any such claims or liens are asserted, they will satisfy those liens or claims and will not look to respondents or the Insurer for payment of any portion of any such liens or claims.

The claimants and the respondents acknowledge that this settlement is expressly contingent upon court approval of this settlement insofar as it concerns the interests of the minor children, Kristen Wollam and Savanah Fielding. Kristy Wollam and

Patricia Fielding hereby covenant and warrant that such court approval will be promptly sought in accordance with Rule 90.2 of the Alaska Rules of Civil Procedure.

The claimants and respondents hereby declare that the terms of this Settlement Agreement and Release have been carefully read and are fully understood and are voluntarily accepted for the purpose of making a full and final compromise of any and all claims, disputed or otherwise, as between or among the claimants and/or the respondents, for and on account of the injuries and damages above-mentioned.

2. <u>Payments</u>

The claimants and the respondents agree that the settlement proceeds are divided as follows:

1. For Kristy Wollam, Kristen Wollam, and the Estate of Justin Wollam ("the Wollam claimants"), $92,362.50;

2. For the Estate of Makayla Paige Lewis ("the Lewis claimants"), $92,362.50;

3. For Savanah Fielding ("the Fielding claimants"), $92,362.50, or the value thereof, in whole or in part for the acquisition of structures for the benefit of Savanah Fielding or a trust solely benefiting Savanah Fielding, her successors, heirs and beneficiaries;

4. For Catherine Mauro, Ronald Weilbacher, and the Estate of Heidi Weilbacher ("the Weilbacher claimants"), $92,362.50.

3. <u>Attorney's Fees and Costs</u>

Each party hereto shall bear all attorney's fees and costs arising from the actions of its own counsel in connection with this Settlement Agreement and Release, and the matters and documents referred to herein.

4. <u>No Admission of Liability</u>

The claimants hereby agree that they have accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact with regard to respondents and that the payments referenced herein are not to be construed as an admission of liability on the part of the