Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,<br><br>          Plaintiff,<br><br>     v.<br><br>PROGRESSIVE NORTHWESTERN<br>INSURANCE COMPANY,<br><br>          Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   3:05-cv-204-TMB |

REPLY TO PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S
MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING
<u>DR. ANN STOCKMAN AND ANY OTHER MEDICAL CARE PROVIDERS</u>

Mr. Weilbacher's Opposition to Progressive's Motion focuses solely on Dr. Stockman and conveniently overlooks his disclosure obligations under Rule 26(a)(1)(B).  Mr. Weilbacher failed to timely disclose Dr. Stockman as a treating medical care provider and then refused Progressive's attempt to remedy the situation.  As such, Mr. Weilbacher should be precluded from calling Dr. Stockman, and any other medical care provided as a witness for any reason in this matter.

As a preliminary matter, Mr. Weilbacher does not refute that he did not disclose any medical care providers other than Dr. Stockman.  <u>See</u> Opposition (DE#80).  Mr. Weilbacher's Opposition is focused solely on Dr. Stockman and his disclosure of her as a "therapist."  <u>Id</u>.  As such, Mr. Weilbacher has admitted that he is not entitled to call any other medical care provider.

With regard to Dr. Stockman, Progressive acknowledges that it was disclosed that Dr. Stockman — along with every other witness — was to testify regarding Mr. Weilbacher's "emotional distress" and that Dr. Stockman was at one time additionally labeled as a "therapist."  <u>See</u> Motion at 2-4.  However, Mr. Weilbacher conveniently overlooks that he was <u>required</u> to voluntarily produce (disclose and/or identify), without request, Dr. Stockman's medical records.  Federal Rule of Civil Procedure 26(a)(1) provides,

> a party **must without awaiting discovery requests** provide to other parties:
>
>                 * * *
>
> (B)  a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 2 of 7

Fed. R. Civ. Proc. 26(a)(1)(B) (emphasis added).  He simply did not do so.  <u>See</u> Exhibit A at 6 ¶D.  Mr. Weilbacher did not identify any medical records.

Mr. Weilbacher initially identified only the Anchorage Police Department records.  <u>Id</u>.  At Progressive's request and prompting, Mr. Weilbacher made subsequent supplemental relevant disclosures of other documents and correspondence (Bates Nos. RW 10001-100330), but did <u>not</u> mention or physically produce any medical records.  Mr. Weilbacher had an affirmative duty to voluntarily produce Dr. Stockman's medical records pursuant to Federal Rule of Civil Procedure 26(a)(1)(B).  He failed to satisfy this obligation.

Mr. Weilbacher also conveniently overlooks that in his attorney's letter to Progressive of July 12, 2006, it was unambiguously represented to Progressive that Dr. Stockman was a long-time friend of Mr. Weilbacher's.

> Last but not least, regarding Interrogatory No. 11, the listed individuals are **all friends** of Mr. Weilbacher who will testify to his anguish and how Mr. Weilbacher is a changed man since the death of his daughter. He has known each of these individuals for well over 15 years. . . .

Exhibit 1 at 3 (emphasis added).  In other words, in correspondence directly related to Mr. Weilbacher's discovery responses, Mr. Weilbacher affirmatively represented to

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff
from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 3 of 7

Progressive that Dr. Stockman, although a therapist, was a long-time _friend_ of his. Id. See Exhibit F. Based on Mr. Weilbacher's representations, there would be no reason for Progressive to seek a medical records release or to depose Dr. Stockman; Dr. Stockman was simply another long-time friend.

Interestingly, Mr. Weilbacher now attempts to shift the responsibility for his failure to properly disclose Dr. Stockman and her medical records to Progressive on the basis that Progressive's motion is based on events and information obtained after the close of discovery. See Opposition at 3. It is immaterial when Mr. Weilbacher's misrepresentation was discovered. It is immaterial that Mr. Weilbacher perpetuated the myth that Dr. Stockman was simply a long-time friend and failed to disclose her as a treating physician with relevant medical records throughout discovery. What is material is that Mr. Weilbacher's misrepresentations were discovered.

In fact, Progressive had no choice but to base this motion, in part, on information provided by Mr. Weilbacher after the close of discovery as Mr. Weilbacher did not bother to correct his "mistakes" with regard to Dr. Stockman before the close of discovery. As noted above, Mr. Weilbacher allowed Progressive to believe Dr. Stockman was simply a long-time friend based on correspondence from Mr. Weilbacher's attorney. See Exhibit 1 at 3. This "mistake" was not uncovered until Mr.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff
from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 4 of 7

Weilbacher's deposition on August 21, 2006.[1]  Id.  Mr. Weilbacher
also did not respond to Progressive's discovery requests, which
were served in April, until his deposition in August when he
signed the supplemental responses completed August 16, 2006.
See Exhibits C & F.  As such, Progressive's reliance on
information provided only after the close of discovery is the
result of Mr. Weilbacher's timing of his discovery responses and
his deposition.

     Additionally, as soon as Progressive learned of Dr.
Stockman's true therapist-patient relationship with Mr.
Weilbacher, Progressive tried to remedy the situation by
requesting a medical records release to obtain her records.  See
Exhibit D at 100:8-16.  A full medical records release could
have remedied all the prior misrepresentations and omissions.
However, Mr. Weilbacher refused.  Mr. Weilbacher must now live
with his refusal.

     Contrary to Mr. Weilbacher's repeated suggestions,
discovery cannot "remain open" as it has already closed, and
should not be re-opened for this (or any) reason.  As Mr.
Weilbacher pointed out in his Initial Discovery Disclosures,

---

[1]  Mr. Weilbacher's deposition was held outside the close of discovery only
because Mr. Weilbacher refused to attend his deposition any sooner.  See
Exhibit E.  Although he could travel to Anchorage to visit Dr. Stockman in
July, he could not be bothered with his deposition in July.  See Exhibit D at
96:7-97:8 and Exhibit E.

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff
from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 5 of 7

> It appears that there is no dispute as to
> the facts in this matter, except the issue,
> **which is a legal issue,** as to whether Mr.
> Weilbacher is entitled to receive
> compensation under the underinsured policy
> as a direct action, rather than as
> derivative of his daughter's death.

Exhibit A at 6¶D (emphasis added).  Since Mr. Weilbacher has already agreed and admitted that the only issue in this case is the legal issue of the interpretation of the policy language at issue, there is no reason to prolong discovery in this matter.

Mr. Weilbacher personally, not through counsel, made it clear at his deposition that he did not want anyone to know he was treating with Dr. Stockman.  See Exhibit D at 100:3-4.  Mr. Weilbacher's wishes should be respected.  Based on his failure to disclose Dr. Stockman or anyone else as a treating medical care provider, his failure to identify, disclose, or produce relevant medical records, and his refusal to provide a medical records release for Dr. Stockman's records upon request, Mr. Weilbacher should be precluded from calling as witnesses in this matter Dr. Ann Stockman and any other medical care provider.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff
from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 6 of 7

DATED at Fairbanks, Alaska, this 19th day of September, 2006.

GUESS & RUDD P.C.
Attorneys for Progressive
Northwestern Insurance Company

By:     /s/Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska  99701
Phone: 907-452-8986
Fax:   907-452-7015
Email: atbray@guessrudd.com
Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
19th day of September, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By: /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Reply to Plaintiff's Opposition to Progressive's Motion to Preclude Plaintiff
from Calling Dr. Ann Stockman and Any Other Medical Care Providers
Page 7 of 7