Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-0204-TMB |
| | ) |

**PLAINTIFF'S OPPOSITION TO
PROGRESSIVE'S ALTERNATE
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT RE: BAD FAITH</u>**

I.     INTRODUCTION.

At the status conference held on October 6, 2006, the Court stated

that it would in the near future decide the Motion to Compel Discovery and the Motion to Preclude the Expert, and would afterwards address the issues regarding the summary judgment motions.

Plaintiff Weilbacher contends, again, that he needs to conduct discovery in order to prove his case against Progressive, and Progressive has obstructed discovery and made frivolous objections to the discovery requests submitted by Plaintiff Weilbacher.

Obviously, the discovery responses are needed not only to prove liability, but also to prove the bad faith of Progressive Northwestern Insurance Company.

Progressive is now attempting to amend its answer to the complaint to assert an affirmative defense to the bad faith claim that it had the advice of an attorney, Dan Quinn, for the declination of the per person limit to Mr. Weilbacher. Plaintiff Weilbacher has not been able to conduct any discovery concerning that affirmative defense.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR PARTIAL SUMMARY JUDGMENT RE: BAD FAITH
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 7

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

**II.   PROGRESSIVE'S ASSERTION THAT PLAINTIFF WEILBACHER CANNOT RECEIVE PUNITIVE DAMAGES BECAUSE HE DID NOT IDENTIFY A FIGURE IN HIS RESPONSES TO DISCOVERY REQUESTS IS CONTRARY TO THE CASE LAW.**

Progressive asserts that it propounded an interrogatory to Mr. Weilbacher requesting his items and categories of damages and the amount of damages for each and every category.  Mr. Weilbacher listed the compensatory damages for the death of his daughter, but did not state any amount for the punitive damages.

Seizing upon that, Progressive seems to think that Mr. Weilbacher is now precluded from seeking punitive damages, although it recognizes that Mr. Weilbacher not only asked for punitive damages in his complaint, but he also listed punitive damages in his initial disclosures.  Apparently, Progressive is now trying to argue that they are surprised by the claim for punitive damages and somehow or another are prejudiced by the claim for punitive damages because it did not know that Mr. Weilbacher was asking for them.

In <u>Mapco Express, Inc. v. Faulk</u>, 24 P.3d 531, 545, 546 (Alaska 2001), the Alaska Supreme Court held that a party does not have to list punitive damages or itemize their damages in an interrogatory response if it has already been disclosed to the defendant in the complaint that the party is seeking punitive

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR PARTIAL SUMMARY JUDGMENT RE: BAD FAITH
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 7

damages.

Not only were punitive damages mentioned by Mr. Weilbacher in his complaint, but punitive damages were also listed in his initial disclosures. Punitive damages are decided by the Court and the amount to be awarded for punitive damages is decided by the Court. Obviously, the Court is guided by recent Ninth Circuit and United States Supreme Court decisions which set the parameters on which punitive damages can be awarded.

### III. CONTRARY TO PROGRESSIVE'S REPRESENTATIONS TO THE COURT, PLAINTIFF'S COUNSEL DID NOT LIE TO PROGRESSIVE REGARDING LIBERTY MUTUAL'S POSITION IN THE MAURO CASE.

Progressive has made a bizarre statement in its brief that plaintiff's counsel intentionally made misrepresentations to Progressive in order to induce it to pay another policy limit, citing to a letter from Liberty Mutual. During the deposition of the adjuster for Liberty Mutual, while addressing an issue similar to that raised in this litigation, Mr. Northcutt conceded there was not a coverage issue, but a damage issue, regarding Ms. Mauro, and he mistakenly believed that Ms. Mauro had to prove that she suffered some physical injury in order to collect under the loss of society claim.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR PARTIAL SUMMARY JUDGMENT RE: BAD FAITH
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 7

Q. Yeah. But you've now made the decision -- you've declined that she's entitled to any compensation?

A. I think it's a matter of damages at this particular point in time.

Q. What do you mean by that?

A. Is that -- what damages that she's entitled to based on the claim that she's making.

Q. So you're saying that she's entitled to file a claim, but you don't think she's been damaged or has not suffered any injury because of the claim?

A. I think the claim that she's making, there's certain requirements, as I understand it in discussions with my attorney, that need to be satisfied. And that -- I don't believe that those have been satisfied yet.

Q. Could you explain that to me, please? What do you think -- what needs to be satisfied? What has not been satisfied?

A. I believe you have some of my correspondence that I sent to you. I think that outlines my position that we were looking for medical information -- was one of the things we were look for -- as far as supporting any of the medical claims that are being made.

Q. I guess I'm confused. What kind of -- tell me what you need to have to make a determination as to whether or not she's entitled to compensation? What is it that she's supposed to have suffered in order to receive compensation?

A. Okay. Again, looking for a doctor's diagnosis that indicates that she suffered a bodily injury or personal injury as a result of this particular claim that she's making.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR PARTIAL SUMMARY JUDGMENT RE: BAD FAITH
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 7

(Ex. 1, Northcutt Depo. at 16-17)

Later in the deposition, the adjuster acknowledged that, according to the Alaska Supreme Court decision in <u>State Farm Mut. Auto. Ins. Co. v. Dowdy</u>, 111 P.3d 337, 343 (Alaska 2005), the elements needed to prove a loss of society claim are (1) the negligent death of a child occurred, and (2) the parent suffered mental distress because of the death of the child. (Ex. 1, Northcutt Depo. at 101-102)

The bizarre accusation by Progressive is really not germane to the issue before this Court, and contrary to Progressive's representations, the adjuster for Liberty Mutual did acknowledge in his deposition that the only issue to be decided is the amount of damages to be awarded to Ms. Mauro for her claim of loss of society because of the death of her daughter.

IV. **CONCLUSION.**

Therefore, it is respectfully requested that this Court deny Progressive's alternative motion for summary judgment until such time as Plaintiff Weilbacher can conduct the discovery he has requested in order to respond to Progressive's motion.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR PARTIAL SUMMARY JUDGMENT RE: BAD FAITH
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 7

DATED this 16th day of October, 2006, at Anchorage, Alaska.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff

By   <u>s/Kenneth W. Legacki</u>
     Kenneth W. Legacki
     Alaska Bar No. 8310132
     425 G Street, Suite 920
     Anchorage, AK  99501
     Phone: (907) 258-2422
     Fax: (907) 278-4848
     E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 16th day of October, 2006, a copy of the foregoing document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

     <u>s/Kenneth W. Legacki</u>

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S ALTERNATE MOTION
    FOR PARTIAL SUMMARY JUDGMENT RE: BAD FAITH
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 7 of 7