Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROGRESSIVE NORTHWESTERN<br>INSURANCE COMPANY,<br><br>　　　　Defendant. | <br><br><br><br><br><br><br><br><br><br>3:05-cv-204-TMB |

REPLY TO PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S
ALTERNATE MOTION FOR PARTIAL SUMMARY JUDGMENT RE BAD FAITH

Progressive is entitled to partial summary judgment on Mr. Weilbacher's bad faith claim because Mr. Weilbacher's Opposition fails to present any contrary evidence and his repeated, unjustified requests for "additional discovery" fail to meet any of the requirements of Rule 56(f).

"[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001).

Mr. Weilbacher misconstrues the basis for Progressive's motion seeking partial summary judgment on his bad faith claim. Progressive is hardly surprised by Mr. Weilbacher's prayer for punitive damages, since complaints regularly assert such claims despite the lack of supporting evidence. Nor does Progressive assert that Mr. Weilbacher is somehow barred from recovering punitive damages because of his technical non-compliance with Federal Rule of Civil Procedure 26(a)(1)(D), including his failure to provide the computation of such damages. <u>See</u> Fed. R. Civ. P. 26(a)(1)(D) (a party must provide "a computation of any category of damages claimed"). Progressive also recognizes that Mr. Weilbacher seeks compensatory damages pursuant to his breach of contract claim for the loss of his daughter (i.e., loss of consortium/society damages) and that he seeks punitive damages as a remedy under his bad faith claim. However, these are <u>not</u> the issues presented in this motion.

Mr. Weilbacher is precluded from seeking punitive damages as a matter of law because: (1) he has not established — and cannot establish — that he has sustained any compensatory damages proximately caused by Progressive's denial of his request for an additional "each person" policy limit of UIMBI coverage; and (2) Progressive's actions in this case do not rise to the level of outrageous and malicious conduct necessary to support an award of punitive damages.

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 2 of 17

<u>1.  Punitive damages are not available, as a matter of law, because Mr. Weilbacher did not suffer any compensatory damages as a result of Progressive's actions in this case</u>.

Although somewhat oversimplified, in order to recover the remedy of punitive damages, the offending party must first have committed a tort (i.e., insurance bad faith).  At its most basic level, a tort requires (1) a duty, (2) a breach of that duty, (3) causation, and (4) harm.  See <u>Parks Hiway Enterprises, LLC v. CEM Leasing, Inc.</u>, 995 P.2d 657, 667 (Alaska 2000) (elements of basic tort of negligence).[1]  Thus, in order for the offending party to have committed a tort, the victim of the alleged tort must have suffered some compensatory damages or "harm" as a result of the offending party's conduct.  "[T]here must be an injury or harm to [plaintiff] as a consequence of [defendant's] negligence to serve as a basis for recovery of damages before the tort became actionable."  <u>Austin v. Fulton Ins. Co.</u>, 444 P.2d 536, 539 (Alaska 1968).  If the offending party's conduct does not cause any harm, there is no tort.  There is no cause of action.  There is no recovery of any kind since there is nothing to recover for.

---

[1]  Notably, bad faith is <u>not</u> a negligence tort, but an intentional tort. "'Bad faith' by definition cannot be unintentional . . . bad faith is the absence of honest, intelligent action or consideration based upon a knowledge of the facts and circumstances upon which a decision in respect to liability is predicated."  <u>Hillman v. Nationwide Mut. Fire Ins. Co.</u>, 855 P.2d 1321, 1324 (Alaska 1993).

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 3 of 17

Mr. Weilbacher has admitted in his Opposition that he did not suffer any damages as a result of Progressive's refusal to pay him an additional "each person" policy limit of UIMBI coverage. Mr. Weilbacher did not suffer any additional emotional distress. He did not incur any additional expenses nor did he have to forego any treatment. Mr. Weilbacher did not suffer any physical or economic injury. Progressive's decision not to pay Mr. Weilbacher a second "each person" policy limit of UIMBI coverage did not cause him any harm. "Inasmuch as the record reveals no substantial damages, either physical or economic, in addition to emotional distress, [plaintiff's insurance bad faith] claim fails." Talmadge v. State Farm Mut. Auto. Ins. Co., 1997 U.S. App. LEXIS 3114, *10 (10th Cir. 1997). Thus, Mr. Weilbacher's bad faith claim fails as a matter of law.

