IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,<br><br>               Plaintiff,<br><br>  vs.<br><br>PROGRESSIVE NORTHWESTERN<br>INSURANCE COMPANY,<br><br>               Defendant. | Case No. 3:05-cv-00204 TMB<br><br><u>O R D E R</u> |

At issue in this dispute is whether Ronald Weilbacher (Plaintiff) is entitled to a separate "each person" policy limit of uninsured motorist coverage for the death of his daughter under his insurance policy with Progressive Northwestern Insurance Company (Defendant). Plaintiff also argues that Defendant's refusal to pay his separate claim is an act of bad faith. Presently before this Court are three pending motions. At oral argument on October 30, 2006, the Court considered Plaintiff's Motion To Compel Discovery at Docket No. 46, Defendant's Motion In Limine to Prevent Plaintiff From Calling An Expert Witness at Docket No. 32, and Defendant's Motion To Amend Its Answer at Docket No. 49. Each motion will be addressed in turn.

I. **Motion To Compel**

Defendant declined to produce any documents in response to Plaintiff's requests for production, arguing that Plaintiff requested materials that were either irrelevant, public information, or privileged. Through its motion to compel, Plaintiff seeks to compel production of these documents. Specifically, Plaintiff seeks discovery of all files, documents, pleadings, court orders or decisions, briefs or other materials related to or concerning the original drafting history, meaning or application of the following provision of Plaintiff's insurance contract:

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

Plaintiff also seeks all documents, files, letters, internal memoranda, pleadings, court orders, or decisions or other materials which relate to or concern the position taken by Progressive insurance companies before the trial or on appeal in *Wold v. Progressive Preferred Insurance Company*,[1] on the issue whether a loss of consortium claim triggered a separate per person policy limit. Finally, Plaintiff seeks all adjusters' files, underwriters' files and coverage files for any claim made by or on behalf of the Wold family. Defendant opposes the motion on the grounds of relevancy and privilege.

The Court disagrees with Defendant that the discovery requested by Plaintiff is irrelevant. Under Federal Rule of Civil Procedure 26(b)(1), Plaintiff "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2]

Through this action, Plaintiff brings claims for breach of contract and denial of payment in bad faith. Under Alaska law, the tort of bad faith denial of a claim "necessarily requires that the insurance company's refusal to honor a claim be made without a reasonable basis."[3] Assessment of both claims therefore requires interpretation of the disputed contract under Alaska law. Under Alaska law, insurance contracts are interpreted by "looking to (1) the language of the disputed provisions in the policy, (2) other provisions in the policy, (3) extrinsic evidence, and (4) case law interpreting similar provisions."[4] Extrinsic evidence has been defined broadly as "evidence other than the language of the contract that bears on the parties' intentions."[5] The Alaska Supreme Court has identified the following as examples of extrinsic evidence that courts may consider.

> [T]he language and conduct of the parties, the objects sought to be accomplished and the surrounding circumstances at the time the contract was negotiated....The conduct of the

---

[1] 52 P.3d 155 (Alaska 2002).

[2] FED. R. CIV. P. 26(b)(1).

[3] *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1324 (Alaska 1993).

[4] *Allstate Ins. Co. v. Teel*, 100 P.3d 2, 4 (Alaska 2004).

[5] *Wright v. Vickaryous*, 598 P.2d 490, 497 n.22 (Alaska 1979).

parties after the contract was entered into is generally considered to be admissible as a probative extrinsic aid to determining the intent of the parties when they made the contract.[6]

Plaintiff's request for "all files, documents, pleadings, court orders or decisions, briefs or other materials related to or concerning the original drafting history, meaning or application" of the disputed provision is very broad, but could lead to the discovery of relevant extrinsic evidence relating to the intent of Defendant when entering into the contract, and to whether Defendant had a reasonable basis for refusing to pay Plaintiff's claim.

In response to Plaintiff's requests for admission, Defendant acknowledged that it "maintains a policy contracts database in which it collects and maintains information regarding judicial decisions interpreting all Progressive policies and words, provisions, and terms of such policies." The response further identified an attorney, Kelly Rubense, who oversees the policy contracts database as to Alaska. The database, at least as it pertains to the disputed policy provisions as interpreted in Alaska, is relevant to the Defendant's understanding of the meaning of the terms of the contract as written. Therefore Plaintiff's motion to compel is GRANTED with respect to the policy contracts database as to Alaska. Similarly, the drafting history of the relevant provisions of the contract as used in Alaska is reasonably calculated to lead to the discovery of admissible evidence related to Defendant's intent with respect to the finalized provisions, and is therefore discoverable.[7]

To the extent that Plaintiff's motion to compel seeks discovery of Progressive databases collecting judicial decisions interpreting Progressive policies in other jurisdictions, such a request could lead to the discovery of evidence that is at best only minimally relevant. Similarly, the

---

[6]   *Peterson v. Wirum*, 625 P.2d 866, 870 n.7 (Alaska 1981)(citations omitted).

[7]   *See., e.g.*, *Cent. California Conference Ass'n of Seventh-Day Adventists v. Great American Ins. Co.*, No. CIV.96-1596, 1997 WL 770392 (D.Or.1997)(allowing discovery as to the drafting of the policy provisions at issue); *Owens-Brockway Glass Container Inc. v. Seaboard Sur. Co.*, No. CIV. S-91-1044, 1992 WL 696961, 3 (E.D.Cal.1992)(allowing discovery because "evidence of drafting history, the uncommunicated intent of the defendants, their agents, representatives and underwriters and similar insurance claims asserted by other insureds against defendants may be relevant to the interpretation" of the disputed policy language.)

drafting history of all Progressive policies as tailored to comport with the laws of jurisdictions outside of Alaska could lead to the discovery of evidence that is only tangentially related to the issues before this court. Therefore, Plaintiff's request is unduly burdensome and overly broad, and Plaintiff's motion to compel with respect to such discovery is DENIED.

