Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,<br><br>      Plaintiff,<br><br>  v.<br><br>PROGRESSIVE NORTHWESTERN<br>INSURANCE COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  3:05-cv-204-TMB |

**PROPOSED**
<u>ORDER FOR DISCOVERY SCHEDULE</u>

The parties being unable to agree on a discovery schedule following this court's November 13, 2006 order, the court hereby orders the following discovery schedule:

IT IS HEREBY ORDERED that:

1.   No later than <u>December 15, 2006</u>, Progressive will produce, subject to redaction/withholding for privilege, the following materials: (1) a copy of the Alaska policy contracts database for the AK 9607 personal lines automobile insurance

policy provision at issue; (2) the drafting history of the policy provision at issue, AK 9607, that has not already been produced;[1] (3) all documents, files, letters, internal memoranda, pleadings, court orders or decisions, or other materials which relate to or concern the position taken by Progressive in <u>Wold v. Progressive Insurance Company</u> on the issue of whether a loss of consortium claim triggered a separate per person policy limit.

2. Plaintiff Ronald V. Weilbacher shall then have until _____, 2007 to conduct additional discovery related to the <u>Wold</u> litigation on the issue of whether a loss of consortium claim triggered a separate per person policy limit. Progressive retains the right to assert particularized claims of privilege with respect to any discovery requested by Mr. Weilbacher.

3. Plaintiff Ronald V. Weilbacher shall have until _____, 2007 to identify an expert and provide expert witness disclosures if he can demonstrate that the expert testimony directly relates to the newly produced discovery. Progressive shall have until _____, 2007 to object to Mr. Weilbacher's designation of an expert. If Progressive does not object to Mr. Weilbacher's expert, Progressive shall have

---

[1] The Division of Insurance's file is part of the drafting history and has already been produced in this matter.

until _____, 2007, or as soon thereafter as such deposition may be arranged at the convenience of the parties and the expert, to depose any such expert.  If Progressive objects to Mr. Weilbacher's expert, Progressive shall have until twenty (20) days following the court's ruling on its objections, or as soon thereafter as such deposition may be arranged at the convenience of the parties and the expert, to depose Mr. Weilbacher's expert.

    4.   Discovery closes on _____, 2007 notwithstanding any potential deposition of Mr. Weilbacher's expert.  As set forth in Paragraph 3, Mr. Weilbacher's expert's deposition may be taken outside the close of discovery.

    5.   Progressive's disclosures and Mr. Weilbacher's potential discovery are subject to legitimate privilege issues and claims.  For any materials redacted or withheld from disclosure due to privilege, Progressive will provide a privilege log or Vaughn index, including the date of the document, Bates No., general description of the documents, and privilege asserted.  The privilege log or Vaughn index will be produced contemporaneously with the disclosed documents.

DATED at Anchorage, Alaska, this _____ day of _____, 2006.

_____
Honorable Timothy M. Burgess
United States District Court Judge

CERTIFICATE OF SERVICE
I hereby certify that on the 22nd day of November, 2006, a copy of the foregoing document was served electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:  /s/Aisha Tinker Bray