Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,            )<br>                                  )<br>         Plaintiff,              )<br>                                  )<br>    v.                            )<br>                                  )<br>PROGRESSIVE NORTHWESTERN          )<br>INSURANCE COMPANY,                )<br>                                  )<br>         Defendant.              )<br>_____) | 3:05-cv-204-TMB |

MEMORANDUM IN SUPPORT OF
PROGRESSIVE'S MOTION FOR A DISCOVERY SCHEDULE

      Defendant Progressive Northwestern Insurance Company ("Progressive") requests the court issue a discovery schedule in keeping with the court's November 13, 2006 order and Progressive's proposed discovery schedule.

      Pursuant to the court's order, Progressive conferred with plaintiff's counsel, Kenneth W. Legacki, regarding a discovery schedule.  Unfortunately, the parties were unable to reach an agreement.

Progressive wants to get to the merits of this matter as soon as possible, without any more delays. As the court will recall, Progressive cannot re-file its motions for summary judgment until thirty (30) days after the new close of discovery. As such, Progressive proposed what it felt were reasonable discovery dates for a expedient resolution of these matters, putting the burden on itself to quickly produce materials to plaintiff. See Exhibit A. Plaintiff's counsel, however, does not agree, asserting that his other commitments for the next four months take precedence over everything in this case. Id. Progressive was willing to compromise its initial suggested dates in favor of plaintiff's proposal. Id. However, plaintiff is completely unwilling to comprise. Id.

Despite the lack of an agreed to discovery schedule, Progressive will produce, subject to redaction/withholding for privilege, the following materials: (1) a copy of the Alaska policy contracts database for the AK 9607 personal lines automobile insurance policy provision at issue; (2) the drafting history of the policy provision at issue, AK 9607, that has not already been produced;[1] (3) all documents, files, letters, internal memoranda, pleadings, court orders or decisions, or other materials which relate to or concern the position taken by Progressive in Wold v. Progressive Insurance Company on the

---

[1] The Division of Insurance's file is part of the drafting history and has already been produced in this matter.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for a Discovery Schedule
Page 2 of 4

issue of whether a loss of consortium claim triggered a separate per person policy limit, as ordered by this court, no later than December 15, 2006.  Progressive will advise the court as soon as this discovery is produced.

Progressive now requests a reasonable discovery schedule flowing from its production of materials.  Progressive requests the following discovery schedule: (1) plaintiff's additional discovery related to the Wold litigation on the issue of whether a loss of consortium claim triggered a separate per person policy limit be completed no later than January 12, 2007, giving plaintiff a minimum of a month to review Progressive's disclosures and seek additional discovery limited to the court's order if necessary; (2) no later than January 26, 2007 plaintiff shall designate an expert witness and provide expert disclosures, giving plaintiff's expert a minimum of one and one-half months to review Progressive's disclosures;
(3) Progressive's objections to plaintiff's expert witness, if any, shall be made no later than February 9, 2007; (4) plaintiff's expert's deposition, if any, shall be held on or before February 9, 2007 or as soon thereafter as the parties' schedules allow; and (5) discovery would officially close on January 12, 2007, notwithstanding plaintiff's expert's deposition.  This would allow all discovery, potentially including plaintiff's expert's deposition, to be completed before Progressive could re-file its motion(s) for summary

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for a Discovery Schedule
Page 3 of 4

judgment on February 12, 2007 (30 days after the close of discovery).

DATED at Fairbanks, Alaska, this 22nd day of November, 2006.

GUESS & RUDD P.C.
Attorneys for Progressive
Northwestern Insurance Company

By: _____/s/Aisha Tinker Bray_____
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska  99701
Phone: 907-452-8986
Fax:   907-452-7015
Email: atbray@guessrudd.com
Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
22nd day of November, 2006, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

A Chambers Copy was also mailed
to the court pursuant to D.AK.LR 10.1(b).

Guess & Rudd P.C.

By:____/s/Aisha Tinker Bray___

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for a Discovery Schedule
Page 4 of 4