GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
GREGORY G. SILVEY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
MOLLY C. BROWN

LAW OFFICES OF
**Guess&Rudd**
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES

November 21, 2006

*VIA FACSIMILE 1-907-278-4848 ONLY*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

     Re: Weilbacher v. Progressive
         File No.: 5200.120

Dear Ken:

     To facilitate our discussions, I have drafted a proposed Discovery Schedule based on the court's November 13, 2006 order. For the most part, it is a recitation of what the court ordered with suggested dates of completion. The dates are somewhat arbitrary and I am amenable to reasonable adjustments, but I am trying to complete the discovery and keep the case moving along in a reasonable manner.

     Also, due to the confidential and proprietary nature of the information to be disclosed (i.e. a model contract), Progressive requests a standard protective order, specifically limiting the use of this information to this case. A draft Stipulation for Protective Order is also attached.

     Please give me a call once you have had a chance to review the proposed Discovery Schedule to discuss these matter. Thank you for your assistance.

                              Sincerely,
                              GUESS & RUDD P.C.

                              Aisha Tinker Bray

ATB/nmm

cc: Jay Wesolowski, Esq. (Claim No. 017489548)

EXHIBIT  A
Page  1  of  15

Aisha Tinker Bray, Esq.
Gary A. Zipkin, Esq.
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

**DRAFT**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE NORTHWESTERN )<br>INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____ ) | 3:05-cv-204-TMB |

JOINT DISCOVERY SCHEDULE

Pursuant to the court's Order of November 13, 2006, Progressive Northwestern Insurance Company ("Progressive") and Ronald V. Weilbacher have conferred and hereby submit this joint discovery schedule.

1.  No later than <u>December 1, 2006</u>, Progressive will produce, subject to redaction/withholding for privilege, the following materials: (1) a copy of the Alaska policy contracts database for the AK 9607 personal lines automobile insurance

policy at issue; (2) the drafting history of the policy provision at issue, AK 9607, that has not already been produced;[1] (3) all documents, files, letters, internal memoranda, pleadings, court orders or decisions, or other materials which relate to or concern the position taken by Progressive in <u>Wold v. Progressive Insurance Company</u> on the issue of whether a loss of consortium claim triggered a separate per person policy limit.

2.   Plaintiff Ronald V. Weilbacher shall then have until <u>December 15, 2007</u> to conduct additional discovery related to the <u>Wold</u> litigation on the issue of whether a loss of consortium claim triggered a separate per person policy limit. Progressive reserves the right to assert particularized claims of privilege with respect to any discovery requested by Mr. Weilbacher.

3.   Plaintiff Ronald V. Weilbacher shall have until <u>January 2, 2007</u> to identify an expert and provide expert witness disclosures if he can demonstrate that the expert testimony directly relates to the newly produced discovery.  Progressive shall have until <u>January 15, 2006</u> to object to Mr. Weilbacher's designation of an expert.  If Progressive does not object to Mr.

---

[1] The Division of Insurance's file is part of the drafting history and has already been produced in this matter.

USDC Case No. A05-204 CIV (JWS)   <u>Weilbacher v. Progressive</u>
Joint Discovery Schedule
Page 2 of 5

EXHIBIT __A__
Page __3__ of __15__

Weilbacher's expert, Progressive shall have until <u>January 15, 2006</u>, or as soon thereafter as such deposition may be arranged at the convenience of the parties and the expert, to depose any such expert.  If Progressive objects to Mr. Weilbacher's expert, Progressive shall have until twenty (20) days following the court's ruling on its objections, or as soon thereafter as such deposition may be arranged at the convenience of the parties and the expert, to depose Mr. Weilbacher's expert.

     4.    The parties agree that for purposes of the court's November 13, 2006 order discovery closes on <u>January 15, 2006</u> notwithstanding any potential deposition of Mr. Weilbacher's expert.  As set forth in Paragraph 3, the parties specifically agree to the taking of Mr. Weilbacher's expert's deposition outside the close of discovery, if necessary.

     5.    The parties agree that Progressive's disclosures and Mr. Weilbacher's potential discovery are subject to legitimate privilege issues as recognized by the court.  For any materials redacted or withheld from disclosure due to privilege, Progressive will provide a privilege log or <u>Vaughn</u> index, including the date of the document, Bates No., general description of the documents, and privilege asserted.  The

privilege log or <u>Vaughn</u> index will be produced contemporaneously with the disclosed documents.

5.   The parties further agree to negotiate a standard protective order for the information to be produced above, limiting the use of all information disclosed to this proceeding and requiring the return of all privileged information following the termination of this litigation. The parties shall endeavor to file a Stipulation for Protective Order as soon as possible and no later than <u>December 1, 2006</u>.

DATED at Fairbanks, Alaska, this 22nd day of November, 2006.

                                  GUESS & RUDD P.C.
                                  Attorneys for Progressive
                                  Northwestern Insurance Company

By: _____
    Gary A. Zipkin
    Alaska Bar No. 7501048

DATED at Anchorage, Alaska, this _____ day of November, 2006.

By: _____
    Kenneth W. Legacki
    Attorney for Ronald Weilbacher
    Alaska Bar No. 8310132

CERTIFICATE OF SERVICE
I hereby certify that on the
22rd day of November, 2006, a copy
of the foregoing document was served
on electronically:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:_____

# KENNETH W. LEGACKI, P.C.
## ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

November 22, 2006

**VIA FACSIMILE**

Ms. Aisha Tinker Bray
Attorney at Law
Guess & Rudd, P.C.
100 Cushman Street, Suite 500
Fairbanks, AK 99701-4659

    RE:    Weilbacher vs. Progressive
             Claim No.         : 017489548
             Your File No.    : 5200.120

Dear Aisha:

    In reviewing your deadlines for discovery, I will not be able to comply with the dates you have suggested. Your letter states you would take my schedule into consideration.

    Because of prior commitments, including an arbitration in December, trial preparation and trials in February, March and April, and closure of discovery in other cases, I suggest that (1) discovery close March 31, 2007, (2) plaintiff have until April 15, 2007 to identify the expert and provide witness disclosure, and (3) Progressive have until April 30, 2007 to object to plaintiff's designation of the expert or depose the expert. These dates will accommodate everyone's schedule, and we will also have time, in case the need arises, to go back before the Court if any discovery disputes arise.

    On another note, I will not agree to a protective order. As I am sure you are well aware, Ninth Circuit case law indicates an abhorrence to protective orders and that only if good cause is shown should a protective order be granted. The trial court did not order that a protective order be given, and Progressive has not requested one at any time in this litigation. Progressive has not shown any good cause as to why a protective order should be imposed.

EXHIBIT __A__
Page __1__ of __15__

Ms. Aisha Tinker Bray
November 22, 2006
Page 2

I hope these dates are agreeable to you; if not, please let me know.

                Sincerely,

                KENNETH W. LEGACKI, P.C.

                Kenneth W. Legacki

KWL/ksh
cc:    Gary Zipkin, Esq. (via fax only)

EXHIBIT  A
Page  8  of  15

TOTAL P.03

GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
GREGORY G. SILVEY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd**
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES

November 22, 2006

*VIA FACSIMILE 1-907-278-4848 ONLY*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

       Re: Weilbacher v. Progressive
       File No.: 5200.120

Dear Ken:

    I understand we all have other commitments besides this case. However, Progressive would very much like to resolve this matter sooner rather than later. In view of compromising everyone's schedules, I propose the following:

       (1) Progressive's deadline for disclosure is moved back to December 15, 2006;
       (2) discovery closes on February 28, 2007;
       (3) Mr. Weilbacher's expert disclosures will be due on March 16, 2007;
       (4) Progressive will have until March 30, 2007 to object to Mr. Weilbacher's expert and/or depose such expert.

Basically, I have simply moved your suggested dates back one month.

    I have removed all reference to a protective order. If/when Progressive determines that a protective order is necessary, it will simply file a motion.

    A revised draft Joint Discovery Schedule is enclosed. Please let me know as soon as possible, if this schedule is an agreeable compromise.

                       Sincerely,

                        GUESS & RUDD P.C.

                       Aisha Tinker Bray

ATB/
cc: Jay Wesolowski, Esq. (Claim No. 017489548)

EXHIBIT A
Page 9 of 15

Aisha Tinker Bray, Esq.
Gary A. Zipkin, Esq.
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

**DRAFT**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE NORTHWESTERN )<br>INSURANCE COMPANY, )<br>)<br>    Defendant. )<br>_____) | 3:05-cv-204-TMB |

JOINT DISCOVERY SCHEDULE

Pursuant to the court's Order of November 13, 2006, Progressive Northwestern Insurance Company ("Progressive") and Ronald V. Weilbacher have conferred and hereby submit this joint discovery schedule.

1. No later than December 15, 2006, Progressive will produce, subject to redaction/withholding for privilege, the following materials: (1) a copy of the Alaska policy contracts database for the AK 9607 personal lines automobile insurance

EXHIBIT A
Page 10 of 15

policy at issue; (2) the drafting history of the policy provision at issue, AK 9607, that has not already been produced;[1] (3) all documents, files, letters, internal memoranda, pleadings, court orders or decisions, or other materials which relate to or concern the position taken by Progressive in <u>Wold v. Progressive Insurance Company</u> on the issue of whether a loss of consortium claim triggered a separate per person policy limit.

    2.    Plaintiff Ronald V. Weilbacher shall then have until <u>February 28, 2007</u> to conduct additional discovery related to the <u>Wold</u> litigation on the issue of whether a loss of consortium claim triggered a separate per person policy limit. Progressive reserves the right to assert particularized claims of privilege with respect to any discovery requested by Mr. Weilbacher.

    3.    Plaintiff Ronald V. Weilbacher shall have until <u>March 16, 2007</u> to identify an expert and provide expert witness disclosures if he can demonstrate that the expert testimony directly relates to the newly produced discovery. Progressive shall have until <u>March 30, 2007</u> to object to Mr. Weilbacher's designation of an expert. If Progressive does not object to Mr.

---

[1] The Division of Insurance's file is part of the drafting history and has already been produced in this matter.

Weilbacher's expert, Progressive shall have until <u>March 30, 2007</u>, or as soon thereafter as such deposition may be arranged at the convenience of the parties and the expert, to depose any such expert. If Progressive objects to Mr. Weilbacher's expert, Progressive shall have until twenty (20) days following the court's ruling on its objections, or as soon thereafter as such deposition may be arranged at the convenience of the parties and the expert, to depose Mr. Weilbacher's expert.

    4.    The parties agree that for purposes of the court's November 13, 2006 order discovery closes on <u>February 28, 2007</u> notwithstanding any potential deposition of Mr. Weilbacher's expert. As set forth in Paragraph 3, the parties specifically agree to the taking of Mr. Weilbacher's expert's deposition outside the close of discovery, if necessary.

    5.    The parties agree that Progressive's disclosures and Mr. Weilbacher's potential discovery are subject to legitimate privilege issues as recognized by the court. For any materials redacted or withheld from disclosure due to privilege, Progressive will provide a privilege log or <u>Vaughn</u> index, including the date of the document, Bates No., general description of the documents, and privilege asserted. The

privilege log or <u>Vaughn</u> index will be produced contemporaneously with the disclosed documents.

DATED at Fairbanks, Alaska, this 22nd day of November, 2006.

>GUESS & RUDD P.C.
>Attorneys for Progressive
>Northwestern Insurance Company
>
>By: _____
>Gary A. Zipkin
>Alaska Bar No. 7505048

DATED at Anchorage, Alaska, this _____ day of November, 2006.

>By: _____
>Kenneth W. Legacki
>Attorney for Ronald Weilbacher
>Alaska Bar No. 8310132

CERTIFICATE OF SERVICE
I hereby certify that on the
22rd day of November, 2006, a copy
of the foregoing document was served
on electronically:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:_____

# KENNETH W. LEGACKI, P. C.
## ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

November 22, 2006

**VIA FACSIMILE**

Ms. Aisha Tinker Bray
Attorney at Law
Guess & Rudd, P.C.
100 Cushman Street, Suite 500
Fairbanks, AK 99701-4659

RE: Weilbacher vs. Progressive
Claim No.      : 017489548
Your File No.  : 5200.120

Dear Aisha:

I have reviewed the revised discovery deadlines in your November 22 letter and draft Joint Discovery Schedule. The deadlines I set forth in my previous letter of this date are the earliest dates to which I can agree in order to ensure that I have ample time to conduct discovery and have an expert's report prepared, especially in light of my trial schedule and the delays due to the holidays.

Please let me know if you will agree to my proposed deadlines.

Sincerely,

KENNETH W. LEGACKI, P.C.

Kenneth W. Legacki

KWL/ksh
cc: Gary Zipkin, Esq. (via fax only)

EXHIBIT __A__
Page __14__ of __15__

TOTAL P.02

GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
GREGORY G. SILVEY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd**
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES

November 22, 2006

*VIA FACSIMILE 1-907-278-4848 ONLY*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

    Re: Weilbacher v. Progressive
    File No.: 5200.120

Dear Ken:

    While I appreciate your prompt response on the issue of the discovery schedule, I am troubled by your total unwillingness to compromise the dates. Since the parties cannot agree on a discovery schedule, Progressive will file a motion asking the court to set such a schedule.

    Sincerely,

    GUESS & RUDD P.C.

    Aisha Tinker Bray

ATB/

cc: Jay Wesolowski, Esq. (Claim No. 017489548)

EXHIBIT A
Page 15 of 15