Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RONALD V. WEILBACHER,           )
                                )
        Plaintiff,              )
                                )
   v.                           )
                                )
PROGRESSIVE NORTHWESTERN        )
INSURANCE COMPANY,              )
                                )
        Defendant.              )
_____)  Case No. A05-204 CIV (TMB)

PROGRESSIVE'S VAUGHN INDEX — PRIVILEGE LOG[1]

Attorney-Client Privilege. Progressive asserts the attorney-client privilege with regard to all correspondence in whatever form, i.e., letters, memoranda, notes, facsimiles, emails, etc., whether handwritten or typed, between itself and its attorneys. This includes all correspondence in this matter and in the Wold matter between and among Progressive's adjusters

---

[1] This index/log contains all the redactions and withheld documents in this matter, including those done prior to the court's November 13, 2006 order.



EXHIBIT B
Page 1 of 14

and other employees and Progressive's in-house counsel and retained outside attorneys.

Notwithstanding the above, Progressive has specifically and narrowly waived the attorney-client privilege with Dan Quinn with regard to Mr. Quinn's conversations with Progressive adjuster Danny Withers regarding this case. Progressive has not waived, and does not waive, any other privilege with Mr. Quinn or its attorney-client privilege with Mr. Quinn for any other matter, specifically including the Wold matter.

Attorney-Work Product Privilege. Progressive asserts the attorney-work product privilege with regard to all documents in whatever form, i.e., letters, notes, memoranda, facsimiles, emails, etc., whether handwritten or typed, generated or created by Progressive's in-house counsel, Progressive's retained outside attorneys, and any of their staff or employees with regard to this matter and the Wold matter. The attorney-work product privileges also includes all case law of whatever form collected for Progressive's defense of this matter and the declaratory judgment action and arbitration in Wold.

Irrelevant. With regard to disclosures made pursuant to the Court's November 13, 2006 Order, specifically the files of Richmond & Quinn and Progressive's Face Sheet Notes, Progressive asserts as irrelevant all documents, files, letters, internal memoranda, pleadings, court orders or decisions, or other materials which do NOT directly relate to or concern the position taken by Progressive in the Wold matter on the issue of whether a loss of consortium claim triggered a separate per person policy limit. This specifically includes all documents regarding or concerning Allstate's position or the Wold's position on this same issue.

As noted on Progressive's Supplemental Disclosures and Responses to Plaintiff's First Set of Discovery Requests Pursuant to the Court's Order of November 13, 2006 served herewith, by her signature below, the undersigned affirms that she has reviewed in detail the entire file for the Wold matter produced by Richmond & Quinn and all the electronic claim file notes for the Wold matter produced by Progressive, and that the pages disclosed are the only pages in these files that relate to or concern in any way to Progressive's position on or Progressive's discussion of the issue of whether a loss of consortium claim triggers a separate per person policy limit.

| Date | Bates No. | Description | Privilege |
|---|---|---|---|
| 10/04/04 | 100049 | WITHHELD – Facsimile from outside counsel. | Objection. Attorney-client privilege; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| 10/05/04 | 100050 | WITHHELD – Facsimile to in-house counsel Jay Wesolowski. | Objection. Attorney-client privilege; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| 07/26/05 08/11/05 | 100335 | REDACTED – Adjuster's notes on conversations with attorneys & in-house attorney J. Wesolowski's notes. | Objection. Attorney-client privilege; attorney-work product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |

| Date | Bates No. | Description | Privilege |
|------|-----------|-------------|-----------|
| 08/11/05 – 08/18/05 | 100336 – 100340 | WITHHELD – Notes by J. Wesolowski, Esq. & post-retention notes. | Objection. Attorney-client privilege; attorney work-product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| **Court Ordered Production** | | | |
| N/A | 100,448– 100,495 | WITHHELD – Alaska Policy Contracts Database. All pages of the Alaska policy contracts database (annotated Form No. 9607), except the policy provision at issue. | Objection. Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| 4/28/1997 | 100,496– 100,527 | WITHHELD – All pages of the model contract Form No. 9607 (00/97), except the policy provision at issue. | Objection. Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| 2/6/1996 – 5/30/2003 | 100,528– 100,571 | WITHHELD – All of Progressive's electronic claim file notes. | Objection. Attorney-client privilege; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |

| Date | Bates No. | Description | Privilege |
|---|---|---|---|
| **Richmond & Quinn Wold File #1038.177 Closed File Boxes 1623 & 1624** | | | |
| 5/1/1998 – 8/3/1999 | Richmond & Quinn File Box 1623-A | WITHHELD – Correspondence Volume I. Correspondence having nothing to do with Progressive's position on the loss of consortium/derivative claim issues or policy provision at issue in this case. | Objection. Attorney-client privilege; attorney work-product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| Various | Richmond & Quinn File Box 1623-B | WITHHELD – Correspondence Volume I. List of PTO dates, 4/3/03 email re receipt of settlement check for C. Wold, drafts of Progressive's Initial Disclosures, draft correspondence to L. Peterson/Wold, internal R&Q emails, Anchorage Messenger Service delivery slips, R&Q memoranda to the file & telephone call notes. | Objection. Attorney-client privilege; attorney work-product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| 6/17/1998 – 6/3/2003 | Richmond & Quinn File Box 1623-C | WITHHELD – Correspondence Volume I. Billing records of R&Q (including invoices, check copies, cost items, cover letters). | Objection. Attorney-client privilege; attorney work-product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |

| Date | Bates No. | Description | Privilege |
|---|---|---|---|
| N/A | Richmond & Quinn File Box 1623-D | WITHHELD – Correspondence Volume I. Civil Case Resolution Form 4/8/03, unsigned UM/UIM Settlement and Release Agreement, 25 photographs of auto accident. | Objection. Attorney-client privilege; attorney work-product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| | Richmond & Quinn File Box 1623-E | WITHHELD – Correspondence Volume I. Progressive's Initial Disclosures, Notice of Taking Deposition of R. Layton (Allstate), Subpoena for Records Deposition of Allstate, Discovery Requests to Claimant (Wold), Notice of Taking Deposition of Koby Smith (driver). | Objection. Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| | Richmond & Quinn File Box 1623-F | WITHHELD – Correspondence Volume I. Pleadings Index Vol. I. Stipulation Regarding Procedures, Offer of Judgment (Estate), Offer of Judgment (C. Wold). | Objection. Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| 9/10/1999 – 4/17/2003 | Richmond & Quinn File Box 1623-G | WITHHELD – Correspondence Volume II. Correspondence having nothing to do with Progressive's position on the loss of consortium/derivative claim issues or policy provision at issue in this case. | Objection. Attorney-client privilege; attorney work-product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |

| Date | Bates No. | Description | Privilege |
|---|---|---|---|
| | Richmond & Quinn File Box 1623-H | WITHHELD – Pleadings Index Vol. II. Complaint for Declaratory Judgment (Progressive), Affidavit of Karen Peterson (Allstate), Demand for Jury Trial, Answer, Motion for Summary Judgment (Wold), Notice of Pretrial Scheduling Conference, Progressive's Opposition to Wold's Mt SJ & Cross-Motion SJ (except p. 18 n.2), Wold's Reply & Opp, Progressive's Reply to Cross-Mt, Calendaring Order, lodged Order Re Cross-Mt SJ, Progressive's Objection to Proposed Order re Cross-Mts SJ & Mt for Law of Case re Coverage, Order (Wold response to objections), Wold's Response to Objections, Progressive's Reply to Response, Order (denying Mts for SJ), Calendaring Order, Preliminary Findings of Fact and Conclusions of Law (Court), Progressive's PROPOSED Findings of Fact and Conclusions of Law & Final Judgment, Wold's Objections to Progressive's PROPOSED Findings of Fact and Conclusions of Law, Wold's Mt Reconsideration of Preliminary Findings, Order (for response), Progressive's Opp to Mt Reconsideration, Findings of Fact and Conclusions of Law (Court), Final Judgment, Progressive's Cost Bill, Progressive's Mt Attorney's Fees, Order Granting Plaintiff's Motion for Attorney's Fees, Clerk's Taxation of Costs, Notice re Costs and Attorney's Fees on Appeal, Order (status conf on remand), Order (arbitration remaining issues), | Objection. Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |

| Date | Bates No. | Description | Privilege |
|---|---|---|---|
| | | Progressive's Preliminary Witness List. | |
| | Richmond & Quinn File Box 1623-I | WITHHELD – Adjuster's File (Allstate). Police Report, misc. correspondence between Allstate & Wold, Release of All Claims (Allstate), misc. correspondence between Progressive' & Wold (re UM/UIM covg., exhaustion, no physical contact), tape of 2/8/96 recorded statement of Koby Smith. | Objection. Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| | Richmond & Quinn File Box 1623-J | WITHHELD – Subpoenaed Documents from Allstate. Contains no Progressive documents. | Objection. Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| | Richmond & Quinn File Box 1624-K | WITHHELD – Witness & Expert Witness File. E-transcript of 4/4/99 Deposition of Koby Smith, original transcripts of 4/22/00 Deposition of Rodney Layton & 4/30/99 Deposition of Koby Smith. | Objection. Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| | Richmond & Quinn File Box 1624-L | WITHHELD – Witness & Expert Witness File. Attorney research & notes on Jennifer Harris & memo to file re witnesses. | Objection. Attorney work-product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |

| Date | Bates No. | Description | Privilege |
|---|---|---|---|
| | Richmond & Quinn File Box 1624-M | WITHHELD – Witness & Expert Witness File. Cover letter to Pershing J. Hill, curriculum vitae of Dr. Hill, expert report re economic loss of Dr. Hill. | Objection. Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| | Richmond & Quinn File Box 1624-N | WITHHELD – Witness & Expert Witness File. Attorney research & notes on Scott Johnson & memo to file re witnesses (duplicate). | Objection. Attorney work-product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| | Richmond & Quinn File Box 1624-O | WITHHELD – Witness & Expert Witness File. Copy of transcript of 4/22/00 Deposition of Rodney Layton, exhibits from deposition, videotapes of deposition. | Objection. Attorney-client privilege; attorney work-product; Irrelevant. See Langdon v. Champion, 752 P.2d 999, 1007 n.14 (Alaska 1988). |
| | Richmond & Quinn File Box 1624-P | WITHHELD – Witness & Expert Witness File. Copy of 4/30/99 Deposition of Koby Smith, attorney research and notes on Koby Smith, memo to file re witnesses (duplicate). | |

| Date | Bates No. | Description | Privilege |
|---|---|---|---|
| | Richmond & Quinn File Box 1624-Q | WITHHELD – Misc. File. Probate File Re Heidi Wold. Copy of file in 3PA-96-43 PR, copies of misc. Alaska Supreme Court opinions, marked-up drafts of Progressive's Opp to Mt SJ. | |
| | Richmond & Quinn File Box 1624-R | WITHHELD – Misc. File. Materials Received from Scott Smith. Duplicate copies of Allstate correspondence and police report, cover letter transmitting copy of materials to client (Progressive). | |
| | Richmond & Quinn File Box 1624-S | WITHHELD – Misc. File. Copy of transcript of 4/22/00 Deposition of Rodney Layton, copy of Order in Barnhill et al. v. GEICO et al., 3AN-97-8737 (re exhaustion issues), copies of computer printout log notes from Allstate's records (Bates Nos. 000249-000259) | |
| | Richmond & Quinn File Box 1624-T | WITHHELD – Misc. File. Settlement 7/03. List PTO deadlines; letter re arbitration deadlines; copy Wold v. Progressive, S-9775; notes re telephone conversations with witnesses; draft copy of Progressive's Initial Disclosures; notes re witness list and initial disclosures; memo to file, notes, emails re witnesses. | |
| | Richmond & Quinn File Box 1624-U | WITHHELD – Misc. File. Transcript of Proceedings. Bound transcript of May 10, 2000 proceedings Pages 03-92. | |

| Date | Bates No. | Description | Privilege |
|---|---|---|---|
| | Richmond & Quinn File Box 1624-V | WITHHELD - Progressive Brief File. Bound copies of Progressive's Brief of Appellee & Excerpt of Appellee Volume I of I, Affidavit of Service. | |
| | Richmond & Quinn File Box 1624-W | WITHHELD - Materials Re Supreme Court Oral Argument. Attorney's hand written and typed notes; bound copies of Brief of Appellant, Excerpt of Appellee, and Reply Brief of Appellant; copy of dictionary definition of "use up"; office telephone extension list; email re trip to Paris; copies of three other court decisions. | |
| | Richmond & Quinn File Box 1624-X | WITHHELD - Misc. Documents. 9/28/99 Wold letter to Allstate; part of R. Layton Depo Ex. 1 (Ex. G) letters to Allstate; misc. pages of Allstate's computer log notes; R. Layton Deposition Ex. C (letters from Allstate), Ex. D (letters to Allstate), Ex. E (letters from Allstate), Ex. G (Release of All Claims) (Allstate); 2/27/98 Allstate letter to Wold; approval for 12/24/97 settlement check (Allstate); 12/29/95 newspaper article re accident; Scott Smith's Notice of Injury report to Allstate; 10/30/97 letter Allstate to Wold; transcript of 4/22/00 Deposition R. Layton (Allstate); 5/27/98 Wold letter to Allstate; 5/1/98 Wold letter to Allstate; 4/21/98 Wold letter to Allstate; Allstate's 3/4/98 settlement check; computer printout of 12/28/95 description of loss from Mrs. Smith; 12/19/97 letter | |

| Date | Bates No. | Description | Privilege |
|---|---|---|---|
| | | Allstate to Wold; misc. research copies of case law & statutes; 6/28/95 letter to another client re exhaustion provisions/issue; Wold's Layton Deposition exhibits. | |
| | Richmond & Quinn File Box 1624-Y | WITHHELD - Misc. Documents. Copies of summary judgment briefing in Barnhill et al. v. GEICO et al., 3AN-97-7397 CI, from M. Wilkerson with transmittal letter. | |
| | Richmond & Quinn File Box 1624-Z | WITHHELD - Misc. Documents. Brief of Appellants and Brief of Appellee GEICO in Barnhill et al. v. GEICO et al., S-09311/9355, 3AN-97-07397 CI. | |
| | Richmond & Quinn File Box 1624-AA | WITHHELD - Misc. Documents. Various Wold Pleadings: Order in S-09775 (supp briefing re Allstate policy); Wold's Mt SJ; Progressive's Opp Mt SJ & Cross-Mt SJ; Wold's Reply to Opp to Mt SJ & Opp to Cross-Mt SJ; Progressive's Reply to Opp to Cross-Mt SJ; Affidavit of Karen Peterson; Offers of Judgment (Wold to Allstate); Offers of Judgment (Wold to Progressive); draft of Progressive's proposed Findings of Fact and Conclusions of Law with notes; Preliminary Findings of Fact and Conclusions of Law; Wold's Objections to Findings of Fact and Conclusions of Law; Wold's Motion for Reconsideration of Preliminary Findings; Supplemental Brief of Appellants (Wold). | |

DATED at Fairbanks, Alaska, this 15th day of December, 2006.

GUESS & RUDD P.C.
Attorneys for Progressive
Northwestern Insurance Company

By: _____
Aisha Tinker Bray
Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
15th day of December, 2006, a copy
of the foregoing document was served
on by U.S. Mail:

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska  99501

Guess & Rudd P.C.

By: _____
Naomi M. Marley