Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,           )<br>                                 )<br>        Plaintiff,              )<br>                                 )<br>    v.                           )<br>                                 )<br>PROGRESSIVE NORTHWESTERN         )<br>INSURANCE COMPANY,               )<br>                                 )<br>        Defendant.               )<br>_____ ) | 3:05-cv-204-TMB |

MEMORANDUM IN SUPPORT OF PROGRESSIVE'S
MOTION FOR A PROTECTIVE ORDER REGARDING DEPOSITIONS

Defendant Progressive Northwestern Insurance Company ("Progressive") is entitled to a protective order: (1) precluding plaintiff from taking the depositions of Kellie Rubesne and Michael Sablack, and (2) limiting the deposition of Daniel Quinn to questions regarding his conversation with Danny Withers regarding plaintiff's claim in this matter.

Federal Rule of Civil Procedure 26(c) provides,

> (c) **Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute

without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (1) that the disclosure or discovery not be had;

    (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

    (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

    (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

    (5) that discovery be conducted with no one present except persons designated by the court;

    (6) that a deposition, after being sealed, be opened only by order of the court;

    (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

    (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Depositions
Page 2 of 8

Fed. Civ. Rule 26(c).[1]  Also, "[a] district court possesses inherent power over the administration of its business."  It has inherent authority "to promulgate and enforce rules for the management of litigation."  <u>Spurlock v. FBI</u>, 69 F.3d 1010, 1016 (9th Cir. 1995).

A.   <u>Depositions of Kellie Rubesne and Michael Sablack</u>.

Progressive seeks a protective order precluding the depositions of Kellie Rubesne and Michael Sablack because their depositions will not provide and are not reasonably calculated to lead to the discovery of relevant, discoverable information and are duplicative and redundant of admissible evidence already produced.

Kellie Rubesne is the in-house attorney for Progressive who currently oversees the policy contracts database for Alaska. <u>See</u> Exhibit A, Affidavit of Kellie M. Rubesne, & Progressive's response to plaintiff's Interrogatory No. 1 dated May 10, 2006 (DE#46 Ex. 8 at 3).  The relevant portion of the policy contracts database for Alaska — the provision at issue in Part III - was produced to plaintiff on December 15, 2006.  <u>See</u> DE#110 Ex. A at 5.  It is clear from Progressive's disclosure

---

[1] Progressive's certification that it conferred or attempted to confer with plaintiff to resolve the dispute without court intervention is part of the motion, incorporated herein by reference.

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Memorandum in Support of Progressive's Motion for Protective Order Regarding Depositions
Page 3 of 8

that there are no annotations or drafting notes for the relevant provision.  See id.  Ms. Rubesne and Mr. Sablack have also both already affied that there are no relevant annotations or drafting notes for this provision in the Alaska policy contracts database.  See id. Ex. A at 22 ¶6 & Exhibit A at ¶ 6.

Progressive has also already provided the entire Division of Insurance ("DOI") file with regard to the Alaska form 9607 policy.  See DE#56 Ex. D.  A review of the DOI file demonstrates that the relevant policy provision in Part III has not changed from the model 9607 policy through the development of the Alaska policy 9607.  There is nothing Ms. Rubesne can add at a deposition to what plaintiff already knows about the drafting of the relevant policy provision in the Alaska policy 9607.  There is no reason to depose Ms. Rubesne to simply have her affirm - for a third or fourth time - that there are no annotations in the database relevant to the policy provision at issue.  The relevant documents have been produced and both Ms. Rubesne and Mr. Sablack have affied that there are no documents/records related to the drafting of the relevant provision in the Alaska policy at issue.

Neither Mr. Sablack nor Ms. Rubesne were part of the drafting team for the model 9607 policy.  Mr. Sablack has already affied that the leader of the team that drafted the model 9607 policy is no longer at Progressive and that there are

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Depositions
Page 4 of 8

no records related to the development of the model 9607 policy. Id. at ¶¶3-4. See Exhibit A. Neither Mr. Sablack nor Ms. Rubesne were part of the drafting team for the relevant policy provision at issue so neither of them has any personal knowledge of the model policy's actual drafting history. Id. Progressive has produced the relevant provision of the model 9607 policy with Mr. Sablack's sworn explanation that there is simply nothing more it can provide. See DE #110 Ex. A at 6. Deposing Ms. Rubesne and Mr. Sablack will not change these facts.

It is annoying, harassing, unduly burdensome, and unnecessarily expensive to force the depositions of Ms. Rubesne and Mr. Sablack in Ohio. There is simply nothing gained by having Ms. Rubesne or Mr. Sablack confirm yet again and repeat under oath that there is no documentation of the drafting of the model policy provision at issue and no annotations in the Alaska policy contracts database relevant to the policy provision at issue.

B. Deposition of Daniel Quinn.

With respect to Daniel Quinn's deposition, Progressive seeks to limit - in advance of the deposition - the scope of questioning to Mr. Quinn's conversation with Danny Withers regarding this matter for which Progressive has already waived the attorney-client privilege. In other words, Progressive does

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Depositions
Page 5 of 8

not object to plaintiff taking the deposition of Mr. Quinn regarding the conversation he had with Danny Withers regarding plaintiff's claim in this matter.[2]  Progressive will provide plaintiff with Mr. Quinn's availability for his deposition once there is an order properly limiting the scope of the deposition.

Progressive seeks a protective order and objects to Mr. Quinn's deposition on any other matter, specifically including the Wold matter.  Progressive has not - and does not - waive the attorney-client privilege with Mr. Quinn regarding the Wold matter (or any other matter).  All of Progressive's communications with Mr. Quinn in the Wold matter are privileged and not discoverable.  The court specifically recognized Progressive's right to assert such privilege with regard to Mr. Quinn.  See Order at 6 (DE#103).

Additionally, Mr. Quinn's testimony with regard to the Wold matter would be irrelevant to the issue before the court because the Wold litigation involved the interpretation of Allstate's policy language not the interpretation of Progressive's policy language.  The issue in Wold was whether the claimants had exhausted the policy limits under the driver's Allstate policy in order to trigger UM/UIM coverage under their

---

[2] Notably, the deposition of Mr. Quinn regarding his conversation with Mr. Withers is unnecessarily duplicative of the physical evidence already produced (Progressive's/Mr. Withers' notes of the conversation) and Mr. Withers' own deposition testimony.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Depositions
Page 6 of 8

own Progressive policy.  See DE#110 Ex. A at 8.  Also, all of the materials in the Wold matter wherein Progressive discussed the loss of consortium claim under Allstate's policy have been disclosed.  See id. at Ex. A 8-19 & DE#64 Ex. 1 at 2 ¶2.  Plaintiff has every document in Mr. Quinn's file relating to Progressive's position in Wold on the issue of whether a loss of consortium claim is derivative or triggers a separate per person policy limit.  See DE#110 Ex. A.  As such, Mr. Quinn's deposition should be limited to his conversation with Danny Withers regarding this matter, and plaintiff should be precluded from inquiring into any other matter, specifically including the Wold matter.

For the foregoing reasons, Progressive requests a protective order: (1) precluding plaintiff from taking the depositions of Kellie Rubesne and Michael Sablack, and (2) limiting the deposition of Daniel Quinn to his conversation with Danny Withers in this matter.

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Depositions
Page 7 of 8

DATED at Fairbanks, Alaska, this 12th day of January, 2007.

                                GUESS & RUDD P.C.
                                Attorneys for Progressive
                                Northwestern Insurance Company

                    By:    /s/Aisha Tinker Bray
                                Guess & Rudd P.C.
                                100 Cushman Street, Suite 500
                                Fairbanks, Alaska  99701
                                Phone: 907-452-8986
                                Fax:   907-452-7015
                                Email: atbray@guessrudd.com
                                Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
12th day of January, 2007, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

A Chambers Copy was also mailed
to the court pursuant to D.AK.LR 10.1(b).

Guess & Rudd P.C.

By:    /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Depositions
Page 8 of 8