GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
GREGORY G. SILVEY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd**
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES

January 3, 2007

*VIA FACSIMILE 1-907-278-4848 & U.S. MAIL*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

> Re: Weilbacher v. Progressive
> File No.: 5200.120

Dear Ken:

In response to your letter of December 26, 2006, regarding depositions in this matter, Progressive objects to the depositions of Kelly Rubesne, Michael Sablack, and Dan Quinn. Progressive objects to the depositions of Ms. Rubesne and Mr. Sablack on the basis that their depositions will not provide nor are they likely to lead to the discovery of relevant evidence and are duplicative of admissible evidence already produced. The relevant portion of the policy contracts database for Alaska has been produced; there are no annotations for this provision. See DE#110. Mr. Sablack has also affied that there are no relevant annotations/drafting notes for this provision. There is no reason to depose Ms. Rubesne to simply have her affirm - for a third time - that there are no annotations in the database relevant to the policy provision at issue. Mr. Sablack has also already affied that there are <u>no</u> documents/records related to the drafting of the relevant provision in the policy at issue. Mr. Sablack was not part of the drafting team for the relevant policy provision at issue so he has no personal knowledge of its actual drafting history other than what he provided in his affidavit. Progressive has produced the relevant provision of the model policy and the policy contracts database for Alaska with a sworn explanation that there is simply nothing more it can provide. There is simply nothing gained by having Mr. Sablack repeat yet again that there is no documentation of the drafting of the policy provision at issue and no annotations in the Alaska policy contracts database.

Progressive objects to Mr. Quinn's deposition on the grounds of privilege, irrelevance, and unnecessary duplication.

EXHIBIT A
Page 1 of 7

Progressive has not – and does <u>not</u> – waive the attorney-client privilege with Mr. Quinn regarding the <u>Wold</u> matter. All of Progressive's communications with Mr. Quinn in the <u>Wold</u> matter are privileged and not discoverable. Mr. Quinn's testimony would also be wholly irrelevant to the issue before the court because the <u>Wold</u> litigation involved the interpretation of <u>Allstate's</u> policy language not the interpretation of Progressive's policy. The issue in <u>Wold</u> was whether the claimants had exhausted the policy limits under the driver's <u>Allstate</u> policy in order to trigger UM/UIM coverage under their own Progressive policy. Additionally, all of the materials in the <u>Wold</u> matter wherein Progressive discussed the loss of consortium claim under Allstate's policy have been disclosed. <u>See</u> DE#110.

Progressive acknowledges that it waived the attorney-client privilege as to Mr. Quinn's conversation with Mr. Withers regarding this case, and Mr. Withers testified regarding his recollection of the conversation. Progressive also already produced the written log notes of the conversation. Mr. Quinn's testimony regarding Mr. Withers' conversation with him would be unnecessarily duplicative of Mr. Wither's testimony and the notes of the conversation already produced.

Progressive also objects to the discovery requests in Plaintiffs Second Set of Discovery Requests to Defendant. Plaintiff's belated discovery requests greatly exceed the scope of discovery permitted by the Court's November 13, 2006 Order and seek irrelevant information. The Court's Order permits plaintiff to conduct additional discovery related <u>only</u> to the <u>Wold</u> litigation within the parameters of Section I of the Order. Order at 6 (DE# 103). Pursuant to Section I of the Order, Progressive produced all materials in the <u>Wold</u> file that relate to or concern in any way the position taken by Progressive on the issue of whether a loss of consortium claim is derivative or triggers a separate per person policy limit.[1] <u>See</u> DE# 110 Ex. A. All of plaintiff's discovery requests relate to issues other than the <u>Wold</u> litigation and, thus, exceed the scope of the Court's permitted discovery.

The Court's Order also specifically disallows discovery regarding jurisdictions other than Alaska. Order at 4. "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska." <u>Id</u>. Plaintiff's discovery requests seeking information regarding other jurisdictions are

---

[1] It should be remembered that Progressive's position in <u>Wold</u> was taken with regard to the interpretation of the Allstate policy at issue, <u>not</u> Progressive's own policy.

EXHIBIT A

Page 2 of 7

specifically disallowed by the Court and completely irrelevant. See RFA#2, 7, 19, & 21 and Interrogatory #8.

Additionally, the discovery requests do not seek and are not reasonably calculated to lead to the discovery of relevant, discoverable information. The issue before the court in this matter is whether plaintiff's Progressive policy, as currently written and as interpreted under Alaska law, provides a separate, additional "each person" policy limit of UIM coverage for his loss of consortium/society claim. Nothing in plaintiff's recent discovery request is relevant to this legal issue.

I would be happy discuss any of the above with you, please give me a call. I look forward to hearing from you soon on these issues so that we may move this case forward.

Sincerely,

GUESS & RUDD P.C.

*Aisha T Bray*

Aisha Tinker Bray

ATB/nmm

cc: Jay Wesolowski, Esq. (Claim No. 017489548)

EXHIBIT **A**
Page **3** of **7**

# KENNETH W. LEGACKI, P. C.
## ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

January 9, 2007

**VIA FACSIMILE**

Ms. Aisha Tinker Bray
Attorney at Law
Guess & Rudd, P.C.
100 Cushman Street, Suite 500
Fairbanks, AK 99701-4659

      RE:   Weilbacher vs. Progressive
             Claim No.       : 017489548
             Your File No.   : 5200.120

Dear Aisha:

    I am in receipt of your January 3, 2007 letter. I understand that you do not think that Kelly Rubesne, Michael Sablack or Dan Quinn need to be deposed, but I do want to depose these individuals.

    I will file a motion to compel if you do not agree to the depositions of these individuals. Under the court rules, we have to confer before I file a motion to compel. Please let me know by 2:00 p.m. on January 10, 2007, whether you will produce the above individuals for their depositions.

    Regarding the requests for admission, you do what you like when the time comes to respond, and we can file the appropriate motions with the Court at that time.

                          Sincerely,

                          KENNETH W. LEGACKI, P.C.

                          Kenneth W. Legacki

KWL/ksh
cc:   Gary Zipkin (via fax)

EXHIBIT A
Page 4 of 7

TOTAL P.02

5200.120

GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
GREGORY G. SILVEY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd**
P.C.

100 CUSHMAN STREET, SUITE 600
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES

January 11, 2007

*VIA FACSIMILE 1-907-278-4848 & U.S. MAIL*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

    Re: Weilbacher v. Progressive
    File No.: 5200.120

Dear Ken:

    Your January 9, 2007 letter regarding depositions in this matter does not provide any basis for taking the depositions of Ms. Rubesne, Mr. Sablack, or Mr. Quinn. Simply "wanting to" take a deposition does not entitle you to do it. It would have been helpful had you provided some basis for taking these depositions.

    Despite your unwillingness to provide any basis for taking Mr. Quinn's deposition, Progressive has decided it will agree to Mr. Quinn's deposition on the LIMITED basis of his conversation with Danny Withers about plaintiff's claim in this case. Progressive objects to and will **not** allow any questioning of Mr. Quinn on any other matter, specifically including the <u>Wold</u> matter. Mr. Quinn has advised us that he is available for a limited deposition on February 9, 2007. This was the only date provided by Mr. Quinn. If you agree to taking Mr. Quinn's deposition on the limited basis outline herein, please notice out Mr. Quinn's deposition for February 9, 2007. If you do not agree to the limited basis of Mr. Quinn's deposition, please let me know and Progressive will seek the appropriate protective order on an expedited basis prior to setting the deposition.

    Again, I would be happy discuss these depositions with you. I look forward to hearing from you soon on these issues so that we may move this case forward.

                  Sincerely,

                  GUESS & RUDD P.C.

                  Aisha Tinker Bray

ATB/nmm
cc: Jay Wesolowski, Esq. (Claim No. 017489548)

EXHIBIT A
Page 6 of 7

# KENNETH W. LEGACKI, P. C.
## ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

January 12, 2007

**VIA FACSIMILE**

Ms. Aisha Tinker Bray
Attorney at Law
Guess & Rudd, P.C.
100 Cushman Street, Suite 500
Fairbanks, AK  99701-4659

RE: Weilbacher vs. Progressive
Claim No.        : 017489548
Your File No.    : 5200.120

Dear Aisha:

Thank you for your January 11, 2007 letter. First, regarding Mr. Quinn, I am not going to limit myself to only the conversation he had with Mr. Withers. I believe that I am entitled to examine him in other areas that I feel are germane to the lawsuit and you can make the objections as you see fit.

You have not responded to my request to depose Ms. Rubesne and Mr. Sablack. Ms. Rubesne, as was represented to the Court, is the caretaker for the Alaska database for the policy at issue in this case. I believe I can ask her some questions regarding the Alaska database or lack thereof. As to Mr. Sablack, I believe his affidavit is at best nebulous, and I believe that there are a lot of open gaps in the affidavit which I would like to ask him about.

Please let me know whether you are going to produce Ms. Rubesne and Mr. Sablack. I will notice the deposition of Mr. Quinn for February 9, and I am not going to limit my questions to the parameters you set.

Sincerely,

KENNETH W. LEGACKI, P.C.

Kenneth W. Legacki

KWL/ksh
cc: Gary Zipkin (via fax)

EXHIBIT A
Page 6 of 7

TOTAL P.02

GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
GREGORY G. SILVEY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd**
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES

January 12, 2007

*VIA FACSIMILE 1-907-278-4848 & U.S. MAIL*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

    Re: Weilbacher v. Progressive
    File No.: 5200.120

Dear Ken:

    Please re-read my January 11, 2007 letter, and do **not** set Mr. Quinn's deposition for February 9, 2007. Progressive **only** agreed to Mr. Quinn's deposition on that date if you agreed to limit the questions. Since you do not agree to reasonably limit questioning, Progressive does not agree to the deposition.

    Regarding depositions of Ms. Rubesne and Mr. Sablack, Progressive does not agree with your generalities as to why plaintiff needs or wants to take their depositions. You have all the information from the Alaska policy contracts database on the relevant policy provision. There is nothing else. What "gaps" are in Mr. Sablack's affidavit? What specific category of information do you believe is missing?

    Since it is obvious we will not be able to resolve this issue without the court's intervention, Progressive has filed a Motion for a Protective Order Regarding Depositions and requested expedited consideration of the issue. I look forward to your responses.

                          Sincerely,

                          GUESS & RUDD P.C.

                          Aisha Tinker Bray

ATB/nmm
cc: Jay Wesolowski, Esq. (Claim No. 017489548)

EXHIBIT **A**
Page **7** of **7**