Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-0204-TMB |
| _____ | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS**

After reviewing the Notice of Compliance [Docket No. 110] to the

Court's Order compelling discovery [Docket No. 103], and after consulting with his

expert, Plaintiff Weilbacher came to the conclusion that Progressive's submissions were

severely deficient, especially considering the representations of Progressive's attorneys to this Court and its objections to Weilbacher's requests for production. In response to this Court's order allowing discovery of the drafting history and database, Progressive produced two pages with nothing on them except the policy language. (See Ex. 18, Docket No. 110 at 5-6 of 22)

Progressive also only produced snippets of information from the Wold v. Progressive case. [See Docket No. 110, Notice of Compliance, Ex. A at 7-19 of 22] Progressive will not allow Weilbacher to inspect a complete copy of the Wold file, because the attorney for Progressive has solely determined that all other information is not relevant. [Docket No. 114, Ex. A at 1-3 of 7]

After consulting with Weilbacher's expert, Weilbacher's attorney has determined that numerous questions need to be asked of representatives of Progressive, as well as of Dan Quinn, regarding the lack of documentation that has been produced by Progressive.

Progressive has not proffered any "good cause" objection to deposing Michael Sablack, Kellie Rubesne and Dan Quinn, other than it believes no further information would be relevant.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE
      ORDER RE: DEPOSITIONS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 9

A.  **PROCEDURAL HISTORY.**

Weilbacher served requests for production and interrogatories on Progressive seeking production of certain documents regarding the clauses of the policy at issue in this case. Progressive strenuously objected to production of any documentation regarding the policy language at issue in this case, alleging attorney-client privilege, work product privilege, the requests were overbroad, and also that the requested materials are irrelevant. [Docket No. 46 at Ex. 8]

Weilbacher then filed a motion to compel, which was again strenuously objected to by Progressive, arguing similarly that the information was either work product privileged, attorney-client privileged, or that it was irrelevant to the cause of action before the Court. [Docket No. 46]

In its November 14, 2006 Order partially granting Plaintiff Weilbacher's motion to compel [Docket No. 103], this Court stated that the drafting history of the policy language could lead to the discovery of admissible evidence and was therefore discoverable. (See Ex. 19, Order at 3 [Docket No. 103]) The Court also stated that documents in the Wold v. Progressive matter were relevant.

The Court, however, did limit discovery of the drafting history of the policy language to that which pertains to Alaska. Nevertheless, the language at issue in the Alaska policy was, or is, predicated on a "model" policy applied nationally.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE
    ORDER RE: DEPOSITIONS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 9

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

Subsequently, Progressive filed a Notice of Compliance with the Court's Order, but only submitted two blank pages as relating to the drafting history and other background documentation to the policy language at issue in this case. [Ex. 18, Docket No. 110 at 5-6 of 22]  For some inexplicable reason, information is redacted, but even with the Vaughn index, it is not clear as to why that information has been redacted. Progressive also stated that it still objects to Weilbacher viewing the Wold file. [Docket No. 114, Ex. A at 1-3 of 7]

### B.   THE DEPOSITIONS OF SABLACK AND RUBESNE ARE NECESSARY.

Progressive submitted an affidavit from Michael Sablack, attesting that Alaska has a "model" policy, but there is no information regarding the drafting history of the policy language at issue in this case. [Docket No. 110, Ex. A at 20-22] According to the affidavit of Mr. Sablack there is no record whatsoever relating to the drafting history of the policy language at issue in this case, although it is from a model policy that apparently was used nationwide.

After receiving no drafting history or other records regarding the policy language at issue, Weilbacher sent requests for admission to Progressive regarding the policy language, and Progressive has indicated it will refuse to respond to the discovery requests.  (See Ex. 20, Discovery Requests; Docket No. 114, Ex. A at 1-3 of 7)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE
     ORDER RE: DEPOSITIONS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 9

Progressive has not offered a good reason for seeking a protective order to prevent the depositions from going forward. Progressive has not listed any reason that has been contemplated by the court rules for granting a protective order, but merely asserts that, in its opinion, no discoverable information will be obtained by deposing witnesses Rubesne or Sablack. What Progressive believes is relevant is quite different than what Weilbacher believes is relevant.

Plaintiff Weilbacher has been unable to find a court decision holding that opposing counsel's assertion of irrelevancy is a good enough basis for preventing discovery from going forward and good cause for entry of a protective order.

C. **DEPOSITION OF DAN QUINN.**

Near the deadline for the close of discovery, and at a late date, including past the deadline for amending pleadings, Progressive created a new affirmative defense of advice of counsel and listed one of its attorneys who has litigated cases for Progressive, Dan Quinn, as a witness in support of its affirmative defense. However, Progressive will not allow Plaintiff Weilbacher to depose Dan Quinn regarding this affirmative defense except as to an alleged statement that he made to an adjuster, and nothing further. [Docket No. 113; Docket No. 114 at 5, 7]

Progressive, in its opposition to Plaintiff's Motion to Compel Discovery, admitted that adjuster Danny Withers stated that Progressive has taken the same

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE
    ORDER RE: DEPOSITIONS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 9

position in the Weilbacher case as it took in the Wold case, which was prosecuted by Dan Quinn. (See Ex. 21, Docket 56 at 19)

This is consistent with Mr. Withers' deposition, wherein he stated that the issue before this Court has been addressed before by Progressive, and apparently not only in the Wold case, but in other cases as well. (See Ex. 22, Withers Depo. at 50-53)

The testimony of Dan Quinn is not only relevant to the affirmative defense of advice of counsel, but it is also relevant to determine whether Progressive has been acting in bad faith. It could very well be that Progressive has fraudulently been denying claims all along since there appears to be no basis for denying independent claims under the policy.

> As a result [of assertion of advice of counsel], a party must produce not only other communications and opinions of the same attorney, but also privileged information from other counsel involving the same subject. Beneficial Franchise Co. v. Bank One, 205 F.R.D. 212, 2001 U.S. Dist. LEXIS 5986, 2001 W.L. 492479 (N.D. Ill. 2001). . . .

Chiron Corp. v. Genentech, Inc., 179 F. Supp. 2d 1182, 1187 (E.D. Cal. 2001).

Progressive is relying on Dan Quinn's experience in Wold to justify Progressive's declination of payment to Weilbacher in this case before the Court. Plaintiff Weilbacher is allowed to go behind Dan Quinn's advice he gave to Danny Withers in Wold in order to determine the basis for the opinion. Very simply, was it Progressive's policy to deny claims like Weilbacher's or did Dan Quinn decide to

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE
    ORDER RE: DEPOSITIONS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 9

decline coverage on his own whim?

In <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476, 486 (3rd Cir. 1995), the court succinctly stated the issue.

> There is an inherent risk in permitting the party asserting a defense of its reliance on advice of counsel to define the parameters of the waiver of the attorney-client privilege as to that advice. That party should not be permitted to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver of the attorney-client privilege and therefore the scope of discovery. To do so would undermine the very purpose behind the exception to the attorney-client privilege at issue here - fairness.

<u>Id.</u> at 486.

The Ninth Circuit in <u>Chevron Corp. v. Pennzoil Co.</u>, 974 F.2d 1156, 1162 (9th Cir. 1992), held that advice of counsel cannot be used both as a sword and a shield to protect the disclosure of the <u>basis</u> for the affirmative defense. <u>Id.</u> at 1162. When the advice of counsel is at issue, the counsel's knowledge of the law and the basis for his understanding of what the law required is discoverable. <u>Id.</u> at 1162. See also <u>United States v. Amlani</u>, 169 F.3d 1189, 1195 (9th Cir. 1999).

> We have made it clear that "the privilege which protects attorney-client communications may not be used both as a sword and a shield." <u>United States v. Ortland</u>, 109 F.3d 539, 543 (9th Cir. 1997) (quoting <u>Chevron</u>, 974 F.2d at 1162).

<u>Id.</u> at 1195.

In <u>Chiron Corp. v. Genentech, Inc.</u>, 179 F. Supp. 2d 1182, 1189-90 (E.D.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE
    ORDER RE: DEPOSITIONS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 7 of 9

Cal. 2001), the court said that invoking the advice of counsel is not a painless decision or a free lunch. Fairness requires that a party who seeks to rely on counsel's advice pay the discovery price. The waiver of the privilege extends to the broadest extent consonant with relevance to the advice of counsel itself. Id. at 1189-90.

D.  CONCLUSION.

It appears that Progressive has been denying claims like Ronald Weilbacher's for no apparent reason. This Court should allow the depositions of Michael Sablack, Kellie Rubesne, and Dan Quinn to go forward unimpeded, and order that Progressive produce all correspondence, documents and records that it still claims are privileged, and pay Weilbacher's costs and attorney fees associated with deposing the witnesses and opposing Progressive's motion.

DATED this 29th day of January, 2007, at Anchorage, Alaska.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff

By   s/Kenneth W. Legacki
     Kenneth W. Legacki
     Alaska Bar No. 8310132
     425 G Street, Suite 920
     Anchorage, AK  99501
     Phone: (907) 258-2422
     Fax: (907) 278-4848
     E-mail: legacki@gci.net

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 8 of 9

## LIST OF EXHIBITS TO OPPOSITION

Exhibit 18 - Drafting History/Database Documents Produced by Progressive

Exhibit 19 - Court's Order filed November 14, 2006 [Docket No. 103]

Exhibit 20 - Plaintiff's Second Set of Discovery Requests to Defendant, dated December 29, 2006

Exhibit 21 - Excerpt from Progressive's Opposition to Plaintiff's Motion to Compel Discovery regarding Danny Withers' Deposition Testimony as to <u>Wold</u> Case [Docket No. 56 at 19]

Exhibit 22 - Excerpts from Danny Withers' Deposition, pages 50 to 53

I HEREBY CERTIFY that on the 29th day of January, 2007, a copy of the foregoing document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

_____s/Kenneth W. Legacki_____

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE
    ORDER RE: DEPOSITIONS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 9 of 9