clearly set forth above, plaintiff's request is based on a misstatement of fact. See Wold, 52 P.3d at 165-166. A misstatement plaintiff refuses to acknowledge despite repeated clarifications by Progressive. Second, taking plaintiff's requests literally, there will be no records in the Wold file that satisfy his request. Request for Production No. 2 asks for Wold documents on the issue of loss of consortium claims as discussed in the quote from Dowdy and the quote provides the misstatement that loss of consortium triggered a "per person" UIMBI limit. Exhibit 8 at 8. Since no such action occurred, no such documents will exist.

Also, at his recent deposition, Danny Withers, the adjuster in this case and in Wold, testified that Progressive took the same position in Wold that it is taking in this case: a loss of consortium/loss of society claim is derivative to the wrongful death claim and is not entitled to a second, separate per person limit of coverage. Plaintiff had and availed himself of the opportunity to question the relevant adjuster regarding Progressive position and analysis in Wold.

In his proposed order, plaintiff suggests that the court vacate all the pretrial deadlines in this matter and set another planning conference. Plaintiff provides no argument or basis for his request in his motion, but simply slides it into his proposed order. Whether the pretrial deadlines should be re-

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion to Compel Discovery
Page 19 of 23

EXHIBIT 21
Page 1 of 1