Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,<br><br>      Plaintiff,<br><br>  v.<br><br>PROGRESSIVE NORTHWESTERN<br>INSURANCE COMPANY,<br><br>      Defendant. | 3:05-cv-204-TMB |

MEMORANDUM IN SUPPORT OF PROGRESSIVE'S MOTION FOR
A PROTECTIVE ORDER REGARDING PLAINTIFF'S DISCOVERY REQUESTS

Defendant Progressive Northwestern Insurance Company ("Progressive") is entitled to a protective order that Progressive does not have to respond to any of the discovery requests in Plaintiff's Second Set of Discovery Requests to Defendant dated December 26, 2006 because the discovery requests exceed the scope of the discovery allowed in the court's Order of November 13, 2006 and are not reasonably calculated to lead to the discovery of relevant, discoverable information.

Federal Rule of Civil Procedure 26(c) provides,

    (c) **Protective Orders.** Upon motion by a
    party or by the person from whom discovery

is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

   (1) that the disclosure or discovery not be had;

   (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

   (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

   (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

   (5) that discovery be conducted with no one present except persons designated by the court;

   (6) that a deposition, after being sealed, be opened only by order of the court;

   (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

   (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 2 of 7

Fed. Civ. Rule 26(c).[1]  Also, "[a] district court possesses inherent power over the administration of its business."  It has inherent authority "to promulgate and enforce rules for the management of litigation."  Spurlock v. FBI, 69 F.3d 1010, 1016 (9th Cir. 1995).

On December 29, 2006, plaintiff served Plaintiff's Second Set of Discovery Requests to Defendant.  Exhibit A.  On January 3, 2007, Progressive wrote a detailed letter to plaintiff's attorney regarding its objections to plaintiff's discovery requests.  See Exhibit B.  Plaintiff refused to discuss the matter with Progressive.  Id.  Given plaintiff's unwillingness to discuss the discovery requests with Progressive, Progressive served its objections and responses with this motion for a protective order to put the issues before the court as quickly as possible.  See Exhibit C, incorporated herein by reference.

Progressive objects to all of the discovery requests in plaintiff's Second Set of Discovery Requests to Defendant on the basis that all of the discovery requests: (1) exceed the scope of the discovery permitted by the court's November 13, 2006

---

[1] Progressive's certification that it conferred or attempted to confer with plaintiff to resolve the dispute without court intervention is part of the motion, incorporated herein by reference.  See Exhibit B.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 3 of 7

Order, and (2) are not reasonably calculated to lead to the discovery of, relevant, discoverable information.

Discovery initially closed in this matter on July 28, 2006 — a full five months before plaintiff served these discovery requests. In granting Progressive's motion to amend its answer to add the affirmative defense of advise of counsel, the court's Order permitted plaintiff to conduct limited additional discovery.[2] DE#103. The court permitted plaintiff to conduct additional discovery related to the Wold litigation within the parameters of Section I of the Order. The court specifically stated that it "will permit Plaintiff to conduct discovery related to the *Wold* litigation within the parameters set forth in Section I above." Id. at 6. Section I of the Order discussed plaintiff's motion to compel discovery based on his first set of discovery requests. In Section I, the court ordered - and Progressive produced - all materials in the Wold file that relate to or concern in any way the position taken by Progressive on the issue of whether a loss of consortium claim is derivative to the underlying bodily injury claim or triggers

---

[2] The court also allowed plaintiff to make additional expert disclosures if plaintiff demonstrates that the expert testimony is directly related to the newly produced discovery. Order at 5 (DE#103).

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 4 of 7

a separate per person policy limit.[3]  This discovery regarding Wold was the only such discovery permitted by the court.  None of plaintiff's discovery requests herein relate to or concern in any way the Wold matter or Progressive's position on the issue of loss of consortium claims.  As such, plaintiff's new discovery requests exceed the scope of the additional discovery permitted by the court and are time barred.

The discovery requests in plaintiff's Second Set of Discovery Requests to Defendant also do not seek, and are not reasonably calculated to lead to the discovery of, relevant, discoverable information under Civil Rule 26(b).  The legal issue before the court in this matter is whether Mr. Weilbacher's Progressive Form No. 9607 AK (08/99) Alaska automobile insurance policy, as interpreted under Alaska law, provides a separate, additional "each person" policy limit of UIM coverage for his loss of consortium/society claim.  However, the majority of the discovery requests seek information regarding the model policy form 9607, which is not at issue.  See e.g. Exhibits A & C, Requests for Admission Nos. 2, 3, 4, 5, 6, 8, 10, 13, 14, 15, 16, 17, 19, 20, & 21, and Interrogatory Nos. 7 & 8.

---

[3]  It should be remembered that the Wold litigation involved the interpretation of an Allstate policy, not a Progressive policy (i.e., whether or not the claimants had exhausted the limits under the tortfeasor's Allstate policy).  See Wold v. Progressive Preferred Ins. Co., 52 P.3d 155 (Alaska 2005); DE# 110 Ex. A at 8-19.  Thus, Progressive's position in Wold involved an Allstate policy provision, not a Progressive's policy provision.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 5 of 7

The model policy is <u>not</u> at issue in this litigation. Plaintiff was <u>not</u> sold a model policy. Plaintiff purchased a Form No. 9607 AK (08/99) - a policy specifically adapted to Alaska and approved by the Alaska Division of Insurance for the State of Alaska.[4] It is the legal interpretation of a specific policy provision in Part III of the Form No. 9607 AK (08/99) Alaska policy that is at issue in this litigation. The model policy is irrelevant. Drafting history and information about the model policy 9607 is also unknown and unknowable. <u>See</u> Affidavit of Mike Sablack, filed separately herewith, and Affidavit of Kelly M. Rubesne (DE# 115).

Additionally, Requests for Admission Nos. 2, 7, 19, 21 and Interrogatory No. 8 grossly exceed the scope of the discovery permitted by the court's November 13, 2006 Order by asking about jurisdictions other than Alaska. The court's Order specifically <u>disallowed</u> any discovery regarding jurisdictions other than Alaska. Order at 4. "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska." <u>Id</u>. As such, plaintiff is not entitled to a response to Requests for Admission Nos. 2, 7, 19, 21 and Interrogatory No. 8.

---

[4] The <u>entire</u> Division of Insurance file on the approval of this policy was produced to plaintiff May 22, 2006.

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Memorandum in Support of Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 6 of 7

For the foregoing reasons, Progressive requests a protective order that Progressive does not have to respond to any of the discovery requests in Plaintiff's Second Set of Discovery Requests to Defendant dated December 26, 2006.

DATED at Fairbanks, Alaska, this 29th day of January, 2007.

                        GUESS & RUDD P.C.
                        Attorneys for Progressive
                        Northwestern Insurance Company

By:     /s/Aisha Tinker Bray
    Guess & Rudd P.C.
    100 Cushman Street, Suite 500
    Fairbanks, Alaska  99701
    Phone: 907-452-8986
    Fax:   907-452-7015
    Email: atbray@guessrudd.com
    Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
29th day of January, 2007, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

A Chambers Copy was also mailed
to the court pursuant to D.AK.LR 10.1(b).

Guess & Rudd P.C.

By:   /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Memorandum in Support of Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 7 of 7