REVIEWED BY B.K.H.
CALENDARED 1-31-07
Responses Due

RECEIVED
JAN 0 3 2007
GUESS & RUDD

Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail: legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RONALD V. WEILBACHER,

Plaintiff,

vs.

PROGRESSIVE NORTHWESTERN INSURANCE COMPANY,

Defendant.

Case No. 3:05-cv-0204-TMB

**PLAINTIFF'S SECOND SET OF**
**DISCOVERY REQUESTS TO DEFENDANT**

Plaintiff Ronald V. Weilbacher, by and through counsel, pursuant to Alaska Rules of Civil Procedure 26, 33, and 36, hereby propounds the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

following requests for admission and interrogatories to Defendant Progressive Northwestern Insurance Company, to be answered in writing, under oath, within thirty (30) days after service hereof,

**DEFINITIONS AND CONSTRUCTION**

1. The following definitions apply to these discovery requests:

a. "You" or "your" includes Defendant Progressive Northwestern Insurance Company, as well as its parent company and its subsidiaries, affiliations, underwriters, and all assigns, agents, employees, and other persons acting in a representative capacity to Defendant, including, without limitation, Defendant's attorneys, accountants, or other agents.

b. "Plaintiff" means Ronald V. Weilbacher.

c. "Defendant", "Progressive" and/or "Progressive Northwestern Insurance Company" mean Progressive Northwestern Insurance Company, as well as its parent company and its subsidiaries, affiliations, underwriters, and all assigns, agents, employees, and other persons acting in a representative capacity to Defendant, including without limitation, Defendant's attorneys, accountants, or other agents.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

d. "Person" means an individual, corporation, partnership, group, association, business or governmental agency, or any other entity.

e. "Document" shall be construed in its broadest sense and includes any written, graphic, printed, typed, photocopied, photographic, electronic, magnetic, recorded, or tangible matter of any kind or character, or any recorded material, however produced or reproduced, whether prepared by you or by someone else, including without limitation, all records, bylaws, articles, agreements, contracts, proposals, bids, orders, papers, books, transcripts, drafts, diaries, calendars, desk pads, minutes, lists of attendees, brochures, pamphlets, advertisements, circulars, press releases, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, work papers, summaries, analyses, reports, notebooks, manuals, guidelines, rules, instructions, operating procedures, drawings, blueprints, graphs, charts, maps, films, videotapes, photographs, electronic data storage materials, tapes, diskettes, digitally recorded information, lists, and entries in books of account, bills, invoices, and also including, without limitation,

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 19

EXHIBIT  A
Page  3  of  19

every copy of a document that is nonidentical to the original (e.g., where notes are made on the copy, attached to the copy, etc.).

f. "Complaint" refers to Plaintiff's Complaint.

g. Any other words used in these discovery requests are defined according to standard American use, as shown in a dictionary of the English language.

2. In answering these discovery requests, you are required to furnish not only the information that you possess, but also all information that is available to you, including, without limitation, information obtained by or in the possession of your investigators, employees, agents, representatives, guardians, attorneys, and any other person or persons acting on your behalf.

3. Each request for admission will be deemed admitted unless, within thirty (30) days after service of these requests, Defendant serves upon Plaintiff a written answer or objection addressed to the subject matter of each request. If an objection is made to any request for admission, the reason therefor shall be stated with particularity. The answer shall specifically deny the matter requested to be admitted or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter to which the request is directed. A denial shall fairly meet the substance of the requested admission, and when good faith

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 19

EXHIBIT   A
Page   4   of   19

requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as its reason for a failure to admit or deny unless it states that it has made a reasonable inquiry and that the information known or readily obtainable by it is insufficient to enable it to admit or deny. If Defendant considers that a matter of which an admission has been requested presents a genuine issue for trial, it may not on that ground alone object to the request.

4. You are required to exercise due diligence to obtain the information requested. If you still cannot obtain the information to answer a discovery request fully, then you are required to so state and to answer to the extent that you can answer, specifying which part of the request you cannot answer, the reason(s) you cannot answer it, and any information you have concerning the unanswered portion.

5. If you object to any part of any discovery request, then you are required to state with specificity both the ground(s) and the reason(s) for your objection, and to answer any part of the requests to which your objection does not apply.

6. If you claim any privilege with respect to any part of any

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

discovery request, then you are required to identify the privilege, state the basis for the claim, identify and state the subject matter of the documents or information that you claim are privileged, and provide the documents or information to which your claim of privilege does not apply.

7. These discovery requests are continuing in effect. This means that you are required to supplement or amend your responses if you or your attorneys obtain further information between the time your answers are served and the time of trial. You are hereby notified that Plaintiff may apply to the Court for an order directing that you be precluded from introducing evidence at trial that relates to the subject matter of any of these discovery requests and which you have not provided in your answers.

## DISCOVERY REQUESTS

**REQUEST FOR ADMISSION NO. 2:** Admit or deny that Ronald Weilbacher was sold a Progressive model policy that applied to all areas of the United States in which Progressive does business.

**ANSWER TO REQUEST FOR ADMISSION NO. 2:**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

**REQUEST FOR ADMISSION NO. 3:** Admit or deny that when Progressive's 9607 model policy, as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006, was developed, the model was not modified to comport with Alaska's law, including the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), which states that a parent's loss of society claim is an independent claim and not a derivative claim.

**ANSWER TO REQUEST FOR ADMISSION NO. 3:**

**REQUEST FOR ADMISSION NO. 4:** Admit or deny that when the 9607 model policy was complete it failed to take into consideration the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), which held that a parent's loss of society claim is the parent's independent claim, and does not derive from the bodily injury of the child.

**ANSWER TO REQUEST FOR ADMISSION NO. 4:**

**REQUEST FOR ADMISSION NO. 5:** Admit or deny there are no records that indicate the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), was taken into consideration when Progressive's model 9607 policy was finalized.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

**ANSWER TO REQUEST FOR ADMISSION NO. 5:**

**REQUEST FOR ADMISSION NO. 6:** Admit or deny that Progressive was not aware of the decision in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), when it drafted the language in its 9607 model policy as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006.

**ANSWER TO REQUEST FOR ADMISSION NO. 6:**

**REQUEST FOR ADMISSION NO. 7:** Admit or deny that Alaska is the only state that has an independent cause of action for a parent for loss of society upon the death of a child.

**ANSWER TO REQUEST FOR ADMISSION NO. 7:**

**REQUEST FOR ADMISSION NO. 8:** Admit or deny that the model policy as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006, was not specifically modified to address the independent cause of action for loss of society that a parent has as set forth in Gillispie v. Beta

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

Constr. Co., 842 P.2d 1272 (Alaska 1992).

**ANSWER TO REQUEST FOR ADMISSION NO. 8:**

**REQUEST FOR ADMISSION NO. 9:** Admit or deny that the policy as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006, failed to exclude the independent cause of action of a parent for loss of society as set forth in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

**ANSWER TO REQUEST FOR ADMISSION NO. 9:**

**REQUEST FOR ADMISSION NO. 10:** Admit or deny that when Progressive drafted the 9607 model insurance policy it was not aware that a parent has a right to an independent cause of action under AS 09.15.010.

**ANSWER TO REQUEST FOR ADMISSION NO. 10:**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 9 of 19

EXHIBIT A
Page 9 of 19

**REQUEST FOR ADMISSION NO. 11:** Admit or deny that Progressive failed to exclude under its policy the parent's independent cause of action under AS 09.15.010.

**ANSWER TO REQUEST FOR ADMISSION NO. 11:**

**REQUEST FOR ADMISSION NO. 12:** Admit or deny that Progressive failed to exclude under its policy the parent's independent cause of action as set forth in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

**ANSWER TO REQUEST FOR ADMISSION NO. 12:**

**REQUEST FOR ADMISSION NO. 13:** Admit or deny that the committee or team lead by Jeff Nash was never aware of the independent cause of action that a parent has for loss of society upon the death of a child under AS 09.15.010.

**ANSWER TO REQUEST FOR ADMISSION NO. 13:**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

**REQUEST FOR ADMISSION NO. 14:** Admit or deny that the committee or team lead by Jeff Nash was never aware of the independent cause of action that a parent has for loss of society upon the death of a child under Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

**ANSWER TO REQUEST FOR ADMISSION NO. 14:**

**REQUEST FOR ADMISSION NO. 15:** Admit or deny that never in the development of the 9607 model policy was the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), ever taken into consideration.

**ANSWER TO REQUEST FOR ADMISSION NO. 15:**

**REQUEST FOR ADMISSION NO. 16:** Admit or deny that never in the development of the 9607 model policy was an independent cause of action under AS 09.15.010 taken into consideration or that the team was aware of the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

**ANSWER TO REQUEST FOR ADMISSION NO. 16:**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

**REQUEST FOR ADMISSION NO. 17:** Admit or deny that the team that developed the 9607 model policy was not aware of the Alaska law that gave a parent an independent right of action for the death of a child.

**ANSWER TO REQUEST FOR ADMISSION NO. 17:**

**REQUEST FOR ADMISSION NO. 18:** Admit or deny that there are no records or any writings or draftings that indicate Progressive took into consideration the holding of AS 09.15.010 or Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

**ANSWER TO REQUEST FOR ADMISSION NO. 18:**

**REQUEST FOR ADMISSION NO. 19:** Admit or deny that the following language in the 9607 model policy is the same in every state in which Progressive does business.

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

**ANSWER TO REQUEST FOR ADMISSION NO. 19:**

enneth W. Legacki, P.C.
!5 G Street, Suite 920
nchorage, AK 99501
elephone: (907) 258-2422
csimile: (907) 278-4848

**REQUEST FOR ADMISSION NO. 20:** Admit or deny that the following language in the 9607 model policy was not modified to conform to Alaska law under Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

**ANSWER TO REQUEST FOR ADMISSION NO. 20:**

**REQUEST FOR ADMISSION NO. 21:** Admit or deny that the following language in the 9607 model policy was never modified from the policies in other states that do not recognize a parent's independent cause of action for loss of society for the death of a child by negligence.

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

**ANSWER TO REQUEST FOR ADMISSION NO. 21:**

enneth W. Legacki, P.C.
25 G Street, Suite 920
nchorage, AK 99501
elephone: (907) 258-2422
acsimile: (907) 278-4848

**INTERROGATORY NO. 5:** If your answer to any of Request for Admission Nos. 2 through 21 is an admission, please state the identify of the person or persons by name, office, physical address, mailing address, and telephone number which possess the knowledge supporting the admission.

**ANSWER TO INTERROGATORY NO. 5:**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 14 of 19

EXHIBIT A
Page 14 of 19

**INTERROGATORY NO. 6:** If your answer to any of Request for Admission Nos. 2 through 21 is a denial or a qualified denial, please state all facts materially supporting the denial or qualified denial and identify the person or persons by name, office, physical address, mailing address and telephone number which possess the knowledge supporting the denial or qualified denial.

**ANSWER TO INTERROGATORY NO. 6:**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 15 of 19

EXHIBIT A
Page 16 of 19

**INTERROGATORY NO. 7:** Please set forth in detail how Progressive's model 9607 policy was modified to conform to Alaska.

**ANSWER TO INTERROGATORY NO. 7:**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 16 of 19

EXHIBIT  A
Page 16 of 19

**INTERROGATORY NO. 8:** Please set forth in detail how Progressive's model 9607 policy, as it was modified for Alaska, is different than the policy pertaining to the other areas of the United States.

**ANSWER TO INTERROGATORY NO. 8:**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 17 of 19

EXHIBIT A
Page 17 of 19

DATED this 29th day of December, 2006, at Anchorage, Alaska.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff

By ______________________
Kenneth W. Legacki
Alaska Bar No. 8310132

I HEREBY CERTIFY THAT on the 29th day of December, 2006, a copy of the foregoing document was faxed and mailed to the offices of:

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501

Aisha Tinker Bray
Guess & Rudd, P.C.
100 Cushman Street, Suite 500
Fairbanks, AK 99701

______________________

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 18 of 19

EXHIBIT A
Page 18 of 19

VERIFICATION

STATE OF ALASKA )
) ss
THIRD JUDICIAL DISTRICT )

I, ____________________, being first duly sworn, depose and state as follows:

I am the ________________________ for _____________ ______________________________________________ and am authorized to act on behalf of the ________________________________________.

I am the person above-named; I have read the foregoing document and understand the contents thereof and believe the statements therein to be true and correct to the best of my knowledge and belief; and I have executed the same freely and voluntarily for the purposes set forth therein.

DATED this _________ day of _______________, 200__.

________________________________

SUBSCRIBED and SWORN TO before me, a notary public, this ______________ day of __________________, 200__.

________________________________
Notary Public in and for Alaska
My Commission Expires: ___________

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

EXHIBIT A
Page 19 of 19