Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com
E-mail: gzipkin@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 3:05-cv-204 (TMB) |

PROGRESSIVE'S RESPONSES TO
PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

Defendant Progressive Northwestern Insurance Company ("Progressive"), by and through its attorneys, Guess & Rudd P.C., hereby responds to Plaintiff's Second Set of Discovery Requests to Defendant dated December 29, 2006, as follows:

Progressive objects to all of the discovery requests in plaintiff's Second Set of Discovery Requests to Defendant on the basis that all of the discovery requests exceed the scope of the discovery permitted by the court's November 13, 2006 Order. The court's Order permits plaintiff to conduct additional discovery

LAW OFFICES OF
Guess & Rudd
P.C.
100 CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX (907) 452-7015

EXHIBIT _____ C _____
Page _ 1 _ of _ 26 _

related <u>only</u> to the <u>Wold</u> litigation within the parameters of Section I of the Order, i.e., Progressive's position in <u>Wold</u> on the issue of whether a loss of consortium claim is derivative or triggers a separate per person policy limit.  Order at 6 (DE# 103).  Pursuant to Section I of the Order, Progressive produced all materials in the <u>Wold</u> file that relate to or concern in any way the position taken by Progressive on the issue of whether a loss of consortium claim is derivative or triggers a separate per person policy limit.[1]  <u>See</u> DE# 110 Ex. A.  None of plaintiff's discovery requests herein relate to or concern in any way the <u>Wold</u> matter or Progressive's position on the issue of loss of consortium claims in that matter.

Additionally, the discovery requests in plaintiff's Second Set of Discovery Requests to Defendant do not seek, and are not reasonably calculated to lead to the discovery of, relevant, discoverable information under Civil Rule 26(b).  The legal issue before the court in this matter is whether Mr. Weilbacher's Progressive Form No. 9607 AK (08/99) Alaska automobile insurance policy, as interpreted under Alaska law, provides a separate, additional "each person" policy limit of UIM coverage for his loss of consortium/society claim.

---

[1]  It should also be remembered that the <u>Wold</u> litigation involved the interpretation of an <u>Allstate</u> policy, <u>not</u> a Progressive policy (i.e., whether or not the claimants had exhausted the limits under the tortfeasor's Allstate policy).  <u>See</u> <u>Wold v. Progressive Preferred Ins. Co.</u>, 52 P.3d 155 (Alaska 2005); DE# 110 Ex. A at 8-19.

EXHIBIT___C___
Page _2_ of _26_

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 2 of 25

W OFFICES OF
ess&Rudd
P.C.
CUSHMAN STREET
SUITE 500
RBANKS, ALASKA
99701 -4659
(907) 452-8986
X-(907) 452-7015

Therefore, rather than restate these global objections in response to each and every discovery request below, Progressive specifically incorporates them by reference into each of its responses below.

REQUEST FOR ADMISSION NO. 2: Admit or deny that Ronald Weilbacher was sold a Progressive model policy that applied to all areas of the United States in which Progressive does business.

RESPONSE: Objection.  In addition to the global objections stated above, Request for Admission No. 2 impermissibly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order because the court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska.  Order at 4.  "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska."  Id.

Without waiving its objections, Progressive denies Request for Admission No. 2 because plaintiff was not sold a model policy, but rather a Form No. 9607 AK (08/99), which is a policy specifically adapted to Alaska and approved by the Alaska Division of Insurance for the State of Alaska.

EXHIBIT____ C
Page___3___ of _26_

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 3 of 25

W OFFICES OF
ess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
RBANKS, ALASKA
99701-4659
(907) 452-8986
X: (907) 452-2015

REQUEST FOR ADMISSION NO. 3: Admit or deny that when Progressive's 9607 model policy, as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006, was developed, the model was not modified to comport with Alaska's law, including the holding in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), which states that a parent's loss of society claim is an independent claim and not a derivative claim.

RESPONSE: Objection.  In addition to the global objections stated above, Request for Admission No. 3 impermissibly seeks a legal conclusion as to whether the 9607 model policy comports with Alaska law.  RFA #3 is also overbroad to the extent it seeks information concerning provisions in the model policy, as opposed to the Alaska policy at issue, and to the extent that this request seeks information beyond the limited provision in Part III that is at issue.  RFA #3 also mischaracterizes the holding in Gillispie, wherein the court recognized a parent's loss of society/consortium claim for the death of a child, but did not conclude that such a claim was direct and not derivative.

Without waiving these objections, Progressive denies Request for Admission No. 3 because a model policy is not developed to comply with the laws of any specific jurisdiction and the 9607 model policy was modified to conform with Alaska

EXHIBIT ___C___
Page___4___ of __26__

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 4 of 25

W OFFICES OF
ess&Rudd
P.C.
CUSHMAN STREET
SUITE 500
RBANKS, ALASKA
99701-465-9
(907) 452-8986
Y (907) 452 2015

law and submitted to and approved by the Alaska Division of
Insurance as conforming to Alaska law as Form No. 9607 AK
(08/99).  It is Progressive's policy and practice to consider
all relevant state laws, regulations, and decisions when
modifying a policy for a specific state such as Alaska.

REQUEST FOR ADMISSION NO. 4: Admit or deny that when
the 9607 model policy was complete it failed to take into
consideration the holding of Gillispie v. Beta Constr. Co., 842
P.2d 1272 (Alaska 1992), which held that a parent's loss of
society claim is the parent's independent claim, and does not
derive from the bodily injury of the child.

RESPONSE: Objection.  In addition to the global
objections stated above, Request for Admission No. 4 is
overbroad to the extent it seeks information concerning the
model policy because the model policy is beyond the scope of
discovery allowed for the specific provision in the Alaska
policy at issue.  RFA #4 again mischaracterizes the holding in
Gillispie, wherein the court recognized a parent's loss of
society/consortium claim for the death of a child, but did not
conclude that such a claim was direct and not derivative.

Without waiving these objections, Progressive admits
Request for Admission No. 4 because a model policy, such as the
9607 model policy, is not developed to comply with the laws of

EXHIBIT ___C___
Page __5__ of __26__

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 5 of 25

W OFFICES OF
ess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
RBANKS, ALASKA
99701-4659
(907) 452-8388

any specific jurisdiction.  As Mr. Sablack has stated in his
affidavit, model policies are developed and then modified for
specific jurisdictions.  For example, the 9607 model policy was
developed and then modified and approved for Alaska in the form
of Form No. 9607 AK (08/99).  Additionally, after reasonable and
diligent inquiry, it is unknown and unknowable whether the
drafters of the 9607 model policy specifically considered the
holding in Gillispie because, as Mike Sablack and Kellie Rubesne
have stated in their affidavits, there are no records of the
drafting history of the model policy.

REQUEST FOR ADMISSION NO. 5: Admit or deny there are no
records that indicate the holding of Gillispie v. Beta Constr.
Co., 842 P.2d 1272 (Alaska 1992), was taken into consideration
when Progressive model 9607 policy was finalized.

RESPONSE: Objection.  In addition to the global
objections stated above, Request for Admission No. 5 is
overbroad to the extent it seeks information concerning the
model policy because the model policy is beyond the scope of
discovery allowed for the specific provision in the Alaska
policy at issue.

Without waiving these objections, Progressive admits
Request for Admission No. 5 because, as Mike Sablack and Kellie
Rubesne have stated in their affidavits, Progressive has no

EXHIBIT  C
Page  6  of  26

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 6 of 25

records to indicate what the drafters considered or did not consider in drafting the 9607 model policy. <u>See</u> DE#110 Ex. A at 20-22. After reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy specifically considered the holding in <u>Gillispie</u>. However, model policies are not developed to comply with the laws of any specific jurisdiction and it is Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

<u>REQUEST FOR ADMISSION NO. 6</u>: Admit or deny that Progressive was not aware of the decision in <u>Gillispie v. Beta Constr. Co.</u>, 842 P.2d 1272 (Alaska 1992), when it drafted the language in its 9607 model policy as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006.

<u>RESPONSE</u>: Objection. In addition to the global objections stated above, Request for Admission No. 6 is overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

Without waiving these objections and after reasonable and diligent inquiry, it is unknown and unknowable whether the

EXHIBIT____C____

Page____7____of__26__

LAW OFFICES OF
ess&Rudd
P.C.
CUSHMAN STREET
SUITE 500
RBANKS, ALASKA
99701-4659
(907) 452-8986

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 7 of 25

drafters of the 9607 model policy where aware of the holding in
<u>Gillispie</u> at the time they drafted the model policy because, as
Mike Sablack and Kellie Rubesne affied, Progressive has no
records of the drafting history of the model policy.

     <u>REQUEST FOR ADMISSION NO. 7</u>: Admit or deny that Alaska
is the only state that has an independent cause of action for a
parent for loss of society upon the death of a child.

     <u>RESPONSE</u>: Objection.  In addition to the global
objections stated above, Request for Admission No. 7 grossly
exceeds the scope of the discovery permitted by the court's
November 13, 2006 Order.  The court's Order specifically
disallows discovery regarding policies for jurisdictions other
than Alaska.  Order at 4.  "Plaintiff is not entitled to
discovery with respect to the contractual provisions or drafting
history as they relate to jurisdictions outside of Alaska."  <u>Id</u>.
RFA #7 also impermissibly calls for a legal conclusion as to
what type of legal claims are permitted in other, unrelated
jurisdictions.  In effect, plaintiff is again attempting to
force Progressive to perform his counsel's irrelevant legal
research.

     <u>REQUEST FOR ADMISSION NO. 8</u>: Admit or deny that the
model policy as referenced in the Affidavit of Michael A.
Sablack, dated December 15, 2006, was not specifically modified

EXHIBIT___C___
Page__8__ of _26_

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 8 of 25

LAW OFFICES OF
ess&Rudd
P.C.
CUSHMAN STREET
SUITE 500
RBANKS, ALASKA
99701-4659
(907) 452-8986

to address the independent cause of action for loss of society that a parent has as set forth in <u>Gillispie v. Beta Constr. Co.</u>, 842 P.2d 1272 (Alaska 1992).

RESPONSE: Objection.  In addition to the global objections stated above, Request for Admission No. 8 is overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

Without waiving these objections and after reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy considered the claim for loss of society/consortium as set forth in <u>Gillispie</u> because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy.  <u>See</u> DE#110 Ex. A at 20-22.  Progressive admits that the drafters of the model policy specifically recognized and considered claims for loss of society/consortium generally in the drafting of the model policy as evidenced by the language of the 9607 model policy, which clearly provides that such claims are derivative to the bodily injury of the injured person.

<u>REQUEST FOR ADMISSION NO. 9</u>: Admit or deny that the policy as referenced in the Affidavit of Michael A. Sablack,

EXHIBIT___<u>C</u>___
Page___9___of___26

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 9 of 25

AW OFFICES OF
less & Rudd
P.C.
CUSHMAN STREET
SUITE 500
IRBANKS, ALASKA
99701 -4659
(907) 452-8986

dated December 15, 2006, failed to exclude the independent cause

of action of a parent for loss of society as set forth in

Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).


RESPONSE: Objection.  In addition to the global

objections stated above, Request for Admission No. 9 is vague

because it is not clear whether it refers to the 9607 model

policy or the Form No. 9607 AK (08/99) policy for Alaska, both

of which are referred to in Mr. Sablack's affidavit.  To the

extent RFA #9 refers to the 9607 model policy, it is overbroad,

irrelevant, and seeks information beyond the scope of the

court's November 13, 2006 Order.


RFA #9 also mischaracterizes both the 9607 model policy

and the Form No. 9607 AK (08/99) policy for Alaska, since

neither policy excludes from coverage a parent's loss of

society/consortium claim.  Both policies specifically recognize

coverage for loss of society/consortium claims and provide that

they are derivative of the bodily injury of the injured person,

specifically stating as follows:

> The **bodily injury** Limit of Liability under this Part
> III for "each person" includes the total of all claims
> made for such **bodily injury** and all claims derived
> from such **bodily injury**, including, but not limited
> to, loss of society, loss of companionship, loss of
> services, loss of consortium, and wrongful death.

Progressive has never maintained that a parent's loss of

society/consortium claim (such as plaintiff's) is excluded from

EXHIBIT__C__
Page__10__ of__26__

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 10 of 25

LAW OFFICES OF
uess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701 -4659
(907) 452-8988

coverage.  It is — and always has been — Progressive's position that, under the plain and unambiguous policy language of the Form No. 9607 AK (08/99) policy for Alaska, a parent's loss of society/consortium claim is derivative to the child's bodily injury and is not entitled to a separate policy limit.

Without waiving its objections, it is unknown and unknowable whether the drafters of the 9607 model policy considered a parent's loss of society/consortium claim as set forth in <u>Gillispie</u> because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy.  <u>See</u> DE#110 Ex. A at 20-22.  Progressive admits that the drafters of the model policy specifically recognized claims for loss of society/consortium generally in the drafting of the model policy, as evidenced by the language of the 9607 model policy, providing that such claims are derivative to the bodily injury of the injured person.  It is also Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

REQUEST FOR ADMISSION NO. 10: Admit or deny that when Progressive drafted the 9607 model insurance policy it was not aware that a parent has a right to an independent cause of action under AS 09.15.010.

EXHIBIT___C_____
Page___11__ of _26_

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 11 of 25

LAW OFFICES OF
guess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-8986

RESPONSE: Objection.  In addition to the global objections stated above, Request for Admission No. 10 is overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

Without waiving these objections and after reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy were aware of AS 09.15.010 at the time they drafted the model policy because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy.  See DE#110 Ex. A at 20-22.

REQUEST FOR ADMISSION NO. 11: Admit or deny that Progressive failed to exclude under its policy the parent's independent cause of action under AS 09.15.010.

RESPONSE: Objection.  In addition to the global objections stated above, Request for Admission No. 11 is again vague, since it is not clear whether it refers to the 9607 model policy or the Form No. 9607 AK (08/99) policy for Alaska.  To the extent RFA #11 refers to the 9607 model policy, it is overbroad, irrelevant, and seeks information beyond the scope of the court's November 13, 2006 Order.

EXHIBIT___C___
Page__12_of_26

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 12 of 25

LAW OFFICES OF
uess & Rudd P.C.
CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-B986

RFA #11 again mischaracterizes both the 9607 model policy and the Form No. 9607 AK (08/99) policy for Alaska, as neither policy excludes from coverage a parent's loss of society/consortium claim. Both policies specifically recognize coverage for loss of society/consortium claims as derivative of the bodily injury of the injured person, specifically stating as follows:

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

Progressive has never maintained that a parent's loss of society/consortium claim (such as plaintiff's) is excluded from coverage. It is — and always has been — Progressive's position that, under the plain and unambiguous policy language of the Form No. 9607 AK (08/99) policy for Alaska, a parent's loss of society/consortium claim is derivative to the child's bodily injury and does not trigger a separate limit.

Without waiving these objections, and after reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy considered a parent's loss of society/consortium claim under AS 09.15.010 because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model

USDC Case No. 3:05-cv-00204 TMB    <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 13 of 25

LAW OFFICES OF
uess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
IRBANKS, ALASKA
99701-4659
(907) 452-8986

EXHIBIT_____C____
Page__13__ of _26_

policy. <u>See</u> DE#110 Ex. A at 20-22. Progressive admits that the drafters of the model policy specifically recognized claims for loss of society/consortium generally in the drafting of the model policy, as evidenced by the language of the 9607 model policy, providing that such claims are derivative to the bodily injury of the injured person. It is also Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

<u>REQUEST FOR ADMISSION NO. 12</u>: Admit or deny that Progressive failed to exclude under its policy the parent's independent cause of action as set forth in <u>Gillispie v. Beta Constr. Co.</u>, 842 P.2d 1272 (Alaska 1992).

<u>RESPONSE</u>: Request for Admission No. 12 asks the same question as Request for Admission No. 9. See Progressive's objections and response to Request for Admission No. 9, which are hereby incorporated by reference.

<u>REQUEST FOR ADMISSION NO. 13</u>: Admit or deny that the committee or team lead by Jeff Nash was never aware of the independent cause of action that a parent has for loss of society upon the death of a child under AS 09.15.010.

EXHIBIT____C____
Page__14__ of__26__

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 14 of 25

LAW OFFICES OF
IIess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
IRBANKS, ALASKA
99701-4659
(907) 452-8566

RESPONSE: Request for Admission No. 13 asks the same question as Request for Admission No. 10.  See Progressive's objections and response to Request for Admission No. 10, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 14: Admit or deny that the committee or team lead by Jeff Nash was never aware of the independent cause of action that a parent has for loss of society upon the death of a child under Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

RESPONSE: Request for Admission No. 14 asks the same question as Request for Admission No. 6.  See Progressive's objections and response to Request for Admission No. 6, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 15: Admit or deny that never in the development of the 9607 model policy was the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), ever taken into consideration.

RESPONSE: Request for Admission No. 15 asks the same question as Request for Admission No. 4.  See Progressive's objections and response to Request for Admission No. 4, which are hereby incorporated by reference.

EXHIBIT____ C

Page____ 15 of 26

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 15 of 25

LAW OFFICES OF
uess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-8986

REQUEST FOR ADMISSION NO. 16: Admit or deny that never in the development of 9607 model policy was an independent cause of action under AS 09.15.010 taken into consideration or that the team was aware of the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 16 is overbroad to the extent it seeks information concerning the model policy, because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue. Request for Admission No. 16 is also compound because it asks two separate and distinct questions. Part 1 asks whether AS 09.15.010 was taken into consideration in the development of the 9607 model policy. Part 2 ask whether the holding in Gillispie was taken into consideration in the development of the 9607 model policy.

Without waiving these objections, Progressive admits Request for Admission No. 16 because a model policy, such as the 9607 model policy, is not developed to comply with the laws of any specific jurisdiction. As Mr. Sablack stated in his affidavit, model policies are developed and then modified for specific jurisdictions. For example, the 9607 model policy was developed and then modified and approved for Alaska in the form of Form No. 9607 AK (08/99). Additionally, after reasonable and

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 16 of 25

EXHIBIT ___C___
Page _16_ of _26_

LAW OFFICES OF
uess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-8986

diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy specifically considered AS 09.15.010 because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, there are no records of the drafting history of the model policy.

Part 2 of Request for Admission No. 16 asks the same questions as Requests for Admission Nos. 6 and 14. See Progressive's objections and responses to Requests for Admission Nos. 6 and 14, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 17: Admit or deny that the team that developed the 9607 model policy was not aware of the Alaska law that gave a parent an independent right of action for the death of a child.

RESPONSE: Request for Admission No. 17 asks the same questions as Requests for Admission Nos. 6 and 14. See Progressive's objections and responses to Requests for Admission Nos. 6 and 14, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 18: Admit or deny that there are no records or any writings or draftings [sic] that indicate Progressive took into consideration the holdings of AS 09.15.010 or Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

EXHIBIT____C____
Page__17__of__26__

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 17 of 25

LAW OFFICES OF
uess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-8986

RESPONSE: Objection.  In addition to the global objections stated above, Request for Admission No. 18 is vague because it asks whether Progressive considered AS 09.15.010 and Gillispie, but does not identify how, or in what specific way, the supposed consideration was to have occurred.  For purposes of its response, Progressive assumes plaintiff intended the consideration to be with regard to the drafting of the 9607 model policy as plaintiff's previous Requests for Admission refer to this policy.  Request for Admission No. 18 is therefore overbroad to the extent it seeks information concerning the model policy, because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

Without waiving these objections, Progressive admits Request for Admission No. 18 because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records to indicate what the drafters considered or did not consider in drafting the 9607 model policy.  See DE#110 Ex. A at 20-22.  After reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy specifically considered AS 09.15.010 or the holding in Gillispie.  However, model policies are not developed to comply with the laws of any specific jurisdiction and it is Progressive's policy and practice to consider all relevant state

EXHIBIT____C____

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive  Page__18_ of_26
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 18 of 25

AW OFFICES OF
uess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4659
(907) 452-8986

laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

Additionally, to the extent Request for Admission No. 18 asks about Gillispie, it asks the same question as Request for Admission No. 5. See Progressive's objections and response to Request for Admission No. 5, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 19: Admit or deny that the following language in the 9607 model policy is the same in every state in which Progressive does business.

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 19 again grossly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order. The court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska. Order at 4. "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska." Id.

EXHIBIT____C____
Page__19__ of __26__

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 19 of 25

LAW OFFICES OF
uess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
AIRBANKS, ALASKA
99701-4689
(907) 452-8986

REQUEST FOR ADMISSION NO. 20: Admit or deny that the following language in the 9607 model policy was not modified to conform to Alaska law under <u>Gillispie v. Beta Constr. Co.</u>, 842 P.2d 1272 (Alaska 1992).

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

RESPONSE: In addition to the global objections stated above, Request for Admission No. 20 impermissibly seeks a legal conclusion as to whether the 9607 model policy comports with Alaska law.  RFA #20 is also overbroad to the extent it seeks information concerning the model policy not the Alaska policy at issue.

Without waiving these objections, Progressive denies Request for Admission No. 20 because a model policy is not developed to comply with the laws of any specific jurisdiction and the 9607 model policy was modified to conform with Alaska law and submitted to and approved by the Alaska Division of Insurance as conforming to Alaska law as Form No. 9607 AK (08/99).  It is also Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

EXHIBIT____C____

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u> Page 20 of 26
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 20 of 25

AW OFFICES OF
ness & Rudd
P.C.
CUSHMAN STREET
SUITE 500
IRBANKS, ALASKA
99701-4659
(907) 452-8986

REQUEST FOR ADMISSION NO. 21: Admit or deny that the following language in the 9607 model policy was never modified from the policies in other states that do not recognize a parent's independent cause of action for loss of society for the death of a child by negligence.

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

RESPONSE: Objection.  In addition to the global objections stated above, Request for Admission No. 21 yet again grossly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order.  The court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska.  Order at 4.  "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska."  Id.

Request for Admission No. 21 is also overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

INTERROGATORY NO. 5:  If your answer to any of Request for Admission Nos. 2 through 21 is an admission, please state the identity of the person or persons by name, office, physical

LAW OFFICES OF
**Iless & Rudd**
P.C.
CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX (907) 452-2015

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 21 of 25

EXHIBIT___C____
Page _21_ of _26_

address, mailing address, and telephone which possess the knowledge supporting the admission.

ANSWER: See Progressive's specific objections and responses to Requests for Admission No. 2 through 21, incorporated herein by reference.

INTERROGATORY NO. 6: If your answer to any of Request for Admission Nos. 2 through 21 is a denial or a qualified denial, please state all facts materially supporting the denial or qualified denial and identify the person or persons by name, office, physical address, mailing address and telephone number which possess the knowledge supporting the denial or qualified denial.

ANSWER: See Progressive's objections and responses to Requests for Admission No. 2 through 21, incorporated herein by reference.

INTERROGATORY NO. 7: Please set forth in detail how Progressive's model 9607 policy was modified to conform to Alaska.

ANSWER: Objection. In addition to the global objections stated above, Interrogatory No. 7 is overbroad in that it asks about all modifications to the 9607 model policy

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 22 of 25

EXHIBIT   C
Page   22   of   26

LAW OFFICES OF
uess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
IRBANKS, ALASKA
99701 -4659
(907) 452-8986

for Alaska, rather than being narrowly tailored to modifications related to the relevant provision of Part III at issue. Modifications to the 9607 model policy other than to the relevant provision in Part III are obviously irrelevant to any issue in this case and outside the scope of permissible discovery.

Interrogatory No. 7 also incorrectly assumes the legal conclusion that, as to the relevant provision in Part III, the 9607 model needed to be modified to conform to Alaska; it did not.

Without waiving these objections, Progressive references the relevant provision of Part III, which states as follows:

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

This language is the same in the 9607 model policy as it is in the Form No. 9607 AK (08/99) policy for Alaska and fully conforms to Alaska law.  See DE# 110 Ex. A at 5 & 6.

INTERROGATORY NO. 8: Please set forth in detail how Progressive's model 9607 policy, as it was modified for Alaska,

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 23 of 25

EXHIBIT____C____
Page 23 of 26

LAW OFFICES OF
Bliess & Rudd
P.C.
CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986

is different than the policy pertaining to the other areas of the United States.

     ANSWER: Objection.  In addition to the global objections stated above, Interrogatory No. 8 again grossly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order.  The court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska.  Order at 4.  "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska."  Id.

EXHIBIT____C____

Page__24_ of _26_

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 24 of 25

LAW OFFICES OF
ness & Rudd
P.C.
CUSHMAN STREET
SUITE 500
IRBANKS, ALASKA
99701-4659
(907) 452-8486

AS TO OBJECTIONS AND RESPONSES TO REQUESTS FOR

ADMISSION:

DATED at Fairbanks, Alaska, this 29th day of January, 2007.

GUESS & RUDD P.C.
Attorneys for Progressive
Northwestern Insurance Company

By: _Aisha J Bray_
Aisha Tinker Bray
Alaska Bar No. 9505028

WITH RESPECT TO ANSWERS TO INTERROGATORIES:

DATED at Rancho Cordova, California, this 26th day of January, 2007.

By: _____
Progressive Casualty
Insurance Company

SUBSCRIBED and SWORN to before me by Jay Wesolowski on behalf of Progressive Northwestern Insurance Company on this ___ day of January, 2007.

see next page

_____
Notary Public in and for California
My Commission Expires:_____

CERTIFICATE OF SERVICE
I hereby certify that on the 26th day of January, 2007, a copy of the foregoing document was served on by U.S. Mail:

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska  99501

Guess & Rudd P.C.

By: _Naomi M Marley_
Naomi M. Marley

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 25 of 26

EXHIBIT ___C___
Page _25_ of _26_

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of _Sacramento_ } ss.

On _January 26, 2006_ before me, _Nancy Jo Lindquist, Notary Public_

personally appeared _Jay Wesokuski_

_____ personally known to me

_____ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Nancy Jo Lindquist_
Signature of Notary Public

NANCY JO LINDQUIST
Commission # 1710475
Notary Public - California
Sacramento County
My Comm. Expires Jan 9, 2011

———————— OPTIONAL ————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827

EXHIBIT___C___
Page _26_ of _26_