Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,              )<br>                                    )<br>        Plaintiff,                  )<br>                                    )<br>    v.                              )<br>                                    )<br> PROGRESSIVE NORTHWESTERN           )<br> INSURANCE COMPANY,                 )<br>                                    )<br>        Defendant.                  )<br>_____) | 3:05-cv-204-TMB |

### PROGRESSIVE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR A PROTECTIVE ORDER REGARDING DEPOSITIONS

Plaintiff's opposition is without merit. Plaintiff again intentionally mischaracterizes the background and procedural history of this case and Progressive's disclosures in an attempt to convince the court to grant his deposition fishing expedition.

Contrary to the conclusion of plaintiff's undisclosed expert and plaintiff's attorney, plaintiff received everything this court ordered Progressive to produce. Consequently, Progressive's disclosures are clearly not "severely deficient."

First, the court ordered that the policy contracts database for Alaska "as it pertains to the disputed policy provision" was relevant. DE#103 at 3. Progressive therefore produced the entire policy contracts database for Alaska with regard to the disputed policy provision. See DE#110 Ex. A at ¶1 & 100,475. As clearly set forth in Progressive's Vaughn Index, Progressive redacted those portions of the Alaska policy contracts database that did not have anything to do with the disputed policy provision (i.e., the remainder of the database). See DE#110 Ex. B at 5.

Mr. Sablack and then Ms. Rubesne have stated in their accompanying affidavits that there are no annotations to the disputed policy provision. See id., Ex. A at 21-22 ¶6, and DE#115 at ¶6. Hence, there is simply nothing else that can be produced from the Alaska policy contracts database with regard to the disputed provision. Plaintiff has everything this court has ordered be produced in this regard.

Second, the court ordered Progressive to produce the "drafting history of the relevant provisions of the contract as used in Alaska." DE#103 at 3. Again, Progressive has produced the entire portion of the 9607 model contract on which the Alaska policy was based with regard to the disputed policy provision. See DE#110 Ex. A at ¶2 & 100,513. Progressive redacted those portions of the 9607 model policy that do not

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order
Regarding Depositions
Page 2 of 11

concern the relevant, disputed policy provision.  Id. Ex. B at 5.  Additionally, Progressive voluntarily provided the affidavits of Mr. Sablack and then Ms. Rubesne verifying that there is no other drafting history available.  See DE#110, Ex. A at 20-22, and DE#115.  In addition, Progressive previously produced the entire Division of Insurance file with regard to the approval of Form No. 9607 AK (08/99)(the Alaska policy).  See DE#110 at ¶2.  Other than the model policy, the Alaska policy contracts database, and the Division of Insurance file, all of which have been produced, Progressive simply does not have any documents, in either hard copy or electronic form, related to the development or drafting of the disputed policy provision.  See DE#110, Ex. A at 21.  Progressive does not have any documents, in either hard copy or electronic form, regarding the intent of the drafters or the provision at issue.  Id.  Despite plaintiff's assertions, plaintiff has everything Progressive has with regard to the drafting history of the model policy and the Alaska policy, Form No. 9607 AK (08/99).

Third, the court ordered Progressive to produce "all documents, files, letters, internal memoranda, pleadings, court orders, or decisions or other materials which related to or concern the position taken by Progressive . . . before trial and on appeal in Wold . . . on the issue of whether a loss of consortium claim triggered a separate per person policy limit."  DE#103 at 2.  Progressive did so.  The undersigned reviewed the

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order Regarding Depositions
Page 3 of 11

entire file from Richmond & Quinn regarding the Wold matter and all of Progressive's electronic claim file notes. A detailed list of all the materials reviewed is included in the Vaughn Index. See DE#110, Ex. B. Progressive produced every document in the Wold file that related in any way to Progressive's position on the issue of whether a loss of consortium claim triggered a separate per person policy limit. Plaintiff received everything from the Wold file that related to Progressive's position, despite the fact that Progressive's position actually pertained to an Allstate policy, not its own.[1]

The court also "recognize[d] that legitimate privilege issues might arise in connection with the database, drafting history and *Wold* documents." DE#103 at 4. Progressive asserted legitimate privileges with regard to those portions of the Alaska policy contracts database, the 9607 model policy, and the Wold file that are not relevant to the disputed policy provision in this matter. See DE#110, Ex. B. Plaintiff is not entitled to review Progressive's Wold file and Progressive has never waived its objections in this regard. Plaintiff has, however, received a detailed description of the materials in the Wold file which were reviewed by counsel.

---

[1] Plaintiff conveniently overlooks the fact that the issue regarding the loss of consortium claim in *Wold* did not arise under the Progressive policy. The issue in *Wold* was whether the Wold's loss of consortium claim triggered a separate policy limit under the tortfeasor's Allstate policy.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order Regarding Depositions
Page 4 of 11

A.  **Depositions of Kellie Rubesne and Michael Sablack.**

Progressive's "good reasons" for seeking a protective order precluding the depositions of Kellie Rubesne and Michael Sablack relate to the fact that their depositions will not provide, and are not reasonably calculated to lead to the discovery of, relevant information and are unnecessarily duplicative and redundant of admissible evidence already produced.  It is also annoying, harassing, unduly burdensome, and unnecessarily expensive to force the depositions of Ms. Rubesne and Mr. Sablack (to be taken in Ohio) when there is no reasonable expectation that those depositions will reveal new information not previously provided to plaintiff.

What is lacking here is a good reason by plaintiff for taking the depositions of Ms. Rubesne and Mr. Sablack. Plaintiff has no difficulty criticizing Progressive but plaintiff has great difficulty articulating the anticipated relevant information he believes will be gained by conducting these depositions.  Plaintiff states that he needs to question Ms. Rubesne and Mr. Sablack regarding the "lack of documentation" produced by Progressive.  However, this information has already been provided to plaintiff.  Both Ms. Rubesne and Mr. Sablack have stated under oath that they do not have any personal knowledge of the drafting history for the 9607 model policy, that there are no documents reflecting the

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order Regarding Depositions
Page 5 of 11

drafting history for the 9607 model policy, and that there are no annotations in the Alaska policy contracts database for the one disputed provision at issue here.[2]  Progressive cannot produce what does not exist.

There is nothing that Ms. Rubesne and Mr. Sablack can add to what plaintiff already knows about the drafting of the relevant policy provision in the Alaska policy 9607.  The few relevant documents have been produced and both Ms. Rubesne and Mr. Sablack have submitted detailed affidavits to the effect that there are <u>no</u> documents/records related to the drafting of the relevant provision in the Alaska policy at issue.

B.   Deposition of Daniel Quinn.

It is well established that the scope of the waiver of the attorney-client privilege (when a party asserts the claim or defense of reliance on advice of counsel) is the subject matter of the advice provided.  See <u>Dunhall Pharms., Inc. v. Discus Dental, Inc.</u>, 994 F.Supp 1202, 1209 (C.D. Cal. 1997).  See e.g. <u>Chiron Corp. v. Genentech, Inc.</u>, 179 F. Supp. 2d 1182, 1186 (E.D. Cal. 2001) (advice of counsel defense is "a subject matter waiver — i.e., a waiver of all communications on the same subject matter.") (internal quotation omitted).  "There is

---

[2] Progressive has also responded to plaintiff's untimely discovery requests. See DE#121 Ex. C.

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order Regarding Depositions
Page 6 of 11

necessarily a temporal limit on this aspect of the waiver. It would end when the attorney rendered his opinion." Id. at n.4. In other words, Progressive "[has] waived the privilege as to all materials or communications [with] the attorney that was used or considered in preparing the [advice]" it received on plaintiff's claim in this case. Id. at 1210.

Progressive again acknowledges that it has waived the attorney-client privilege with regard to Danny Withers' telephone communications with attorney Daniel Quinn and Mr. Quinn's advice to Mr. Withers regarding this case. As stated before, Progressive agrees to the deposition of Mr. Quinn regarding this case (i.e., his phone communications with Mr. Withers regarding Mr. Weilbacher's claim for a separate, per person policy limit of UIMBI coverage for his loss of consortium/society claim). As Mr. Withers testified at his deposition, the advice he received from Mr. Quinn was oral; there was nothing in writing. Since there is nothing more on this subject matter than the conversation between Mr. Withers and Mr. Quinn, that is the full extent of the waiver of the attorney-client privilege.

Progressive has not waived — and does not waive — its attorney-client privilege or any other privilege, with Mr. Quinn with regard to the Wold matter. Progressive seeks this protective order to prevent plaintiff's attorney from

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order
Regarding Depositions
Page 7 of 11

questioning Mr. Quinn on other matters, specifically including the Wold matter. The Wold matter is not the subject matter of Progressive's advice of counsel defense.

Contrary to plaintiff's unsupported assertion, Progressive is not relying on anything in the Wold matter to "justify" Progressive's decision in this matter. In fact, since the Wold matter actually involved Allstate policy language, not Progressive policy language, plaintiff's assertions are without substance. While plaintiff may inquire into the basis of Mr. Quinn's advice to Mr. Withers in this matter, he should not be permitted to inquire into the Wold matter. Progressive's communications with Mr. Quinn in the Wold matter are privileged and not discoverable.

This is also not a class action. Plaintiffs' unfounded, slanderous allegations that Progressive may have "fraudulently" denied claims similar to Mr. Weilbacher's in other cases it not relevant to anything in this case. The fact that Progressive may have properly denied separate per person policy limits of UIMBI coverage in other matters is not relevant. Mr. Weilbacher's claim is the only relevant claim.

Plaintiff mis-cites Chiron Corp. v. Genentech, Inc., 179 F. Supp. 1182 (E.D. Cal. 2001), for the proposition that communications with other counsel involving the same subject are

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order
Regarding Depositions
Page 8 of 11

waived. Opposition at 6. In fact, in Chiron, the court determined that if the defendant received advice from multiple attorneys — excluding current trial counsel — on the subject matter of the advice of counsel defense, all such advice must be disclosed. Chiron Corp., 179 F. Supp. 2d at 1187. Since Mr. Withers has already testified that he only received oral advice from Mr. Quinn, the attorney-client privilege is waived solely as to the advice given. See Exhibit B at 28:17-24.

Progressive is using the advice of counsel defense as a shield to defend itself, in part, against plaintiff's unfounded claims of bad faith. See Chevron Corp. v. Penzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992). Progressive reasonably relied in good faith on the advice of its counsel. In keeping with its defense and waiver of the attorney-client privilege, Progressive agrees to the deposition of Mr. Quinn on all aspects of the advice he provided to Mr. Withers in this case (i.e., what he was told by Progressive, the advice given to Progressive, and the basis for his advice). Progressive does not oppose or seek to protect against disclosure of relevant and unprivileged information. It is plaintiff who seeks to use Progressive's defense as a sword to launch an unfettered fishing expedition.

As the court in Chiron stated, the party asserting the advice of counsel defense waives the attorney-client privilege "to the broadest extent consonant with *direct* relevance to the

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order
Regarding Depositions
Page 9 of 11

advice of counsel itself."[3]  *Chiron*, 179 F. Supp. at 1190.  Thus, Mr. Quinn's deposition should be limited to information *directly* relevant to his advice -- his conversation with Danny Withers regarding this matter -- and plaintiff should be precluded from inquiring into any other matter.

Finally, plaintiff provides no basis for his demand that Progressive produce all the privileged materials identified by Progressive.  The court has specifically recognized that Progressive was entitled to assert privilege.  If plaintiff wants to challenge a privilege with regard to a specific document, he must bring a proper motion with a clearly defined and specific challenge and not slide a generic back-door phrase into an unrelated opposition.

As an aside, it is not plaintiff's fees and costs that should be paid in this matter -- it is Progressive's.  Plaintiff's attorney has steadfastly refused to discuss any aspect of discovery in this case with Progressive's attorneys, has refused to participate in a discovery conference (even when mandated by the court), and has in general remained obstreperous towards both Progressive and its attorneys.  If the court does allow plaintiff to depose Ms. Rubesne and Mr. Sablack,

---

[3]  Notably, plaintiff's paraphrasing of the *Chiron v. Genentech* court's statements omits the "direct" part, implying a broader waiver than the court actually endorsed.  See Opposition at 8.

USDC Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order Regarding Depositions
Page 10 of 11

Progressive should be awarded its costs and attorney's fees (including the cost of traveling to and from Ohio).

Therefore, Progressive requests a protective order: (1) protecting Kellie Rubesne and Michael Sablack from being unnecessarily deposed, and (2) protecting Daniel Quinn by limiting his deposition to the direct subject matter of his advice to Progressive - his conversation with Danny Withers in this matter.

DATED at Fairbanks, Alaska, this 8th day of February, 2007.

>                    GUESS & RUDD P.C.
>                    Attorneys for Progressive
>                    Northwestern Insurance Company
>
> By:      /s/Aisha Tinker Bray
>          Guess & Rudd P.C.
>          100 Cushman Street, Suite 500
>          Fairbanks, Alaska  99701
>          Phone: 907-452-8986
>          Fax:   907-452-7015
>          Email: atbray@guessrudd.com
>          Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
8th day of February, 2007, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.


Guess & Rudd P.C.

By:    /s/Aisha Tinker Bray


USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Motion for Protective Order
Regarding Depositions
Page 11 of 11