Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, )<br>)<br>     Plaintiff,  )<br>)<br>  v.                )<br>)<br>PROGRESSIVE NORTHWESTERN )<br>INSURANCE COMPANY,  )<br>)<br>     Defendant.  )<br>_____) | 3:05-cv-204-TMB |

PROGRESSIVE'S REPLY TO
PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S MOTION FOR
A PROTECTIVE ORDER REGARDING PLAINTIFF'S DISCOVERY REQUESTS

      Plaintiff's Opposition is confused and without merit. Where, as here, the fact that an insurer no longer has the employees who considered state law when they drafted the insurance policy for use in that state does not allow or justify the imposition of a preclusion order to the effect that the insurer did **not** consider state law when the policy was drafted. Plaintiff's request for such a preclusion order is therefore both inappropriate and unjustified. The bottom line is that Progressive responded appropriately to plaintiff's discovery requests based on the available information, that Progressive has not taken inconsistent positions, and that plaintiff seeks

to impose a penalty on Progressive simply because the individuals with knowledge of the facts in question no longer work for Progressive.

There are many reasons why a preclusion order is inappropriate here.  A preclusion order is a drastic sanction used to ameliorate prejudice for extreme violations of the discovery process.  See Wendt v. Host Int'l, 125 F.3d 806, 814 (9th Cir. 1997), *cert. denied*, 2000 U.S. LEXIS 4886 (2000) (preclusion order barring the introduction of expert testimony as a sanction against appellants' former counsel for failure to disclose damage evidence and for being late disclosing experts). Progressive has not violated any court orders.[1]  Progressive has fully complied with all the court's orders on discovery and will continue to do so.  Plaintiff has not been prejudiced in any way by Progressive's discovery responses.  As such, there is simply no basis for **any** discovery sanction, much less the drastic sanction of a preclusion order.

Furthermore, plaintiff's proposed preclusion order seeks to re-write history by preventing Progressive from presenting evidence or testimony to the effect that it did have a policy of considering state law when the insurance policy in question was being drafted and also preventing Progressive from

---

[1]  It is plaintiff who is violating the court's discovery order by intentionally seeking inappropriate and barred discovery.

USDC Case No. 3:05-cv-204-TMB   Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 2 of 7

offering evidence or testimony on the "interpretation of the policy language at issue." Opposition at 2. The interpretation of the UIM policy language at issue is at the very heart of this action. The primary issue in this matter is whether Progressive's Alaska automobile policy, Form No. 9607 AK (08/99), as interpreted under Alaska law, provides a separate, additional "each person" policy limit of UIM coverage for his loss of consortium/society claim. In effect, plaintiff's proposed preclusion order unjustifiably and inappropriately seeks to prevent Progressive from arguing its position in this case. There is clearly no justification for plaintiff's proposed order and it should be denied.

Progressive's position has been consistent and unambiguous. Progressive does not have the actual drafting history of either the 9607 model policy or the Alaska Form No. 9607 AK (08/99), either through documentation or current-employee personal knowledge. Plaintiff has Progressive's admissions and the affidavits of both Kelly Rubesne and Michael Sablack in this regard. However, none of that alters the fact that it is Progressive's policy and practice to consider relevant state statutes, regulations, and authoritative case decisions when modifying a model policy for a specific state such as Alaska. To the extent that it is relevant and necessary, Progressive should be permitted to introduce evidence of its standard policies and practices to refute plaintiff's

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 3 of 7

allegations. Plaintiff provides no basis or authority for precluding Progressive from introducing such evidence, if necessary, to refute his claims.

Notably absent from plaintiff's Opposition is any discussion of the fact that plaintiff's discovery requests all exceed the scope of the court's November 14, 2006 Order. The court permitted plaintiff to conduct additional discovery <u>only</u> as to the <u>Wold</u> litigation and Progressive's production relating to the <u>Wold</u> matter.[2] None of plaintiff's pending discovery requests related in any way to the <u>Wold</u> matter. Plaintiff is simply not entitled to unlimited, continuous, and irrelevant discovery.

Further contrary to plaintiff's assertions, this court did <u>not</u> determine in its November 14, 2006 Order that the intent of the policy language was discoverable. <u>See</u> Opposition at 2. Rather, this court permitted discovery of the original drafting history because, although very broad, it could conceivably lead to the discovery of extrinsic evidence relating to the "intent of [Progressive] when entering into the contract." DE#103 at 3. Progressive has provided the drafting history of the 9607 model

---

[2] It should be remembered that the <u>Wold</u> litigation involved the interpretation of an <u>Allstate</u> policy, <u>not</u> a Progressive policy (i.e., whether or not the claimants had exhausted the limits under the tortfeasor's Allstate policy). <u>See</u> <u>Wold v. Progressive Preferred Ins. Co.</u>, 52 P.3d 155 (Alaska 2005); DE# 110 Ex. A at 8-19. Thus, Progressive's position in <u>Wold</u> involved an Allstate policy provision, <u>not</u> a Progressive policy provision.

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 4 of 7

policy <u>and</u> Alaska Form No. 9607 AK (08/99) to the extent that it is still available. Plaintiff has received everything the court ordered. He is not entitled to more and, in any event, Progressive cannot produce what it does not have.

Plaintiff suggests that, if Progressive objects to his proposed preclusion order, he should be permitted to depose pretty much anyone he wants to depose (starting with Kelly Rubesne and Mike Sablack) regarding the drafting history of the policy. Opposition at 2. However, plaintiff has provided this court with no justification for the depositions of Ms. Rubesne or Mr. Sablack (or any other unidentified witness) regarding the drafting history of the model policy[3] or the Alaska policy. Progressive has admitted (consistent with the affidavits of both Ms. Rubesne and Mr. Sablack) that it has no knowledge of the drafting history of either policy and that it can find no documentation of the drafting history for either policy. Progressive cannot produce — through documentation or deposition testimony — what it does not have. Consequently, nothing can be gained by conducting expensive and time-consuming depositions in Ohio regarding drafting history that no longer exists.

---

[3] The model policy is not even at issue in this litigation. Plaintiff was <u>not</u> sold a model policy. Plaintiff purchased Form No. 9607 AK (08/99) - a policy specifically adapted to Alaska and approved by the Alaska Division of Insurance for the State of Alaska.

USDC Case No. 3:05-cv-204-TMB   <u>Weilbacher v. Progressive</u>
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 5 of 7

Furthermore, although Progressive seeks a protective order that it does not have to respond to any of the discovery requests in Plaintiff's Second Set of Discovery Requests to Defendant dated December 26, 2006, Progressive has in fact <u>already</u> <u>responded</u> to the bulk of plaintiff's discovery requests. <u>See</u> DE#121 Exhibit C.  Without waiving its objections, Progressive provided responses to all but four discovery requests.  <u>Id</u>.  Progressive did not respond to Requests for Admission Nos. 7, 19, and 21 and Interrogatory No. 8 because those requests asked about **jurisdictions other than Alaska.**  <u>Id</u>.  The court was very clear in its November 14, 2006 Order that "[p]laintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska."  DE#103 at 4.  Hence, there is no reason to order Progressive to respond to plaintiff's discovery requests or to depose anyone on these issues; plaintiff already has Progressive's responses.

For the foregoing reasons, Progressive seeks a protective order to the effect that Progressive does not have to respond to the discovery requests contained in Plaintiff's Second Set of Discovery Requests to Defendant dated December 26, 2006.

USDC Case No. 3:05-cv-204-TMB  <u>Weilbacher v. Progressive</u>
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Protective Order Regarding Plaintiff's Discovery Requests
Page 6 of 7

DATED at Fairbanks, Alaska, this 21st day of February, 2007.

>GUESS & RUDD P.C.
>Attorneys for Progressive
>Northwestern Insurance Company
>
>By:     /s/Aisha Tinker Bray
>Guess & Rudd P.C.
>100 Cushman Street, Suite 500
>Fairbanks, Alaska  99701
>Phone: 907-452-8986
>Fax:   907-452-7015
>Email: atbray@guessrudd.com
>Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
21st day of February, 2007, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:    /s/Aisha Tinker Bray

USDC Case No. 3:05-cv-204-TMB  Weilbacher v. Progressive
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for
Protective Order Regarding Plaintiff's Discovery Requests
Page 7 of 7