FILED

JAN 24 1984

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By: _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

NATIONWIDE MUTUAL INSURANCE COMPANY, )
)
    Plaintiff, )
)
    v. )  NO. A 83-533 Civil
)
ANGUS G. CUMMING, et al., )
)  ORDER
    Defendants. )
)

    This motion for Judgment on the Pleadings by the plaintiff Nationwide Mutual Insurance Company, filed November 23, 1983, arises in a declaratory judgment action brought by the plaintiff to determine its coverage obligations arising out of an automobile accident between its insured, defendant Angus Cumming, and defendant Richard Lyon. Plaintiff asserts that under the terms of the "limits of payment" provision of the insurance policy it issued to Cumming, its coverage obligations are limited to a maximum combined total of $25,000.00 for bodily injury to defendant Richard Lyon and for loss of consortium injuries to Richard Lyon's wife, defendant Sriluck Lyon. The defendants have taken the position

1  that Richard and Sriluck Lyon are each entitled to recover up to
2  $25,000.00 for their injuries under the terms of Cumming's insura[nce]
3  policy.  <u>See</u> Answer of Defendants Richard T. Lyon and Sriluck Lyo[n]
4  filed November 7, 1983. None of the defendants has filed an
5  opposition to the plaintiff's Motion for Judgment on the Pleadings
6  although close to two months have elapsed since it was originally
7  filed.  Furthermore, the answers filed by Cumming and the Lyons
8  have not raised any material facts in dispute that would preclude
9  this court from granting a motion for judgment on the pleadings.
10 <u>See</u> Cumming's Answer, filed November 14, 1983; Answer of Defendant[s]
11 Richard T. Lyon and Sriluck Lyon, filed November 7, 1983.
12        The "Limits of Payment" section of the plaintiff's in-
13 surance policy with defendant Cumming divides all liability losses
14 for which the plaintiff will reimburse its insured into those
15 for "property damage" and those for "bodily injury." Exhibit A
16 to Plaintiff's Complaint, filed October 21, 1983, p. 8. The policy
17 "bodily injury" provision applies to the damages sought by both
18 Richard and Sriluck Lyon. It provides that:

> For bodily injury liability, limits shown
> for any one person are <u>for all legal damages
> claimed by anyone for bodily injury or loss
> of services of one person</u> as a result of
> one occurrence.

22 <u>Id</u>. (emphasis added). I read this provision to plainly provide that
23 the insurance policy's $25,000.00 limit applies to Richard Lyon's
24 bodily injury claims and Sriluck Lyon's loss of consortium claims
25 <u>in combination</u>, not individually. Only Richard Lyon was involved
26 in the accident with Cumming. Sriluck Lyon's claims are simply

-2-

Exhibit G
Page 2 of 3 Pages

(Rev. 8/82)

derivative "loss of services" claims under the terms of the polic[y]. The provision above clearly indicates that the policy limits of $25,000.00 apply to the sum total of "all legal damages claimed b[y] anyone for [the] bodily injury or loss of services" of an individ[ual] who has sustained direct bodily injury in an occurrence covered by the policy.

The plaintiff has offered substantial support for this interpretation of the provision, citing numerous authorities in which courts have interpreted similar provisions in this manner. See Plaintiff's Memorandum in Support of Motion for Judgment on th[e] Pleadings, filed November 23, 1983, pp. 8-11. None of the defenda[nts] has produced any authority to support their reading of the provision.

For these reasons, I GRANT the plaintiff's Motion for Judgment on the Pleadings.

ORDERED ACCORDINGLY.

DATED at Anchorage, Alaska, this 23rd day of January, 1984.

cc: Daniel T. Quinn
(Richmond & Assocs.)
Patrick E. Murphy
Steven G. Marks

JAMES M. FITZGERALD
United States District Judge

-3-

Exhibit  G
Page  3  of  3  Pages