Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| RONALD V. WEILBACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| PROGRESSIVE NORTHWESTERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | Case No. 3:05-cv-0204-TMB |
| | ) | |

## PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS

## I.    INTRODUCTION.

None of the discovery motion practice would have been necessary, and

the expert's report would have been timely if Progressive had been honest from the

outset and stated that the requested records had been destroyed.

Progressive presumes that since it has failed to produce documents, which it previously told the Court existed, plaintiff's expert, Stan Garlington, should be precluded from preparing an expert opinion in this action. Progressive is mistaken. The fact that Progressive now states that it has no documents whatsoever to support any of its arguments interpreting the language at issue in this case, and now states that the "model policy" was not modified for Alaska pursuant to Alaska law, allows Stan Garlington to give an expert opinion on this case. Mr. Garlington's opinion is based on the evidence that has been requested from Progressive which could only be obtained through court intervention. It is the late evidence, and the non-evidence, produced as a direct result of this Court's order, that is the basis for Mr. Garlington's opinions that are set forth in his report.

Progressive has now conceded that there is a spoliation of evidence issue in this case. Progressive falsely represented to this Court that it had drafting history related to the key policy language in this litigation, but asserted it was not relevant and was unduly burdensome to produce, and was protected by the attorney work product doctrine or the attorney-client privilege. Progressive also told this Court that the model policy was modified to comport with Alaska law. We now learn that those representations are false. (See Ex. 3 at 23 of 26)

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
    DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 35

Ronald Weilbacher has an independent claim for the death of his daughter. The admissions that the insurance policy was not modified to comport to Alaska law, and the admission that his independent cause of action was not excluded, are indicative of the bad faith of Progressive in having denied Ronald Weilbacher's claim.

## II.  PROGRESSIVE SHOULD NOT BE REWARDED FOR ITS MISREPRESENTATIONS TO THE COURT AND RONALD WEILBACHER.  IF PROGRESSIVE HAD BEEN CANDID FROM THE BEGINNING, A TIMELY EXPERT REPORT COULD HAVE BEEN FILED.

The discovery that was ordered by the Court to be turned over to Mr. Weilbacher was either intentionally destroyed after the plaintiff requested the documents, or the documents were destroyed before the request and Progressive misrepresented their existence in its discovery responses.[1]

In either scenario, Progressive should be sanctioned for its misrepresentations to this Court and to Mr. Weilbacher.

---

[1]    It is not uncommon for large corporations with vast resources to impede the discovery process through methods and processes that frustrate the production of relevant and unprivileged documents. Courts must be vigilant to prevent that type of conduct when it occurs and must impose meaningful sanctions to protect the integrity of the proceedings before it.

In re The Prudential Ins. Co. of America Sales Practices Litigation, 169 F.R.D. 598, 617 n.15 (D.N.J. 1997).

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
        DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 35

On April 7, 2006, Ronald Weilbacher sent the following request for production to Progressive:

**REQUEST FOR PRODUCTION NO. 1:**  Please produce for inspection and copying all files, documents, pleadings, court orders or decisions, briefs or other materials (however created or maintained including electronic media) which relate to or concern the original drafting history, meaning or application of the following language:

The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

(Ex. 1 at 6)

Progressive responded by objecting to the production request stating that the information sought was not relevant and that the request was unduly burdensome and overbroad.  (Ex. 1)  Progressive then went on to state:

Request for Production No. 1 also impermissibly requests confidential information protected by the attorney work-product and attorney-client privileges to the extent it seeks information and materials created or generated by Progressive's attorneys with regard to the quoted policy language.

(Ex. 1 at 7)

It must be presumed that the documents existed when they were requested

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 35

because, by court rule, Progressive's assertion of the attorney-client privilege and work

product doctrine objections must be based on diligent inquiry.  See Fed. R. of Civ. P.

26(g)(2).[2]  See also A. Farber & Partners, Inc. v. Maynard Hal Garber, 234 F.R.D. 186,

189 (C.D. Cal. 2006).

---

[2]  Federal Rule of Civil Procedure 26(g) provides:

**(g)  Signing of Disclosures, Discovery Requests, Responses and Objections.**

. . . .

(2)    Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. . . .  The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

(A)  consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B)  not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C)  not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

. . . .

(3)  If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 35

> Accordingly, a party has an obligation to conduct a reasonabl[e] inquiry into the factual basis of his responses to discovery, <u>National Ass'n of Radiation Survivors v. Turnage</u>, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987), and, based on that inquiry, "[a] party responding to a *Rule 34* production request . . . is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control." <u>Gray v. Faulkner</u>, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted).

<u>A. Farber & Partners</u>, 234 F.R.D. at 189.

Progressive stated the production request was unduly burdensome, was work product and subject to the attorney-client privilege. Therefore, Progressive must have reviewed the many documents that plaintiff sought in order to make such a statement.

In its opposition to Mr. Weilbacher's motion to compel, Progressive then took the position that "it is obvious" that Progressive took into consideration Alaska law when drafting the policy at issue. [Docket 56]

At the time Progressive responded to the discovery requests and when it opposed plaintiff's motion to compel, presumably Progressive had in its possession the drafting history to the policy language at issue, and the modifications to the policy language which applied Alaska law.

The Court granted Mr. Weilbacher's motion to compel on November 14, 2006, stating that the drafting history was relevant to the intent of Progressive. [Docket 103]    However, on December 15, 2006, Progressive filed the affidavit of Michael

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 35

Sablack with the Court, which stated:

> 4. Other than the model 9607 policy itself, Progressive has no documents, in either hard copy or electronic versions, related to the development of this provision in the 9607 model policy. We have no documents, in either hard copy or electronic versions, regarding the intent of this provision in the 9607 model policy.

[Docket 110, Ex. A at 20-22, Sablack Affidavit]

Mr. Sablack is the Assistant General Counsel in the Corporate Law Department for The Progressive Group of Insurance Companies in Mayfield Village, Ohio. [Id.] Progressive offers no explanation as to why it waited until December 15, 2006, over six months after its initial refusal to produce the requested discovery, to state for the first time that the documentation requested by plaintiff does not exist, nor do they offer an explanation as to how and when the documents were destroyed.

This means one of two things: (1) that Progressive objected to the plaintiff's discovery requests without even reviewing the documents to see if they were actually attorney work product, attorney-client privileged, or irrelevant; or (2) that Progressive did do the inquiry, but the evidence was destroyed after the plaintiff requested the information.

In any case, the Court should punish Progressive for its behavior. The Court should punish Progressive because it is obvious that the information was neither work product, nor was it attorney-client privilege, nor was its production unduly

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 7 of 35

burdensome, because the documentation never existed; or in the alternative, the documentation has been destroyed. The Court has already found that the information being sought by the plaintiff is relevant to the litigation. Progressive itself stated that the information is relevant when it told the Court that "it was obvious" Progressive reviewed Alaska law when drafting the policy at issue in this litigation.

In <u>Ameripride Services, Inc. v. Valley Industrial Service, Inc.</u>, 2006 U.S. Dist. LEXIS 59398 (E.D. Cal. Aug. 9, 2006), the court set forth the standards for imposing sanctions for the spoliation of evidence.

> Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). As part of its powers, courts have "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." <u>Campbell Indus. v. M/V Gemini</u>, 619 F.2d 24, 27 (9th Cir. 1980) (citations omitted). This includes sanctioning parties for spoliation or destruction of evidence. <u>Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.</u>, 982 F.2d 368 (9th Cir. 1992).

> A party's destruction of evidence need not be in "bad faith" to warrant the imposition of sanctions. <u>Glover v. BIC Corp.</u>, 6 F.3d 1318, 1329 (9th Cir. 1993); <u>Unigard</u>, 982 F.2d at 368 n.2. The Court may impose sanctions against a party that merely had notice that the destroyed evidence was potentially relevant to litigation. <u>Glover</u>, 6 F.3d at 1329; <u>Akiona v. United States</u>, 938 F.2d 158, 161 (9th Cir. 1991), cert. denied, 503 U.S. 962, 112 S. Ct. 1567, 118 L. Ed. 2d 212 (1992).

> . . . .

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 8 of 35

> A court may sanction parties responsible for spoliation of evidence by instructing the jury that it may draw an inference adverse against the party or witness responsible for destroying the evidence. <u>See</u> <u>Glover</u>, 6 F.3d at 1329; <u>Akiona</u>, 938 F.2d at 161. As our sister court has held, "[w]here one party wrongfully denies another the evidence necessary to establish a fact in dispute, the court must draw the strongest allowable inferences in favor of the aggrieved party." <u>National Ass'n of Radiation Survivors</u>, 115 F.R.D. 543, 557 (N.D. Cal. 1987).

<u>Id.</u> at 14-16 (footnote omitted).

Progressive has continually obstructed the discovery of the truth in this case. It first told the Court that the material that Mr. Weilbacher sought was unduly burdensome, overbroad, work product and protected by the attorney-client privilege. Progressive then told the Court that it obviously took into consideration Alaska law when modifying the model policy language at issue in this case. Then it changed its story and stated that the documentation which supports its previous representations no longer exists. Finally, in response to requests for admission, Progressive admits that the model policy was <u>never</u> modified to comport to Alaska law.

Progressive now wants to strike Stan Garlington's report based on its three-card monte tactics in this litigation.

Stan Garlington's report is directly related to the late discovery produced by Progressive. The delay in producing an expert's report is solely due to Progressive's sanctionable conduct. Progressive's constantly changing story shows its bad faith. Progressive's admissions that it destroyed documents related to this litigation and that

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
    DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 9 of 35

it never modified the model policy has given Mr. Garlington all the information he needs to opine that not only has Progressive fraudulently denied Mr. Weilbacher his just compensation for the death of his daughter, but that it did so in bad faith.

### III.   HISTORY OF PROGRESSIVE'S OBSTRUCTIONISTIC STONEWALLING IN PRODUCING DISCOVERY IN THIS CASE.

Progressive has repeatedly thwarted the reasonable discovery efforts of Plaintiff Weilbacher to determine the basis for the declination of Mr. Weilbacher's independent claim for damages for the death of his daughter pursuant to the insurance contract. In reviewing the insurance contract, there appears to be no good basis for denying Mr. Weilbacher his separate per person limits for the death of his daughter when Alaska law indicated that he was entitled to such. Progressive has continually thwarted Mr. Weilbacher's attempts to obtain discovery to show that the Progressive policy is contrary to Alaska law.

On January 6, 2006, after this case was initially filed in the state court, and removed to federal court on diversity jurisdiction, plaintiff's counsel wrote to defense counsel to schedule depositions of witnesses listed by Progressive that were going to testify in this case. (Ex. 2 at 1)

On January 23, 2006, defense counsel responded to the letter and stated that in her opinion depositions were not necessary and that she would not produce the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 10 of 35

witnesses.  (Ex. 2 at 2-3)  On that same day, January 23, 2006, Progressive then filed a motion for summary judgment.  [Docket 17]

On February 9, 2006, Mr. Weilbacher filed a Civil Rule 56(f) motion to preclude a decision on summary judgment until such time as discovery could be completed.  [Docket 20]

On February 10, 2006, defense counsel opposed the motion for extension of time and asked for oral argument on the Civil Rule 56(f) motion.  [Dockets 22, 23] Progressive would not agree to proceed with discovery.

On March 30, 2006, this Court held a hearing and ordered discovery to proceed.  [Docket 28]

On March 30, defense counsel then wrote to plaintiff's counsel to set the dates that she and one of the witnesses would be available for deposition.  In her list of dates, defense counsel was not available in April and was available one week in May (the one week that plaintiff's counsel was unavailable, a fact which defense counsel knew based on a previous telephone conversation).  (Ex. 2 at 4-5)

On March 31, defense counsel then wrote to plaintiff's counsel and said that one of the witnesses, Adam Lund, would not be available in June.  (Ex. 2 at 6)

Prior to April 7, 2006, defense counsel orally contacted plaintiff's counsel and discussed the matter of bifurcating the trial and having the bad faith issue litigated

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 11 of 35

after the initial entitlement was decided.   However, defense counsel would only concede to bifurcating the trial if, and only if, Mr. Weilbacher would agree that no further discovery would take place until the entitlement issue was decided.

On April 7, 2006, Mr. Weilbacher directed written discovery requests to Progressive seeking various records, including the drafting history of the language of the clause in the insurance policy that is at issue in this litigation.

On May 10, 2006, plaintiff's counsel wrote to defense counsel asking to schedule the depositions of defendant's witnesses between June 20 and June 23 or between July 11 and July 19.  (Ex. 2 at 7)

On May 10, 2006, defense counsel responded to plaintiff's discovery requests by refusing to produce any discovery, stating in its objections that the material was not relevant, would not lead to relevant information, the request was overbroad and unduly burdensome, and that the requested drafting history of the policy was protected by attorney-client privilege and work product.  (Ex. 1)

Progressive responded to plaintiff's May 10, 2006 letter stating that the witnesses plaintiff wanted to depose were available the week of July 11.  (Ex. 2 at 8) Plaintiff's counsel's office then notified defense counsel that he would depose Danny Withers and Adam Lund on July 12 and 13.  (Ex. 2 at 9)

In June, plaintiff's counsel's mother passed away while hospitalized

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
    DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 12 of 35

following a stroke in April. Counsel had been rotating to California in conjunction with his siblings to take care of her.

On July 14, 2006, Mr. Weilbacher filed a motion to compel seeking the information that was requested in discovery which Progressive refused to produce based on attorney-client privilege, work product, and relevancy. [Docket 46]

On July 17, 2006, Mr. Weilbacher received Progressive's Fourth Supplemental Disclosures which listed attorney Dan Quinn as having information relevant to the litigation. Mr. Quinn represented Progressive in the <u>Wold</u> litigation. On July 17, 2006, Progressive then moved to amend its answer to add a new affirmative defense of advice of counsel to this litigation.

On July 19, 2006, Mr. Weilbacher conditionally nonopposed the motion to amend the answer as long as he had full and fair discovery regarding all the issues in the <u>Wold</u> litigation and was able to depose Dan Quinn unencumbered as to other issues germane to this litigation.

When Dan Quinn became a witness, his involvement in the <u>Wold</u> case meant that Progressive's previous objections to producing any documentation from the <u>Wold</u> litigation were in error.

On July 26, 2006, Progressive opposed Mr. Weilbacher's motion to compel discovery. [Docket 56] In its opposing memorandum, Progressive stated:

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 13 of 35

> It is also obvious that Progressive recognized and took into consideration the existence of loss of consortium and loss of society claims in the drafting process from the final policy language itself. . . .

[Docket 56 at 15]

While the motion to compel was pending, Progressive filed a renewed motion for summary judgment on August 10, 2006, along with other motions for summary judgment, *in limine*, and to establish the law of the case. [Dockets 61, 66, 68, 70, 74]

On November 14, 2006, the Court issued an order compelling Progressive to produce the discovery requested by Mr. Weilbacher, including the Wold v. Progressive file. [Docket 103]

In its Order to Compel, the Court specifically found that materials relating to or concerning the original drafting history, meaning or application of the policy language at issue were relevant, or could lead to relevant evidence, and related to the intent of Progressive when entering into the contract with Mr. Weilbacher. [See Docket 103 at 2-3]

On December 15, 2006, Progressive filed a "Notice of Compliance" with the Court's November 13, 2006 Order, attaching its supplemental disclosures and responses to Mr. Weilbacher's First Set of Discovery Requests pursuant to the Court's order compelling discovery. [Docket 110]

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 14 of 35

Needless to say, the information that was presented by Progressive was so minimal, one could say Progressive actually produced nothing that had not already been produced by Progressive in earlier production of discovery.

Progressive, in response to this Court's order, produced, <u>literally</u>, <u>one</u> <u>page</u> that had not already been produced to Mr. Weilbacher from the <u>Wold v. Progressive</u> file, one page from Progressive's summary judgment opposition. [Docket 110, Ex. A at 7 of 22] Progressive did not even produce the whole document for context, but only a single page from the opposition brief.

Progressive also submitted an affidavit from Michael A. Sablack, who now states that <u>no documents exist regarding the drafting history</u> of the policy language at issue.

On December 26, 2006, Mr. Weilbacher's counsel wrote to defense counsel and stated the following:

> I received Progressive's supplemental discovery responses and Notice of Compliance filed with the Court. Needless to say, I believe your submissions are severely deficient. I want to depose Mr. Sablack, as well as Kelly Rubesne. Please provide me with convenient dates in the first week of February to travel to Ohio to depose these individuals.
>
> I also need to depose Dan Quinn. Please contact Dan and provide me with possible dates to conduct his deposition.

(Ex. 2 at 10)

On January 3, 2007, defense counsel responded to the letter, stating that

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
        DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 15 of 35

she would not produce Michael Sablack nor Kelly Rubesne for depositions.  She further

went on to state:

> Progressive objects to Mr. Quinn's deposition on the grounds of privilege,
> irrelevance and unnecessary duplication.  Progressive has not - and does
> not - waive the attorney-client privilege with Mr. Quinn regarding the
> Wold matter. . . .

(Ex. 2 at 11-13)   Defense counsel further stated:

> Mr. Quinn's testimony regarding Mr. Withers' conversation with him
> would be unnecessarily duplicative of Mr. Withers' testimony and the
> notes of the conversation already produced.

(Id. at 12)

On December 29, 2006, Mr. Weilbacher sent his Second Set of Discovery

Requests to Defendant.

Defense counsel, in her letter of January 3, 2007, stated that she objected

to any further requests for discovery from Mr. Weilbacher, although the Court extended

discovery until March 31, 2007.  (Ex. 2 at 11-13)

On January 9, 2007, Mr. Weilbacher's counsel wrote to defense counsel

and stated:

> I am in receipt of your January 3, 2007 letter.  I understand that
> you do not think that Kelly Rubesne, Michael Sablack or Dan Quinn need
> to be deposed, but I do want to depose these individuals.

(Ex. 2 at 14)

On January 11, 2007, defense counsel responded to the January 9 letter

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
     DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 16 of 35

by stating:

> Despite your unwillingness to provide any basis for taking Mr. Quinn's deposition, Progressive has decided it will agree to Mr. Quinn's deposition on the LIMITED basis of his conversation with Danny Withers about plaintiff's claim in this case. Progressive objects to and will <u>not</u> allow any questioning of Mr. Quinn on any other matter, specifically including the <u>Wold</u> matter. Mr. Quinn has advised us that he is available for a limited deposition on February 9, 2007. This was the only date provided by Mr. Quinn. . . . If you do not agree to the limited basis of Mr. Quinn's deposition, please let me know and Progressive will seek the appropriate protective order on an expedited basis prior to setting the deposition.

(Ex. 2 at 15)

> On January 12, 2007, Mr. Weilbacher's counsel responded, stating:

> Thank you for your January 11, 2007 letter. First, regarding Mr. Quinn, I am not going to limit myself to only the conversation he had with Mr. Withers. I believe that I am entitled to examine him in other areas that I feel are germane to the lawsuit and you can make the objections as you see fit.

> You have not responded to my request to depose Ms. Rubesne and Mr. Sablack. Ms. Rubesne, as was represented to the Court, is the caretaker for the Alaska database for the policy at issue in this case. I believe I can ask her some questions regarding the Alaska database or lack thereof. As to Mr. Sablack, I believe his affidavit is at best nebulous, and I believe that there are a lot of open gaps in the affidavit which I would like to ask him about.

(Ex. 2 at 16)

> Defense counsel responded on January 12, 2007, by stating:

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 17 of 35

Please re-read my January 11, 2007 letter, and do not set Mr. Quinn's deposition for February 9, 2007. Progressive only agreed to Mr. Quinn's deposition on that date if you agreed to limit the questions. Since you do not agree to reasonably limit questioning, Progressive does not agree to the deposition.

Regarding depositions of Ms. Rubesne and Mr. Sablack, Progressive does not agree with your generalities as to why plaintiff needs or wants to take their depositions. You have all the information from the Alaska policy contract database on the relevant policy provision.

(Ex. 2 at 17)

On January 12, 2007, Progressive then filed a protective order to preclude Mr. Weilbacher from conducting depositions of the witnesses listed by defendant. [Docket 113]

On January 29, 2007, Progressive filed a Motion for a Protective Order Regarding Plaintiff's Discovery Requests, attaching as Exhibit C its Responses to Plaintiff's Second Set of Discovery Requests. [Dockets 120 and 121]

In its January 29, 2007, discovery responses, Progressive admitted that the model policy was not modified to comport to Alaska law, contrary to its prior representations to the Court and Plaintiff Weilbacher. (See Ex. 3 at 20)

On March 28, 2007, Mr. Weilbacher submitted his expert report from Stan Garlington based on Progressive's responses to Plaintiff's Second Set of Discovery Requests, the correspondence, pleadings and affidavits submitted by Progressive pursuant to the Court's November 13/14, 2006 Order, and the discovery that should

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 18 of 35

have been produced in May 2006. The report is based directly on the discovery

produced by Progressive in response to the Court's Order, and the new revelation that

there is no available evidence of the drafting history.

IV.    **PROGRESSIVE HAS BEEN PLAYING THREE-CARD MONTE REGARDING THE DRAFTING HISTORY OF THE POLICY LANGUAGE AT ISSUE IN THIS CASE.**

When Plaintiff Weilbacher first submitted his discovery requests to

Progressive, he requested that Progressive:

> Please produce for inspection and copying all files, documents, pleadings, court orders or decisions, briefs or other materials (however created or maintained including electronic media) which relate to or concern the original drafting history, meaning or application of the following language:
>
>> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury,** including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

(Ex. 1 at 6-7)

On May 10, 2006, Progressive responded to the request for production of

the drafting history of the disputed policy language by stating that the request was

irrelevant, overbroad and unduly burdensome. Progressive also stated:

Request for Production No. 1 also impermissbly requests confidential

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
    DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 19 of 35

information protected by the attorney work-product and attorney-client privileges to the extent it seeks information and materials created or generated by Progressive's attorneys with regard to the quoted policy language.

(Ex. 1 at 7)

Nowhere in the response to the request for production did Progressive ever state that the drafting history <u>does</u> <u>not</u> <u>exist</u>.

After Mr. Weilbacher filed a motion to compel, Progressive responded in its opposition to the motion by stating:

Request for Production No. 1 asked for documentation regarding the original drafting history of the UIMBI policy provision at issue.

[Docket 56 at 6]   Progressive further stated:

[P]laintiff again overlooks the fact that Progressive's policies are drafted by their attorneys. The policies are drafted by Progressive's attorneys in its law department providing professional legal services to it. . . . Thus, all notes, documents, files and other materials created in the internal drafting of the policies and all provisions thereof of are clearly protected from disclosure by the attorney-client privilege. . . .

The **public** **record** of the "drafting history" is contained in the Alaska Division of Insurance's file. Progressive produced the <u>entire</u> Division of Insurance file with regard to Policy Form No. 9607 AK (08/99). . . . With regard to the "drafting history," there is simply nothing discoverable to produce that has not already been produced.

[Docket 56 at 13-14 (emphasis added)]    Progressive's statement that the "public record" of the drafting history was produced implies that a <u>non</u>-public record exists.

Progressive, in its opposition to the motion to compel, then goes on to

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
   DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 20 of 35

state:

> It is also obvious that Progressive recognized and took into consideration the existence of loss of consortium and loss of society claims in the drafting process from the final policy language itself. . . .

[Docket 56 at 15]

> Progressive further stated:

> Nothing in the "drafting history" of the policy at issue could have any bearing on whether Progressive acted fairly and in good faith with respect to plaintiff's claim.  Nothing in the drafting history could have any bearing on whether Progressive committed "a conscious and deliberate act, which unfairly frustrate[d] the agreed common purposes and disappoints the reasonable expectations of [plaintiff] thereby depriving [plaintiff] of the benefits of the agreement." [State Farm Fire & Casualty Co. v. Superior Court, 45 Cal. App. 4th 1093, 1104-1105 (Cal. Ct. App. 1996)]  It is the agreement - current language in the policy - that is relevant.  Plaintiff should not be permitted to simply throw out popular catch phrases in an effort to intimidate and confuse the insurer and the court into allowing unfettered, meaningless discovery he is otherwise not entitled to.

[Docket 56 at 16-17]  Progressive's statements clearly imply that non-public drafting history documents exist.

> Nowhere did Progressive state that the drafting history had been destroyed.

> The Court compelled Progressive to turn over the drafting history of the policy language at issue in this litigation, because one of the factors to be taken into consideration is the intent of the policy language.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 21 of 35

In its January 29, 2007 responses to Mr. Weilbacher's Second Set of Discovery Requests, Progressive made numerous admissions in the case that belie the previous representations to the Court and plaintiff's counsel.   For the first time Progressive stated that the drafting history, production of which was previously objected to because it was unduly burdensome to produce and protected by the attorney-client privilege and work product doctrine, is <u>nonexistent</u>.  Progressive now states that it was <u>not</u> obvious that Alaska law had been taken into consideration and it did <u>not</u> modify the model policy to comport with Alaska law.

## V.    PROGRESSIVE HAS STATED CONFLICTING AND INCONSISTENT REPRESENTATIONS IN ITS DISCOVERY RESPONSES REGARDING THE DISPUTED POLICY LANGUAGE.

Progressive, playing a game of three-card monte, seems to have forgotten where the trick card is located.  It has made inconsistent representations in its briefing to the Court and to counsel regarding the drafting history of the policy language at issue in this litigation.

In its opposition to plaintiff's motion to compel discovery, in addressing plaintiff's inquiries as to whether Progressive considered AS 09.15.010 in the drafting of its policy provision, Progressive stated:

> It is also obvious that Progressive recognized and took into consideration the existence of loss of consortium and loss of society claims in the drafting process <u>from the final policy language itself</u>.

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 22 of 35

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

[Docket 56 at 15 (emphasis added)]

However, six months later, in its memorandum in support of Progressive's motion to strike plaintiff's expert, Progressive states the opposite:

> Progressive produced in its supplemental disclosures the entire drafting history for the disputed policy provision in its care, custody and control: (1) the relevant portion of the 9607 model policy, and (2) the relevant portion of the Alaska policy contracts database. . . . <u>Since there was absolutely no change in the disputed policy language from the 9607 model policy to the Alaska policy at issue, there was nothing to produce but the language itself</u>. . . . The 9607 model policy language already fully complied with Alaska law so no modifications were necessary.

[Docket 129 at 5]

Progressive, after having first argued to the Court that the drafting history of the policy language at issue is protected by the attorney-client privilege and work product doctrine, now asserts that this "work product" no longer exists.

Progressive now states that not only is the modified drafting history missing, but the original model policy drafting history is also missing. [Docket 121, Ex. B (Jan. 3, 2007 Letter); Docket 110, Ex. A at 20-22 (Affidavit of Michael Sablack)]

Even in the January 29, 2007 discovery responses, Progressive continues to assert that (1) the model policy was modified to conform to Alaska law, and (2) the model policy was not modified because it did not need to be modified. [Docket 129 at 5]

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
    DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 23 of 35

Request for Admission No. 3 asked Progressive to admit or deny that when its 9607 model policy, as referenced in the Affidavit of Michael Sablack, was developed, the model was <u>not</u> modified to comport with Alaska's law, including the holding in <u>Gillispie v. Beta Constr.</u>, which states that a parent's loss of society claim is an independent claim and not a derivative claim. Progressive denied the request for admission, and stated:

> [T]he 9607 model policy was modified to conform with Alaska law and submitted to and approved by the Alaska Division of Insurance. . . . . It is Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

(Ex. 3 at 4-5)

Mr. Weilbacher's Request for Admission No. 4 asked whether when the 9607 model policy was complete it failed to take into consideration the holding of <u>Gillispie v. Beta Constr. Co.</u>, which held that a parent's loss of society claim is the parent's independent claim, and it does not derive from the bodily injury of the child. In response, Progressive stated:

> Progressive admits Request for Admission No. 4 because a model policy, such as the 9607 model policy, is not developed to comply with the laws of any specific jurisdiction. . . . [I]t is unknown and unknowable whether the drafters of the 9607 model policy specifically considered the holding in <u>Gillispie</u> because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, there are no records of the drafting history of the model policy.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 24 of 35

(Ex. 3 at 5-6)

        Progressive then went on to admit, in its response to Request for Admission No. 5, that there are no records indicating that the holding of <u>Gillispie v. Beta Constr. Co.</u> was taken into consideration when the Progressive 9607 model policy was finalized. Progressive stated: "After reasonable diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy specifically considered the holding in <u>Gillispie</u>." (Ex. 3 at 7)

        In Request for Admission No. 6, Progressive was asked to admit or deny that it was not aware of the decision in <u>Gillispie v. Beta Constr. Co.</u>, when it drafted the language in its 9607 model policy as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006. In its response, Progressive neither admitted nor denied the request; therefore, under Civil Rule 36(a), it is deemed admitted that Progressive was not aware of the <u>Gillispie</u> decision when it drafted the 9607 model policy. Progressive also stated:

> [I]t is unknown and unknowable whether the drafters of the 9607 model policy were aware of the holding in <u>Gillispie</u> at the time they drafted the model policy because, as Mike Sablack and Kellie Rubesne affied, Progressive has no records of the drafting history of the model policy.

(Ex. 3 at 7-8)

        When asked, in Request for Admission No. 7, whether Alaska is the only state that has an independent cause of action for a parent for loss of society upon the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 25 of 35

death of a child, Progressive neither admitted nor denied the request, and further stated:

> Request for Admission No. 7 grossly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order. The court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska. . . .

(Ex. 3 at 8)    Therefore, under Civil Rule 36(a), the request should be deemed admitted.

In Request for Admission No. 8, Mr. Weilbacher requested Progressive to admit or deny that the model policy as referenced in the affidavit of Michael Sablack, dated December 15, 2006, was not specifically modified to address the independent cause of action for loss of society of a parent as set forth in Gillispie v. Beta Constr. Co.   Progressive responded:

> [I]t is unknown and unknowable whether the drafters of the 9607 model policy considered the claim for loss of society/consortium as set forth in Gillispie because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy. . . .

(Ex. 3 at 9)    Progressive then admits the request for admission.

Mr. Weilbacher then requested in Request for Admission No. 9 that Progressive admit or deny that the policy as referenced in the affidavit of Michael Sablack, dated December 15, 2006, failed to exclude the independent cause of action of a parent for loss of society as set forth in Gillispie v. Beta Constr. Co..

In its response, Progressive neither admitted nor denied the request, so as

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 26 of 35

a matter of law, it is deemed an admission.  <u>See</u> Fed. R. of Civ. P. 36(a).  Progressive,

even though it did not deny the request for admission, then states:

> RFA #9 also mischaracterizes both the 9607 model policy and the Form No. 9607 AK (08/99) policy for Alaska, since neither policy excludes from coverage a parent's loss of society/consortium claim.
>
> . . . .
>
> [I]t is unknown and unknowable whether the drafters of the 9607 model policy considered a parent's loss of society/consortium claim as set forth in <u>Gillispie</u> because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy.

(Ex. 3 at 10-11)

In Request for Admission No. 10, Progressive was asked to admit or deny

that when it drafted the 9607 model policy, it was not aware that a parent has a right

to an independent cause of action under AS 09.15.010.  Progressive neither admitted

nor denied this request; therefore, under Civil Rule 36, it is deemed admitted.

Progressive also went on to state:

> [I]t is unknown and unknowable whether the drafters of the 9607 model policy were aware of AS 09.15.010 at the time they drafted the model policy because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy.

(Ex. 3 at 12)

In Request for Admission No. 11, Mr. Weilbacher asked Progressive to

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 27 of 35

admit or deny that it failed to exclude under its policy the parent's independent cause of action under AS 09.15.010. Again, Progressive failed to deny this request for admission; therefore, it is deemed admitted under Civil Rule 36.

Progressive further went on to state:

> [I]t is unknown and unknowable whether the drafters of the 9607 model policy considered a parent's loss of society/consortium claim under AS 09.15.010 because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy. . . . It is also Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

(Ex. 3 at 12-14)

In Request for Admission No. 12, Mr. Weilbacher asked Progressive to either admit or deny that it failed to exclude under its policy the parent's independent cause of action as set forth in <u>Gillispie v. Beta Constr. Co.</u> Progressive responded that Request for Admission No. 12 asked the same question as Request for Admission No. 9, and therefore the objections and response to Request for Admission No. 9 was incorporated by reference. Progressive's response to Request for Admission No. 9 does not deny this request for admission, and therefore it is deemed admitted pursuant to Federal Rule of Civil Procedure 36(a). (Ex. 3 at 14)

Request for Admission No. 16 asked Progressive to admit or deny that never in the development of the 9607 model policy was an independent cause of action

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 28 of 35

under AS 09.15.010 taken into consideration or that the team was aware of the holding

of <u>Gillispie v. Beta Constr. Co.</u>    Interestingly enough, Progressive admitted this

request, stating that "a model policy, such as the 9607 model policy, is not developed

to comply with the laws of any specific jurisdiction." (Ex. 3 at 16)    Progressive

further stated:

> [I]t is unknown and unknowable whether the drafters of the 9607 model
> policy specifically considered AS 09.15.010 because, as Mike Sablack
> and Kellie Rubesne have stated in their affidavits, there are no records of
> the drafting history of the model policy.

(Ex. 3 at 17)

However, Progressive's answer to Request for Admission No. 19 shows

the shell game that Progressive is playing with the Court and with plaintiff's counsel.

Request for Admission No. 19 asked:

> Admit or deny that the following language in the 9607 model policy is
> the same in every state in which Progressive does business.
>
> > The **bodily injury** Limit of Liability under this Part III for
> > "each person" includes the total of all claims made for such
> > **bodily injury** and all claims derived from such **bodily
> > injury**, including, but not limited to, loss of society, loss of
> > companionship, loss of services, loss of consortium, and
> > wrongful death.

(Ex. 3 at 19)

Progressive failed to admit or deny Request for Admission No. 19;

therefore, under Federal Rule of Civil Procedure 36(a), it is an admission that the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
    DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 29 of 35

model policy was used in Alaska, and there was no modification to comport with Alaska law.

However, as mentioned above in its memorandum in support of its motion to strike plaintiff's expert report, Progressive stated:

> Since there was absolutely no change in the disputed policy language from the 9607 model policy to the Alaska policy at issue, there was nothing to produce but the language itself. Id. The 9607 model policy language already fully complied with Alaska law so no modifications were necessary.

[Docket 129 at 5 of 13]

The response to Request for Admission No. 19 and Progressive's statement in its motion to strike plaintiff's expert report are different than the statement made by Progressive in its opposition to the motion to compel, which states: "It is also obvious that Progressive recognized and took into consideration" AS 09.15.010 when drafting the language of the policy. [Docket 56 at 15]

But then again, in Request for Admission No. 20, Progressive was asked to:

> Admit or deny that the following language in the 9607 model policy was not modified to conform to Alaska law under Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 30 of 35

companionship, loss of services, loss of consortium, and
wrongful death.

Progressive denied this statement, by stating:

Without waiving these objections, Progressive denies Request for
Admission No. 20 because a model policy is not developed to comply
with the laws of any specific jurisdiction and the 9607 model policy was
modified to conform with Alaska law and submitted to and approved by
the Alaska Division of Insurance. . . .

(Ex. 3 at 20)

In Request for Admission No. 21, Mr. Weilbacher asked Progressive to:

Admit or deny that the following language in the 9607 model policy was
never modified from the policies in other states that do not recognize a
parent's independent cause of action for loss of society for the death of
a child by negligence.

The **bodily injury** Limit of Liability under this Part III for
"each person" includes the total of all claims made for such
**bodily injury** and all claims derived from such **bodily
injury**, including, but not limited to, loss of society, loss of
companionship, loss of services, loss of consortium, and
wrongful death.

(Ex. 3 at 21)    Progressive never denied this request for admission; so therefore, it is

deemed admitted under Civil Rule 36(a). Progressive however did respond by quoting

this Court's November 13, 2006 Order, stating:

Plaintiff is not entitled to discovery with respect to the contractual
provisions or drafting history as they relate to jurisdictions outside of
Alaska.

(Ex. 3 at 21)

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
    DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 31 of 35

After the conflicting answers to the requests for admission above, Progressive answered the following interrogatory, which belies its previous statement that the Alaska policy was modified compared to the nationwide model policy regarding the disputed policy language.  In his Second Set of Discovery Requests, Mr. Weilbacher propounded the following interrogatory:

> **INTERROGATORY NO. 7:**  Please set forth in detail how Progressive's model 9607 policy was modified to conform to Alaska.

(Ex. 3 at 22)

Progressive responded:

> Interrogatory No. 7 also incorrectly assumes the legal conclusion that, as to the relevant provision in Part III, the 9607 model needed to be modified to conform to Alaska; it did not.

(Ex. 3 at 23)    Progressive then goes on to state:

> This language is the same in the 9607 model policy as it is in the Form No. 9607 AK (08/99) policy for Alaska and fully conforms to Alaska law. . . .

(Ex. 3 at 23)

Progressive repeatedly used the word "unknowable" in its discovery responses.  This begs the question:  How can language in an insurance contract be unknowable?

In summary, as can be seen from the responses to the interrogatories, and from Progressive's statements to this Court in its pleadings, Progressive has taken

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
    DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 32 of 35

inconsistent positions. On one hand Progressive stated that it is obvious that the model policy was modified to take into consideration Alaska law with respect to loss of society claims in the drafting process of the final policy language itself, but then Progressive also states that the model policy was never modified to comport to Alaska law.

### VI.    CONCLUSION.

Mr. Garlington's report is based on the statements of Progressive as a result of the Court's November 13/14, 2006 Order. [Docket 103] Mr. Garlington has reviewed the inconsistent statements and misrepresentations of Progressive in these new discovery responses, has analyzed those statements, and has made his report consistent with the Court's Order.

Nowhere in any of the discovery produced by Progressive is it indicated whether Progressive followed Alaska law when it failed to compensate Ronald Weilbacher for his independent cause of action for the loss of his child. There is nothing in the record to show that Mr. Weilbacher's independent cause of action was excluded from the policy, contrary to Alaska law. Mr. Garlington's report is directly responsive to the information, or lack of information received from Progressive in response to the Court's Order compelling Progressive to respond.

Progressive has violated court rules and made a mockery of this Court's

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 33 of 35

inherent powers when it failed to disclose from the outset that the information Mr. Weilbacher sought was destroyed, but continued to assert that the information requested was protected from disclosure.    Progressive wants the Court to strike Mr. Garlington's report as a reward for Progressive's obstructionistic conduct in this litigation.    The Court should not reward Progressive's obstructionistic behavior.

Therefore, it is respectfully requested that the Court deny Progressive's motion to strike Mr. Garlington's report.

DATED this 19th day of April, 2007, at Anchorage, Alaska.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff

By    s/Kenneth W. Legacki
         Kenneth W. Legacki
         Alaska Bar No. 8310132
         425 G Street, Suite 920
         Anchorage, AK  99501
         Phone: (907) 258-2422
         Fax: (907) 278-4848
         E-mail: legacki@gci.net

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 34 of 35

I HEREBY CERTIFY that on the 19th day of
April, 2007, a copy of the foregoing
document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

_____ s/Kenneth W. Legacki_____

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND REPORT/OPINIONS OF EXPERT WITNESS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 35 of 35