GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
JOSEPH BRIAN GROSS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd** P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES
GREGORY G. SILVEY

May 11, 2006

*VIA FACSIMILE & U.S. MAIL*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

     Re:  *Weilbacher v. Progressive*
          Our File No.: 5200.120

Dear Ken:

In response to your May 10, 2006 letter regarding depositions, we are all available the week of July 11-17.

I propose that the depositions be set on the same day on either Wednesday, July 12th or Thursday, July 13th in Anchorage. If you agree, Progressive will bring Mr. Lund up from Washington so that his deposition can be taken in Anchorage contemporaneously with Mr. Winter's deposition. This should save both parties' time and money.

Please let me know as soon as possible which day you prefer and where the depositions will be held so that travel arrangements can be made sufficiently in advance.

                              Sincerely,

                              GUESS & RUDD P.C.

                              Aisha Tinker Bray

ATB/nmm

cc: Jay Wesolowski (Claim No. 017489548) (via email)

EXHIBIT 2
Page 8 of 17

**KENNETH W. LEGACKI, P.C.**
Attorney at Law
425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA   99501

TELEPHONE:  (907) 258-2422
FACSIMILE:  (907) 278-4848

## FACSIMILE COVER LETTER

### PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | |
|---|---|---|
| **FAX NO.** | : | 907-452-7015 |
| **NAME** | : | Aisha Tinker Bray |
| **FIRM/COMPANY** | : | Guess & Rudd |
| **FROM** | : | Karen<br>Office of Kenneth W. Legacki |
| **DATE** | : | May 11, 2006 |
| **RE** | : | Weilbacher v. Progressive<br>Your File No. 5200.120 |
| **TOTAL NO. OF PAGE(S):**<br>(INCLUDING THIS COVER SHEET) | | 1 |

### MESSAGE

Ken is out of the office until Tuesday, but I think the depositions will need to be scheduled for July 12, and if additional time is needed, the morning of July 13, in Anchorage. I will ask Ken to contact you next week to work out the details of Mr. Lund traveling to Anchorage for his deposition. Thank you.

**IF YOU DO NOT RECEIVE A COMPLETE TRANSMITTAL, PLEASE CONTACT THIS OFFICE.  THANK YOU.**

EXHIBIT 2
Page 9 of 17

# KENNETH W. LEGACKI, P. C.
## ATTORNEY AT LAW

425 "G" STREET, SUITE 920
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422
FACSIMILE: (907) 278-4848
E-MAIL: legacki@gci.net

December 26, 2006

**VIA FACSIMILE**

Ms. Aisha Tinker Bray
Attorney at Law
Guess & Rudd, P.C.
100 Cushman Street, Suite 500
Fairbanks, AK 99701-4659

Mr. Gary Zipkin
Attorney at Law
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501

   RE: Weilbacher vs. Progressive
      Claim No.  : 017489548
      Your File No. : 5200.120

Dear Aisha and Gary:

  I received Progressive's supplemental discovery responses and Notice of Compliance filed with the Court. Needless to say, I believe your submissions are severely deficient. I want to depose Mr. Sablack, as well as Kelly Rubesne. Please provide me with convenient dates in the first week of February to travel to Ohio to depose these individuals.

  I also need to depose Dan Quinn. Please contact Dan and provide me with possible dates to conduct his deposition.

           Sincerely,

           KENNETH W. LEGACKI, P.C.

           Kenneth W. Legacki

KWL/ksh

EXHIBIT 2
Page 10 of 17

GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
GREGORY G. SILVEY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd**
P.C.

100 CUSHMAN STREET, SUITE 500
FAIRBANKS, ALASKA 99701-4659
TELEPHONE (907) 452-8986
FACSIMILE (907) 452-7015

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES

January 3, 2007

*VIA FACSIMILE 1-907-278-4848 & U.S. MAIL*

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

    Re: Weilbacher v. Progressive
    File No.: 5200.120

Dear Ken:

    In response to your letter of December 26, 2006, regarding depositions in this matter, Progressive objects to the depositions of Kelly Rubesne, Michael Sablack, and Dan Quinn. Progressive objects to the depositions of Ms. Rubesne and Mr. Sablack on the basis that their depositions will not provide nor are they likely to lead to the discovery of relevant evidence and are duplicative of admissible evidence already produced. The relevant portion of the policy contracts database for Alaska has been produced; there are no annotations for this provision. See DE#110. Mr. Sablack has also affied that there are no relevant annotations/drafting notes for this provision. There is no reason to depose Ms. Rubesne to simply have her affirm - for a third time - that there are no annotations in the database relevant to the policy provision at issue. Mr. Sablack has also already affied that there are <u>no</u> documents/records related to the drafting of the relevant provision in the policy at issue. Mr. Sablack was not part of the drafting team for the relevant policy provision at issue so he has no personal knowledge of its actual drafting history other than what he provided in his affidavit. Progressive has produced the relevant provision of the model policy and the policy contracts database for Alaska with a sworn explanation that there is simply nothing more it can provide. There is simply nothing gained by having Mr. Sablack repeat yet again that there is no documentation of the drafting of the policy provision at issue and no annotations in the Alaska policy contracts database.

    Progressive objects to Mr. Quinn's deposition on the grounds of privilege, irrelevance, and unnecessary duplication.

EXHIBIT 2
Page 11 of 17

Progressive has not - and does not - waive the attorney-client privilege with Mr. Quinn regarding the Wold matter. All of Progressive's communications with Mr. Quinn in the Wold matter are privileged and not discoverable. Mr. Quinn's testimony would also be wholly irrelevant to the issue before the court because the Wold litigation involved the interpretation of Allstate's policy language not the interpretation of Progressive's policy. The issue in Wold was whether the claimants had exhausted the policy limits under the driver's Allstate policy in order to trigger UM/UIM coverage under their own Progressive policy. Additionally, all of the materials in the Wold matter wherein Progressive discussed the loss of consortium claim under Allstate's policy have been disclosed. See DE#110.

Progressive acknowledges that it waived the attorney-client privilege as to Mr. Quinn's conversation with Mr. Withers regarding this case, and Mr. Withers testified regarding his recollection of the conversation. Progressive also already produced the written log notes of the conversation. Mr. Quinn's testimony regarding Mr. Withers' conversation with him would be unnecessarily duplicative of Mr. Wither's testimony and the notes of the conversation already produced.

Progressive also objects to the discovery requests in Plaintiffs Second Set of Discovery Requests to Defendant. Plaintiff's belated discovery requests greatly exceed the scope of discovery permitted by the Court's November 13, 2006 Order and seek irrelevant information. The Court's Order permits plaintiff to conduct additional discovery related only to the Wold litigation within the parameters of Section I of the Order. Order at 6 (DE# 103). Pursuant to Section I of the Order, Progressive produced all materials in the Wold file that relate to or concern in any way the position taken by Progressive on the issue of whether a loss of consortium claim is derivative or triggers a separate per person policy limit.[1]  See DE# 110 Ex. A. All of plaintiff's discovery requests relate to issues other than the Wold litigation and, thus, exceed the scope of the Court's permitted discovery.

The Court's Order also specifically disallows discovery regarding jurisdictions other than Alaska. Order at 4. "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska." Id. Plaintiff's discovery requests seeking information regarding other jurisdictions are

---

[1] It should be remembered that Progressive's position in Wold was taken with regard to the interpretation of the Allstate policy at issue, not Progressive's own policy.

EXHIBIT 2
Page 12 of 17

specifically disallowed by the Court and completely irrelevant. See RFA#2, 7, 19, & 21 and Interrogatory #8.

Additionally, the discovery requests do not seek and are not reasonably calculated to lead to the discovery of relevant, discoverable information. The issue before the court in this matter is whether plaintiff's Progressive policy, as currently written and as interpreted under Alaska law, provides a separate, additional "each person" policy limit of UIM coverage for his loss of consortium/society claim. Nothing in plaintiff's recent discovery request is relevant to this legal issue.

I would be happy discuss any of the above with you, please give me a call. I look forward to hearing from you soon on these issues so that we may move this case forward.

Sincerely,

GUESS & RUDD P.C.

Aisha Tinker Bray

ATB/nmm

cc: Jay Wesolowski, Esq. (Claim No. 017489548)

EXHIBIT 2
Page 13 of 17