**SERVICE COPY**

Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com
E-mail: gzipkin@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PROGRESSIVE NORTHWESTERN ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 3:05-cv-204 (TMB) |

PROGRESSIVE'S RESPONSES TO
PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

Defendant Progressive Northwestern Insurance Company ("Progressive"), by and through its attorneys, Guess & Rudd P.C., hereby responds to Plaintiff's Second Set of Discovery Requests to Defendant dated December 29, 2006, as follows:

Progressive objects to all of the discovery requests in plaintiff's Second Set of Discovery Requests to Defendant on the basis that all of the discovery requests exceed the scope of the discovery permitted by the court's November 13, 2006 Order. The court's Order permits plaintiff to conduct additional discovery

EXHIBIT 3 - Page 1 of 26

related <u>only</u> to the <u>Wold</u> litigation within the parameters of Section I of the Order, i.e., Progressive's position in <u>Wold</u> on the issue of whether a loss of consortium claim is derivative or triggers a separate per person policy limit. Order at 6 (DE# 103). Pursuant to Section I of the Order, Progressive produced all materials in the <u>Wold</u> file that relate to or concern in any way the position taken by Progressive on the issue of whether a loss of consortium claim is derivative or triggers a separate per person policy limit.[1] See DE# 110 Ex. A. None of plaintiff's discovery requests herein relate to or concern in any way the <u>Wold</u> matter or Progressive's position on the issue of loss of consortium claims in that matter.

Additionally, the discovery requests in plaintiff's Second Set of Discovery Requests to Defendant do not seek, and are not reasonably calculated to lead to the discovery of, relevant, discoverable information under Civil Rule 26(b). The legal issue before the court in this matter is whether Mr. Weilbacher's Progressive Form No. 9607 AK (08/99) Alaska automobile insurance policy, as interpreted under Alaska law, provides a separate, additional "each person" policy limit of UIM coverage for his loss of consortium/society claim.

---

[1] It should also be remembered that the <u>Wold</u> litigation involved the interpretation of an <u>Allstate</u> policy, <u>not</u> a Progressive policy (i.e., whether or not the claimants had exhausted the limits under the tortfeasor's Allstate policy). See <u>Wold v. Progressive Preferred Ins. Co.</u>, 52 P.3d 155 (Alaska 2005); DE# 110 Ex. A at 8-19.

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 2 of 25

EXHIBIT 3 - Page 2 of 26

Therefore, rather than restate these global objections in response to each and every discovery request below, Progressive specifically incorporates them by reference into each of its responses below.

REQUEST FOR ADMISSION NO. 2: Admit or deny that Ronald Weilbacher was sold a Progressive model policy that applied to all areas of the United States in which Progressive does business.

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 2 impermissibly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order because the court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska. Order at 4. "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska." Id.

Without waiving its objections, Progressive denies Request for Admission No. 2 because plaintiff was not sold a model policy, but rather a Form No. 9607 AK (08/99), which is a policy specifically adapted to Alaska and approved by the Alaska Division of Insurance for the State of Alaska.

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 3 of 25

EXHIBIT 3 - Page 3 of 26

REQUEST FOR ADMISSION NO. 3: Admit or deny that when Progressive's 9607 model policy, as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006, was developed, the model was not modified to comport with Alaska's law, including the holding in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), which states that a parent's loss of society claim is an independent claim and not a derivative claim.

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 3 impermissibly seeks a legal conclusion as to whether the 9607 model policy comports with Alaska law. RFA #3 is also overbroad to the extent it seeks information concerning provisions in the model policy, as opposed to the Alaska policy at issue, and to the extent that this request seeks information beyond the limited provision in Part III that is at issue. RFA #3 also mischaracterizes the holding in Gillispie, wherein the court recognized a parent's loss of society/consortium claim for the death of a child, but did not conclude that such a claim was direct and not derivative.

Without waiving these objections, Progressive denies Request for Admission No. 3 because a model policy is not developed to comply with the laws of any specific jurisdiction and the 9607 model policy was modified to conform with Alaska

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 4 of 25

EXHIBIT 3 - Page 4 of 26

law and submitted to and approved by the Alaska Division of Insurance as conforming to Alaska law as Form No. 9607 AK (08/99). It is Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

REQUEST FOR ADMISSION NO. 4: Admit or deny that when the 9607 model policy was complete it failed to take into consideration the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), which held that a parent's loss of society claim is the parent's independent claim, and does not derive from the bodily injury of the child.

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 4 is overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue. RFA #4 again mischaracterizes the holding in Gillispie, wherein the court recognized a parent's loss of society/consortium claim for the death of a child, but did not conclude that such a claim was direct and not derivative.

Without waiving these objections, Progressive admits Request for Admission No. 4 because a model policy, such as the 9607 model policy, is not developed to comply with the laws of

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 5 of 25

EXHIBIT 3 - Page 5 of 26

any specific jurisdiction. As Mr. Sablack has stated in his affidavit, model policies are developed and then modified for specific jurisdictions. For example, the 9607 model policy was developed and then modified and approved for Alaska in the form of Form No. 9607 AK (08/99). Additionally, after reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy specifically considered the holding in <u>Gillispie</u> because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, there are no records of the drafting history of the model policy.

<u>REQUEST FOR ADMISSION NO. 5</u>: Admit or deny there are no records that indicate the holding of <u>Gillispie v. Beta Constr. Co.</u>, 842 P.2d 1272 (Alaska 1992), was taken into consideration when Progressive model 9607 policy was finalized.

<u>RESPONSE</u>: Objection. In addition to the global objections stated above, Request for Admission No. 5 is overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

Without waiving these objections, Progressive admits Request for Admission No. 5 because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 6 of 25

EXHIBIT 3 - Page 6 of 26