records to indicate what the drafters considered or did not consider in drafting the 9607 model policy. See DE#110 Ex. A at 20-22. After reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy specifically considered the holding in Gillispie. However, model policies are not developed to comply with the laws of any specific jurisdiction and it is Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

REQUEST FOR ADMISSION NO. 6: Admit or deny that Progressive was not aware of the decision in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), when it drafted the language in its 9607 model policy as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006.

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 6 is overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

Without waiving these objections and after reasonable and diligent inquiry, it is unknown and unknowable whether the

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 7 of 25

EXHIBIT 3 - Page 7 of 26

drafters of the 9607 model policy where aware of the holding in Gillispie at the time they drafted the model policy because, as Mike Sablack and Kellie Rubesne affied, Progressive has no records of the drafting history of the model policy.

REQUEST FOR ADMISSION NO. 7: Admit or deny that Alaska is the only state that has an independent cause of action for a parent for loss of society upon the death of a child.

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 7 grossly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order. The court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska. Order at 4. "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska." Id. RFA #7 also impermissibly calls for a legal conclusion as to what type of legal claims are permitted in other, unrelated jurisdictions. In effect, plaintiff is again attempting to force Progressive to perform his counsel's irrelevant legal research.

REQUEST FOR ADMISSION NO. 8: Admit or deny that the model policy as referenced in the Affidavit of Michael A. Sablack, dated December 15, 2006, was not specifically modified

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 8 of 25

EXHIBIT 3 - Page 8 of 26

to address the independent cause of action for loss of society that a parent has as set forth in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 8 is overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

Without waiving these objections and after reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy considered the claim for loss of society/consortium as set forth in Gillispie because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy. See DE#110 Ex. A at 20-22. Progressive admits that the drafters of the model policy specifically recognized and considered claims for loss of society/consortium generally in the drafting of the model policy as evidenced by the language of the 9607 model policy, which clearly provides that such claims are derivative to the bodily injury of the injured person.

REQUEST FOR ADMISSION NO. 9: Admit or deny that the policy as referenced in the Affidavit of Michael A. Sablack,

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 9 of 25

EXHIBIT 3 - Page 9 of 26

dated December 15, 2006, failed to exclude the independent cause of action of a parent for loss of society as set forth in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 9 is vague because it is not clear whether it refers to the 9607 model policy or the Form No. 9607 AK (08/99) policy for Alaska, both of which are referred to in Mr. Sablack's affidavit. To the extent RFA #9 refers to the 9607 model policy, it is overbroad, irrelevant, and seeks information beyond the scope of the court's November 13, 2006 Order.

RFA #9 also mischaracterizes both the 9607 model policy and the Form No. 9607 AK (08/99) policy for Alaska, since neither policy excludes from coverage a parent's loss of society/consortium claim. Both policies specifically recognize coverage for loss of society/consortium claims and provide that they are derivative of the bodily injury of the injured person, specifically stating as follows:

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

Progressive has never maintained that a parent's loss of society/consortium claim (such as plaintiff's) is excluded from

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 10 of 25

EXHIBIT 3 - Page 10 of 26

coverage. It is — and always has been — Progressive's position that, under the plain and unambiguous policy language of the Form No. 9607 AK (08/99) policy for Alaska, a parent's loss of society/consortium claim is derivative to the child's bodily injury and is not entitled to a separate policy limit.

Without waiving its objections, it is unknown and unknowable whether the drafters of the 9607 model policy considered a parent's loss of society/consortium claim as set forth in Gillispie because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy. See DE#110 Ex. A at 20-22. Progressive admits that the drafters of the model policy specifically recognized claims for loss of society/consortium generally in the drafting of the model policy, as evidenced by the language of the 9607 model policy, providing that such claims are derivative to the bodily injury of the injured person. It is also Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

REQUEST FOR ADMISSION NO. 10: Admit or deny that when Progressive drafted the 9607 model insurance policy it was not aware that a parent has a right to an independent cause of action under AS 09.15.010.

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 11 of 25

EXHIBIT 3 - Page 11 of 26

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 10 is overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

Without waiving these objections and after reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy were aware of AS 09.15.010 at the time they drafted the model policy because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model policy. See DE#110 Ex. A at 20-22.

REQUEST FOR ADMISSION NO. 11: Admit or deny that Progressive failed to exclude under its policy the parent's independent cause of action under AS 09.15.010.

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 11 is again vague, since it is not clear whether it refers to the 9607 model policy or the Form No. 9607 AK (08/99) policy for Alaska. To the extent RFA #11 refers to the 9607 model policy, it is overbroad, irrelevant, and seeks information beyond the scope of the court's November 13, 2006 Order.

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 12 of 25

EXHIBIT 3 - Page 12 of 26