RFA #11 again mischaracterizes both the 9607 model policy and the Form No. 9607 AK (08/99) policy for Alaska, as neither policy excludes from coverage a parent's loss of society/consortium claim. Both policies specifically recognize coverage for loss of society/consortium claims as derivative of the bodily injury of the injured person, specifically stating as follows:

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

Progressive has never maintained that a parent's loss of society/consortium claim (such as plaintiff's) is excluded from coverage. It is — and always has been — Progressive's position that, under the plain and unambiguous policy language of the Form No. 9607 AK (08/99) policy for Alaska, a parent's loss of society/consortium claim is derivative to the child's bodily injury and does not trigger a separate limit.

Without waiving these objections, and after reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy considered a parent's loss of society/consortium claim under AS 09.15.010 because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records of the drafting history of the model

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 13 of 25

EXHIBIT 3 - Page 13 of 26

policy. See DE#110 Ex. A at 20-22. Progressive admits that the drafters of the model policy specifically recognized claims for loss of society/consortium generally in the drafting of the model policy, as evidenced by the language of the 9607 model policy, providing that such claims are derivative to the bodily injury of the injured person. It is also Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

REQUEST FOR ADMISSION NO. 12: Admit or deny that Progressive failed to exclude under its policy the parent's independent cause of action as set forth in Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

RESPONSE: Request for Admission No. 12 asks the same question as Request for Admission No. 9. See Progressive's objections and response to Request for Admission No. 9, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 13: Admit or deny that the committee or team lead by Jeff Nash was never aware of the independent cause of action that a parent has for loss of society upon the death of a child under AS 09.15.010.

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 14 of 25

EXHIBIT 3 - Page 14 of 26

RESPONSE: Request for Admission No. 13 asks the same question as Request for Admission No. 10. See Progressive's objections and response to Request for Admission No. 10, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 14: Admit or deny that the committee or team lead by Jeff Nash was never aware of the independent cause of action that a parent has for loss of society upon the death of a child under Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

RESPONSE: Request for Admission No. 14 asks the same question as Request for Admission No. 6. See Progressive's objections and response to Request for Admission No. 6, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 15: Admit or deny that never in the development of the 9607 model policy was the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), ever taken into consideration.

RESPONSE: Request for Admission No. 15 asks the same question as Request for Admission No. 4. See Progressive's objections and response to Request for Admission No. 4, which are hereby incorporated by reference.

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 15 of 25

EXHIBIT 3 - Page 15 of 26

REQUEST FOR ADMISSION NO. 16: Admit or deny that never in the development of 9607 model policy was an independent cause of action under AS 09.15.010 taken into consideration or that the team was aware of the holding of Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 16 is overbroad to the extent it seeks information concerning the model policy, because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue. Request for Admission No. 16 is also compound because it asks two separate and distinct questions. Part 1 asks whether AS 09.15.010 was taken into consideration in the development of the 9607 model policy. Part 2 ask whether the holding in Gillispie was taken into consideration in the development of the 9607 model policy.

Without waiving these objections, Progressive admits Request for Admission No. 16 because a model policy, such as the 9607 model policy, is not developed to comply with the laws of any specific jurisdiction. As Mr. Sablack stated in his affidavit, model policies are developed and then modified for specific jurisdictions. For example, the 9607 model policy was developed and then modified and approved for Alaska in the form of Form No. 9607 AK (08/99). Additionally, after reasonable and

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 16 of 25

EXHIBIT 3 - Page 16 of 26

diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy specifically considered AS 09.15.010 because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, there are no records of the drafting history of the model policy.

Part 2 of Request for Admission No. 16 asks the same questions as Requests for Admission Nos. 6 and 14. See Progressive's objections and responses to Requests for Admission Nos. 6 and 14, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 17: Admit or deny that the team that developed the 9607 model policy was not aware of the Alaska law that gave a parent an independent right of action for the death of a child.

RESPONSE: Request for Admission No. 17 asks the same questions as Requests for Admission Nos. 6 and 14. See Progressive's objections and responses to Requests for Admission Nos. 6 and 14, which are hereby incorporated by reference.

REQUEST FOR ADMISSION NO. 18: Admit or deny that there are no records or any writings or draftings [sic] that indicate Progressive took into consideration the holdings of AS 09.15.010 or Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 17 of 25

EXHIBIT 3 - Page 17 of 26

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 18 is vague because it asks whether Progressive considered AS 09.15.010 and Gillispie, but does not identify how, or in what specific way, the supposed consideration was to have occurred. For purposes of its response, Progressive assumes plaintiff intended the consideration to be with regard to the drafting of the 9607 model policy as plaintiff's previous Requests for Admission refer to this policy. Request for Admission No. 18 is therefore overbroad to the extent it seeks information concerning the model policy, because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

Without waiving these objections, Progressive admits Request for Admission No. 18 because, as Mike Sablack and Kellie Rubesne have stated in their affidavits, Progressive has no records to indicate what the drafters considered or did not consider in drafting the 9607 model policy. See DE#110 Ex. A at 20-22. After reasonable and diligent inquiry, it is unknown and unknowable whether the drafters of the 9607 model policy specifically considered AS 09.15.010 or the holding in Gillispie. However, model policies are not developed to comply with the laws of any specific jurisdiction and it is Progressive's policy and practice to consider all relevant state

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 18 of 25

EXHIBIT 3 - Page 18 of 26