laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

Additionally, to the extent Request for Admission No. 18 asks about <u>Gillispie</u>, it asks the same question as Request for Admission No. 5. See Progressive's objections and response to Request for Admission No. 5, which are hereby incorporated by reference.

<u>REQUEST FOR ADMISSION NO. 19</u>: Admit or deny that the following language in the 9607 model policy is the same in every state in which Progressive does business.

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

<u>RESPONSE</u>: Objection. In addition to the global objections stated above, Request for Admission No. 19 again grossly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order. The court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska. Order at 4. "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska." <u>Id</u>.

USDC Case No. 3:05-cv-00204 TMB  <u>Weilbacher v. Progressive</u>
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 19 of 25

EXHIBIT 3 - Page 19 of 26

REQUEST FOR ADMISSION NO. 20: Admit or deny that the following language in the 9607 model policy was not modified to conform to Alaska law under Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

RESPONSE: In addition to the global objections stated above, Request for Admission No. 20 impermissibly seeks a legal conclusion as to whether the 9607 model policy comports with Alaska law. RFA #20 is also overbroad to the extent it seeks information concerning the model policy not the Alaska policy at issue.

Without waiving these objections, Progressive denies Request for Admission No. 20 because a model policy is not developed to comply with the laws of any specific jurisdiction and the 9607 model policy was modified to conform with Alaska law and submitted to and approved by the Alaska Division of Insurance as conforming to Alaska law as Form No. 9607 AK (08/99). It is also Progressive's policy and practice to consider all relevant state laws, regulations, and decisions when modifying a policy for a specific state such as Alaska.

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 20 of 25

EXHIBIT 3 - Page 20 of 26

REQUEST FOR ADMISSION NO. 21: Admit or deny that the following language in the 9607 model policy was never modified from the policies in other states that do not recognize a parent's independent cause of action for loss of society for the death of a child by negligence.

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

RESPONSE: Objection. In addition to the global objections stated above, Request for Admission No. 21 yet again grossly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order. The court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska. Order at 4. "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska." Id.

Request for Admission No. 21 is also overbroad to the extent it seeks information concerning the model policy because the model policy is beyond the scope of discovery allowed for the specific provision in the Alaska policy at issue.

INTERROGATORY NO. 5: If your answer to any of Request for Admission Nos. 2 through 21 is an admission, please state the identity of the person or persons by name, office, physical

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 21 of 25

EXHIBIT 3 - Page 21 of 26

address, mailing address, and telephone which possess the knowledge supporting the admission.

ANSWER: See Progressive's specific objections and responses to Requests for Admission No. 2 through 21, incorporated herein by reference.

INTERROGATORY NO. 6: If your answer to any of Request for Admission Nos. 2 through 21 is a denial or a qualified denial, please state all facts materially supporting the denial or qualified denial and identify the person or persons by name, office, physical address, mailing address and telephone number which possess the knowledge supporting the denial or qualified denial.

ANSWER: See Progressive's objections and responses to Requests for Admission No. 2 through 21, incorporated herein by reference.

INTERROGATORY NO. 7: Please set forth in detail how Progressive's model 9607 policy was modified to conform to Alaska.

ANSWER: Objection. In addition to the global objections stated above, Interrogatory No. 7 is overbroad in that it asks about all modifications to the 9607 model policy

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 22 of 25

EXHIBIT 3 - Page 22 of 26

for Alaska, rather than being narrowly tailored to modifications related to the relevant provision of Part III at issue. Modifications to the 9607 model policy other than to the relevant provision in Part III are obviously irrelevant to any issue in this case and outside the scope of permissible discovery.

Interrogatory No. 7 also incorrectly assumes the legal conclusion that, as to the relevant provision in Part III, the 9607 model needed to be modified to conform to Alaska; it did not.

Without waiving these objections, Progressive references the relevant provision of Part III, which states as follows:

> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

This language is the same in the 9607 model policy as it is in the Form No. 9607 AK (08/99) policy for Alaska and fully conforms to Alaska law. See DE# 110 Ex. A at 5 & 6.

INTERROGATORY NO. 8: Please set forth in detail how Progressive's model 9607 policy, as it was modified for Alaska,

USDC Case No. 3:05-cv-00204 TMB   Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 23 of 25

EXHIBIT 3 - Page 23 of 26

is different than the policy pertaining to the other areas of the United States.

ANSWER: Objection. In addition to the global objections stated above, Interrogatory No. 8 again grossly exceeds the scope of the discovery permitted by the court's November 13, 2006 Order. The court's Order specifically disallows discovery regarding policies for jurisdictions other than Alaska. Order at 4. "Plaintiff is not entitled to discovery with respect to the contractual provisions or drafting history as they relate to jurisdictions outside of Alaska." Id.

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 24 of 25

EXHIBIT 3 - Page 24 of 26

AS TO OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION:

DATED at Fairbanks, Alaska, this 29th day of January, 2007.

GUESS & RUDD P.C.
Attorneys for Progressive
Northwestern Insurance Company

By: *Aisha J Bray*
Aisha Tinker Bray
Alaska Bar No. 9505028

WITH RESPECT TO ANSWERS TO INTERROGATORIES:

DATED at Rancho Cordova, California, this 26th day of January, 2007.

By: _____
Progressive Casualty
Insurance Company

SUBSCRIBED and SWORN to before me by Jay Wesolowski on behalf of Progressive Northwestern Insurance Company on this ___ day of January, 2007.

*see next page*

_____
Notary Public in and for California
My Commission Expires:_____

CERTIFICATE OF SERVICE
I hereby certify that on the 29th day of January, 2007, a copy of the foregoing document was served on by U.S. Mail:

Kenneth W. Legacki, Esq.
425 G Street, Suite 920
Anchorage, Alaska 99501

Guess & Rudd P.C.
By: *Naomi Marley*
Naomi M. Marley

USDC Case No. 3:05-cv-00204 TMB  Weilbacher v. Progressive
Progressive's Responses to Plaintiff's Second Set of Discovery Requests
Page 25 of 25

EXHIBIT 3 - Page 25 of 26

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of  Sacramento  } ss.

On January 26, 2006 before me, Nancy Jo Lindquist, Notary Public personally appeared  Scry Wasokwski

☐ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*[Notary Seal: NANCY JO LINDQUIST, Commission # 1710475, Notary Public - California, Sacramento County, My Comm. Expires Jan 9, 2011]*

*[Signature: Nancy Lindquist]*
Signature of Notary Public

---------- OPTIONAL ----------

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 1999 National Notary Assoc. • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827

EXHIBIT 3 - Page 26 of 26