# KENNETH W. LEGACKI, P. C.
### ATTORNEY AT LAW

425 "G" STREET, SUITE 920  
ANCHORAGE, ALASKA 99501

TELEPHONE: (907) 258-2422  
FACSIMILE: (907) 278-4848  
E-MAIL: legacki@gci.net

April 7, 2006

<u>VIA FACSIMILE</u>

**RECEIVED**  
APR 1 0 2006  
**GUESS & RUDD**

Ms. Aisha Tinker Bray  
Attorney at Law  
Guess & Rudd, P.C.  
100 Cushman Street, Suite 500  
Fairbanks, AK 99701-4659

      RE:    Weilbacher vs. Progressive  
              Claim No.        : 017489548  
              Your File No.    : 5200.120

Dear Aisha:

      I apologize for not getting back to you earlier regarding your recent letters but I was working on responses to several pending motions.

      Regarding whether to bifurcate the discovery in this case, I agree with you and I think it would be better if you made the request to the Court rather than me since you initially objected to doing discovery in the first place. I believe it would probably be best for both of our clients to bifurcate, get a decision from the Court on liability, and then if need be, do discovery regarding Mr. Weilbacher's claims.

      On another note, you inquired as to some of the arguments that I made at the hearing before Judge Burgess. The enclosed discovery requests outline exactly what we are seeking. You obviously have the discretion to provide the information I need before the 30 days, but I think that the discovery requests are fairly self-explanatory and will answer the questions that you raised in your March 30, 2006 letter.

      Regarding the additional discovery that you requested in December 2005 as to what the individuals listed in the initial disclosures will testify about, each and every one have information regarding the depth of the sorrow, anguish and hurt that Mr. Weilbacher suffered because of the loss of his daughter. As the initial disclosures indicate, we were supposed to list any person with knowledge of the claims, and we listed a good deal of

EXHIBIT __C__  
Page __1__ of __2__

Ms. Aisha Tinker Bray
April 7, 2006
Page 2


Mr. Weilbacher's friends and business associates who can testify about how the death of his daughter affected him. I do not know if you need more of an explanation than that but that is the gist of the testimony of the witnesses listed in the initial disclosures.

As to your request for a computation of the damages, how do you put a price on the loss of a daughter? This is a direct claim by the father under the statute. There are no special damages.

Regarding the dates of the depositions, I assume that we should probably wait until after you respond to my discovery requests, which will probably be sometime in early May, and that way it seems like both of your witnesses will be available at that time and we can make travel arrangements accordingly. I will be out of state between May 10 and May 15, and I will be in trial in Juneau during the first week of June.

If you have any questions about the above, feel free to contact me. After you have had a chance to digest the above comments, let me know what you would like to do about bifurcation and discovery, including the depositions. We can then address the matters accordingly.

                              Sincerely,

                              KENNETH W. LEGACKI, P.C.

                              Kenneth W. Legacki

KWL/ksh
Enclosure
cc:   Gary Zipkin, Esq. (w/encl.)

EXHIBIT C
Page 2 of 2