Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail: legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, | ) ) ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-0204-TMB |
| | ) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF
COURT'S MAY 23, 2007 ORDER**

Plaintiff Ronald Weilbacher, by and through counsel, pursuant to Local Rule 59.1, hereby moves for reconsideration of this Court's May 23, 2007 Order [Docket No. 145] granting Progressive's Motion to Strike Plaintiff's Expert Witness Disclosure and Report/Opinions of Expert Witness [Docket No. 128], excluding the expert witness report of Stan Garlington.

### I.  THE REPORT IS NECESSARY TO PLAINTIFF'S CASE AND USEFUL TO THE COURT.

Mr. Garlington has 37 years of insurance industry experience, including 11 years with the Alaska Division of Insurance. He has substantial experience in developing and modifying insurance provisions to comply with requirements of Alaska state law, knowledge of the documents normally maintained by insurers, and experience in dealing with bad faith conduct. Mr. Garlington reviewed the record in this case and expressed opinions on the conduct of Progressive. Mr. Garlington has specific technical or specialized knowledge which can be of assistance to the trier of fact. See Evidence Rule 702. Mr Garlington has opined that Progressive Insurance has failed to produce or maintain a documentary record sufficient to explain its position regarding insurance provisions which allegedly were crafted with a view to complying with unique Alaska legal issues concerning loss of society as an independent injury which gives rise to an independent right and claim. See Gillispie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992).

Mr. Garlington's experience provides a basis for his opinions that Progressive has violated its duties, and acted in bad faith. The Court has ruled that this expert evidence is to be excluded because plaintiff did not show that this report was directly related to newly produced evidence.

### II.  THE REPORT RELATES TO NEW EVIDENCE.

Progressive told the Court and plaintiff that key policy provisions were

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MAY 23, 2007 ORDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 6

developed to comport with Alaska law on independent claims as expressed in <u>Gillispie</u>. Weilbacher's Opposition to the Motion to Strike Expert Witness Disclosure [Docket No. 137] explains in detail how Progressive first refused to produce documents related to the drafting history and interpretation of the subject provision saying such evidence was work product. [Docket No. 137 at 4]. Progressive maintained it was obvious that the disputed provision took Alaska law into account. [Docket No. 56].

Progressive represented that materials existed. It was imperative that Weilbacher's insurance expert have such materials prior to expressing opinions on Progressive's conduct. This Court ruled that materials were sufficiently relevant to reject a claim of work product privilege and it compelled production.

Progressive then stated that no such materials exist. This change of position revealed for the first time that Progressive did not have documentary evidence showing its development of policy language to comport with the requirements of Alaska law.

Not only the existence of drafting history and interpretative documents (initially claimed to be work product), but <u>also the non-existence of such documents</u> is "evidence" upon which the expert may base his report. Mr. Garlington's report tracks the inquiries of the Alaska Division of Insurance and Progressive's ambiguous (and artfully vague) responses concerning the policies it markets in this state. It was reasonably anticipated (based on Progressive's objections) that information existed concerning the interpretation of the subject provisions. It was proper to obtain such

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MAY 23, 2007 ORDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 6

information prior to rendering any opinions.  It is now reasonable to render an opinion based on new evidence that Progressive has no drafting history or interpretative materials.  The <u>failure</u> of a person to do what is reasonably called for can be the basis for an opinion and finding of improper conduct.  Acts of omission can be as probative as acts of commission in judging Progressive's refusal to accept Weilbacher's claim for loss of society.

The "newly discovered evidence" is that Progressive <u>has no documents explaining the drafting history or interpretation of policy provisions which appear to violate Alaska law.</u>  Once Progressive changed its position and admitted it has no relevant drafting history or interpretative documents, Garlington assessed Progressive's conduct based on other materials.  It would be extremely prejudicial to plaintiff to bar Mr. Garlington's report and testimony when all parties relied on Progressive's representations that it was holding back important work product protected materials.  In the context of the discovery misrepresentations here, the Court should allow the challenged expert report, as well as consider sanctions for the misleading conduct of Progressive.  <u>See</u> William W. Schwarzer, *Sanctions Under The New Federal Rule 11 – A Closer Look*, 104 F.R.D. 181 (1985).

### III. GARLINGTON ADDRESSES NEW DEFENSES.

Progressive was allowed to amend its Answer and Affirmative Defenses on November 14, 2006, after the close of discovery.  [Docket No. 103]  Mr. Garlington addresses these newly raised defenses in his report.  [<u>See</u> Garlington Report at 40-41]

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MAY 23, 2007 ORDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 6

It is prejudicial to allow Progressive to assert newly minted defense theories and prevent Weilbacher from meeting these defenses through expert testimony.

## **CONCLUSION**

Ronald Weilbacher followed the evidence where it led.  When confronted with Progressive's stonewalling regarding production of drafting history and interpretative documents, Weilbacher obtained an order compelling production. [Docket No. 103]   Progressive has now changed its representations to this Court.  The new evidence is that Progressive's assertions that it carefully analyzed its insurance contract in light of unique Alaska law are false.  This evidence is an important basis of Mr. Garlington's report.  Neither the Court nor Mr. Weilbacher could anticipate that documents which Progressive fought to withhold do not exist.  This is a new fact and it permeates the expert witness report and anticipated testimony.  An act of omission may have equal relevance as an act of commission.   Mr. Weilbacher respectfully requests that this Court reconsider its Order excluding Mr. Garlington's expert report.

DATED this 31st day of May, 2007, at Anchorage, Alaska.

        KENNETH W. LEGACKI, P.C.
        Attorney for Plaintiff

    By    s/Kenneth W. Legacki
        Kenneth W. Legacki
        Alaska Bar No. 8310132
        425 G Street, Suite 920
        Anchorage, AK  99501
        Phone: (907) 258-2422
        Fax: (907) 278-4848
        E-mail: legacki@gci.net

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MAY 23, 2007 ORDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 6

I HEREBY CERTIFY that on the 31st day of
May, 2007, a copy of the foregoing
document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

      s/Kenneth W. Legacki      

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MAY 23, 2007 ORDER
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 6