Page 138

```
 1   provision that Progressive is applying to whether
 2   there's coverage or not for an additional separate
 3   claim by the Weilbachers.
 4       MR. ZIPKIN: You said Gillispies when you meant
 5   the Weilbachers.
 6       THE WITNESS: I did. I'm sorry.
 7       MR. LEGACKI: We can go off record for a couple
 8   minutes.
 9       (Thereupon, a brief recess was taken, after
10   which the following proceedings were had:)
11  BY MR. LEGACKI:
12       Q. Would you mind looking at the statutes again, I
13   gave you, Exhibit --
14       A. Thanks. I have that.
15       Q. Look at the 09.55.570, it's a survival statute.
16   Do you see that?
17       A. Yes, I'm reviewing it.
18          I've reviewed it now, thank you.
19       Q. It seems to distinguish AS 09.15.010, doesn't
20   it, from any other derivative action or any other action
21   that have taken -- a parent could recover, otherwise?
22       MR. ZIPKIN: Objection. That statute says
23   nothing about the word "derivative" and you acted
24   like it was in there.
25       THE WITNESS: First I'd like to recognize that's
```

Page 139

```
 1   one of the world's run-on sentence's, just goes on
 2   forever. [as spoken]
 3       I'm trying to subdivide the sentence to get the
 4   relevant portions to respond to your question. And
 5   what I come up with, is all causes of action by one
 6   person against another, whether arising on contract
 7   or otherwise -- I'm taking out the exception --
 8   "Survived to the personal representatives of the
 9   former and against the personal representatives of
10   the latter being, but shall not be construed" -- I'm
11   deleting that portion -- "to defeat or prejudice the
12   right of action given by AS 09.15.010. So I've
13   taken out the, what I think is the portion not
14   relevant to your question.
15  BY MR. LEGACKI:
16       Q. Sure.
17       A. I read that to say, on first impression, that
18   all causes of action survive, provided that they do not
19   defeat or prejudice the right of action under AS
20   09.15.010.
21       MR. ZIPKIN: I'll just add an objection, calls
22   for legal conclusion. It's all irrelevant anyway.
23  BY MR. LEGACKI:
24       Q. So basically it's saying that the claim of AS
25   09.15.0101 should not be prejudiced in any way?
```

Page 140

```
 1       MR. ZIPKIN: Calls for legal conclusion. And
 2   it's irrelevant.
 3       THE WITNESS: The phrase "but this shall not be
 4   construed" is a bit ambiguous. I take it to mean
 5   that this section shall not be construed to, quote,
 6   defeat or prejudice the right of action given by AS
 7   09.15.010, close quote.
 8  BY MR. LEGACKI:
 9       Q. And: The personal representatives may maintain
10   an action thereon against the party against whom the
11   cause of action accrued, or, after the party's death,
12   representative against the personal representatives of
13   the party.
14          Correct?
15       A. That's what it says.
16       Q. Like The Estate of Heidi Weilbacher against the
17   Estate of Robert Esper?
18       MR. ZIPKIN: Object to form. That's not a
19   complete question.
20  BY MR. LEGACKI:
21       Q. Is that what basically -- is that a good analogy
22   of what we're talking about here?
23       MR. ZIPKIN: Same objection.
24       THE WITNESS: This authorizes a cause of action
25   by the personal representatives, the way I read it,
```

Page 141

```
 1   the sentence you refer to in particular.
 2  BY MR. LEGACKI:
 3       Q. Right. For the wrongful death of -- let's
 4   assume personal representative of -- rob Weilbacher and
 5   Kathy Mauro, personal representative of the Estate of
 6   Heidi Weilbacher versus, I think it's John Esper, the
 7   father, personal representative of the Estate of Robert
 8   Esper.
 9       A. Even as a hypothetical, you're including in
10   there information that I'm simply not familiar with
11   sufficiently to say yes or no.
12       Q. On his personal rep for the estate versus the
13   personal rep for the decedent's estate -- or tort
14   feasor's estate?
15       A. I simply, as I indicated this morning, haven't
16   reviewed those court files, case files to know enough
17   about --
18       Q. I'm just making it easier, if you do this
19   analysis, you want to put the name -- the Estate of
20   John -- Jane Doe versus the Estate of Harry Smith, would
21   that be easier for you?
22       MR. ZIPKIN: I'll offer another stipulation to
23   move things along. We stipulate, Progressive
24   stipulates that a parent has a cause of action for
25   loss of society that survives the death of the child
```

Page 142

1  since it is, in fact, oftentimes based on the death
2  of the child. So, yes, a cause of action under AS
3  09.15.010 survives the death of the child, if that
4  helps, if that moves things along.
5  BY MR. LEGACKI:
6     Q. And that -- you would agree with that? Or do
7  you know?
8     A. I've given my interpretation of the statute and
9  done my best to apply it to the roles that you
10 identified.
11    Q. Have you ever done any consulting work, have --
12 have -- have -- regarding any other claim under AS
13 09.15.010?
14    A. Any consulting work separately from this case?
15    Q. Yes.
16    A. Not to my recollection. I did mention this
17 morning my involvement with Teel, but it did not involve
18 that particular section.
19    Q. Right. But this is the first case that you've
20 had dealing with 09.15.010?
21    A. To the best of my recollection, that's correct.
22    Q. And you got a review of the State documents that
23 Progressive sent to you regarding to -- the insurance
24 commissioner, regarding the policy?
25    A. I reviewed the documents that Progressive filed

Page 143

1  with the Division in support of its proposal to change
2  its policy language between the years 1997 and 1999. I
3  requested those documents from Guess & Rudd, specifically
4  from Ms. Tinker Bray, who obtained the copies for me.
5     Q. And in those documents, was there any reference
6  to definition of bodily injury, as far as whether or not
7  it excludes or includes an AS 09.15.010 claim?
8        MR. ZIPKIN: For the record, Progressive has
9  never taken the position that the policy excludes a
10 claim for loss of society pursuant to that statute.
11 It just doesn't trigger a separate per-person limit.
12       THE WITNESS: I couldn't answer the question
13 with certainty without going back through those
14 documents. But when I wrote my report, based on
15 what I felt were the important lessons from review
16 of those division documents, I did not find -- I did
17 not make reference to subject matter you're
18 questioning.
19       MR. LEGACKI: No further questions.
20              EXAMINATION
21 BY MR. ZIPKIN:
22    Q. Mr. Lohr, is it your understanding that
23 Mr. Weilbacher is pursuing a claim for loss of society
24 for the death of his daughter?
25    A. Yes, I can't say -- recall for sure whether it's

Page 144

1  loss of society or loss of consortium, but I tend to use
2  those terms interchangeably. And I know this was one or
3  the other, that it was not a claim for negligent
4  infliction of emotional distress.
5     Q. Okay. Does the Progressive policy allow the
6  recovery under the policy of insurance benefits under the
7  underinsured motorist coverage for such a claim, assuming
8  it's a valid claim that can be documented, proven under a
9  single per-person limit?
10    A. Yes, it does.
11    Q. Is there anything that you have found that
12 suggests that having a policy language that limits the
13 recovery to a single per-person limit is against public
14 policy?
15    A. No, I have found nothing of the sort.
16    Q. And in the cases that Mr. Legacki has discussed
17 with you today, have any of them suggested that an
18 insurer cannot do what Progressive did and limit the
19 recovery of a loss of society claim to a single
20 per-person limit?
21    A. No.
22    Q. And then, more broadly, has anything Mr. Legacki
23 has asked or suggested to you, has any of that, over the
24 hours that we've been here, led you to believe that you
25 should change any of the opinions or conclusions

Page 145

1  expressed in your report?
2     A. No.
3        MR. ZIPKIN: I have nothing further.
4        MR. LEGACKI: No further questions.
5        (Whereupon, the deposition was concluded
6        and reading and signing of said deposition
7        was not waived.)

Robert Lohr                     Deposition                          July 26, 2006

Page 146

```
                WITNESS CERTIFICATE
    RONDALD WEILBACHER VS. PROGRESSIVE, CASE NO. 3:05-cv-0204
 2  ROBERT A. LOHR        Taken July 26, 2006
    I hereby certify that I have read the foregoing
 3  deposition and accept it as true and correct, with the
    following exceptions:
 4  ================================================
 5  Page  Line       Reason For Change
 6  ================================================
 7  _____
 8  _____
 9  _____
10  _____
11  _____
12  _____
13  _____
14  _____
15  _____
16  _____
17  _____
18  _____
19  _____
20  _____
21  _____
22  Date Read         (Sign name here)
23
24  (Use additional paper to note corrections as needed,
25  dating and signing each one.)
```

Page 147

```
 2              REPORTER'S CERTIFICATE
 3
 4
 5      I, Britney E. Chonka, Court Reporter, hereby
 6  certify:
 7      That I am a Court Reporter for Alaska Stenotype
 8  Reporters and Notary Public in and for the State of
 9  Alaska at large. I certify Hereby that the forgoing
10  transcript is a true and correct transcript of said
11  proceedings taken before me at the time and place stated
12  in the caption therein.
13      I further certify that I am not of counsel to
14  either of the parties hereto or otherwise interested in
15  said cause.
16      In witness whereof, I hereunto set my hand and
17  affix my official seal this 14th day of August, 2006.
18
19
20      _____
21           BRITNEY E. CHONKA, REPORTER
22           Notary Public - State of Alaska
23
24
25
```

EXHIBIT 23 PAGE 38 of 38 PAGES           38 (Pages 146 to 147)