Aisha Tinker Bray
Gary A. Zipkin
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com
Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, )<br>)<br>       Plaintiff, )<br>)<br>   v. )<br>)<br>PROGRESSIVE NORTHWESTERN )<br>INSURANCE COMPANY, )<br>)<br>      Defendant. )<br>_____ ) | 3:05-cv-204-TMB |

**PROGRESSIVE'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (PURSUANT TO THE COURT'S JUNE 5, 2007 ORDER)**

Despite plaintiff's counsel's best efforts to manufacture a close connection between Progressive's decision to assert an advice of counsel defense and plaintiff's retention of Stan Garlington, Mr. Garlington's report has nothing to do with Progressive's advice of counsel defense and barely even mentions or addresses Mr. Withers' telephone conversations with attorney Dan Quinn. Instead, it is clear that Mr. Garlington was retained in an untimely effort to provide "expert" support for new bad faith claims not found in the Complaint, and a review of Mr. Garlington's report shows it to be nothing less than a scattergun assault on every possible aspect of Progressive's general claims handling procedures and policies.

Progressive amended its Answer to assert advice of counsel based on Mr. Withers' two brief phone conversations with attorney Dan Quinn, during which Mr. Quinn advised Mr. Withers that: (1) the Alaska Supreme Court's decision in <u>Teel v. Allstate</u> did not require payment of a separate, "each person" policy limit of underinsured motorist coverage as plaintiff's attorney had told Mr. Withers, and (2) plaintiff's claim for loss of consortium/society would be controlled by the language in Progressive's policy.  <u>See</u> Progressive's Motion for Summary Judgment at 38-39 (DE#133).  Mr. Garlington's report does not address the substance of these phone conversations and mischaracterizes them as a request for a "coverage opinion." Plaintiff's suggestion that Mr. Garlington was specifically retained to address these calls is a pure invention.

The <u>only</u> references in Mr. Garlington's 68-page report to Mr. Withers' telephone conversations with Mr. Quinn are found at the bottom of page 40, the top of page 41, and footnote 12 on page 41.  Nowhere in his report does Mr. Garlington even attempt to address the substance of Mr. Quinn's advice or whether Progressive could reasonably have relied on that advice.  No doubt that is because Mr. Garlington is in no position to argue the merits of that advice, since he himself is not an attorney. Instead, and to the extent he addresses the subject at all, Mr. Garlington focuses on Mr. Withers' purported lack of documentation of the conversations -- despite the very clear adjuster notes regarding those conversations -- to argue non-compliance with Alaska's Unfair Claims Settlement Practices Act. In reality, some 98% of Mr. Garlington's report is completely unrelated to these phone conversations.  Plaintiff's real purpose for retaining Mr. Garlington is to have him unleash a wholesale assault on every possible aspect of Progressive's

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion for Reconsideration Pursuant to the Court's Order of June 5, 2007
Page 2 of 6

claim handling policies and procedures <u>other</u> than the merits of
contacting Dan Quinn.

 It is worth noting that the plaintiff's Complaint does
not even assert claims regarding the Unfair Claims Practices Act
or any aspect of Progressive's claims handling policies,
procedures, or internal controls.[1]  In Paragraph I of his
Complaint, Mr. Weilbacher states that "[t]his is an action to
recover damages for failure to pay a claim under an underinsured
motorist insurance policy."  Complaint at 1 ¶1.  In Plaintiff's
Initial Discovery Disclosures, Mr. Weilbacher identified his
categories of damages as follows:

> [D]amages for loss of consortium, emotional distress,
> and general compensation because of the loss of his
> daughter, and he also requests punitive damages for
> the failure to pay under the insurance policy.

DE#133, Ex. Q.  This case involves the proper legal
interpretation to be given to the policy provision in question.
Mr. Garlington's opinions (all of which Progressive contends are
erroneous or misleading in the extreme) are not relevant to the
claims which are actually at issue.  Rather, they are designed
to support new bad faith claims belatedly manufactured by the
witness in concert with plaintiff's counsel.

 Mr. Garlington criticizes Progressive's purported lack
of documentation regarding a "coverage opinion," but Mr. Withers
<u>never even asked</u> Mr. Quinn for a coverage opinion with regard to
plaintiff's claim.  Insurance coverage for Mr. Weilbacher's loss
of society claim was not an issue, since Progressive repeatedly
acknowledged that Mr. Weilbacher <u>did</u> have underinsured motorist

---

[1]  Since these claims were never asserted, no discovery was actually conducted
on these claims.  Not once in all of plaintiff's discovery requests did
plaintiff seek information on Progressive's claims handling practices,
procedures, or internal controls.

Case No. 3:05-cv-204-JWS   <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion for Reconsideration Pursuant
to the Court's Order of June 5, 2007
Page 3 of 6

coverage for his loss of consortium/society claim.  In fact, Progressive paid the full "each person" policy limit applicable to that claim and other claims.  Progressive simply denied that it owed Mr. Weilbacher a <u>separate</u> "each person" policy limit in addition to the "each person" limit which was already paid.

Contrary to Mr. Garlington's suggestions, Progressive did not retain Mr. Quinn to undertake a review of Mr. Weilbacher's claim, or to review the specific policy at issue, or to provide a written opinion regarding any aspect of Mr. Weilbacher's claim.  As Mr. Quinn testified at his deposition:

> What I looked at was the Teel case because the question was, does the Teel case address the issue of a separate per person limit. And I looked at the Teel case, and I said — I concluded that it doesn't address the issue of a per person limit.
> * * *
> What I do recall saying is that generally, consortium claims, in my view, do not give rise to a separate per person limit.

Exhibit A at 17:16-20 & 13:7-9.[2]  It is axiomatic that Mr. Quinn did not undertake the task of providing a coverage opinion.  In fact, he sent no engagement letter and did not even bill for the time he spent speaking with Mr. Withers on the phone.  <u>Id</u>. at 5:19-22.  In effect, to the extent he even discusses the subject at all, Mr. Garlington attacks a figment of his own imagination.

Contrary to plaintiff's suggestion, Progressive did <u>not</u> wait until November 14, 2006 to add the affirmative defense of advice of counsel.  During the deposition of Danny Withers on July 12, 2006, it became clear that plaintiff's attorney wanted

---

[2]  Despite the court's clear, unambiguous order regarding the scope of Mr. Quinn's deposition, Mr. Legacki intentionally and blatantly flouted the court's order.  <u>See</u> Exhibit A.  As just one egregious example, Mr. Legacki went so far as to question Mr. Quinn regarding the very recent decision by the Alaska Supreme Court in <u>Ayres v. United States Auto. Assoc.</u>, No. 6127 (Alaska May 25, 2007).  <u>Id</u>. at 20:10-15.

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion for Reconsideration Pursuant to the Court's Order of June 5, 2007
Page 4 of 6

to question Mr. Withers regarding his phone conversations with
Dan Quinn, referenced in his adjuster's notes.[3]  As an
accommodation to plaintiff's attorney, Progressive waived the
attorney-client privilege solely with regard to those phone
conversations.  The very next day, July 13, 2006, Progressive
identified Mr. Quinn as a person with potentially relevant
information and, on July 17, 2007, Progressive filed its Motion
to Amend Answer to conform its affirmative defenses to the
information and evidence which had been <u>elicited by plaintiff's
counsel</u> during Mr. Withers' deposition.  In other words,
plaintiff introduced this evidence and Progressive simply moved
to conform its Answer to that evidence.  Discovery then closed
on July 28, 2006.  Plaintiff had every opportunity to depose Mr.
Quinn regarding his telephone conversations with Mr. Withers
prior to the close of discovery.  He simply chose not to do so.

        Mr. Garlington's report is irrelevant to the issue in
this case and it is abundantly clear that he was not retained in
response to Progressive's decision to permit questioning of Mr.
Withers regarding his phone conversations with Mr. Quinn.  A
review of his 68-page report reveals that he was retained to
launch a scattergun-style attack on every conceivable aspect of
Progressive's claim handling policies and practices, not because
Progressive chose to waive the attorney/client privilege with
respect to the phone conversations between Mr. Withers and Mr.
Quinn.  Plaintiff's motion for reconsideration is without merit
and should be denied.

---

[3]  Mr. Withers' deposition was delayed to July 2006 by plaintiff's choice.
Progressive made Mr. Withers available for his deposition in April 2006,
immediately after the hearing on plaintiff's first Rule 56 motion; plaintiff
chose to wait until July.  <u>See</u> DE#43.

Case No. 3:05-cv-204-JWS  <u>Weilbacher v. Progressive Northwestern Ins. Co.</u>
Progressive's Opposition to Plaintiff's Motion for Reconsideration Pursuant
to the Court's Order of June 5, 2007
Page 5 of 6

DATED at Fairbanks, Alaska, this 7th day of June, 2007.

                    GUESS & RUDD P.C.
                    Attorneys for Progressive
                    Northwestern Insurance Company

          By:  ___/s/Aisha Tinker Bray___
                    Guess & Rudd P.C.
                    100 Cushman Street, Suite 500
                    Fairbanks, Alaska 99701
                    Phone: 907-452-8986
                    Fax:   907-452-7015
                    Email: atbray@guessrudd.com
                    Alaska Bar No. 9505028


CERTIFICATE OF SERVICE
I hereby certify that on the
7th day of June, 2007, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:___s/Aisha Tinker Bray___

Case No. 3:05-cv-204-JWS  Weilbacher v. Progressive Northwestern Ins. Co.
Progressive's Opposition to Plaintiff's Motion for Reconsideration Pursuant
to the Court's Order of June 5, 2007
Page 6 of 6