IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,<br><br>    Plaintiff,<br><br>  vs.<br><br>PROGRESSIVE NORTHWESTERN INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:05-cv-204 TMB<br><br>**O R D E R**<br>**Re: Motion for Summary Judgment**<br>**Docket 132** |

## MOTION PRESENTED

Presently before this Court is Defendant's Motion for Summary Judgment.[1] This matter has been fully briefed, and oral argument was held on June 15, 2007. The Court now enters the following order.

## BACKGROUND

On July 9, 2001, Plaintiff's daughter died in an automobile accident while riding in a vehicle driven by Robert M. Esper. Esper's insurance coverage was insufficient to fully compensate all the victims of the accident. At the time of the accident, Plaintiff had an automobile policy with Defendant Progressive Northwestern Insurance Company ("Progressive"). After exhausting all other policy limits, Weilbacher formally requested policy limits from Progressive under the underinsured motor vehicle bodily injury liability coverage ("UIMBI") on behalf of the Estate of Heidi Weilbacher, Mr. Weilbacher, and Heidi's mother, Cathie Mauro.

On February 24, 2004, Progressive paid what it believes to be the full policy limits for UIMBI coverage for the claim of the Estate of Heidi Weilbacher and all related claims of Mr. Weilbacher and Cathy Mauro. Thereafter, in October 2004, Weilbacher requested that Progressive pay him an additional, separate "each person" policy limit under his policy's UIMBI coverage. Progressive acknowledged that Weilbacher had UIMBI coverage under his policy, but denied his

---

[1] Docket 132.

1

claim on the grounds that his claim under AS 09.15.010 for loss of consortium/loss of society was within the same "each person" policy limit as the UIMBI claims it already had paid. In other words, Weilbacher's claim was not denied on the basis of lack of UIMBI coverage. Rather, the claim was denied on the basis that Progressive believed it already had been paid.

It is undisputed that: (1) Mr. Weilbacher is an "insured person" as the named insured, or **you**, under the policy; (2) Mr. Weilbacher's daughter Heidi sustained serious bodily injury and died as the result of an automobile accident wherein she was a passenger in an underinsured motor vehicle; and (3) Mr. Weilbacher is entitled to recover damages as a result of Heidi's death under AS 09.15.010 from the operator of the underinsured motor vehicle. It is not disputed for purposes of this motion practice that Heidi was a "relative" of Mr. Weilbacher and, thus, also an "insured person" under the policy since Heidi was living with Weilbacher at the time of the accident. It is also assumed that Weilbacher's damages as a result of Heidi's death exceed the amounts he has already recovered from the various insurers involved. Furthermore, Weilbacher has admitted that his claim in this matter is solely for loss of society/loss of consortium under AS 09.15.010 as a result of the loss of his daughter, and is *not* a claim for negligent infliction of emotional distress (NIED).[2]

Weilbacher filed this action against Progressive, claiming Progressive breached the insurance contract and acted in bad faith by denying his claim for an additional, separate "each person" UIMBI coverage policy limit for his loss of society/loss of consortium claim under AS 09.15.010. Weilbacher seeks both compensatory and punitive damages based on his allegations. Pursuant to Federal Rule of Civil Procedure 56(c), Progressive moves for summary judgment on all of Plaintiff's claims.

## STANDARD OF REVIEW

Whether Progressive breached the insurance contract is a question of contract interpretation and, therefore, a matter of law. There are no issues of material fact.

---

[2] See Docket 133 at 8. At oral argument, the parties appeared to be in agreement that a NIED claim is a "sensory observation claim," requiring the parent to be involved in the accident where the child is injured or killed. See also *State Farm v. Dowdy*, 111 P.3d 337, 343 (Alaska 2005) (defining the elements of NIED). Weilbacher was not involved in the car accident that took his daughter's life.

## DISCUSSION

Progressive argues it is entitled to summary judgment on all of Plaintiff's claims in this matter because: 1) Progressive properly denied Weilbacher's claim for a second, separate "each person" policy limit of underinsured motor vehicle bodily injury liability ("UIMBI") coverage for his loss of society/consortium claim under AS 09.15.010 based on the clear, unambiguous terms of his Progressive policy; (2) Weilbacher's misrepresentations, omissions, and incorrect statements on his insurance application render the policy void ab initio under AS 21.42.110; and (3) since Progressive both properly denied plaintiff's UIMBI claim and had reasonable bases for its decision and Weilbacher did not suffer any compensable harm as a result of Progressive's denial, Progressive cannot have committed the tort of insurance bad faith as a matter of law. Additionally, Progressive argues that Weilbacher cannot recover punitive damages because his bad faith claim fails as a matter of law and Progressive's conduct does not rise to the level of outrageous and malicious conduct necessary to support punitive damages.

Under Alaska law, "A parent may maintain an action as plaintiff for the injury or death of a child below the age of majority. A guardian may maintain an action as plaintiff for the injury or death of a ward."[3] This procedural rule has been interpreted by the Alaska Supreme Court to include a parent's right to recover "loss of society" damages.[4]  "Without question, the death of one's own child is the greatest loss a parent may suffer.  It is far more than pecuniary; whatever monetary disadvantage a child's death may present to its parents pales in comparison to the immense mental anguish, grief and sense of loss that this event would inevitably cause.  AS 09.15.010 is the appropriate vehicle for recognizing this loss."[5]

There is no dispute that Plaintiff has suffered a tragic loss.  Nor is there a dispute that AS 09.15.010 provides for a "loss of society" by a parent against a tortfeasor in this situation.  The only question is whether the amount already paid by the Progressive policy satisfies AS 09.15.010, or whether Plaintiff is entitled to additional funds from the same policy.

---

[3] AS 09.15.010.

[4] *Gillispie v. Beta Constr. Co.*, 842. P.2d 1272 (Alaska 1992).

[5] *Id.* at 1274.

The relevant policy language includes the following:

> PART III – UNINSURED/UNDERINSURED MOTORIST COVERAGE:
>
> Subject to the Limits of Liability, if **you** pay a premium for Uninsured/Underinsured Motorist Coverage for **bodily injury**, **we** will pay for damages, other than punitive or exemplary damages, which an **insured person** is legally entitled to recover from the **owner** or operator of an **uninsured/underinsured motor vehicle** because of **bodily injury**:
> 1. sustained by an **insured person**;
> 2. caused by **accident**; and
> 3. arising out of the ownership, maintenance or use of an **uninsured/underinsured motor vehicle**.[6]

An "insured person" is defined as:

> a. **you** or a **relative**;
> b. any person **occupying** a **covered vehicle**; and
> c. any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a or b above.[7]

"Bodily Injury" is defined as: "bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease."[8]   Additionally, the policy provides specific language regarding payments to be made in the event that two or more insured persons are injured in the same accident:

> If **your Declarations Page** shows a split limit:
>
> 1. the amount shown for "each person" is the most **we** will pay for all damages due to a **bodily injury** to one (1) person;
> 2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two (2) or more persons in any one (1) accident;
> * * *
> The **bodily injury** Limit of Liability under this Part III for "each person" includes the total of all claims made for such **bodily injury** and all claims derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.[9]

The Alaska Supreme Court applies the doctrine of reasonable expectations when reviewing the terms of an insurance policy: "[I]nsurance contracts are to be construed so as to provide that coverage which a layperson would have reasonably expected from a lay interpretation of the policy

---

[6] Docket 132, Exhibit A at 34.

[7] *Id.* at 35.

[8] *Id.* at 17.

[9] *Id.* at 42.

4

terms. An ambiguity exists when the contract as a whole and the extrinsic evidence support differing reasonable interpretations."[10]  To determine the objectively reasonable expectations, the court looks to: (1) the language of the disputed policy provisions, (2) the language of other policy provisions, (3) relevant extrinsic evidence, and (4) case law interpreting similar provisions.[11]

Progressive argues that a lay person's reasonable expectations from the plain language of the policy would be that the "each person" limit is the most Progressive will pay for all damages due to bodily injury to one person, including all claims derived from such bodily injury such as loss of consortium/society claims. Although Weilbacher and his daughter both were "insured persons" under the policy, Progressive argues that only Heidi sustained "bodily injury" in the accident. Accordingly, based on the foregoing policy language, the limit of liability for one person is the most that Progressive should have to pay in this case, including any claim that Weilbacher may have for loss of society.  Under the clear, unambiguous policy language, Progressive argues that there is simply no more UIMBI coverage available for Weilbacher's current claim, noting that the statute gives him the *claim*, but it doesn't change the policy language of this particular policy.[12]

Weilbacher argues that despite the plain language of the policy, AS 09.15.010 entitles him to a separate "per person" limit from that paid for his daughter. Alternatively, Weilbacher rationalizes that his loss as a parent meets the requirement of a "bodily injury" under the language of the policy, and that the "each person" limit should therefore apply to both he and Heidi.[13]  Rebutting the plain reading of the policy language, Weilbacher argues that Progressive's policy language is boilerplate language which has not been modified to comply with Alaska law.  Progressive suggests that Weilbacher is confused by the fact that, while he has an independent claim for loss of consortium/

---

[10]*Serradell v. Hartford Acc. & Indem.*, 843 P.2d 639, 641 (Alaska 1992) (citing *Stordahl v. Government Employees Ins. Co.*, 564 P.2d 63, 66 (Alaska 1977)).

[11]*State Farm Fire and Cas. Co. v. Bongen,* 925 P.2d 1042, 1047 (Alaska 1996).

[12]Progressive notes that not all policies are drafted the same. While some policies allow for a separate claim for a loss of society, Progressive observes that this particular policy was not drafted to allow a separate claim.

[13]See Docket 150 at 11 ("[U]nder Alaska law he has a separate and independent claim for loss of society which is his separate bodily injury.")

5

society under AS 09.15.010, his claim is still derivative of and subject to the same "each person" UIMBI policy limit as his daughter's wrongful death claim under the policy language at issue.

The Court concludes that the plain meaning of the policy language is clear, and that Weilbacher's argument must fail. Under the plain meaning of the policy language, only one person, Heidi, sustained bodily injury in the car accident. The Policy states that "[t]he bodily injury Limit of Liability . . . for 'each person' includes the total of all claims made for such bodily injury and all claims derived from such bodily injury, including . . . loss of society [and] loss of consortium."[14] Mr. Weilbacher did not sustain a bodily injury. His loss of consortium claim is derived from his daughter's bodily injury, and thus is subject to the same "each person" limit of liability. This conclusion is supported by Alaska caselaw.

In *State Farm Mut. Auto Ins. Co. v. Lawrence*, the Alaska Supreme Court distinguished emotional distress claims from loss of consortium: "Unlike claims for loss of consortium, claims for emotional distress concern injuries that the claimants have suffered directly, rather than derivative injuries that resulted from an injury to another."[15]

In *State Farm Mut. Automobile Ins. Co. v. Dowdy,* the Alaska Supreme Court addressed the issue of whether a claim for loss of consortium/society triggered separate "per person" UM/UIM policy limits. It concluded that whether an insurance claim triggers a separate "each person" policy limit under UIMBI coverage depends on the particular policy language at issue.[16]

In *Allstate Insurance Co. v. Teel*, the Alaska Supreme Court again distinguished claims for NIED and claims for loss of society and loss of consortium. It noted that "[c]laims of [negligent infliction of] emotional distress are fundamentally different from derivative claims, such as loss of consortium" because "[u]nlike claims for loss of consortium, claims for emotional distress concern

---

[14]*Id.* at 42.

[15]*State Farm Mut. Auto Ins. Co. v. Lawrence*, 26 P.3d 1074, 1079 (Alaska 2001).

[16]*State Farm Mut. Automobile Ins. Co. v. Dowdy*, 111 P.3d 337, 341 (Alaska 2005) (citing *Wold v. Progressive Preferred Insurance Co.*, 52 P.3d 155, 166 (Alaska 2002)).

injuries that the claimants have suffered directly, rather than derivative injuries that resulted from injury to another."[17]

Mr. Weilbacher's loss of consortium/society claim is clearly and expressly included in the "each person" UIMBI policy limit which, in this case, already has been paid.  Because the Court has finds that Plaintiff is not entitled to additional payments under the Progressive policy, the Court need not consider the arguments that the policy is void, or that Progressive engaged in bad faith. The issue of punitive damages is similarly moot.

## CONCLUSION

The Motion for Summary Judgment at **Docket 132** is GRANTED, and this matter is DISMISSED with prejudice.   The Request for a Status Conference at **Docket 157** is DENIED AS MOOT.

Dated at Anchorage, Alaska, this 25th day of March, 2008.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[17] *Allstate Ins. Co. v. Teel*, 100 P.3d 2, 4 n.3 (Alaska 2004) (citation omitted).