Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | |
| ) | |
| PROGRESSIVE NORTHWESTERN           ) | |
| INSURANCE COMPANY,           ) | |
| ) | |
| Defendant.           ) | |
| ) | 3:05-cv-204-TMB |

MEMORANDUM IN SUPPORT OF
PROGRESSIVE'S MOTION FOR ATTORNEY'S FEES

Progressive Northwestern Insurance Company ("Progressive") has moved pursuant to Federal Rules of Civil Procedure 54(d)(2), D. Ak. LR 54.3, and Alaska Civil Rules 68 and 82, for an award of attorney's fees against Ronald Weilbacher in the amount of $25,155.50 as the prevailing party in this matter.

Progressive is entitled to an award of fifty percent (50%) of its actual, reasonable attorneys' fees pursuant to Alaska Civil Rule 68(b)(2), which provides as follows:

> If the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer, . . . the offeree . . . shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney's fees incurred by the offeror from the date the offer was made as follows:
>
> * * *
>
> (2)  if the offer was served more than 60 days after the date established in the pretrial order for initial disclosures required by Civil Rule 26 but more than 90 days before the trial began, the offeree shall pay 50 percent of the offeror's reasonable actual attorney's fees;

Alaska Civil R. 68(b)(2).  There is no question that the judgment finally rendered by the court was at least 5 percent less favorable to Mr. Weilbacher than Progressive's offer and that Progressive's Rule 68 offer of judgment was served within the time frame of Alaska Civil Rule 68(b)(2).  *See Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.*, 116 P.3d 592 (Alaska 2005).

On August 28, 2006, Progressive served an Alaska Civil Rule 68 Offer of Judgment on plaintiff Ronald Weilbacher, offering to allow judgment to be entered in his favor in the amount of $100.00.  *See* Exhibit A.  On March 25, 2008, the court granted

Memorandum in Support of Progressive's Motion for Attorney's Fees
Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Page 2 of 5

Progressive's motion for summary judgment and dismissed all of plaintiff's claims against Progressive with prejudice.  DE#158.  On March 26, 2008, the court entered final judgment again dismissing this matter in its entirety with prejudice.  DE#159.  The judgment rendered by the court - dismissal of all of Mr. Weilbacher's claims with prejudice - is clearly at least 5 percent less favorable to Mr. Weilbacher than Progressive's offer to pay him $100.

   Progressive's offer of judgment was served on August 28, 2006.  *See* Exhibit A.  The October 28, 2005, Scheduling and Planning Order (civil pretrial order) set the exchange of Rule 26(a)(1) initial disclosures for November 15, 2005.  Progressive incurred $50,831 in attorneys' fees from August 28, 2006 through the judgment.  *See* Affidavit of Aisha Tinker Bray filed herewith.  A detailed description of all of Progressive's attorneys' fees is attached hereto at Exhibit B.[1]  Since Progressive's offer was served more than 60 days after the date set for the exchange of initial disclosures but more than 90 days before trial, Progressive is entitled to an award of fifty percent (50%) of its reasonable, actual attorneys' fees incurred in this action from August 28, 2006, or $25,155.50.

---

[1] Portions of the narratives of a few select entries, as indicated, have been redacted pursuant to the attorney-client privilege.

Memorandum in Support of Progressive's Motion for Attorney's Fees
Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Page 3 of 5

Alternatively, and at a minimum, Progressive is entitled to attorneys' fees pursuant to Alaska Civil Rule 82.[2]  Alaska Civil Rule 82(b)(2) entitles Progressive as the prevailing party in an action resolved without trial to twenty percent (20%) of its reasonable, actual attorneys' fees for the entire case.  Progressive incurred a total of $108,103.00 in attorneys' fees in this case.  *See* Exhibit B and Affidavit of Aisha Tinker Bray filed herewith.  Pursuant to Rule 82(b)(2), Progressive would be entitled to recover $21,620.60.

For the foregoing reasons, Progressive requests an award of attorneys' fees as against Ronald V. Weilbacher in the amount of $25,155.50, with post-judgment interest accruing at the rate of 7.75%.

---

[2] "Rule 68(c) allows a party to elect the greater of Rule 82 or Rule 68 fees, but not both." *Prentzel v. State, Dept. of Public Safety*, 169 P.3d 573, 595 (Alaska 2007) (citing *Ellison v. Plumbers and Steam Fitters Union Local 375*, 118 P.3d 1070, 1078 (Alaska 2005)).

Memorandum in Support of Progressive's Motion for Attorney's Fees
Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Page 4 of 5

DATED at Fairbanks, Alaska, this 8th day of April, 2008.

                            GUESS & RUDD P.C.
                            Attorneys for Progressive
                            Northwestern Insurance Company

                    By:    /s/Aisha Tinker Bray
                            Guess & Rudd P.C.
                            100 Cushman Street, Suite 500
                            Fairbanks, Alaska 99701
                            Phone: 907-452-8986
                            Fax:   907-452-7015
                            Email: atbray@guessrudd.com
                            Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the
8th day of April, 2008, a copy
of the foregoing document was served
electronically on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By:   /s/Aisha Tinker Bray

Memorandum in Support of Progressive's Motion for Attorney's Fees
Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Page 5 of 5