Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-0204-TMB |
| | ) |

**PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S
MOTION FOR ATTORNEYS FEES**

A. **THE CIVIL RULE 68 OFFER OF JUDGMENT DOES NOT APPLY IN THIS CASE BECAUSE A JUDGMENT WAS ENTERED AGAINST THE PLAINTIFF AND IN FAVOR OF THE DEFENDANT.**

Defendant Progressive Northwestern Insurance Company argues that since it prevailed in this matter, and a judgment was entered against Plaintiff Ronald Weilbacher, it is entitled to enhanced attorneys fees under Civil Rule 68. According to the United States Supreme Court decision in <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 101 S. Ct. 1146 (1981), the defendant misreads the rule.

As the <u>Delta Air Lines</u> case held, when a judgment is entered against the plaintiff/offeree, and in favor of the defendant/offeror, the rule has no applicability. The plain reading of the rule indicates that only when a judgment on which the plaintiff prevails is less than the offer of judgment made by the defendant, does Rule 68 become applicable. If the defendant obtains a judgment against the plaintiff, then a Rule 68 offer of judgment never takes effect.

Since this Court ruled that the defendant prevailed in this matter, and gave judgment to the defendant, Rule 68 is not applicable.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS FEES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 11

**B. CIVIL RULE 68 ONLY ALLOWS COSTS, AND NOT ATTORNEY FEES, TO BE AWARDED IF THE DEFENDANT BEATS THE OFFER OF JUDGMENT.**

Defendant Progressive may argue that because this is a diversity case, Alaska law should apply to Rule 68 offers of judgment, which would allow enhanced attorneys fees. However, an Alaska case that was appealed to the Ninth Circuit previously addressed this issue and held that enhancement provisions under the state rule do not apply in Federal Court when a Rule 68 offer of judgment is made.

In The Home Indemnity Co. v. Lane Powell Moss & Miller, 43 F.3d 1322 (9th Cir. 1995), the court held:

> Federal procedural rules govern in diversity actions. "If there is a federal rule of procedure covering a particular point of practice or pleading in dispute, such rule governs in a federal diversity action even if resort to state law would lead to a different result." Santana v. Holiday Inns, Inc., 686 F.2d 736, 740 (9th Cir. 1982).

Id. at 1332.

Under the Federal rule, in determining the remedy for failure to accept a valid Rule 68 offer of judgment, the remedy is only costs of the litigation, not attorney fees. See Fed. R. of Civ. P. 68.

Therefore, assuming the Court does find the offer of judgment under Federal Rule of Civil Procedure 68 was valid, only costs, and not attorneys fees, should be awarded.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS FEES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 11

**C.  THE CIVIL RULE 68 OFFER IS INVALID; THEREFORE, DEFENDANT IS NOT ENTITLED TO ENHANCED ATTORNEYS FEES.**

Defendant's Civil Rule 68 offer of judgment is invalid for two reasons. First, the offer of judgment is invalid because it did not comport with the rule which mandates that "a party defending against a claim may serve . . . an offer to allow judgment on specified terms, <u>with</u> <u>the</u> <u>costs</u> <u>then</u> <u>accrued</u>."

The second reason for the invalidity of the offer of judgment is that it was a sham offer and sham offers are deemed to be invalid as a matter of law.  See <u>Delta Air Lines, Inc. v. August,</u> 450 U.S. 346, 356 (1981).

**1.  The Offer Did Not Comport to the Requirements of Rule 68 to Be a Valid Offer.**

The rule contemplates that the offer of judgment at least cover the costs then accrued at the time the offer is made.

Under Rule 68, an offer of judgment, in order to be valid, must incorporate at least the costs that had accrued at the time the offer of judgment was made.  Defendant made an offer of judgment for $100.00, which does not cover the initial filing fee of $150.00 paid by Plaintiff Weilbacher, <u>see</u> Exhibit 1, attached hereto, let alone the service of process fees and also any attorney fees that would have been awarded to the plaintiff.  See <u>Delta Air Lines,</u> 450 U.S. at 362-363.

Therefore, on the face of the rule itself, the offer of judgment is invalid.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS FEES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 11

### 2. Sham Offers Are Not Valid Offers.

In <u>Delta Air Lines</u>, the United States Supreme Court held that sham offers are not valid offers because it would be against public policy. An offer of $100.00 was not an attempt to reasonably settle this matter, but it was intended to create a windfall if in fact this Court found in favor of the defendant. The <u>Delta Air Lines</u> Court stated:

> Federal Rules are to be construed to "secure the just, speedy, and inexpensive determination of every action. *Fed. Rule Civ. Proc. 1*. If a plaintiff chooses to reject a reasonable offer, then it is fair that he not be allowed to shift the cost of continuing the litigation to the defendant in the event that his gamble produces an award that is less than or equal to the amount offered. But it is hardly fair or evenhanded to make the plaintiff's rejection of an utterly frivolous settlement offer a watershed event that transforms a prevailing defendant's right to costs in the discretion of the trial judge into an absolute right to recover the costs incurred after the offer was made.

450 U.S. at 356 (footnote omitted).

Clearly, a $100.00 offer of judgment on a case that the defendant incurred over $100,000.00 in attorneys fees was a frivolous, and a sham, offer of judgment and not intended to resolve the case in a fair and equitable manner.

### D. UNDER RULE 82, THE ATTORNEYS FEES WERE NOT REASONABLE AND THE DEFENDANT OVERLITIGATED THIS MATTER.

Under Alaska Rule of Civil Procedure 82, the Court has an obligation to determine if the fees were reasonable. The attorneys fees requested by the defendant are not reasonable in that they overlitigated this matter and filed frivolous and false

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS FEES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 5 of 11

pleadings, as well as filing a sham affirmative defense.

> It is not uncommon for large corporations with vast resources to impede the discovery process through methods and processes that frustrate the production of relevant and unprivileged documents. Courts must be vigilant to prevent that type of conduct when it occurs and must impose meaningful sanctions to protect the integrity of the proceedings before it.

In re The Prudential Ins. Co. of America Sales Practices Litigation, 169 F.R.D. 598, 617 n.15 (D.N.J. 1997).

The defendant obstructed not only discovery in this case, but also made misrepresentations to plaintiff and to the Court in its discovery responses. When the plaintiff initially requested the drafting history of the policy language at issue, the defendant objected to producing documents pertaining to the policy language issue by stating that it was work product in the instant litigation, attorney-client privilege, not relevant, and unduly burdensome to produce.

The plaintiff was forced to file a motion to compel [Docket 46 and 64], which this Court granted [Docket 103]. The defendant opposed the motion to compel, again reiterating that the information was work product, attorney-client privilege, irrelevant and overly burdensome to produce. [Docket 56]

After the Court ordered the compelling of the drafting history of the policy language at issue [Docket 103], the defendant then stated to the Court that the drafting history did not exist. Defendant later justified its obstructionistic behavior by

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS FEES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 6 of 11

stating it did not think plaintiff's counsel would move to compel, and it never thought that this Court would grant the motion to compel.

> Although hindsight is 20/20, it was unknowable at the time Progressive served its objections and response whether Mr. Weilbacher would seek an order compelling production, or that the court would grant it even in part.

[Docket 139 at 5]   Nevertheless, the Court <u>never</u> sanctioned the defendant for its misrepresentations concerning these documents.  Defendant had an affirmative duty at the onset of the discovery process to disclose that the documents did not exist.  The defendant should not be rewarded for its disingenuousness.

More importantly, under Ninth Circuit law, this Court had an affirmative duty to sanction the defendant for its misrepresentations in its discovery responses to the plaintiff, and then again in its opposition to the motion to compel.

In <u>Trulis v. Barton</u>, 107 F.3d 685 (9th Cir. 1995), the court held:

> This is not a case in which parties have taken opposing positions regarding the interpretation of ambiguous facts.  Nor is it an example of an advocate "coloring" facts to present his or her case in the best possible light.  These violations did not arise from a sole practitioner's inexperience, but are the product of lawyers practicing at large, well-equipped law firms.  <u>Cf.</u> William W. Schwarzer, <u>Sanctions Under the New Federal Rule 11-A Closer Look</u>, 104 F.R.D. 181, 183 (1985).  At least one person necessarily made deliberate misrepresentations, signed and in writing, to the district court.
>
> The problem is that it is unclear exactly who is guilty of this misconduct.  However, this uncertainty did not relieve the district court of its obligation to assess the validity of the Berg Defendants' claim for

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS FEES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 7 of 11

sanctions under § 1927.  Cf. Frantz v. U.S. Powerlifting Federation, 836 F.2d 1063, 1066 (7th Cir. 1987) (when assessing a motion for sanctions "the absence of ineluctable answers does not imply the privilege to indulge an unexamined gestalt.").

The district court abused its discretion by failing to address this matter in its consideration of sanctions, and we therefore remand for further findings. . . .

Id. at 692.

The Ninth Circuit, in Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 892 F.2d 802 (9th Cir. 1989), stated:

At the heart of revitalized *Rule 11* are its enlarged standards of sanctionable conduct for both attorneys and their clients.  Under the amended rule there are basically three types of submitted papers which warrant sanctions:  factually frivolous (not "well grounded in fact"); legally frivolous (not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law"); and papers "interposed for an improper purpose." *Fed.R.Civ.P. 11*.  The amended rule also requires that a "reasonable" prefiling inquiry be conducted into the law and facts.  It also *requires* judges to impose sanctions for any violation of the rule's standards while allowing judges considerable discretion in the choice of what sanction is appropriate.

Id. at 808 (footnote omitted).

Although the Court did not sanction the defendant for its misrepresentations in this case,[1] it should not reward defendant by awarding it attorneys fees.

---

[1] The plaintiff sought the least restrictive sanction possible, which this Court refused to grant:  the late filing of plaintiff's expert report.  [Docket 137]

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

At the end of the litigation, the defendant moved to amend its answer in order to bring in a sham defense of advise of counsel.  After the deposition of Dan Quinn, who allegedly advised the defendant insurance company not to pay the policy limits to the plaintiff, it was determined that Mr. Quinn never gave such advice, and in fact did not know anything about the case.

The defendant's assertion to the Court that attorney Dan Quinn actually advised defendant on this matter was clearly a misrepresentation to the plaintiff, as well as to the Court.  Dan Quinn testified in his deposition that he never made such a representation, and in fact, he never even knew the facts of the case.  The defendant should not be awarded fees for these actions.

According to Alaska Rule of Civil Procedure 82, which this Court has adopted, the Court has an obligation to review the bills for attorneys fees to see if they are reasonable.

Obviously, falsely responding to discovery requests, and then falsely responding to motions to compel, are not reasonable fees to be awarded to the defendant.

Furthermore, defendant hired an expert in this case that was a personal friend of lead counsel in this matter who did not even know what the term "derivative" meant, when the sole issue in this case, as raised by the defendant, was whether Mr.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS FEES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 9 of 11

Weilbacher's independent cause of action was a direct claim or a derivative claim. All the time and money spent on an expert who did not even know what the term "derivative" claim meant should not be held against the plaintiff.

Defendant also overlitigated the case by having an excessive amount of billing time on these issues. In reviewing the billing records, it appears both attorneys would work on the same issue, although both of the attorneys were partners. It also appears that the attorneys duplicated their fees on the particular motions, and that one attorney was reviewing the work of the other attorney.

Therefore, it is respectfully requested that this Court use its discretion and not award the defendant any attorneys fees for its overzealous representation, its obstructionistic behavior in discovery in this matter, and the frivolous affirmative defense that was filed, as well as the listing of an expert who could not opine on the core issue in this case as to whether the plaintiff's cause of action under the policy was either a direct cause of action or a derivative cause of action.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS FEES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 10 of 11

DATED this 23rd day of April, 2008, at Anchorage, Alaska.

    KENNETH W. LEGACKI, P.C.
    Attorney for Plaintiff

By   s/Kenneth W. Legacki
    Kenneth W. Legacki
    Alaska Bar No. 8310132
    425 G Street, Suite 920
    Anchorage, AK  99501
    Phone: (907) 258-2422
    Fax: (907) 278-4848
    E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 23rd day of April, 2008, a copy of the foregoing document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

    s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS FEES
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 11 of 11