Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Ronald V. Weilbacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER,            )<br>                                                      )<br>              Plaintiff,              )<br>                                                      )<br>       vs.                                      )<br>                                                      )<br>                                                      )<br>PROGRESSIVE NORTHWESTERN )<br>INSURANCE COMPANY,            )<br>                                                      )<br>              Defendant.            ) Case No. 3:05-cv-0204-TMB<br>_____) | |

**PLAINTIFF'S OPPOSITION TO PROGRESSIVE'S
MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**

Progressive's motion to review the Clerk's Taxation of Costs is the type of motion that was addressed in <u>Golden Eagle Distributing Corp. v. Burroughs Corp.</u>,

809 F.2d 584 (9th Cir. 1987), and a motion of which the en banc dissenters opined warrants sanctions for filing a frivolous motion, for misrepresenting facts to the Court and for the intentional failure to cite opposing case law.

Contrary to the representations in the Motion for Review of Clerk's Taxation of Costs, Mr. Weilbacher never conceded that Defendant Progressive was entitled to actual costs after the offer of judgment was presented, pursuant to Civil Rule 68. In reviewing the Opposition to Progressive's Motion for Attorneys Fees, the word "actual" was never used.

Although Guess & Rudd, counsel for Progressive, cited the plaintiff's opposition to their request for attorneys fees, Progressive failed to advise the Court of the holding of the case referenced in Weilbacher's opposition to attorneys fees, Delta Air Lines, Inc. v. August, 450 U.S. 346, 101 S. Ct. 1146 (1981). It is clear from the holding in Delta that Progressive is not entitled to actual costs, but only those costs allowed pursuant to Civil Rule 54. As the Delta Air Lines case indicated, it is only when the plaintiff obtains a judgment, and the **judgment obtained** does not beat the offer of judgment proffered by the defendant, that the defendant can be awarded costs. The Delta Air Lines case made it very clear that if the defendant obtained the judgment no enhanced costs are to be awarded. See Fed.R.Civ.P. 68(d).

Furthermore, the defendant, in its latest motion, never addressed the issue

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR REVIEW OF TAXATION OF COSTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 2 of 4

of the sham offer of judgment, where <u>Delta Air Lines</u> stated:

> But it is hardly fair or evenhanded to make the plaintiff's rejection of an utterly frivolous settlement offer a watershed event that transforms a prevailing defendant's right to costs in the discretion of the trial judge into an absolute right to recover the costs incurred after the offer was made.

<u>Delta Air Lines</u>, 450 U.S. at 356 (footnote omitted).

In <u>Golden Eagle Distributing</u>, dissenters from a decision not to hold an <u>en</u> <u>banc</u> hearing argued strenuously that Rule 11 sanctions should have been imposed upon a law firm, like Guess & Rudd, that intentionally made misrepresentations to the court, and did not advise the court of clear, contrary legal authority to the proposition that it proposed. Guess & Rudd knew of the reference to the <u>Delta Air Lines</u> decision in plaintiff's opposition to defendant's motion for attorneys fees, and should have addressed, analogized, and argued how <u>Delta Air Lines</u> does not apply to its motion pending before this Court. For defense counsel to intentionally mislead the Court and file this frivolous request mandates that this Court impose sanctions for a violation under Federal Civil Rule 11.

Therefore, as a sanction under Rule 11, the Court should not award the defendant any costs whatsoever because of its frivolous motion that it filed, and should award attorney fees to plaintiff's counsel for having to respond to a frivolous motion.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR REVIEW OF TAXATION OF COSTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 3 of 4

DATED this 30th day of April, 2008, at Anchorage, Alaska.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff


By    s/Kenneth W. Legacki
     Kenneth W. Legacki
     Alaska Bar No. 8310132
     425 G Street, Suite 920
     Anchorage, AK 99501
     Phone: (907) 258-2422
     Fax: (907) 278-4848
     E-mail: legacki@gci.net


I HEREBY CERTIFY that on the 30th day of
April, 2008, a copy of the foregoing
document was electronically served on:

Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd

     s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S OPPOSITION TO MOTION FOR REVIEW OF TAXATION OF COSTS
Weilbacher v. Progressive - Case No. 3:05-cv-0204-TMB
Page 4 of 4