Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Northwestern Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD V. WEILBACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PROGRESSIVE NORTHWESTERN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | 3:05-cv-204-TMB |

PROGRESSIVE'S REPLY TO PLAINTIFF'S
OPPOSITION TO PROGRESSIVE'S MOTION FOR ATTORNEYS' FEES

  Despite all of Mr. Weilbacher's maligning of Progressive and attempts to mislead and confuse the court, it is undisputable that Progressive is entitled to an award of attorneys' fees against Mr. Weilbacher as the prevailing party. Truly, the sole issue is the amount. At a minimum, Progressive is entitled to $21,620.60 pursuant to Alaska Civil Rule 82. Progressive, however, requests that this court award it attorneys' fees of $25,155.50, either pursuant to Alaska Civil Rule 68 or Rule 82, based on Mr. Weilbacher's intentional and

deliberate pattern and practice of misrepresentations and false statements in this matter.

While plaintiff's discussion of Federal Rule of Civil Procedure 68 offers of judgment is insightful, Progressive did not serve a Federal Rule 68 offer of judgment. On August 28, 2006, Progressive served an offer of judgment pursuant to Alaska Civil Rule 68 and Alaska Statute 09.30.065. DE#163-2. Progressive does not dispute that pursuant to *Delta Air Lines, Inc.*, a Federal Rule 68 offer of judgment does not apply when the judgment is in favor of the defendant. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981). However, there was no Federal Rule 68 offer of judgment in this case.

Progressive does dispute whether Alaska Rule 68 is a substantive provision of Alaska law or a procedural rule trumped by Federal Rule 68. Although the court in *Home Indemnity Co. v. Lane Powell Moss & Miller*, 43 F.32d 1322, 1332 (9th Cir. 1995), appears to have decided the issue, it did so on a different basis without any analysis of Alaska Civil Rule 68's attorneys' fees provision. *Id*. at 1332. The court in *Home Indemnity Co.* was focused solely on the issue of whether Alaska Civil Rule 68's enhanced prejudgment interest provision was substantive or procedural, and determined that it was procedural. *Id*. Progressive distinguishes *Home Indemnity Co.* on this basis and

Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 2 of 13

submits that like Alaska Civil Rule 82, which is specifically recognized as substantive and applicable in D. Ak. LR 54.3, Alaska Civil Rule 68's attorneys' fees provisions are substantive and applicable in diversity actions.  "Under the law of our circuit, a district court sitting in diversity may award attorneys' fees to the prevailing party under applicable state law . . .."  *Kona Enters. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000).  *See also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) (stating the "District of Alaska Local Rule 54.3(b) [] directs the district court to apply the Alaska Rules of Civil Procedure to determine a fee award"); *Aeroquip Corp. v. Adams*, 45 Fed. Appx. 634, 638 (9th Cir. 2002) (recognizing in that Alaska Civil Rule 82 is mandatory and remanding a second time to the district court for an award of attorneys' fees pursuant to Alaska Civil Rule 82). Alaska Civil Rule 68 is the applicable state law when an offer of judgment is specifically made under its provisions.  Here, the fee awards under Alaska Civil Rules 68 and 82 are quite close.  The attorneys' fee award is $25,155.50 pursuant to Alaska Civil Rule 68 or $21,620.60 pursuant to Rule 82.

    Contrary to Mr. Weilbacher's assertions, Progressive's Rule 68 offer of judgment was not invalid and was not a sham offer. Opposition at 3.  Progressive's offer fully complied with the

Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 3 of 13

requirements of Alaska Civil Rule 68 and AS 09.30.065 under which it was made. This case hinged on the interpretation of a clear, unambiguous provision in the insurance policy. *See* DE#158. In essence, it was an "all of nothing" case; either Mr. Weilbacher's interpretation was correct and he could potentially receive more UIMBI coverage, or Progressive's interpretation was correct and all coverages under the policy had been paid.[1] Thus, Progressive made Mr. Weilbacher a small offer that would pay plaintiff a little money and more importantly preclude awards of costs and attorneys' fees against him when Progressive prevailed. Progressive's offer was not nominal or frivolous; it was worth over $25,000 in total. Mr. Weilbacher chose to "roll the dice" and take the risk that he would prevail. He lost, and must now pay the price for his gamble in costs and attorneys' fees awards against him.

Additionally, Progressive's billing records reflect the seriousness with which Progressive took plaintiff's claims. Plaintiff conveniently overlooks that he sued Progressive not only for an additional $100,000 in UIMBI coverage (not a trivial sum), which he was clearly not entitled to, but also for insurance bad faith and punitive damages. *See* Complaint & Notice of Removal. Insurance bad faith is not a claim that any

---

[1] At all times in this litigation, Progressive reserved the right to contest the amount of plaintiff's actual damages in the unlikely event additional coverage was found.

Case No. 3:05-cv-204-TMB   *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 4 of 13

insurer takes lightly; it is a serious claim which must be treated seriously.  The billing records aptly demonstrate that Progressive took Mr. Weilbacher's claims against it seriously and devoted significant time and energy to investigating Mr. Weilbacher's claims and defending itself in this matter.  Notably, Progressive attempted to bifurcate Mr. Weilbacher's breach of contract and bad faith claims to potentially reduce the costs and attorneys' fees in this matter and Mr. Weilbacher refused.  Progressive also filed its initial motion for summary judgment in January 2006.  Rather than respond to Progressive's motion at that time and resolve this dispute economically and efficiently, Mr. Weilbacher chose to embark on a crusade of fruitless and unnecessary motions and discovery.  If anyone over-litigated this matter, it was Mr. Weilbacher.

Contrary to Mr. Weilbacher's repeated misrepresentations to the court, Progressive did not obstruct discovery and did not make any misrepresentations to him in the course of discovery.[2]  Opposition at 6.  Mr. Weilbacher did not simply request the actual drafting history of the policy provision at issue.  Mr. Weilbacher requested, "all files, documents, pleadings, court orders or decisions, briefs or other materials (however created

---

[2]  At every opportunity, Mr. Weilbacher repeats his ad hominem attacks on Progressive and Progressive's counsel, and his blatant misrepresentations of the facts and events in this case.  If any party should be sanctioned in this matter for his conduct, it should be Mr. Weilbacher.

Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 5 of 13

or maintained including electronic media)" which relate to the original drafting history of the policy provision at issue." Request for Admission No. 1 (DE#137, Ex 1 at 6-7). This discovery request, taken as a whole as Progressive must in responding, is clearly overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant, discoverable information, and it seeks work product and attorney-client privileged information. *Id*. Contrary to Mr. Weilbacher's misrepresentations, Progressive did not object to the production of the actual, original drafting history on the grounds that the drafting history, itself, was unduly burdensome or overbroad. Progressive objected to the production of "all files, documents, pleadings, court orders or decisions, briefs or other materials (however created or maintained including electronic media)" as unduly burdensome and overbroad. *Id*. at 7-8. As Progressive stated in its response, RFP#1 is "grossly overbroad and unduly burdensome in asking for the identification of every single case in the United States in which the quoted policy provision has been raised." *Id*. Mr. Weilbacher's request was also overly broad and unduly burdensome in failing to limit its request to a relevant time period and to the relevant type of insurance policy. *Id.*

Case No. 3:05-cv-204-TMB   *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 6 of 13

Thereafter, no one "forced" Mr. Weilbacher to file a motion to compel. He chose to do so with very limited results. Contrary to Mr. Weilbacher's suggestions, the court did not wholly grant his motion to compel. In fact, the court denied most of Mr. Weilbacher's motion. With regard to the drafting history, the court permitted discovery on: (1) Progressive's policy contracts database for Alaska "as it pertains to the disputed policy provision," DE#103 at 3; and (2) the "drafting history of the relevant provision of the contract as used in Alaska," *id*. The court also "recognize[d] that legitimate privilege issue might arise in connection with the database, drafting history and *Wold* documents." *Id*. at 4. Progressive then fully and completely complied with the court's order. *See* DE#125.

Contrary to Mr. Weilbacher's unfounded attacks, Progressive never engaged in or justified any "obstructionist behavior." *See* Opposition at 6. Mr. Weilbacher (yet again) takes Progressive's statements out of context and misrepresents them to the court. In its Reply to Plaintiff's Opposition to Progressive's Motion to Strike Plaintiff's Expert Witness Disclosure and Report/Opinions of Expert Witness, Progressive stated,

> Furthermore, and as Progressive stated in its
> objection, responding to RFA#1 would have required

Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 7 of 13

> Progressive to conduct a manual search and review of every single claim file for every case ever filed –– this was unduly burdensome and overbroad.  Id.  It is axiomatic that Progressive did not conduct such a search.  Progressive did not need to –– and did not -- review all of requested documents in order to determine that the production requested would be unduly burdensome and overbroad.  There also would be no reason for Progressive to expend its time and energy on such an unduly burdensome and overbroad search and review process unless and until there was a court order compelling disclosure of the information or, as in this case, a limited, reasonable subset of the information.  Although hindsight is 20/20, it was unknowable at the time Progressive served its objections and response whether Mr. Weilbacher would seek an order compelling production, or that the court would grant it even in part.

DE#139 at 5.  Clearly, Progressive was discussing Mr. Weilbacher's entire Request for Production No. 1, not the limited subset of information the court required be produced and which was timely and completely produced.

Again, contrary to Mr. Weilbacher's (repeated) misrepresentations, Progressive never misrepresented that documents requested by Mr. Weilbacher did nor did not exist. Progressive objected to Mr. Weilbacher's unreasonable discovery request.  Rather than re-focus his discovery request to be reasonable and unobjectionable, Mr. Weilbacher chose to seek enforcement of his unreasonable request in the court.  The court aptly saw through Mr. Weilbacher's unreasonable request and narrowly focused what it would compel to a reasonable subset.

Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 8 of 13

*See* DE#103.  Progressive then timely, fully and completely complied with the discovery the court ordered.  *See* DE#110.

Again, contrary to Mr. Weilbacher's misrepresentation, Progressive did not move to amend its answer at "the end of the litigation" in order to raise a "sham" defense of advice of counsel.  Opposition at 9.  As Mr. Weilbacher is well aware, Progressive sought to amend and amended its answer to conform with the evidence elicited by Mr. Weilbacher at Mr. Withers' deposition.  At the deposition of Progressive adjuster Danny Withers on July 12, 2006, Mr. Weilbacher clearly wanted to question Mr. Withers with regard to communications he had with attorney Daniel Quinn regarding this matter.  Communications between a client and its attorney are clearly protected by the attorney-client privilege.  However, at the deposition, Progressive decided to waive the attorney-client privilege as to the limited subject of Mr. Withers' conversations in this matter with attorney Daniel Quinn to allow Mr. Weilbacher to question Mr. Withers on such communications as he wanted to do.  Mr. Weilbacher immediately took advantage of Progressive's waiver of the attorney-client privilege to ask Mr. Withers specific questions about his conversations with Mr. Quinn regarding plaintiff's claim.  Almost immediately thereafter, Progressive filed its motion to amend its answer to conform to the evidence

Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 9 of 13

elicited by Mr. Weilbacher. This was all in July 2006 -- almost two years before the end of this litigation (which obviously is not over yet).

Additionally, Mr. Weilbacher grossly misrepresents Progressive's advice of counsel defense. Opposition at 9. Mr. Quinn did not specifically and directly advise Progressive on whether or not to deny Mr. Weilbacher's claim for yet another "each person" policy limit of UIMBI coverage. Mr. Quinn provided advice to Progressive regarding Mr. Weilbacher's attorney's misinterpretation of the *Teel* decision and whether a loss of consortium claim is generally controlled by the policy language and included within the same "each person" limit as the wrongful death claim. *See* DE#153 at 20. Progressive contacted counsel for an opinion on discrete issues and then reasonably and in good faith relied on the advice of counsel in making its ultimate determination not to pay Mr. Weilbacher another, separate "each person" UIMBI policy limit. Mr. Weilbacher was permitted to conduct discovery on this defense and argue against it (as he did) in his briefing. There is simply no reason or justification not to award attorneys' fees in this matter based on Progressive's timely, additional defense of advice of counsel.

Mr. Weilbacher's wholly unsupported attempts to intentionally malign Progressive's expert's character and misrepresentations regarding his testimony are out of place in

Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 10 of 13

this context and unwarranted.  *See* Opposition at 9-10.  Mr. Weilbacher had an opportunity to depose Progressive's expert Robert Lohr, a former Director of the Alaska Division of Insurance with considerable experience in these types of issues.  If Mr. Weilbacher felt Mr. Lohr's opinions were somehow colored by his alleged personal friendship with a Progressive attorney, he had the opportunity to delve into that matter.  This is not the time or place for such maligning as it is irrelevant to Progressive's award of attorneys' fees -- not expert costs.

Contrary to Mr. Weilbacher's attempts, repeating the wrong information over and over in pleadings does not make it true.  It does not matter if Mr. Weilbacher wanted the issue in this case to be whether his claim was "direct" or "derivative."  *See* Opposition at 9.  It was not.  The issue in this case was whether under the plain, unambiguous terms of the policy Mr. Weilbacher was entitled to a second, separate "each person" policy limit of UIMBI coverage; he was not.  *See* DE#158.  Whether his claim was characterized as "direct" or "derivative" is, and at all times was, meaningless.  Mr. Lohr understood the true issue in the case despite Mr. Weilbacher's attempts to confuse and harass him at his deposition.  *See* DE#133 Ex. P; DE#150-6.

There has never been any basis to sanction Progressive in this case.  On the other hand, Mr. Weilbacher's continued *ad*

Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 11 of 13

*hominem* attacks on Progressive and its attorneys warrants sanctions. Throughout this litigation, Mr. Weilbacher has repeatedly, intentionally, and deliberately taken statements out of context or misrepresented what was actually requested or objected to in discovery. In fact, it was Mr. Weilbacher who intentionally concealed relevant, discoverable information in concealing that Ann Stockman was his treating physician and failing to produce relevant medical records or a release upon request. *See* DE#67. Mr. Weilbacher also completely flouted the court's November 13, 2006, by fighting to introduce in this matter an alleged "expert" report that clearly did not comply with the limited area of permitted discovery in the court's order. *See e.g.* DE#139. Rather than focus on the evidence and legal questions at issue in this litigation, Mr. Weilbacher continues to attack Progressive to no avail. Progressive can only assume that Mr. Weilbacher's plan all along has been to distract Progressive and the court with irrelevant gamesmanship to draw their attention away from his meritless claims in this case.

Notably, the court will not be "rewarding" Progressive by awarding it the attorneys' fees it is entitled to receive. It is undeniable that Progressive is entitled to an award of attorneys' fees under Alaska Civil Rule 82. *See* D. Ak. LR 54.3;

Case No. 3:05-cv-204-TMB   *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 12 of 13

*Aeroquip Corp.,* 45 Fed. Appx. at 638.  Thus, Progressive is entitled to an award of attorneys' fees in the amount of $25,155.50 plus post-judgment interest.

DATED at Fairbanks, Alaska, this 5th day of May, 2008.

          GUESS & RUDD P.C.
          Attorneys for Progressive
          Northwestern Insurance Company


By:   /s/Aisha Tinker Bray
          Guess & Rudd P.C.
          100 Cushman Street, Suite 500
          Fairbanks, Alaska 99701
          Phone: 907-452-8986
          Fax:   907-452-7015
          Email: atbray@guessrudd.com
          Alaska Bar No. 9505028

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the
5th day of May, 2008, a copy
of the foregoing document was served
<u>electronically</u> on:

Kenneth A Legacki, Esq.

Guess & Rudd P.C.

By: /s/Aisha Tinker Bray

Case No. 3:05-cv-204-TMB  *Weilbacher v. Progressive*
Progressive's Reply to Plaintiff's Opposition to Progressive's Motion for Attorneys' Fees
Page 13 of 13