Mr. Weilbacher also seems to misunderstand that punitive damages are a type of remedy, not an independent cause of action. "Punitive damages do not constitute a cause of action." Doe v. Colligan, 753 P.2d 144, 145 n2. (Alaska 1988). Thus, it is immaterial that Mr. Weilbacher prayed for punitive damages in his prayer for relief in his complaint or listed it as a category of damages in his Initial Disclosures. Punitive damages cannot stand in isolation. To recover punitive damages, there must have been an underlying tort. In order for a tort to have been committed, there must be harm as a result of some allegedly tortious conduct. Since Mr. Weilbacher did not suffer any harm as a result of Progressive's

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 4 of 17

actions in this case, no tort was committed and he is not entitled to recover punitive damages as a matter of law.

2. <u>Progressive's conduct does not support an award of punitive damages</u>.

Even if one assumes for the sake of argument that Mr. Weilbacher may seek punitive damages based on his insurance bad faith claim (and he may not), Progressive's conduct in this case does not come close to the level of outrageous conduct necessary to support an award of punitive damages.  Mr. Weilbacher wholly fails to address this point in his Opposition, effectively acknowledging its truth.

Mr. Weilbacher's bad faith claim rests solely on his assertion that Progressive owed, yet denied, him a second "each person" policy limit of UIMBI coverage separate and apart from the full policy limit of UIMBI coverage Progressive had already paid to him, Ms. Mauro, and the Estate of Heidi Weilbacher.  <u>See</u> Exhibit B at 6.  Mr. Weilbacher clearly believes that he is entitled to more money from Progressive.  "Progressive has an obligation to pay Mr. Weilbacher for the death of his daughter for his separate individual claim."  <u>Id</u>.  However, an insurer's decision to deny such a claim on the basis of clear and unambiguous policy language does not rise to the level of conduct necessary to support a punitive damages award as a matter of law.

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 5 of 17

"To support punitive damages, the wrongdoer's conduct must be 'outrageous, such as acts done with malice or bad motives or reckless indifference to the interests of another.'" State Farm Fire & Cas. Co. v. Nicholson, 777 P.2d 1152, 1158 (quoting Sturm, Ruger & Co., Inc., v. Day, 594 P.2d 38, 46 (Alaska 1979), overruled on other grounds, Dura Corp. v. Harned, 703 P.2d 396 (Alaska 1985)).  See also AS 09.17.020(b); Nelson v. Progressive Corp., 976 P.2d 859, 865 (Alaska 1999) (""Not all conduct which amounts to [an intentional tort] is sufficiently outrageous to warrant an award of punitive damages.").

> However, "where there is no evidence that
> gives rise to an inference of actual malice
> or conduct sufficiently outrageous to be
> deemed equivalent to actual malice," the
> trial court need not, and indeed should not,
> submit the issue of punitive damages to the
> jury.

State Farm Mut. Auto. Ins. Co. v. Weiford, 831 P.2d 1264, 1266 (Alaska 1992) (quoting Alyeska Pipeline Serv. Co. v. O'Kelley, 645 P.2d 767, 774 (Alaska 1982)).  Here, Mr. Weilbacher cannot, as a matter of law, show that Progressive's declining to pay him a second, separate "each person" policy limit of UIMBI coverage was "outrageous" or "done with malice or bad motives or reckless indifference to the interests of another."  In fact, Mr. Weilbacher makes no such accusations or allegations.  Mr. Weilbacher simply asserts that Progressive was wrong in its decision.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 6 of 17

The facts in this case are undisputed. Progressive paid Mr. Weilbacher, Ms. Mauro, and the Estate of Heidi Weilbacher the full policy limits of UIMBI coverage. Several months later, Mr. Weilbacher returned to Progressive, insisting he was owed more money under his UIMBI coverage on various legal theories. Eventually, Mr. Weilbacher's claim was identified as one for loss of consortium/society as a result of his daughter's death.[2] Based on its clear and unambiguous policy language, Progressive denied this supplemental claim as derivative to the claim already paid. Mr. Weilbacher, insisting that he is entitled to additional benefits, filed this action. Nothing in these facts can fairly be characterized as outrageous or malicious. See e.g. Weiford, 831 P.2d at 1266-69 (concluding "the evidence does not reasonably support a conclusion that State Farm was guilty of a gross breach of accepted standards of conduct which might be characterized as outrageous or malicious"); Nicholson, 777 P.2d at 1158 (concluding "there was insufficient evidence as a matter of law to support a finding of outrageous conduct or a gross deviation from an acceptable standard of reasonable conduct in order to sustain an award of punitive damages"). Therefore, there is no predicate for a punitive damages award as a matter of law.

---

[2] Mr. Weilbacher was initially vague in characterizing his own claim for more insurance benefits and he attempted to rely, at least in part, on a theory of NIED, which he knew or easily should have known was not plausible. See Exhibit D to Progressive's Renewed Motion for Summary Judgment (DE#61-62).

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 7 of 17

3.  <u>Mr. Weilbacher fails to meet the requirements of Rule 56(f).</u>

In his Opposition, Mr. Weilbacher cursorily argues that "he needs to conduct discovery in order to prove his case against Progressive." Opposition at 2. However, Mr. Weilbacher does not support this argument with any affidavits or with even a discussion or itemization of the facts he anticipates that additional discovery will produce which will bear any relevance to this motion. Mr. Weilbacher's cursory argument is clearly too little to satisfy the requirements of a Rule 56(f) motion.

> "<u>References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)</u>." <u>Brae Transp., Inc. v. Coopers & Lybrand</u>, 790 F.2d 1439, 1443 (9th Cir. 1986). Rather, Rule 56(f) requires litigants to submit affidavits setting forth the particular facts expected from further discovery. We have stated that "failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." <u>Id</u>.

<u>California</u> *ex rel*. <u>Cal. Dep't of Toxic Substances Control v. Campbell</u>, 138 F.3d 772, 779 (9th Cir. 1998) (emphasis added). Mr. Weilbacher's request for additional discovery should therefore be rejected.

However, even if the court were inclined to consider Mr. Weilbacher's Rule 56(f) request, Mr. Weilbacher has failed to satisfy even the minimum requirements of a Rule 56(f) request for

Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 8 of 17

additional discovery and time to respond to a motion for summary judgment. Mr. Weilbacher fails to articulate the specific facts that he hopes to elicit during the course of further discovery, fails to provide the slightest evidence that these unknown facts exist, or that these unknown facts are "essential" to resist Progressive's Alternate Motion for Partial Summary Judgment re Bad Faith.

The requirements for additional discovery under Rule 56(f) are clearly established.

> [T]he [party opposing summary judgment] must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.

<u>Campbell</u>, 138 F.3d at 779. "(The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, . . . and that it would prevent summary judgment." <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 921 (9th Cir. 1996). Rule 56(f) requires <u>a lot more</u> than a cursory plea for unspecified "discovery," and not every Rule 56(f) motion should be granted. Here, Mr. Weilbacher cannot make these required showings.

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 9 of 17

First, the party opposing summary judgment must "set forth in affidavit form the specific facts that they hope to elicit from further discovery." <u>Campbell</u>, 138 F.3d at 779. "The party opposing summary judgment bears the burden of showing what facts she hopes to discover to raise a material issue of fact." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1991) (internal quotation omitted). In response to this motion, Mr. Weilbacher did not even bother to set forth any specific facts he believes additional discovery will elicit, much less submit the required affidavit. Again, Mr. Weilbacher's request for additional discovery should be denied without further consideration.

The party opposing summary judgment must also set forth and demonstrate that the facts sought exist and that these sought-after facts are "essential" to resist the summary judgment motion. <u>Campbell</u>, 138 F.3d at 779. It is impossible to tell if the facts sought by Mr. Weilbacher to oppose Progressive's motion for partial summary judgment on bad faith actually exist or are essential to the summary judgment motion, <u>because no facts have been identified</u>.

"[D]enial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." <u>Id</u>. at 780-781. <u>See</u> <u>Terrell</u>, 935 F.2d at 1018 ("The party seeking additional discovery also bears the burden of showing that the evidence sought exists. Denial of a Rule 56(f) application is proper where it is clear that

Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 10 of 17

the evidence sought is almost certainly nonexistent or is the object of pure speculation."). "Under Rule 56(f), the party seeking the continuance must show that it lacks the "facts essential" to resist the summary judgment motion." McCormick v. Fund Am. Cos., 26 F.3d 869, 885 (9th Cir. 1994). Mr. Weilbacher simply has not done so, and his declaration yet again for more "discovery" should be denied.

To the extent Mr. Weilbacher asserts that he "needs" the discovery responses from Progressive that are the subject of the pending motion to compel, his claim remains without merit. Mr. Weilbacher has failed to articulate what facts would be obtained through the discovery responses he seeks or how any such facts will be essential to his opposition to the summary judgment motion. Additionally, the alleged responses to his discovery requests are not relevant to any issues in Progressive's Alternate Motion for Partial Summary Judgment re Bad Faith.

None of the alleged discovery Mr. Weilbacher moves to compel is factually oriented to this motion (in other words, even if the discovery is compelled, it will not result in the disclosure of relevant facts). See DE#56. Mr. Weilbacher asked Progressive to admit that it maintains a policy contracts database and he has asked for the identity of the person with the responsibility for

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 11 of 17

maintaining that database.[3]  See DE#46, Exhibit 8 at 1-3.  These requests were, in fact, responded to, and the responses do not provide any facts to oppose Progressive's motion.  Any further responses (whatever they might be) would similarly not provide facts to oppose the pending motion.  Mr. Weilbacher then asked Progressive to identify other litigation and judicial decisions involving the disputed policy provision.  Id. at 3-6.  Case law, other briefing, and judicial decisions are not evidence; they are not facts.  They are authority to be presented to the court in support of legal argument on the legal issue before the court.  Any such case law regarding the UIMBI provision at issue has nothing to do with whether Mr. Weilbacher actually suffered compensable damages as a result of Progressive's refusal to pay him an additional "each person" policy limit of UIMBI coverage or whether Progressive's conduct rises to the level of outrageousness needed to support a punitive damages award.

Mr. Weilbacher then asks for the drafting history of the relevant UIMBI provision.  Id. at 6.  This request does not seek relevant evidence, and is not reasonably calculated to lead to the discovery of facts upon which Mr. Weilbacher could oppose Progressive's motion for partial summary judgment.  Again, the drafting history of the UIMBI policy provision has nothing to do with Mr. Weilbacher's lack of compensatory damages, Progressive's

---

[3]  Mr. Weilbacher did not ask Progressive to produced the database or any information from the database itself.  See DE#56 at 5-6.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 12 of 17

conduct in this case, or whether or not the policy, properly construed, limits recovery to the single "each person" limit previously paid by Progressive. See e.g. Hillman v. Nationwide Mut. Fire Ins. Co., 855 P.2d 1321, 1325 (Alaska 1993) (evidence showing insurer failed to make any investigation of facts or law before denial of coverage based on policy language not relevant to whether insurer had a reasonable basis to deny coverage).

Mr. Weilbacher's last two requests seek information from the Wold case and claim file. However, Mr. Weilbacher already knows Progressive's position in the Wold case. It is the very same as the position Progressive has taken in this case. He has the Alaska Supreme Court opinion reciting Progressive's position, he has the briefing to the Alaska Supreme Court on the issue (courtesy of Progressive), and his attorney questioned Mr. Withers about it at his deposition. There are no facts that Mr. Weilbacher could obtain from the Wold case that would in any way contribute to his opposition to Progressive's motion. No additional discovery will contribute to the resolution of this motion for partial summary judgment on bad faith.

Additionally, Progressive's proposed amendment to its affirmative defenses to add the defense of advice of counsel has nothing to do with this motion.[4] This motion seeks partial summary

---

[4] Actually, the affirmative defense of advice of counsel is not relied on in any of Progressive's pending motions.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 13 of 17

judgment on Mr. Weilbacher's bad faith claim on the basis that he did not suffer any compensatory damages as a result of Progressive's actions, and that Progressive's actions in this case do not, as a matter of law, rise to the level of conduct necessary to support the remedy of punitive damages.  The fact that Mr. Withers relied, in part, on the advice of Dan Quinn when Mr. Withers denied Mr. Weilbacher's demand for an additional "each person" policy limits of UIMBI coverage has nothing whatsoever to do with the fact that Mr. Weilbacher did not suffer any compensatory damages as a result of Progressive's decision.  It also only supports the inescapable conclusion that Progressive's conduct does not even come close to warranting punitive damages as a matter of law.

Although irrelevant, Mr. Weilbacher's assertion that he has not been able to conduct discovery regarding Progressive's affirmative defense of advice of counsel is untrue.  See Opposition at 2.  Progressive waived the attorney client privilege in order to allow Mr. Weilbacher's attorney to conduct such discovery, and he did so.  Mr. Weilbacher's attorney specifically questioned Mr. Withers about his conversation with Mr. Quinn regarding Mr. Weilbacher's claim.  See Exhibit E t 57:11-60:18, selected pages of the Deposition of Danny Withers.  Mr. Weilbacher's attorney also had the opportunity to take Mr. Quinn's deposition and simply chose not to do so.  Mr. Weilbacher conducted discovery on this affirmative defense and it was Mr. Weilbacher's choice not to seek

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 14 of 17

any additional discovery on this issue.  There is no reason to grant additional discovery on an irrelevant issue.[5]

Additionally irrelevant to the issues before the court, but insightful as to Mr. Weilbacher's (or more correctly his attorney's) veracity, is the discussion of Liberty Mutual's position on Ms. Mauro's similar claim.  Nothing from the Liberty Mutual adjuster's May 17, 2006 deposition changes the fact that Mr. Weilbacher intentionally misrepresented Liberty Mutual's position on the claim.  This deposition was taken a year _after_ Mr. Weilbacher's misrepresentations to Progressive.  The fact that Liberty Mutual _may_ have resolved the issue in the last year does not change Mr. Weilbacher's previous misrepresentation.  It is also not at all clear from the adjuster's deposition whether the "coverage issue" has or has not been resolved.

The court should also keep in mind that this case does not involve "coverage" issues.  It is undisputed that there is coverage under Progressive's policy for Mr. Weilbacher's loss of consortium/society claim.  The primary issue is whether Mr. Weilbacher is entitled to an additional "each person" policy limit of such coverage.  He is not.  Mr. Weilbacher's covered claim has

---

[5] Especially since any additional discovery (i.e. the deposition of Dan Quinn) will strengthen, not weaken, Progressive's position.  Noticeably, Mr. Weilbacher has _not_ stated what he expects to find to benefit his case if additional discovery is allowed.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 15 of 17

already been paid; he is simply not entitled to any additional insurance benefits under Progressive's policy.

## Conclusion

Progressive's motion is ripe for decision regardless of the resolution of Mr. Weilbacher's separate motion to compel discovery. Nothing in Mr. Weilbacher's discovery requests even remotely addresses the essential fact that Mr. Weilbacher did not suffer any compensatory damages as a result of Progressive's refusal to pay him an additional "each person" policy limit of UIMBI coverage or the fact that Progressive's refusal does not reach the level of outrageous or malicious conduct necessary to support punitive damages. There are no genuine issues of material fact. Mr. Weilbacher has failed to present admissible evidence that could support a verdict or decision in his favor. Thus, Progressive is entitled to partial summary judgment on Mr. Weilbacher's claim for bad faith as a matter of law, including his prayer for punitive damages.

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 16 of 17

DATED at Fairbanks, Alaska, this 25th day of October, 2006.

                                      GUESS & RUDD P.C.
                                      Attorneys for Progressive
                                      Northwestern Insurance Company

                       By:   s/Aisha Tinker Bray
                                      Guess & Rudd P.C.
                                      100 Cushman Street, Suite 500
                                      Fairbanks, Alaska  99701
                                      Phone: 907-452-8986
                                      Fax:   907-452-7015
                                      Email: atbray@guessrudd.com
                                      Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
25th day of October, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth W. Legacki, Esq.

Guess & Rudd P.C.

By:   /s/Aisha Tinker Bray

Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive Northwestern Ins. Co.
Reply to Plaintiff's Opposition to Progressive's Alternate Motion for Partial Summary Judgment Re Bad Faith
Page 17 of 17