The documents Plaintiff requests in connection with the *Wold* litigation are also reasonably calculated to lead to the discovery of relevant evidence on the issue whether Defendant intended for a loss of consortium claim to trigger a separate per person policy limit, an issue central to the litigation before this Court.

Since the documents identified by Plaintiff with respect to the Alaska database, drafting history and the *Wold* litigation "appear[] reasonably calculated to lead to the discovery of admissible evidence,"[8] Plaintiff's motion to compel is GRANTED in part. Plaintiff's motion to compel is DENIED in part, because Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska.

This Court recognizes that legitimate privilege issues might arise in connection with the database, drafting history and *Wold* documents. Defendant makes sweeping privilege arguments in its opposition to Plaintiff's motion, but has not particularized its privilege claims with respect to any of these categories of documents. At oral argument, Defendant's counsel stated that a privilege log had been produced along with Plaintiff's claim file in this case. But Defendant's counsel conceded that he had not reviewed Progressive's database for privilege, nor produced a privilege log setting forth the basis for withholding any of the other documents requested by Plaintiff.

The parties shall confer and file a discovery schedule with the Court by November 20, 2006. Should Defendant make a determination that any documents Plaintiff seeks are privileged, Defendant shall produce a detailed privilege log setting forth with particularity the basis for its belief that the documents it is withholding are privileged.

## II. Motion In Limine

Defendant filed a motion in limine to prevent Plaintiff from calling any expert witnesses because Plaintiff did not include any experts on its expert witness list and did not provide any expert

---

[8] FED. R. CIV. P. 26(b)(1).

witness disclosures within the time permitted under the Court's Scheduling and Planning Order. Plaintiff argues that the reason he was unable to retain an expert was because of Progressive's unwillingness to provide discovery. However Plaintiff did not provide the Court with any information about the type of expert he intended to call, or the nature of the testimony his expert might give if he was in receipt of the requested discovery. Since the Court finds that Plaintiff was entitled to discovery of many of the documents he requested, Plaintiff will be permitted to identify an expert and provide expert witness disclosures if he can demonstrate that the expert testimony is directly related to the newly produced discovery. If Plaintiff cannot make such a showing, Plaintiff will not be permitted to identify any additional experts. Defendant's motion to preclude Plaintiff from calling an expert witness is therefore GRANTED in part and DENIED in part.

### III.     Motion To Amend Answer

At the deposition of Progressive's adjuster, Danny Withers, Plaintiff's attorney explored the basis for Mr. Withers' conclusion that Plaintiff's claim was derivative, and thus that Plaintiff was not entitled to a separate "each person" policy limit. Mr. Withers stated that the basis for his belief was a conversation with Progressive's attorney, Mr. Quinn. During the deposition, Defendant waived privilege and permitted the witness to answer questions about the conversation, but made clear that it was waiving the attorney-client privilege only with respect to "that conversation." At the deposition, Progressive produced notes from the conversation, and the witness was questioned about the conversation.

Defendant filed a motion to amend its answer to assert the affirmative defense of advice of counsel based on this evidence revealed during the deposition. The Defendant seeks to add the defense that it reasonably relied on the advice of counsel when taking the position that Plaintiff's claim is derivative of his daughter's and subject to the same single uninsured motorist policy bodily injury liability limit.

In response to Defendant's motion to amend, Plaintiff states the he does not oppose the amendment, as long as he is permitted to obtain additional discovery. Plaintiff argues that Defendant waived privilege with respect to documents in the *Wold* litigation during the deposition and when it added Mr. Quinn, also Defendant's attorney in *Wold*, to its witness list.

The Court hereby GRANTS Defendant's motion to amend its answer and will permit Plaintiff to conduct discovery related to the *Wold* litigation within the parameters set forth in Section I above.  However, the Court notes that Defendant's waiver of privilege during the deposition was limited to advice given during the conversion between Mr. Withers and Mr. Quinn in connection with this particular case.  Therefore, although the Court deems discovery related to the *Wold* litigation to be relevant, Defendant is entitled to make particularized claims of privilege with respect to any discovery requested by Plaintiff.

### IV.    Dispositive Motions

Defendant has filed motions for summary judgment at Docket No. 61, Docket No. 68, and Docket No. 70.  Since the substance of both the motions themselves and any opposition to these motions could change during the course of discovery, these motions are hereby DENIED without prejudice to refile after the close of discovery, but no later than 30 days following the close of discovery.

In conclusion, Plaintiff's Motion To Compel Discovery at Docket No. 46 is hereby GRANTED in part and DENIED in part, Defendant's Motion In Limine to Prevent Plaintiff From Calling An Expert Witness at Docket No. 32 is hereby GRANTED in part and DENIED in part, and Defendant's Motion To Amend Its Answer at Docket No. 49 is hereby GRANTED.  Defendant's motions for summary judgment at Docket Nos. 61, 68, and 70 are hereby DENIED without prejudice to refile after the close of discovery.

Dated at Anchorage, Alaska, this 13th day of November, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge